**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Yeates
myeates@ktmc.com
Tyler S. Graden
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiffs and the proposed Classes*

*(Additional Attorneys Listed on Signature Page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN DOE and JANE DOE, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN, INC. KAISER FOUNDATION HOSPITALS, and PERMANENTE MEDICAL GROUP, INC.

Defendant.

Case No. 4:23-cv-02865-EMC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**

CMC
Date: September 19, 2023
Time: 1:30p.m.
Court: Courtroom 5 – 17th Floor

## I. INTRODUCTION

Kaiser's Administrative Motion to Continue Initial Case Management Conference (ECF No. 35) ("Motion") has nothing to do with Plaintiffs' filing an Amended Complaint, but is instead merely an attempt to delay discovery.[1] There is nothing that will be included in the Amended Complaint that warrants delaying the Case Management Conference currently scheduled for September 19, 2023. Rather, Kaiser is using the Amended Complaint as a pretext to avoid its discovery obligations and to support its forthcoming motion for a protective order seeking to prevent Plaintiffs from obtaining discovery from the Third Party Wiretappers named in the Complaint.[2] Good cause does not exist to postpone the Case Management Conference and Kaiser's Motion should be denied.

## II. BACKGROUND AND ARGUMENT

On June 20, 2023, this Court entered a Case Management Conference Order ("CMC Order"), scheduling a Case Management Conference for Tuesday, September 19, 2023, at 1:30 P.M. ECF No. 14. The CMC Order further provided that "[g]ood cause must be shown" for any request to reschedule the Case Management Conference and that, if possible, such requests should be submitted by stipulation. *Id*. No such stipulation was filed because good cause does not exist to postpone the conference.

Plaintiffs informed Kaiser as a courtesy on July 26, 2023 that Plaintiffs would be filing an Amended Complaint by September 15, 2023.[3] Graden Decl. at ¶ 6. Although Plaintiffs' original Complaint had already been on file for nearly two months,[4] Kaiser requested sixty (60) days from the filing of the Amended Complaint to respond. Plaintiffs agreed to this request and the Parties submitted a stipulated briefing schedule, which this Court entered on August 2, 2023. ECF No. 31. At no point during the negotiation of the extension did Kaiser request that the Case Management Conference set for September 19, 2023 be rescheduled. Graden Decl. at ¶ 7.

---

[1] "Kaiser" refers to Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The Permanente Medical Group, Inc. (collectively "Kaiser").

[2] As defined in the Complaint, the Third Party Wiretappers include: Quantum Metric, Twitter, Adobe, Bing, and Google. ECF No. 1, ¶ 4.

[3] Plaintiffs extended this courtesy so that Kaiser did not have to brief a motion to dismiss a Complaint that was only to be quickly superseded. Under the rules, Plaintiffs could have simply waited until the negotiation and submission of the Joint Case Management Statement (*see infra* fn. 8) to inform Kaiser about the amendment.

[4] Plaintiffs filed the original Complaint on June 9, 2023. ECF No. 1.

On August 9, 2023, Plaintiffs served Kaiser with Notices of Plaintiffs' subpoenas issued to Adobe, Inc., Alphabet, Inc., Microsoft Inc., and X Holdings Corp. (f/k/a Twitter, Inc.), all of which Plaintiffs identified as Third Party Wiretappers in Plaintiffs' Complaint, which had been filed two months prior. Graden Decl. at ¶ 8. It was only then, just two (2) days after Plaintiffs served these Notices, when Kaiser claimed for the first time that Plaintiffs' filing an Amended Complaint required postponement of the Case Management Conference. Graden Decl. at ¶ 9.

Nothing in the Amended Complaint warrants an extension of the Case Management Conference, and Kaiser's attempt to delay discovery should not succeed. Plaintiffs informed Kaiser on July 26, 2023, while Plaintiffs were still evaluating what additional claims would be added, that the Amended Complaint would, at a minimum, include claims that Kaiser is unlawfully allowing third parties to intercept confidential information and communications through the Kaiser App. Graden Decl.at ¶ 6. While the Amended Complaint will also include plaintiffs from additional states, those plaintiffs are already putative class members and their addition does not alter the underlying claims or core discovery in any way. *See* ECF No. 1, ¶ 207 (defining "Nationwide Class" as including "[a]ll Kaiser Plan Members in the United States who used the Kaiser Permanente website" and defining "Nationwide Breach of Contract Sub-Class" as including "[a]ll Kaiser Plan Members who used the Portal on the Kaiser Permanente website"). Indeed, Kaiser only operates in six (6) additional states,[5] plus the District of Columbia, that are not already included as a state Sub-class in the Complaint, so the number and scope of additional state law claims Plaintiffs can add is limited. *See* ECF No. 1, ¶¶ 23, 24, 38 (identifying eight (8) states where Kaiser operates). There has been no showing that including additional state law claims, particularly from such a small universe of states, warrants an extension of the Case Management Conference.

