UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-02865-EMC<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE**<br><br>Docket No. 35 |

    The Court **GRANTS** Kaiser's motion to continue the initial case management conference. The request to continue is reasonable given that Plaintiffs will be filing an amended complaint days before the conference is currently scheduled. The conference is continued to October 17, 2023, at 2:30 p.m.

    Although the Court is continuing the conference, it shall allow Plaintiffs to proceed with the third-party discovery that they have already propounded (*i.e.*, subpoenas on Adobe, Alphabet, Microsoft, and X). Ordinarily, a party may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). *See Rovio Entm't, Ltd. v. Royal Plush Toys, Inc.*, No. C 12-5543 SBA, 2012 U.S. Dist. LEXIS 169020, at *39 (N.D. Cal. Nov. 27, 2012). However, here, there is some dispute as to whether a Rule 26(f) conference has already taken place, whether in whole or in part. Furthermore, discovery may take place in advance of a Rule 26(f) conference if there is good cause. *See id.* at *39-40 (noting that "[g]ood cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party"; adding that good cause is often found in cases involving infringement and unfair competition claims) (internal quotation marks omitted);

1 *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). There is good cause to proceed with the third-party discovery given the nature of Plaintiffs' privacy claims. Moreover, there is no real prejudice to Kaiser given that the gist of Plaintiffs' case will more than likely stay the same regardless of the amended pleading. To be clear, however, this ruling does not preclude Kaiser and/or the third parties from objecting to the subpoenas on other grounds.

This order disposes of Docket No. 35.

**IT IS SO ORDERED**.

Dated: August 23, 2023

_____
EDWARD M. CHEN
United States District Judge