**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Yeates
myeates@ktmc.com
Tyler S. Graden
tgraden@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
James E. Cecchi
jcecchi@carellabyrne.com
Michael A. Innes
minnes@carellabyrne.com
Kevin G. Cooper
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Counsel for Plaintiffs and the proposed Classes*
[*Additional Attorneys Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, and JANE DOE V, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC. KAISER FOUNDATION HOSPITALS, and THE PERMANENTE MEDICAL GROUP, INC.

Defendants.

Case No. 4:23-cv-02865-EMC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' CIV. L.R. 6-3 MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Judge: Hon. Edward M. Chen

## I. INTRODUCTION

Plaintiffs' Motion for a Preliminary Injunction ("Motion") is not the type of motion suited for extended briefing and a delayed hearing date. The relief sought is too important. Contrary to Kaiser's unfounded assertions, there is no gamesmanship here. Although Plaintiffs have previously agreed to Kaiser's requests to extend briefing deadlines and page limits, (see ECF Nos. 30, 62), here, Plaintiffs and other Users[1] face the real, ongoing threat of irreparable harm if Kaiser's privacy violations are not immediately enjoined. While investigating claims for the additional plaintiffs included in Plaintiffs' First Amended Complaint ("FAC"), it became apparent to Plaintiffs that ***Kaiser's privacy violations were ongoing and had not ceased since the original Complaint was filed on June 9, 2023***. As such, the Motion was necessary to stop this unlawful conduct and was filed shortly after the FAC. Kaiser's requested extension would only permit this harm to be extended and allow the Third Party Wiretappers[2] to continue to unlawfully intrude upon, read, intercept and/or use Users' medical information and communications. It is, therefore, imperative that Plaintiffs' Motion be heard on November 16, 2023.

Indeed, Kaiser[3] proposes delaying consideration of the Motion for over a month, even though it has been on notice of the alleged privacy violations at least since the first complaint was filed in June 2023. While Kaiser states it needs more time to conduct an investigation into the new claims asserted in the FAC, the length of the FAC is irrelevant because Plaintiffs' straightforward Motion is predicated on a narrow set of four claims—violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511 (the "ECPA") (Count I), the California Invasion of Privacy Act, Cal. Penal Code § 631 ("CIPA") (Count II), and intrusion upon seclusion and Article I, Section 1 of the California Constitution (Counts III & IV)—all of which contain overlapping factual and legal issues and were included in the original Complaint filed four months ago. Moreover, nothing in the expert declaration submitted in support of the Motion should be new or surprising to Kaiser, as similar allegations were included in the Original Complaint and Kaiser has long-standing knowledge regarding the Third Party

---

[1] Users of the Site and Apps are referred to as "Users."

[2] The "Third Party Wiretappers" include Quantum Metric, Twitter, Adobe, Bing, Google, and Dynatrace.

[3] Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The Permanente Medical Group, Inc. are collectively referred to as "Kaiser" or "Kaiser Permanente."

Wiretapper Code embedded on its Site and Apps.[4] Indeed, Kaiser has already engaged in the substance of Plaintiffs claims by citing privacy concerns in its application to prevent Plaintiffs from receiving the very same data under a protective order that Kaiser unlawfully sends to those same third parties without such protection. ECF No. 55.

Now, faced with an emergent motion that cuts to the core of the litigation, Kaiser seeks to manufacture delay. But, arguments regarding the Motion's complexity and breadth are nothing more than red herrings. It is simply not credible for Kaiser to claim it needs more time than already allotted to muster facts in opposition to the Motion given that it has had notice of the claims for four months and engaged in substantive litigation regarding those claims (including motion practice and third party discovery). As such, Kaiser cannot meet the required showing of substantial harm or prejudice to depart from the briefing schedule provided for under the Local Rules and its Administrative Motion to Extend ("Administrative Motion") should be denied.

