**KESSLER TOPAZ**
 **MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Counsel for Plaintiffs and the proposed Classes*
[*Additional Attorneys Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, AND JANE DOE V, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON.<br><br>Defendants. | Case No. 4:23-cv-02865-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL**<br><br>Date: July 18, 2024<br>Time: 1:30 P.M.<br>Crtrm: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................................. 3

II.   STATEMENT OF FACTS ..................................................................................................... 6

III.  THE RULE 23(G) FACTORS STRONGLY SUPPORT THE
      APPOINTMENT OF KTMC AND CARELLA BYRNE AS INTERIM CO-
      LEAD CLASS COUNSEL ..................................................................................................... 8

      A.    The Standard Under Rule 23(g) for Selection of Interim Class Counsel . 8

      B.    Moving Counsel Have Thoroughly Identified and Investigated the
            Claims Presented and Have Significant Experience and Extensive
            Knowledge of the Applicable Law ........................................................... 10

      C.    Moving Counsel Have the Finances and Staffing Needed to Serve the
            Class ......................................................................................................... 19

IV.   CONCLUSION ................................................................................................................... 19

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*AFTRA Retirement Fund v. JPMorgan Chase Bank, NA.*,
    No. 09-cv-0686 (S.D.N.Y.) ................................................................................................ 17

*Alston, et al. v. Countrywide Fin. Corp., et al.*,
    No. 2:07-cv-03508 (E.D. Pa.) ............................................................................................ 13

*In re American Financial Resources, Inc. Data Breach Litigation*,
    No. 22-cv-1757 (D.N.J.) .................................................................................................... 18

*In re: American Medical Collection Agency, Inc. Customer Data Security Breach
Litigation*,
    MDL No. 2904 (D.N.J.) ..................................................................................................... 18

*In re Bank of Am. Corp. Secs., Derivative, and ERISA Litig.*,
    No. 1:09-md-2058 (S.D.N.Y.) ........................................................................................... 12

*In re Bank of America Corp. Securities, Derivative, and Employee Retirement
Security Act (ERISA) Litigation*,
    No. 09 MDL 2058 (S.D.N.Y.) ........................................................................................... 15

*In re Bank of New York Mellon Corp. FOREX Transactions Litig.*,
    No. 1:12-md-2335 (LAK) (S.D.N.Y.) ............................................................................... 13

*Battle v. General Motors, LLC*,
    No. 2:22-cv-10783 (E.D. Mich.) ....................................................................................... 16

*Board of Trustees of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*,
    No. 1:09-cv-00686 (SAS) (S.D.N.Y.) ............................................................................... 13

*Board of Trustees of the AFTRA Ret. Fund v. JPMorgan Chase Bank*,
    No. 09-cv-00686 (SAS) (S.D.N.Y.) .................................................................................. 14

*Buffalo Laborers Security Fund v. J.P. Jeanneret Associates, Inc.*,
    No. 09-cv-3907 (S.D.N.Y.) ............................................................................................... 17

*Cardenas v. Toyota Motor Corporation*,
    No. 1:18-cv-22798-FAM (S.D. Fla.) ........................................................................... 16, 17

*In re Citigroup, Inc. Action Bond Litig.*,
    No. 1:08-cv-9522 (S.D.N.Y.) ............................................................................................ 12

*In re Citigroup, Inc. Bond Litig.*,
    No. 08-cv-9522 (SHS) (S.D.N.Y.) .................................................................................... 15

*CompSource Okla. v. BNY Mellon, N.A.*,
No. 08-cv-469 (E.D. Okla.) .................................................................................................. 14

*Doe v. GoodRx Holdings, Inc.*,
2023 WL 4384446 (N.D. Cal. July 7, 2023) ........................................................................ 8

*Electrical Welfare Trust Fund v. United States*,
No. 1:19-cv-00353 (Fed. Cl.) ................................................................. 12, 14, 16, 17

*In re Eros International PLC Securities Litigation*,
No. 19-cv-14125 (D.N.J.) ................................................................................................... 19

*In re: FCA US LLC Monostable Electronic Gearshift Litig.*,
No. 16-md-2744 (E.D. Mich.) ............................................................................................. 17

*In re Flonase Antitrust Litig.*,
No. 08-cv-3149 (E.D. Pa.) .................................................................................................. 12

*In re Fortra File Transfer Software Data Security Breach Litigation*,
MDL No. 3090 (S.D. Fla.) .................................................................................................. 18

*In re Insulin Pricing Litigation*,
No. 17-cv-699 (D.N.J.) ....................................................................................................... 19

*In re Lear Corp. ERISA Litig.*,
No. 2:06-cv-11735 (E.D. Mich.) ........................................................................................ 15

*Liguori, et al. v. Wells Fargo & Co., et al.*,
No. 08-cv-479-PD (E.D. Pa.) ............................................................................................. 13

*In re Loestrin Fe 24 Antitrust Litig.*,
MDL No. 2472 (D.R.I.) ....................................................................................................... 12

*Luther, et al. v. Countrywide Fin. Corp.*,
No. 12-cv-05125 (C.D. Cal.) .............................................................................................. 12

*In re: Mercedes-Benz Emissions Litigation*,
No. 16-cv-881 (D.N.J.) ....................................................................................................... 18

*Merryman v. Citigroup, Inc.*,
No. 15-cv-09185 (S.D.N.Y.) ............................................................................................... 14

*In re Meta Pixel Healthcare Litig.*,
2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) .................................................................... 9

*In re National Prescription Opiate Litigation*,
MDL No. 2804 (N.D. Ohio) ................................................................................................ 18

*In re Insulin Pricing Litigation*,
No. 2:23-md-03080 (D.N.J.) ............................................................................................... 16

*Olosoni v. HRB Tax Grp., Inc.*,
   2019 WL 7576680 (N.D. Cal. Nov. 5, 2019) .......................................................................8, 9

*In re: Oral Phenylephrine Marketing and Sales Practices Litigation*,
   No. 23-md-3089 (E.D. N.Y) .......................................................................................................17

*Pappas v. Amn. Healthcare Services Inc.,.*
   No. 24-cv-01426-JST (N.D. Cal.) ...............................................................................................5

*Persad v. Ford Motor Co.*,
   No. 2:17-cv-12599 (E.D. Mich.) (Berg, J.) ...............................................................................14

*In re: Ranbaxy Generic Drug Application Antitrust Litig.*,
   MDL No. 2878 (D. Mass.) ....................................................................................................12, 14

*Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*,
   2015 WL 5569462 (N.D. Cal. Sept. 22, 2015)............................................................................9

*In re: Samsung Customer Data Security Breach Litigation*,
   MDL No. 3055 (D.N.J.) .............................................................................................................18

*Seeligson v. Devon Energy Production Company*,
   No. 3:16-cv-00082-K (N.D. Tex.)........................................................................................14, 16

*Skiles v. Visteon*,
   No. 2:05-cv-71205 (E.D. Mich.) ...............................................................................................15

*In re Social Media Adolescent Addiction/Personal Injury Products Liability
   Litigation*,
   No. 4:22-md-03047 (N.D. Cal.) ......................................................................................14, 15, 17

*Speerly v. General Motors, LLC*,
   No. 2:19-cv-11044 (E.D. Mich.) ...............................................................................................16

*Sutter v. Kaiser Foundation Health Plan, Inc.*,
   No. 3:24-cv-03352-JCS (N.D. Cal. June 4, 2024)....................................................................5, 7

*In re T-Mobile Customer Data Security Data Breach Litigation*,
   MDL No. 3073 (W.D. Mo.) ........................................................................................................18

*In re: Takata Airbag Products Liability Litig.*,
   No. 15-md-02599 (S.D. Fla.)................................................................................................15, 18

*In re Target Data Breach*,
   No. 0:14-md-2522 (D. Minn.) .............................................................................................12, 14

*In re Taronis Technologies Inc. Securities Litigation*,
   No. 19-cv-4529 (D. Ariz.) ..........................................................................................................19

*In Re: The Bank of New York Mellon ADR FX Litig.*,
 No. 16-cv-00212 (S.D.N.Y.) ........................................................................................ 14

*In re Tik-Tok Inc., Consumer Privacy Litigation*,
 MDL No. 2948-A (N.D. Ill.) ......................................................................................... 18

*In re TikTok, Inc., Consumer Privacy Litig.*,
 No. 1:20-cv-04699 (N.D. Ill.) ...................................................................................... 16

*In re Volkswagen Timing Chain Product Liability Litig.*,
 No. 2:16-cv-2765 (D.N.J.) ...................................................................................... 14, 16

*In re Wachovia Preferred Secs. & Bond/Notes Litig.*,
 No. 1:09-cv-6351 (S.D.N.Y) ........................................................................................ 12

*In re Zetia (Ezetimibe) Antitrust Litig.*,
 No. 2:18-md-2836 (E.D. Va.) ................................................................................. 12, 14

*In re: ZF-TRW Airbag Control Units Products Liability Litigation*,
 No. 2:19-ml-02905 (C.D. Cal.) .................................................................................... 14

*In re Zinc Antitrust Litig.*,
 No. 14-cv-3728 (S.D.N.Y.) .......................................................................................... 16

**State Cases**

*In re Dole Food Co., Inc. S'holder Litig.*,
 No. 8703-VCL (Del. Ch.) ............................................................................................. 12

*Newton v. Kaiser Found. Health Plan, Inc.*,
 24-cv-073453 (Cal. Super. Ct. Apr. 29, 2024) ............................................................. 8

*Newton v. Kaiser Foundation Health Plan, Inc.*,
 24-cv-073453 (Cal. Super. Ct. Apr. 29, 2024) ............................................................. 5

*In re Southern Peru Copper Corp. S'holder Derivative Litig.*,
 No. 961-CS (Del. Ch.) .................................................................................................. 12

**Federal Statutes**

Affordable Care Act ...................................................................................... 12, 14, 16

Electronic Communications Privacy Act ............................................................... 6

Health Insurance Portability and Accountability Act ......................................... 6

Robinson-Patman Act ............................................................................................. 16

**State Statutes**

Privacy Act, Cal. Penal Code §§ 630, *et seq.* ...................................................................................6

Washington Health Care Act, Wash. Rev. Code § 70.02.005, *et seq.* .............................................6

Washington Privacy Act, Wash. Rev. Code § 9.73, *et seq.* .............................................................6

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................*passim*

**Constitutional Provisions**

Cal. Const. Article I, § 1 ...............................................................................................6

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on Thursday, July 18, 2024, at 1:30 pm or as soon thereafter as this matter may be heard before the Honorable Edward M. Chen of the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs John Does I-II and Jane Does I-V will and hereby do move the Court for an order appointing Kessler Topaz Meltzer & Check LLP and Carella, Byrne, Cecchi, Brody & Agnello, P.C., as Interim Co-Lead Class Counsel. This will allow this case to proceed in an efficient manner.

This Motion is brought pursuant to Federal Rule of Civil Procedure 23(g)(1) and (3). The grounds for this Motion are that this case is a consumer-based privacy action with putative classes of hundreds of thousands of individuals that will benefit from the appointment of experienced class action trial lawyers who will take responsibility for leading and directing this litigation. The proposed Interim Co-Lead Class Counsel are well qualified for the position because they have been leading this litigation on behalf of the putative classes for nearly a year and they have extensive experience in consumer fraud and privacy class action litigation and trial experience.

Court-appointment of Proposed Interim Co-Lead Class Counsel will ensure that work is continued to be performed efficiently.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities (together "Motion"), and resumes of the attorneys and firms seeking appointment, all records on file with this Court, and such other written and/or oral argument as may be presented to the Court.

Dated: June 7, 2024                          Respectfully submitted,

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

*/s/ Melissa L. Yeates*
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com

Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

-and-

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Counsel for Plaintiffs and the proposed Classes*

**STATEMENT OF ISSUES TO BE DECIDED**

**(Civil Rule L.R. 7-4)**

1.      Should the Court appoint Kessler Topaz Meltzer & Check LLP and Carella Byrne Cecchi Brody & Agnello, P.C. as Interim Co-Lead Class Counsel?

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION

This brief is submitted, pursuant to Fed. R. Civ. P. 23(g), in support of Plaintiffs' motion to appoint Kessler Topaz Meltzer & Check LLP ("KTMC") and Carella Byrne Cecchi Brody & Agnello, P.C. ("Carella Byrne") as Interim Co-Lead Class Counsel pursuant to Rule 23(g).