Kaiser already has all of the information about the types of data it allows third parties to intercept through the Kaiser App in its own possession. To the extent Kaiser truly wanted additional information about what will be included in the Amended Complaint, Kaiser could have requested to meet and confer about that information. It did not. Kaiser also could have raised its professed need to postpone the Case Management Conference in July when the parties were negotiating the stipulation

[5] The additional states are: Colorado, Georgia, Hawaii, Maryland, Virginia, and Oregon.

to extend the schedule ultimately entered by this Court. Instead, Kaiser did none of this, and waited until after Plaintiffs served third-party discovery subpoena notices to attempt to use the Amended Complaint as pretext to put discovery on hold.[6]

Although irrelevant to its requested relief, Kaiser's Motion is replete with representations about how the discovery conference the parties held on June 26, 2023 should not qualify as a Rule 26(f) conference. Motion at 2. However, in Plaintiffs' view, the Parties' Rule 26(f) obligations were satisfied.[7] But regardless, as Plaintiffs have repeatedly informed Kaiser, to the extent Kaiser believes an additional exchange of information is warranted, Plaintiffs remain ready and willing to set up additional meet and confers to discuss this information. Graden Decl at ¶ 10. Yet, none has been requested by Kaiser.

Notwithstanding their liberal stance on amendments,[8] the Federal Rules of Civil Procedure require Kaiser's cooperation and participation in the Rule 26(f) conference early in the litigation, providing that the Court, unless there is good cause for delay, "must issue [a scheduling order] within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared" (*see* Fed. R. Civ. P. 16(b)(2)), and requiring the parties hold a Rule 26(f) conference at least 21 days before a scheduling order is due (*see* Fed. R. Civ. P. 26(f)(1)). Tellingly, Kaiser has not taken Plaintiffs up on their offer to discuss any categories of information Kaiser believes were not sufficiently covered during the June 26 Rule 26(f) conference, preferring instead

---

[6] In fact, just hours after Kaiser informed Plaintiffs that it would be filing this Motion, Kaiser also emailed Plaintiffs that Kaiser would be moving for a Protective Order. Graden Decl. at ¶ 11. Kaiser's counsel also demanded an in-person conference take place in San Francisco next week, even though Plaintiffs' counsel, with whom Kaiser had been negotiating with, is located on the East Coast and this Court's Standing Order for Civil Discovery makes clear that the meet-and-confer can be conducted telephonically where counsel is located on opposite coasts. *See* Standing Order on Discovery 4(a).

[7] Kaiser makes these representations notwithstanding the fact that on June 30, Plaintiffs followed up by email regarding the June 26 Rule 26(f) conference, sending a draft Protective Order and specifically referencing the "26(f) conference" that took place on June 26. Graden Decl. at ¶ 3. Kaiser never responded that it took issue with that representation. Instead, on August 17, 2023, after Kaiser informed Plaintiffs that it would be seeking to postpone the Case Management Conference, and Plaintiffs responded that we understood that the Rule 26(f) conference had already occurred, Kaiser for the first time claimed that no Rule 26(f) conference had taken place.

[8] Under Rule 15, a party may amend its pleading once ***as a matter of course*** within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

to claim that the Rule 26(f) conference never took place, and then using that to support its forthcoming motion for a protective order to protect the Third Party Wiretappers from discovery.

Similarly, Kaiser asserts that it has insufficient information to submit a Joint Case Management Statement in advance of the case management conference, as "[it] cannot properly consider its potential defenses or the possibility of an early resolution of the case, determine the scope of potential discovery and evidence preservation, or develop a proposed discovery plan" or determine the motions it will file. Motion at 3. However, this Court's Standing Order explicitly provides that the Case Management Statement must address the potential "Amendment of Pleadings," including "which parties, claims, or defenses ***are expected to be added or dismissed*** and a proposed deadline for amending the pleadings." Standing Order for all Judges at ¶ 5. Moreover, Plaintiffs have already shared the extent of the expanded scope of the Amended Complaint, and the crux of the claims will remain untouched. Contrary to Kaiser's assertion, it has the requisite information to determine what is needed for discovery, evidence preservation,[9]and motion practice, as the Parties have already stipulated to a briefing schedule which includes the anticipated motions that will be filed by Kaiser.

This conduct does not approach the diligence required to show good cause to extend the Case Management Conference or any other deadlines. *See Greenlight Sys., LLC v. Breckenfelder*, 2020 WL 5910067, at *5 (N.D. Cal. Oct. 6, 2020) ("'Good cause' to extend case deadlines under Rule 16(b)(4) exists when a deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id*. (quoting *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002)). Kaiser had multiple opportunities to raise the prospect of an extension or obtain the additional information it claims it needs through a conferral process. Kaiser did not act diligently, and its desire to delay the conference and discovery is not good cause.

## III. CONCLUSION

Accordingly, Plaintiffs respectfully the Court deny Kaiser's request.

---

[9] To remedy any potential confusion, Plaintiffs will provide Kaiser with a preservation letter delineating the requisite discovery and evidence. Kaiser has also been provided with the subpoenas to several of the Third Party Wiretappers, which again detail relevant information.

DATED: August 22, 2023

Respectfully submitted,

**KESSLER TOPAZ MELTZER & CHECK, LLP**

/s/ *Melissa L. Yeates*
Melissa L. Yeates
myeates@ktmc.com
Joseph H. Meltzer
jmeltzer@ktmc.com
Tyler S. Graden
tgraden@ktmc.com
Jordan E. Jacobson
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and–

Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and–

James E. Cecchi
Michael A. Innes
Kevin G. Cooper
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744
jcecchi@carellabyrne.com
minnes@carellabyrne.com
kcooper@carellabyrne.com

-and-

Zachary Jacobs
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
222 S Riverside Plaza
Chicago, Illinois 06606
zjacobs@carellabyrne.com

*Counsel for Plaintiffs and the proposed Classes*