## II. BACKGROUND

On June 9, 2023, Plaintiffs John Doe and Jane Doe brought this action seeking redress for Kaiser's persistent and ongoing privacy violations, perpetrated by embedding code in its Site, intentionally causing Users' medical information and communications to be intercepted, recorded, stored, and transmitted to third parties. ECF No. 1. On July 26, 2023, Plaintiffs informed Kaiser that they intended to amend the Complaint to add additional plaintiffs and claims. On September 15, 2023, Plaintiffs filed the FAC pursuant to the parties' stipulated briefing schedule. *See* ECF Nos. 31, 44.

The investigation by Plaintiffs' counsel into the claims of the additional plaintiffs included in the FAC revealed that Kaiser's privacy violations were ongoing and had not ceased since the original Complaint was filed on June 9, 2023. In order to prevent the ongoing disclosure of Plaintiffs' private and sensitive medical information, Plaintiffs filed the Motion shortly after filing the FAC, seeking a preliminary injunction to (1) prohibit Kaiser from permitting the Third Party Wiretappers to continue

---

[4] Kaiser Permanente operates a website located at https://healthy.kaiserpermanente.org/ (the "Site"). It also offers mobile applications. Kaiser Plan Members in California, Colorado, the District of Columbia, Georgia, Hawaii, Maryland, Oregon, Virginia, and Southwest Washington can use the "Kaiser Permanente App." Kaiser Plan Members in Washington outside of Southwest Washington can use the "Kaiser Permanente Washington App." (together with the Kaiser Permanente App, the "Apps").

to intrude upon, read, intercept, and/or use Plaintiffs' patient status, identifying information, medical information, and/or communications with Kaiser and providers shared through the Site and Apps; (2) order Kaiser to remove the Third Party Wiretappers' source code embedded in the Site and Apps that allows the Third Party Wiretappers to intrude upon, read, intercept, and/or use personal identifying and medical information and communications; and (3) enjoin Kaiser from altering, destroying, or disposing of any evidence relating to this litigation. ECF No. 58. Pursuant to Local Rule 7-2—which allows for hearings to be noticed thirty-five days after filing—and this Court's Civil Standing Order, Plaintiffs noticed the Motion for a hearing forty-three days after filing, on Thursday, November 16, 2023.

## III. ARGUMENT

Given Kaiser's ongoing privacy violations, and the resultant inability of Plaintiffs to access medical information and communicate with their healthcare providers through the Site and Apps without revealing their private information and protected health information to third-parties, it is imperative that Plaintiffs' Motion be heard on November 16, 2023. As explained in the Motion, and recognized by other courts in this Circuit, "[t]he invasion of privacy triggered by [Kaiser's] allegedly ongoing disclosure of plaintiffs' medical information is precisely the kind of intangible injury that cannot be remedied by damages." *In re Meta Pixel Healthcare Litig.*, 2022 WL 17869218, at *17 (N.D. Cal. Dec. 22, 2022); *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1045 (9th Cir. 2012) (finding that "irreparable harm is likely in the absence of injunctive relief" in light of defendant's continued privacy violations). Given that once Plaintiffs' private communications and HIPAA-protected medical information is revealed to Third Party Wiretappers, Plaintiffs can never get that privacy back, the Motion should be heard without delay. Yet, Kaiser's proposed schedule would not allow the Motion to be heard until well over two months after its filing. This delay is unwarranted and would extend the irreparable harm to Plaintiffs.[5]

None of the reasons Kaiser offers in support of an extension, which Kaiser did not even raise in its email to Plaintiffs seeking agreement, supports a finding of "substantial harm or prejudice that

[5] Notably, Kaiser's proposed schedule makes Kaiser's opposition due the Wednesday before Thanksgiving, requiring Plaintiffs and their expert to work on the reply over the holiday.

would occur if the Court did not change the time." *See* Local Rule 6-3(a)(3) (requiring moving party to "set forth with particularity the reasons for the requested enlargement" of time and identify "the substantial harm or prejudice that would occur if the Court did not change the time"). As such, the Administrative Motion should be denied.