This is a putative class action involving allegations that "notwithstanding Plaintiffs' and other Kaiser Plan Members' reasonable expectation that their interactions and communications through Kaiser's[1] website and mobile applications would not be shared with third parties, Kaiser discloses individually identifiable personal information and the contents of patients' confidential information and communications with a number of third parties, completely unbeknownst to Plaintiffs[2] and other Kaiser Permanente Members while those communications are in transit between Plaintiffs and Class Members on the one hand and Kaiser on the other." ECF No. 162 at ¶ 3. Plaintiffs John and Jane Doe initiated this action, filing the original complaint on June 9, 2023, alleging that Kaiser inserted code from third parties on its website ("Site") that transmitted patient information and communications without consent to multiple third parties, including Adobe, Google, Twitter, Microsoft/Bing, and Quantum Metric. On September 15, 2023, Plaintiffs filed their First Amended Complaint, including additional allegations regarding similar code inserted on Kaiser's mobile applications ("Apps"), as well as additional claims under the various states where Plaintiffs are located. On October 4, 2023, Plaintiffs moved for a preliminary injunction asking the Court to prevent Kaiser from continuing to unlawfully share protected patient information. ECF No. 58. In response, Kaiser filed a sworn declaration representing to this Court that, by November 2023, Kaiser had disabled, deleted, or

---

[1] "Kaiser" refers to defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington.
[2] "Plaintiffs" refers to John Doe, Jon Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V.

modified the offending code from the Site and Apps. ECF No. 96. On March 26, 2024, this Court ordered, without prejudice, that John Doe's claims alleged in the FAC be sent to arbitration (ECF No. 119), and on April 11, 2024, this Court granted in part and denied in part Kaiser's motion to dismiss, also without prejudice (ECF No.124).

On April 12, 2024, one day after this Court ruled on Kaiser's Motion to Dismiss, Kaiser sent a letter to the Washington Attorney General ("Notice Letter") admitting that it shared patients' personally identifiable and protected health information ("PHI"), including, *inter alia*, IP addresses, names, member status, symptom searches, and information showing how the members interacted with and navigated through the Site and/or Apps. *See* Plaintiffs' Notice of Kaiser Disclosures, ECF No. 127. This Notice Letter confirms Plaintiffs' allegations that Kaiser was sharing PHI with third parties through online tracking technology, was signed by the same counsel representing Kaiser in this action, and states that Kaiser had knowledge of its unlawful conduct, including leaking PHI, since at least October 25, 2023—after Plaintiffs moved for a preliminary injunction and around the time Kaiser responded by confirming it had disabled, deleted, or modified the offending code on the Site and Apps. *Id*. In May 2024, Kaiser also began sending notification letters to the approximately 13.4 million people who Kaiser identified as having their PHI unlawfully provided to third parties. Plaintiffs have since filed a Second Amended Complaint, which includes additional allegations regarding Kaiser's admissions, additional facts obtained through discovery, and additional counts for violation of state data breach statutes. *See* ECF No. 162.

Following Kaiser's belated and public confirmation that it was engaging in the conduct Plaintiffs have alleged since June 2023, several plaintiff firms have launched investigations into Kaiser's disclosure of patient information[3] and at least two follow-on cases have already been filed.

---

[3] *See e.g.*, *Kaiser Permanente Pixel Data Breach Investigation*, Turke & Strauss LLP (Apr. 26, 2024) https://www.turkestrauss.com/2024/04/26/kaiser-permanente-pixel-data-breach-investigation/; Joseph Lyon, *Kaiser Permanente Data Breach Investigation*, The Lyon Law Firm (Apr. 26, 2024) https://www.thelyonfirm.com/blog/kaiser-permanente-health-data-breach-investigation/; *Kaiser Foundation Health Plan Data Breach*, ClassAction.org https://www.classaction.org/data-breach-lawsuits/kaiser-foundation-health-plan-april-2024 (last updated May 2024); *Kaiser Foundation Health Plan Data Breach Investigation*, OpenClassActions.com https://openclassactions.com/investigations/kaiser-foundation-health-plan-d-b-a-kaiser-permanente-data-breach.php (last visited June 7, 2024); *Kaiser Foundation Heath Plan Data Breach Lawsuit*,

*See Sutter v. Kaiser Foundation Health Plan, Inc.*, Case No. 3:24-cv-03352-JCS (N.D. Cal. June 4, 2024);[4] *Newton v. Kaiser Foundation Health Plan, Inc.*, 24-cv-073453 (Cal. Super. Ct. Apr. 29, 2024). These suits assert claims, allegations, and classes that overlap with those asserted by Plaintiffs in this litigation nearly a year ago. Given these recently filed follow-on actions, appointment of Interim Co-Lead Class Counsel is necessary at this time to ensure that litigation of the putative Classes' claims continues to proceed in the most efficient manner through appointment of counsel that have already investigated, researched, developed, and litigated this case for over a year and are in the best position to move this case forward on behalf of the Classes.

Accordingly, in the interest of preventing delays to, and distraction from, this litigation and to further the best interests of the Classes, Plaintiffs respectfully seek appointment of KTMC and Carella Byrne to represent their interests and those of the putative Classes, and to continue advancing this matter in a productive and efficient way.

As indicated by their firm resumes attached hereto,[5] the attorneys with KTMC and Carella Byrne representing Plaintiffs in this action have extensive experience prosecuting class actions and are eminently qualified to continue to lead this litigation. Their firms have been appointed lead counsel in numerous class actions by federal and state courts throughout the country, including in numerous matters related to consumer data privacy.

The appointment of KTMC and Carella Byrne as Interim Co-Lead Class Counsel is also supported by the following additional factors:

---

Potter Handy, LLP, https://openclassactions.com/investigations/kaiser-foundation-health-plan-d-b-a-kaiser-permanente-data-breach.php (last visited June 7, 2024); *Kaiser Permanente and Kaiser Foundation Health Data Breach Class Action Lawsuit Assistance*, Console & Associates, https://www.prnewswire.com/news-releases/console--associates-pc-kaiser-permanente-reports-data-breach-exposing-sensitive-information-belonging-to-13-4m-current-and-former-website-and-mobile-app-visitors-302128756.html (last visited June 7, 2024).

[4] Oddly, *Sutter* was marked as related to *Pappas v. Amn. Healthcare Services Inc.,*. 24-cv-01426-JST (N.D. Cal.), a case filed by traveling nurses alleging that American Healthcare Services Inc. conspired with certain Kaiser entities to fraudulently induce travelling nurses to accept positions and then changed the agreed-to salary after the nurse began his or her position, rather than related to this action.