First, Kaiser will not be substantially harmed or prejudiced if it is required to comply with the briefing and hearing schedule provided in the Local Rules. *See, e.g.*, Local Rule 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed."). Kaiser's argument that an extension is necessary due to the length of Plaintiffs' brief (Administrative Motion at 3) fails outright, as the Motion conforms to the page limits outlined in the Local Rules, upon which the briefing deadlines are set.

Second, Kaiser's purported need to conduct a "substantial amount" of factual and legal research also does not support a finding of substantial harm or prejudice. The legal and factual allegations underlying Plaintiffs' privacy claims and the Motion have largely remained the same since the inception of this action. Notably, Plaintiffs' Motion is based only on a narrow set of causes of action that have been part of this case since it began over four months ago. Plaintiffs' other claims have no bearing on the Motion, and in no way prejudice Kaiser's ability to respond to the Motion, because every claim at issue in the Motion was pleaded in the Original Complaint. As such, Kaiser will have been on notice of its privacy violations for over four months before its October 18 deadline to respond to the Motion. Compare ECF No. 1 (including claims under ECPA, CIPA, intrusion upon seclusion, and California constitutional invasion of privacy); with ECF No. 58 (arguing that Plaintiffs are likely to succeed on their claims under ECPA, CIPA, intrusion upon seclusion, and California constitutional invasion of privacy). In addition, the analysis of the likelihood of success on these four claims contains overlapping factual and legal issues related to Kaiser's ongoing privacy violations through its embedded code on the Site and App.

Third, while Plaintiffs relied on an expert to confirm the ongoing nature and extent of the data interception by Third Party Wiretappers from the Site and Apps, this information has been in Kaiser's possession for years—Kaiser does not need even more time to search for and find an outside expert to explain the function of code that Kaiser itself chose to install on its own Site and Apps. Again, the

underlying claims have remained essentially unchanged since this action began over four months ago. As this Court recognized, even though the FAC includes additional details about how Kaiser has allowed third parties to intrude upon, read, intercept and/or use confidential and private communications and information shared on the Apps, the gist of Plaintiffs' claims has remained the same. *See* ECF No. 42 ("[T]here is no real prejudice to Kaiser given that the gist of Plaintiffs' case will more than likely stay the same regardless of the amended pleading."). Kaiser has had ample opportunity to investigate the factual and technical bases of Plaintiffs' claims since the original Complaint was filed on June 9, 2023, and certainly was expected to do so given the seriousness of Plaintiffs' allegations regarding its ongoing privacy violations. As such, there is no substantial harm or prejudice to Kaiser if it has to comply with the briefing schedule set by the Local Rules.

Moreover, Kaiser has chosen not to change its conduct or stop violating its patients' privacy rights over the last four months. Plaintiffs only became aware that Kaiser's privacy violations were ongoing and had not ceased while investigating claims for the FAC. Thus, it is Kaiser's conduct that forced Plaintiffs to file the Motion. In addition, it is Kaiser that has put Plaintiffs in the position of being subject to the intrusion, reading, interception and/or use of their private medical information and communications every time they attempt to schedule an appointment, access medical records and test results, access prescriptions, and communicate with medical providers. The substantial harm and prejudice is to Plaintiffs here—not Kaiser. An extension would only prolong this irreparable harm and the Motion should be denied.

## IV. CONCLUSION

Kaiser cannot make a showing of substantial harm or prejudice as required under Local Rule 6-3 and Plaintiffs will suffer irreparable harm if the extension is granted. Accordingly, Plaintiffs respectfully request the Court deny Kaiser's Administrative Motion.

DATED: October 10, 2023

Respectfully submitted,

**KESSLER TOPAZ MELTZER & CHECK, LLP**

/s/ *Melissa L. Yeates*
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)

myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

-and-

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
222 S Riverside Plaza
Chicago, Illinois 06606

*Counsel for Plaintiffs and the proposed Classes*