[5] The firm resume of KTMC is attached to the Declaration of Melissa L. Yeates in Support of Notice of Motion and Motion for Appointment of Co-Lead Counsel ("Yeates Decl.") as Exhibit 1 and the firm resume of Carella Byrne is attached to the Yeates Decl. as Exhibit 2, filed concurrently with this Motion.

*First*, KTMC and Carella Byrne ("Moving Counsel") have performed substantial work in investigating, researching, developing, and litigating the claims at issue, having already filed three complaints, moved for a preliminary injunction, survived a motion to dismiss Plaintiffs' claims, and engaged in discovery.

*Second*, Moving Counsel have the experience, knowledge, and resources to prosecute this case in the Classes' best interests.

*Third*, appointment will promote efficiency and cooperation among the parties and eliminate the risk of fractious or redundant litigation efforts from follow-on litigations.

For all of these reasons, which are discussed in detail below, Plaintiffs respectfully request that this Motion be granted and KTMC and Carella Byrne be appointed as Interim Co-Lead Class Counsel.

## II.     STATEMENT OF FACTS

On June 9, 2023, KTMC filed a Class Action Complaint on behalf of John and Jane Doe against Kaiser Foundation Health Plan, Kaiser Foundation Hospital, and the Permanente Medical Group Inc., alleging that Kaiser's disclosure of patients' personal, individually identifiable, and sensitive heath information to the Third Party Wiretappers, without consent, constitutes an egregious invasion of Plaintiffs and Class Members' privacy and violates the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq*.; the California Invasion of Privacy Act, Cal. Penal Code §§ 630, *et seq*.; Cal. Const. art. I, § 1; the Washington Privacy Act, Wash. Rev. Code § 9.73, *et seq*.; Washington Health Care Act, Wash. Rev. Code § 70.02.005, *et seq*.; and the Health Insurance Portability and Accountability Act ("HIPAA"), and constitutes intrusion upon seclusion and breach of Kaiser's express and implied promises and duties to its patients, including Plaintiffs and members of the Classes. *See* ECF No. 1. This initial Class Action Complaint was the result of substantial research conducted by KTMC and Carella Byrne prior to the filing.

On September 15, 2023, KTMC and Carella Byrne filed the First Amended Complaint, which included additional Plaintiffs and causes of actions, and expanded the allegations to cover Kaiser's similar conduct relating to its Apps. ECF No. 44.

Plaintiffs moved for a preliminary injunction on October 4, 2023, seeking to enjoin Kaiser's practice of sharing protected patient information. ECF No. 58. In response, on November 22, 2023, Kaiser filed a sworn declaration representing to this Court that it had disabled, deleted, or modified the offending code from the Site and Apps. ECF No. 96. On December 7, 2023, taking Kaiser at its word, Plaintiffs withdrew the motion for preliminary injunction based on Kaiser's representations to this Court it had disabled, deleted, or modify the Adobe, Bing, Google, Twitter, Quantum Metric, and Dynatrace ("Third Party Wiretappers") trackers at the heart of Plaintiffs' First Amended Complaint. ECF No. 101.

On November 14, 2023, Kaiser moved to dismiss the action and briefing followed. ECF No. 88. On March 14, 2024, oral argument was held before this Court. ECF No. 117. On April 11, 2024, this Court issued its decision granting the motion to compel arbitration of John Doe's claims in the FAC and granting in part and denying in part the motion to dismiss. ECF No. 124.

One day later, on April 12, 2024, Kaiser notified federal and state agencies that its use of the Third Party Wiretappers' technology resulted in the transmission of patients' personal information, constituting Protected Health Information under HIPAA, to the Third Party Wiretappers. *See* ECF 127. Upon information and belief, Kaiser began issuing media notices regarding the privacy breach on April 25, 2024[6] and in May 2024 began sending individual notices to the nearly 13.4 million Kaiser Plan Members affected by Kaiser's privacy violations.

Following the widespread media notice, firms from around the country opened investigations into the conduct Plaintiffs in this action have been challenging since June 2023.[7] To date, at least two follow-on lawsuits have been filed based on Kaiser's recent disclosures. *See* Complaint, *Sutter v. Kaiser Found. Health Plan, Inc.*, Case No. 3:24-cv-03352-JCS (C.D. Cal.), ECF No. 1 at ¶¶ 32-34 ("On May 8, 2024, Plaintiff received a cryptic, templated email from Defendant notifying her that her PHI and PII had been compromised by Defendant's use of tracking technologies . . . Defendant's letter failed to inform Plaintiff of exactly what PHI and PII had been compromised, and with which

---

[6] *See, e.g.*, Zack Whittaker, *Health insurance giant Kaiser will notify millions of a data breach after sharing patients' data with advertisers*, TechCrunch (Apr. 25, 2024, 12:42pm) https://techcrunch.com/2024/04/25/kaiser-permanente-health-plan-millions-data-breach/.
[7] *See* footnote 1, *supra*.

PLS.' NOTICE OF MOTION AND MOTION FOR
APPOINTMENT OF CO-LEAD COUNSEL
CASE NO.: 4:23-CV-02865-EMC

parties it had been shared . . . The full scope of Defendant's interceptions and disclosures of Plaintiff's communications to third parties can only be determined through formal discovery"); Class Action Complaint at ¶16, *Newton v. Kaiser Found. Health Plan, Inc.*, 24-cv-073453 (Cal. Super. Ct. Apr. 29, 2024), ECF No. 127 ("On April 26, 2024, Plaintiffs and the Class were informed through an article on Techcrunch and other medica [sic] outlets that their personal medical information and personal identifying information were disclosed to 'third-party advertisers, including Google, Microsoft and X (formerly Twitter).' At no point had Plaintiffs and the Class provided any authorization to Defendant to release any medical records to any person on their behalf. Nor was any information sought at this time by any third party by way of a subpoena or request for documents in discovery.") (quoting the same Techcrunch article cited by Plaintiffs in their Notice to the Court).

Plaintiffs only became aware of these follow-on actions through their own investigation and, as of the filing of this Motion, Kaiser has not informed Plaintiffs that these follow-on actions had been filed.

## <u>LEGAL ARGUMENT</u>

**III.    THE RULE 23(G) FACTORS STRONGLY SUPPORT THE APPOINTMENT OF KTMC AND CARELLA BYRNE AS INTERIM CO-LEAD CLASS COUNSEL**

**A.    The Standard Under Rule 23(g) for Selection of Interim Class Counsel**

Federal Rule of Civil Procedure 23(g) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004). Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, "[c]ourts considering the appointment of interim counsel weigh the factors outlined in 23(g)(1)." *Doe v. GoodRx Holdings, Inc.*, 2023 WL 4384446, at *1 (N.D. Cal. July 7, 2023) (quoting *Olosoni v. HRB Tax Grp., Inc.*, 2019 WL 7576680, at *5 (N.D. Cal. Nov. 5, 2019)). In determining whether counsel is suited for appointment, the Court must consider:

> (i)    the work counsel has done in identifying or investigating potential claims in the action;

(ii)      counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)     counsel's knowledge of the applicable law; and

(iv)      the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see also In re Meta Pixel Healthcare Litig.*, 2022 WL 18399978, *2 (N.D. Cal. Dec. 21, 2022) (internal citation omitted) (applying these factors to appointment of interim counsel). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see* also Fed. R. Civ. P. 23(g)(4).

No single factor is determinative; all factors must be weighed to determine who can best represent the class. Fed. R. Civ. P. 23 advisory committee notes to 2003 amendment. Additionally, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). *See Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 2015 WL 5569462, at *4 (N.D. Cal. Sept. 22, 2015).

As explained in detail below, these considerations compellingly support the appointment of KTMC and Carella Byrne as Interim Co-Lead Class Counsel.

Moreover, the appointment of Interim Co-Lead Class Counsel at this time is necessary given the recently filed follow-on actions, which assert overlapping claims, allegations, and classes. The existence of these overlapping, duplicative, and competing class suits—filed well after this litigation—warrant the appointment of Interim Co-Lead Class Counsel at this time. *Olosoni*, 2019 WL 7576680, at *6, *aff'd sub nom. Snarr v. HRB Tax Grp., Inc.*, 839 F. App'x 53 (9th Cir. 2020) ("Given the pendency of a nearly identical suit in another district court, the appointment of interim counsel here is not premature and will further the fair and adequate representation of the putative class by clarifying who is responsible for their interests."); *see also* Manual for Complex Litigation (Fourth) § 21.11 (2004) (noting when there are "overlapping, duplicative, or competing suits pending . . . designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement"). The proposed Interim Co-Lead Class Counsel have investigated, researched, developed and vigorously litigated this

matter for over a year and are best suited to ensure the continued zealous and efficient representation of the putative Classes.

**B.    Moving Counsel Have Thoroughly Identified and Investigated the Claims Presented and Have Significant Experience and Extensive Knowledge of the Applicable Law**

While no one factor under Fed. R. Civ. P. 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigatory and analytical efforts of counsel can be a deciding factor:

> [i]n a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Federal Practice § 23.120[3][a] (3d. ed. 2007).

Moving Counsel has been actively litigating this matter since filing the initial complaint in June 2023 (with investigation and research taking place well in advance of that filing) and amended complaints, as additional facts became known and additional guidance was provided by the Court. ECF Nos. 1, 44, 162. Filing these complaints required extensive preliminary investigation, evaluation of the facts of the case and legal theories, retention and working with experts to detail the highly technical practices alleged, and review of documents produced through discovery. Since filing the original Complaint, Moving Counsel has continued to develop the factual record and work to advance the litigation and vindicate the interests of Plaintiffs and members of the Classes, including by moving for a preliminary injunction in October 2023, which resulted in Kaiser disabling, deleting, or modifying the Adobe, Bing, Google, Twitter, Quantum Metric, and Dynatrace trackers on its Site and Apps, which has already benefitted the Classes. ECF Nos. 58, 96. Indeed, based on Kaiser's representations to regulators regarding knowledge of the data breach and timing of the removal of the code from the Site and Apps, it is clear that Plaintiffs' preliminary injunction motion was the catalyst behind Kaiser (belatedly) informing regulators and patients in April and May 2024 of the data breach. Moving Counsel has also negotiated confidentiality orders and ESI protocols and litigated discovery disputes before this Court. ECF Nos. 55, 80, 104. Moving Counsel has propounded first and third party discovery and reviewed confidential discovery provided by Defendants and third parties.

Moving Counsel has further successfully argued the motion to dismiss, with this Court granting in part and denying in part Defendants' motion and has filed a fulsome SAC based on this Court's guidance, discovery produced to date, and Kaiser's belated disclosures to regulators. ECF No. 124. In short, Moving Counsel has advanced this litigation efficiently by devoting considerable resources to this case, and will continue to do so on behalf of the putative Classes.

Moreover, the aforementioned firms leading this litigation and the teams of lawyers at those firms have substantial and extensive experience in complex class action litigation.

KTMC is one of the nation's largest firms specializing in the prosecution of complex class action litigation. Since its founding, the firm has developed a reputation for excellence in litigating complex cases, including data breach, complex consumer fraud, unfair and deceptive trade practices, and antitrust actions, among others, and has recovered billions of dollars on behalf of the clients and classes it represents. As the firm's resume reflects, KTMC has successfully prosecuted (and is currently prosecuting) some of the largest and most complex class actions in U.S. history. *See* Yeates Decl., Exhibit 1.

KTMC has the ample resources necessary to litigate this complex case, with nearly 100 attorneys, an in-house investigative and financial research and analysis department, experienced support staff, and offices on both coasts. This case has involved and will continue to involve a substantial financial investment that KTMC is more than able to meet, as it does in all of its litigation. The firm is accustomed to financing complex cases and routinely invests significant financial resources in litigating claims against the largest and most well-funded defendants in the world. KTMC always funds its cases and does not rely on third party litigation funders. These resources make KTMC uniquely qualified to represent Plaintiffs and the putative Classes in this litigation against a large well-funded corporate defendant, like Kaiser. Moreover, KTMC has a proven record of committing those resources to advance the interests of those it represents to achieve meaningful results and has recovered billions of dollars on behalf of its clients and class members. The firm focuses on prosecuting high-stakes cases against large corporate defendants and is always prepared to litigate a case through trial if necessary. The firm's unflinching commitment to zealous advocacy on behalf of its clients has resulted in large and historic recoveries in numerous instances, including:

(1) *In re Bank of Am. Corp. Secs., Derivative, and ERISA Litig.*, No. 1:09-md-2058 (S.D.N.Y.) ($2.425 billion recovery after summary judgment); (2) *In re Southern Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.) ($2 billion judgment following a multiday trial; the judgment is the largest recovery in Delaware Chancery Court history); (3) *In re Citigroup, Inc. Action Bond Litig.*, No. 1:08-cv-9522 (S.D.N.Y.) ($730 million recovery); (4) *In re Wachovia Preferred Secs. & Bond/Notes Litig.*, No. 1:09-cv-6351 (S.D.N.Y). ($627 million recovery); (5) *In re Dole Food Co., Inc. S'holder Litig.*, No. 8703-VCL (Del. Ch.) ($148 million judgment); (6) *Luther, et al. v. Countrywide Fin. Corp.*, No. 12-cv-05125 (C.D. Cal.) ($500 million recovery); (7) *In re Loestrin Fe 24 Antitrust Litig.*, MDL No. 2472 (D.R.I.) ($120 million settlement on the eve of trial); (8) *In re Flonase Antitrust Litig.*, No. 08-cv-3149 (E.D. Pa.) ($150 million settlement shortly before trial); (9) *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-md-2836 (E.D. Va.) (global settlement for all plaintiff groups of over $600 million negotiated on the eve of trial); (10) *In re: Ranbaxy Generic Drug Application Antitrust Litig.*, MDL No. 2878 (D. Mass.) ($340 million recovery); and (11) *Electrical Welfare Trust Fund, et al. v. United States*, No. 19-cv-353 (Ct. Fed. Cl.) (more than $185 million judgment entered for a wrongful seizure of funds from the class pursuant to the Affordable Care Act).

KTMC is also routinely recognized for its focus and commitment to excellence. Indeed, the firm has received numerous honors, including recurring inclusion on the *National Law Journal's* Plaintiff's Hot List and BTI Consulting Group's Honor Roll of Most Feared Law Firms. The firm has also been recognized as a ranked firm by Chambers & Partners and is a repeat winner of "Class Action Litigation Firm of The Year" by the *Legal Intelligencer*, Philadelphia's primary legal publication.

The Consumer Protection Litigation Group has helped recover hundreds of millions of dollars on behalf of clients and consumers affected by data breach, antitrust violations, and fraudulent or deceptive practices. With regard to data breaches in particular, KTMC played a central role in certifying a nationwide class under Rule 23(b)(3) in *In re Target Data Breach*, No. 0:14-md-2522 (D. Minn.)—the first known nationwide certification of a class of card-issuing financial institutions in a data breach action—which led to a $39 million settlement. In the *Target Data Breach* litigation, KTMC was a member of the plaintiffs' leadership committee and in this role successfully overcame

Target's motion to dismiss, and thereafter embarked on an extensive and comprehensive discovery plan that included obtaining significant electronically stored information ("ESI")—including over one million pages of documents—as well as serving contention interrogatories and taking depositions of over 30 current and former Target employees, third parties, and experts. After class certification was granted, KTMC engaged in intensive mediation, while motion practice and discovery were ongoing, leading to an eventual settlement and recovery of tens of millions of dollars for class members. Additionally, KTMC's efforts were instrumental in navigating the risks to the class settlement posed by two additional complex settlement agreements between Target and MasterCard International and Target and Visa. KTMC successfully mitigated these risks, allowing class members to participate in all three settlement agreements—which ultimately enhanced total benefits to the class to over $100 million. The attorneys from KTMC working on this matter have substantial and highly relevant complex class action litigation experience.

As reflected in the firm's resume, Joseph H. Meltzer leads KTMC's Consumer Protection Litigation Group, which advocates for consumer rights nationwide. Mr. Meltzer has been appointed by courts throughout the country to lead positions in class actions and multidistrict litigations. Mr. Meltzer has spoken at many conferences on issues related to litigating complex class actions, and is a Hearing Committee Member of the Disciplinary Board of the Supreme Court of Pennsylvania. Mr. Meltzer and the Consumer Group have achieved significant results on behalf of consumers, including *In re Bank of New York Mellon Corp. FOREX Transactions Litig.*, No. 1:12-md-2335 (LAK) (S.D.N.Y.) (Joseph H. Meltzer was a member of plaintiffs' Executive Committee in an action that settled for $335 million and during the final fairness hearing, Judge Lewis A. Kaplan praised counsel for their "wonderful job" and stated that they deserved a "world of credit" for their efforts); *Board of Trustees of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, No. 1:09-cv-00686 (SAS) (S.D.N.Y.) (Joseph H. Meltzer served as the lead partner in charge of Kessler Topaz in its role as lead counsel—action settled for $150 million on the eve of trial); *Alston, et al. v. Countrywide Fin. Corp., et al.*, No. 2:07-cv-03508 (E.D. Pa.) ($34 million settlement) and *Liguori, et al. v. Wells Fargo & Co., et al.*, No. 08-cv-479-PD (E.D. Pa.) ($12.5 million settlement).

Most recently, Mr. Meltzer was appointed to the Local Government and School District Committee in the multidistrict litigation, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047 (N.D. Cal.). Mr. Meltzer was also appointed as lead class counsel for a class of direct purchaser plaintiffs in *In re: Ranbaxy Generic Drug Application Antitrust Litig.*, MDL No. 2878 (D. Mass.) ($340 million settlement). Mr. Meltzer was also appointed to plaintiffs' executive committee for a direct purchaser class in *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-md-2836 (E.D. Va.), which resulted in a global settlement for all plaintiff groups (including the indirect purchaser class and several large retailers) of over $600 million negotiated on the eve of trial. Furthermore, Mr. Meltzer was the lead partner in charge of KTMC in its role on plaintiffs' leadership committee in *In re Target Data Breach*, No. 0:14-md-2522 (D. Minn.)—a monumental data breach action described in detail above. Mr. Meltzer is also lead class counsel in *Electrical Welfare Trust Fund v. United States*, No. 1:19-cv-00353 (Fed. Cl.) where he was instrumental in developing the entirely novel theory of liability in that case, which ultimately resulted in a $185 million judgment against the U.S. government for its wrongful seizure of funds from the class pursuant to the Affordable Care Act, and was subsequently settled for over 91% of the Classes' damages.

Moreover, Mr. Meltzer was also appointed as settlement counsel for the class in *Persad v. Ford Motor Co.*, No. 2:17-cv-12599 (E.D. Mich.) (Berg, J.) and *In re Volkswagen Timing Chain Product Liability Litigation*, No. 2:16-cv-02765 (D.N.J.) which were both resolved favorably, and is currently on the plaintiffs' steering committee in *In re: ZF-TRW Airbag Control Units Products Liability Litigation*, No. 2:19-ml-02905 (C.D. Cal.). Mr. Meltzer was also appointed interim co-lead counsel and settlement class counsel in *Seeligson v. Devon Energy Production Company*, 18 L.P., No. 3:16-cv-00082-K (N.D. Tex.). *See also In Board of Trustees of the AFTRA Ret. Fund v. JPMorgan Chase Bank*, No. 09-cv-00686 (SAS) (S.D.N.Y.) (serving as the lead partner in charge of KTMC in its role as lead counsel—action settled for $150 million on the eve of trial); *CompSource Okla. v. BNY Mellon, N.A.*, No. 08-cv-469 (E.D. Okla.) (serving as interim class counsel in action settling for $280 million); *In Re: The Bank of New York Mellon ADR FX Litig.*, No. 16-cv-00212 (S.D.N.Y.) (serving as lead counsel in action settling for $72.5 million); *Merryman v. Citigroup, Inc.*,

No. 15-cv-09185 (S.D.N.Y.) (serving as lead counsel in action settling for $14.8 million). These cases involve hard fought litigation over several years against well-funded defendants. *See also Skiles v. Visteon*, No. 2:05-cv-71205 (E.D. Mich.) (member of plaintiffs' executive committee—case settled for $7.6 million); *In re Lear Corp. ERISA Litig.*, No. 2:06-cv-11735 (E.D. Mich.) (lead counsel—case settled for $5.25 million). Mr. Meltzer also oversees the firm's attorneys serving as counsel for the Automotive Recyclers' Association, an international trade association comprised of approximately 1,000 direct members operating automotive parts recycling facilities, and a nationwide putative class of automotive recyclers in *In re: Takata Airbag Products Liability Litig.*, No. 15-md-02599 (S.D. Fla.).

Jennifer L. Joost has substantial experience litigating complex class actions. She was named a Lawdragon 500 Leading Plaintiff Financial Lawyer in multiple years. Ms. Joost has led discovery in or otherwise been involved in all aspects of pre-trial proceedings for more than 20 settled or pending actions. Ms. Joost was part of the team who litigated *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Security Act (ERISA) Litigation*, No. 09 MDL 2058 (S.D.N.Y.), which settled on the eve of trial for $2.425 billion and *In re Citigroup, Inc. Bond Litig.*, No. 08 Civ. 9522 (SHS) (S.D.N.Y.), which settled for $730 million. Ms. Joost also was part of the team that litigated *Luther, et al. v. Countrywide Financial Corp.*, No. BC 380698, which settled for $500 million. Recently, Ms. Joost was part of a team that successfully litigated claims in the United States District Court for the Central District of California on behalf of a class of investors in *In re Snap Inc. Sec. Litig.*, No. 17-cv-03679-SVW-AGR which settled in January 2020 for $154 million two months before trial.

Melissa L. Yeates is a seasoned litigator with over two decades of experience litigating in federal courts nationwide and has played a leading role in KTMC's successful litigation of claims against numerous large corporations accused of defrauding consumers and engaging in anticompetitive conduct. She has been named a Lawdragon 500 Leading Plaintiff Financial Lawyer for the past six years. Ms. Yeates currently serves as Co-Chair of the Local Government and School District Committee in the multidistrict litigation, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047 (N.D. Cal.). In this role, she represents local

governments and school districts from across the nation seeking to hold the largest social media companies accountable for designing and marketing addictive social media platforms to minors and causing the youth mental health crisis in schools and communities. Ms. Yeates also serves as Co-Lead Counsel for the TPP PBM track in the multidistrict litigation *In re Insulin Pricing Litigation*, No. 2:23-md-03080 (D.N.J.), representing a putative class of third-party payors asserting RICO and Robinson-Patman Act claims against insulin manufacturers and pharmacy benefit managers for engaging in an unlawful kickback scheme to artificially increase the price for insulin and derive secret profits from rebates and fees.

Along with Mr. Meltzer, Ms. Yeates is lead class counsel for a class of health and welfare funds that recently won a $185 million judgment against the U.S. government based on the government's wrongful seizure of funds from the class pursuant to the Affordable Care Act, and was subsequently settled for over 91% of the Classes' damages. *Elec. Welfare Tr. Fund v. United States*, No. 1:19-cv-00353 (Fed. Cl.) (judgment entered for class totaling over $185 million dollars). Moreover, Ms. Yeates was one of the lead trial counsel for the class in *Cardenas v. Toyota Motor Corporation*, No. 1:18-cv-22798-FAM (S.D. Fla.), a class action that was tried through jury verdict. Additionally, Ms. Yeates currently serves on Plaintiffs' Steering Committees in *Speerly v. General Motors, LLC*, No. 2:19-cv-11044 (E.D. Mich.) and *Battle v. General Motors, LLC*, No. 2:22-cv-10783 (E.D. Mich.)—large pending class actions against General Motors Company. Other litigations in which Ms. Yeates served as class counsel and/or settlement counsel have resulted in substantial class settlements, including *In re Volkswagen Timing Chain Product Liability Litig.*, No. 2:16-cv-2765 (D.N.J.), *Seeligson v. Devon Energy Production Co., L.P.*, No. 3:16-CV-00082-K (N.D. Tex.) (settled for $28 million), and *In re Zinc Antitrust Litig.*, No. 14-cv-3728 (S.D.N.Y.) (settled for more than $9 million).

Tyler S. Graden also has over a decade of experience litigating class actions in KTMC's Consumer Protection Litigation Group. Mr. Graden currently serves on the Plaintiffs Steering Committee in *In re TikTok, Inc., Consumer Privacy Litig.*, Case No. 1:20-cv-04699 (N.D. Ill.), which alleges the unlawful use of eavesdropping technology in connection with TikTik's in-app browser. Mr. Graden is also currently working with Mr. Meltzer and Ms. Yeates on behalf of the local

government and school district plaintiffs in *In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, Case No. 22-md-3047, seeking recovery from social media companies on behalf of local governments and school districts which have had to incur additional costs and divert resources responding to the youth mental health crisis resulting from the social media companies' conduct. Mr. Graden has successfully recovered nearly a billion dollars on behalf of plaintiffs across an array of industries, including a $219 million class action settlement in connection with the Bernard Madoff Ponzi scheme (*Buffalo Laborers Security Fund v. J.P. Jeanneret Associates, Inc.*, Case No. 09-cv-3907 (S.D.N.Y.)), a $150 class action settlement in connection with securities lending losses during the Great Recession (*AFTRA Retirement Fund v. JPMorgan Chase Bank, NA.*, Case No. 09-cv-0686 (S.D.N.Y.)), and a $75 million award on behalf of a former subsidiary of AIG in an arbitration action brought against its former parent (*Transatlantic Holdings v. AIG (American Arbitration Association)*). Mr. Graden has also served as a member of several trial teams that have tried class actions, including *Cardenas v. Toyota Motor Corporation*, No. 1:18-cv-22798-FAM (S.D. Fla.) and *In re: FCA US LLC Monostable Electronic Gearshift Litig.*, Case No. 16-md-2744 (E.D. Mich.), both of which were tried through jury verdict.

Jordan E. Jacobson has nearly a decade of litigation experience and has spent the past four years working on matters in KTMC's Consumer Protection Litigation Group. Ms. Jacobson routinely works on complex consumer protection class actions and is actively involved in cases from inception through trial. Ms. Jacobson is currently on the Plaintiffs Steering Committee in *In re: Oral Phenylephrine Marketing and Sales Practices Litigation*, Case No. 23-md-3089 (E.D. N.Y) in which she represents putative class members in this multidistrict litigation against the manufacturers of household name cold medicines which alleges that the manufacturers concealed that their products were ineffective at relieving congestion for over a decade. She works alongside Mr. Meltzer and Ms. Yeates in the *Electrical Welfare Trust Fund v. United States*, No. 1:19-cv-00353 (Fed. Cl.) matter and currently works with Mr. Meltzer, Ms. Yeates and Mr. Graden on the *In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, Case No. 22-md-3047 matter.

Carella Byrne is a nationally recognized law firm that has served as lead counsel, co-lead counsel, or committee member in some of the most important class actions in New Jersey and across

the Nation. Through these appointments, Carella Byrne has earned a reputation for the zealous and vigorous representation of its clients and, equally important, its ability to work collegially with opposing counsel and forge valuable and creative solutions to resolving complex class actions. The firm's complex litigation group, founded by James E. Cecchi, has been part of the nation's largest litigations.

Before entering private practice, James E. Cecchi clerked for the Honorable Nicholas H. Politan in the District of New Jersey and then served as an Assistant United States Attorney in Newark, New Jersey under the direction of United States Attorney Michael Chertoff. Mr. Cecchi tried numerous complex cases to trial and developed skills not only as an effective trial advocate but also as a dogged investigator—skills that have proven immensely valuable in complex MDL cases. During the course of practice, Mr. Cecchi has had the privilege to be appointed to leadership positions in the nation's largest and most complex cases including: *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio) (Plaintiffs' National Executive Committee), *In re: Takata Airbag Products Liability Litigation*, MDL No. 2599 (S.D. Fla.) (Plaintiffs' Executive Committee), and *In re: Mercedes-Benz Emissions Litigation*, Civil Action No. 16-cv-881 (D.N.J.)(Co-Lead Counsel).

Of particular note, in the context of these privacy claims, Mr. Cecchi has been recognized with formal leadership appointments in several recent important data privacy litigations including *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, MDL No. 2904 (D.N.J.) (Sole Lead Counsel), *In re: Samsung Customer Data Security Breach Litigation*, MDL No. 3055 (D.N.J.) (Sole Lead Counsel), *In re TikTok Consumer Privacy Litigation*, MDL 2948-A (N.D. Ill.) (Plaintiffs' Steering Committee), *In re T-Mobile Customer Data Security Data Breach Litigation*, MDL No. 3073 (W.D. Mo.) (Co-Lead Interim Class Counsel), and *In re Fortra File Transfer Software Data Security Breach Litigation*, MDL No. 3090 (S.D. Fla.) (MDL Coordination and Settlement Counsel). These appointments reflect the confidence other federal courts have placed in Mr. Cecchi's abilities to represent consumers in the data breach space.

Kevin G. Cooper is a partner with Carella Byrne and under the direction of James E. Cecchi has played a significant role in a diverse range of class action matters at the firm, including data privacy (*In re Tik-Tok Inc., Consumer Privacy Litigation*, MDL No. 2948-A (N.D. Ill.)), data breach (*In re*

PLS.' NOTICE OF MOTION AND MOTION FOR
APPOINTMENT OF CO-LEAD COUNSEL
CASE NO.: 4:23-CV-02865-EMC

*American Financial Resources, Inc. Data Breach Litigation*, 22-cv-1757 (D.N.J.)), consumer fraud (*In re Insulin Pricing Litigation*, 17-cv-699 (D.N.J.)), and securities (*In re Eros International PLC Securities Litigation*, 19-cv-14125 (D.N.J.)). Mr. Cooper was also appointed as lead counsel with his colleagues on behalf of investors in *In re Taronis Technologies Inc. Securities Litigation*, 19-cv-4529 (D. Ariz.) and has also led multiple successful mass arbitrations alleging data privacy claims.

If appointed, KTMC and Carella Byrne will continue to devote their firm's attorneys, resources, and experience to the vigorous prosecution of this action as they have for the past year.

### C.     Moving Counsel Have the Finances and Staffing Needed to Serve the Class

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the Class. Fed. R. Civ. P. 23(g)(1)(C). As their firm resumes will attest, KTMC and Carella Byrne collectively have the staffing and resources necessary to aggressively litigate this matter. *See* Yeates Decl. Exs. 1 & 2.

Each has been entrusted by numerous courts with the responsibility of prosecuting class or mass actions throughout the United States and has met those responsibilities time and again with demonstrated skill and commitment. After scores of these examples, the same can be expected here.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint KTMC and Carella Byrne as Interim Co-Lead Class Counsel. The granting of this motion and these requests will allow this case to proceed expeditiously in an orderly fashion, in the interests of justice, and the best interests of the Classes.

Dated: June 7, 2024                                   Respectfully submitted,

                                                  **KESSLER TOPAZ
                                                   MELTZER & CHECK, LLP**

                                                  */s/ Melissa L. Yeates*
                                                  Joseph H. Meltzer (appearance *pro hac vice*)
                                                  jmeltzer@ktmc.com
                                                  Melissa L. Yeates (appearance *pro hac vice*)
                                                  myeates@ktmc.com
                                                  Tyler S. Graden (appearance *pro hac vice*)
                                                  tgraden@ktmc.com
                                                  Jordan E. Jacobson (Bar No. 302543)
                                                  jjacobson@ktmc.com
                                                  280 King of Prussia Road
                                                  Radnor, PA 19087

Tel: (610) 667-7706
Fax: (610) 667-7056

-and-

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Counsel for Plaintiffs and the proposed Classes*