SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppardmullin.com
KRISTIN P. HOUSH, Cal Bar No. 286651
khoush@sheppardmullin.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppardmullin.com
DANE C. BRODY CHANOVE, Cal Bar No. 345843
dbrodychanove@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:     858.720.8900
Facsimile:     858.509.3691

TENAYA RODEWALD, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone:     650.815.2600
Facsimile:     650.815.2601

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., Kaiser Foundation
Hospitals, and Kaiser Foundation Health Plan of
Washington

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, and JANE DOE V, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**DECLARATION OF KRISTIN HOUSH IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY CASE MANAGEMENT SCHEDULE [ECF NO. 107]**<br><br>**[PURSUANT TO F.R.C.P. 16(b)(4) & L.R. 16-2(d)]**<br><br>*Filed concurrently with Notice of Motion and Motion, and [Proposed] Order*<br><br>Date:              August 1, 2024<br>Time:              1:00 p.m.<br>Crtrm:             5<br>District Judge:    Hon. Edward M. Chen<br>Magistrate Judge:  Hon. Peter H. Kang<br><br>SAC Filed:         May 9, 2024<br>Trial Date:        October 27, 2025 |

-1-                                                                                          Case No. 3:23-cv-02865-EMC

## <u>DECLARATION OF KRISTIN HOUSH</u>

I, Kristin Housh, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am a partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington.

2.    If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3.    This declaration is submitted in support of Defendants' Motion to Modify Case Management Schedule.

4.    On October 6, 2023, Plaintiffs served Requests for Production of Documents (Set One) ("RFPs"), which demanded that Defendants produce 12 categories of documents.

5.    On October 17, 2023, the Parties appeared before Judge Edward M. Chen for a Case Management Conference ("CMC").  At the CMC, the Court instructed the parties to stage discovery.  Phase I Discovery, or pleading-stage and pre-mediation discovery, was limited to information necessary for mediation, including (1) "information about the class size, effect, et cetera" and (2) "high level information about damages."  Phase II Discovery, or post-pleading stage and post-mediation discovery, was to consist of all other, remaining information.  A true and correct copy of the transcript for the CMC held on October 17, 2023 is attached hereto as **Exhibit A**.  The Court's oral instructions at the CMC regarding staged discovery were repeated in an October 17, 2023 minute entry.  (ECF No. 77.)

6.    On December 18, 2023, the Parties submitted a Joint Stipulation Regarding Case Management Schedule (ECF No. 103), which was entered as modified on December 28, 2023 (ECF No. 107) (the "Initial Scheduling Order").

7.    Despite the Court's instructions about staged discovery at the CMC, Plaintiffs refused to narrow their RFPs (which they had served before the CMC).  Nevertheless, Defendants agreed to produce certain categories of documents that were responsive to the Phase I Discovery topics ordered by this Court.  A true and correct copy of Defendants' responses to Plaintiffs' RFPs

-1-

SMRH:4878-1689-1334

DECL OF KRISTIN HOUSH ISO DEFENDANTS' MOTION TO MODIFY CASE MANAGEMENT SCHEDULE

(Set One), dated November 6, 2023, is attached hereto as **Exhibit B**.  Defendants then worked diligently with relevant employees to self-collect and produce relevant and responsive documents on a rolling basis.

8.	When Plaintiffs were not satisfied with Defendants' self-collection efforts, Defendants pivoted to collecting electronically-stored information ("ESI") and running search terms through that ESI.  On February 28, 2024, Defendants proposed a review set based on 450 search terms to be run across 7 custodians' ESI to supplement its rolling productions of self-collected documents and to further identify documents responsive to the Phase I Discovery topics ordered by this Court.  This resulted in over 280,000 documents to be reviewed by Defendants' counsel.  Defendants' counsel have been diligently reviewing the over 280,000 document review set and making rolling productions.

9.	On April 12, 2024, Plaintiffs' counsel sent Defendants' counsel a letter demanding, among other things, that Defendants immediately complete their review of and production from the over 280,000 document review set and collect ESI from at least 20 additional custodians.

10.	On April 30, 2024, the Parties submitted a joint discovery dispute letter to Magistrate Judge Peter H. Kang regarding various discovery disputes, including Plaintiffs' demands that Defendants (1) immediately complete their review of and production from the over 280,000 document review set, and (2) collect, review, and produce ESI from at least 20 additional custodians.  (ECF No. 128.)  These disputes are among those scheduled to be heard by Judge Kang on July 18, 2024 at 1:00 p.m.  (ECF No. 169.)

11.	If the Parties engage in Phase II Discovery now, and assuming an average of 40,000 documents per custodian (based on the initial 280,000 document set from 7 custodians), Defendants will be forced to review at least an additional 800,000 documents above and beyond the 280,000 documents they have already committed to reviewing—or, a total of over 1 million documents.

12.	On March 26, 2024, the Court granted Defendants' Motion to Compel Plaintiff John Doe to Arbitration.  (ECF No. 119.)  On April 11, 2024, the Court granted in part and denied in part Defendants' Motion to Dismiss the First Amended Complaint, and ordered Plaintiffs to file

a Second Amended Complaint ("SAC") (if any) by May 9, 2024.  (ECF No. 124.)

13. On or about April 24, 2024, Plaintiffs' counsel requested that Defendants stipulate to extending the deadline for Plaintiffs to file a SAC from May 9 to June 7, 2024.

14. On April 30, 2024, Defendants' counsel circulated a proposed modified case management schedule, which included an extension of the deadline to file the SAC (as requested by Plaintiffs), a briefing schedule for Defendants' motion to compel arbitration and motion to dismiss the SAC (the "Motions"), as well as a continuance of all discovery-related deadlines.  A true and correct copy of Defendants' April 30 email attaching a proposed modified case management schedule is attached hereto as **Exhibit C**.

15. On May 3, 2024, Plaintiffs informed Defendants of their refusal to stipulate to the proposed modified case management schedule.  A true and correct copy of this May 3, 2024 email from Plaintiffs' counsel to Defendants' counsel is attached hereto as **Exhibit D**.

16. That same day, on May 3, 2024, Defendants' counsel responded and invited Plaintiffs to propose an alternative case management schedule.  A true and correct copy of Defendants' counsel's May 3, 2024 email is attached hereto as **Exhibit E**.  Plaintiffs did not respond to this email.

17. On May, 9, 2024, Plaintiffs filed their SAC.  (ECF No. 131.)

18. On May 15, 2024, Defendants filed a Motion for Extension of Time to File a Response to the SAC.  (ECF No. 136.)  Plaintiffs opposed the Motion for Extension of Time. (ECF No. 147.)  On May 15, 2024, the Court granted in part Defendants' Motion for Extension of Time, extending the time for Defendants to file their Motions to July 3, 2024.  (ECF No. 149.) The Court also ordered the Parties to meet and confer on an agreeable briefing schedule for the Motions.  *Id*.

19. The Parties met and conferred via Zoom on May 31, 2024 regarding the briefing schedule for Defendants' forthcoming Motions, as well as modifying the other pre-trial deadlines set forth in the Initial Scheduling Order.  During the call, the Parties discussed continuing the start date for Phase II Discovery from April 1, 2024 to a later date given that the case is still in the pleading stage and the pleadings would not be settled until at least the Fall of 2024 (when the

-3-
SMRH:4878-1689-1334
DECL OF KRISTIN HOUSH ISO DEFENDANTS' MOTION TO MODIFY CASE MANAGEMENT SCHEDULE

Parties anticipated the Court would hear Defendants' Motions).  Plaintiffs stated that while they were agreeable to extending the other pre-trial deadlines from the Initial Scheduling Order, they would not agree to continue the April 1, 2024 start date for Phase II Discovery and suggested that the joint stipulation remain silent on Phase II Discovery.

20.    On June 4, 2024, Plaintiffs circulated a proposed Joint Stipulation Extending Briefing Schedule.  A true and correct copy of Plaintiffs' email attaching their proposed Joint Stipulation Extending Briefing Schedule is attached hereto as **Exhibit F**.

21.    On June 11, 2024, Defendants' counsel circulated revisions to Plaintiffs' proposed Joint Stipulation Extending Briefing Schedule.  In the cover email, Defendants' counsel made a final effort to meet and confer about the start date for Phase II Discovery and asked if Plaintiffs would change their position.  A true and correct copy of Defendants' counsel's June 11, 2024 email is attached hereto as **Exhibit G**.

22.    Plaintiffs' counsel responded on June 12, 2024 accepting Defendants' revisions to the Joint Stipulation Extending Briefing Schedule and confirming Plaintiffs' position that the Phase II Discovery start date should remain as is.  A true and correct copy of Plaintiffs' counsel's June 12, 2024 email is attached hereto as **Exhibit H**.

23.    On June 13, 2024, the Parties filed the Joint Stipulation Extending Briefing Schedule, (ECF No. 170,) which continues and modifies the pre-trial deadlines from the Initial Scheduling Order with the exception of the start date for Phase II Discovery.  As of the filing of the instant Motion, the Court has not yet entered the Joint Stipulation Extending Briefing Schedule.

24.    The Joint Stipulation Extending Briefing Schedule set the hearings on Defendants' forthcoming Motions in response to the SAC on October 10, 2024.  *Id.* at 3.

25.    The Parties recently scheduled a mediation on October 1, 2024.

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of June, 2024, at San Diego, California.


*/s/ Kristin Housh*
Kristin Housh

Case No. 3:23-cv-02865-EMC

SMRH:4878-1689-1334

DECL OF KRISTIN HOUSH ISO DEFENDANTS' MOTION TO MODIFY CASE MANAGEMENT SCHEDULE

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, District Judge

DOE, et al.,                        )
                                    )
          Plaintiffs,               )
                                    )
vs.                                 )   C 23-02865-EMC
                                    )
KAISER FOUNDATION HEALTH            )
PLAN, INC., et al.,                 )
                                    )
          Defendants.               )
_____)


                              San Francisco, California
                              Tuesday, October 17, 2023


 TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
            RECORDING 2:31 - 3:00 = 29 MINUTES

APPEARANCES:

For Plaintiffs:
                         Kessler Topaz Meltzer & Check,
                           LLP
                         280 King of Prussia Road
                         Radnor, Pennsylvania 19087
                     BY: TYLER S. GRADEN, ESQ.
                         MELISSA L. YEATES, ESQ.

                         Carella Byrne Cecchi Olstein
                           Brody & Agnello
                         5 Becker Farm Road
                         Roseland, New Jersey 07068
                     BY: KEVIN G. COOPER, ESQ.




              (APPEARANCES CONTINUED ON NEXT PAGE)


*Echo Reporting, Inc.*

Exhibit A-1

*Echo Reporting, Inc.*

2

APPEARANCES:  (Cont'd.)

For Defendants:

Sheppard, Mullin, Richter
  & Hampton, LLP
12275 El Camino Real
Suite 100
San Diego, California 92130
BY:  WYNTER N. DEAGLE, ESQ.
ANN-MARIE DAO, ESQ.

Sheppard, Mullin, Richter
  & Hampton, LLP
1540 El Camino Real
Suite 120
Menlo Park, California 94025
BY:  TENAYA M. RODEWALD, ESQ.

Transcribed by:         Echo Reporting, Inc.
                        Contracted Court Reporter/
                        Transcriber
                        echoreporting@yahoo.com

Exhibit A-2

3

Tuesday, October 17, 2023                              2:31 p.m.

                    P-R-O-C-E-E-D-I-N-G-S

                         --oOo--

        THE CLERK:  Court is called in the case Doe, et al. versus Kaiser Foundation Health Plan, Inc., et al., case number 23-2865.

    Counsel, please state your appearance for the record, beginning with the Plaintiff.

        MR. GRADEN (via Zoom):  Good afternoon, your Honor.  Tyler Graden with Kessler Topaz Meltzer and Check. With me are Melissa Yeates, also with Kessler Topaz, and Kevin Cooper with Carella Byrne.

        THE COURT:  All right.  Thank you, Mr. Graden.

        MS. DEAGLE (via Zoom):  Good morning, your Honor. Wynter Deagle of Sheppard Mullin for the Defendants.  With me is Tenaya Rodewald and Ann-Marie Dao, also for the Defendants.

    And I do apologize, your Honor.  Ms. Dao's on trial in Florida, and she can't get the laptop camera to work.  So, she will not be joining us on camera.

        THE COURT:  All right.  You will be able to carry on I take it?

        MS. DEAGLE:  We will carry on, your Honor.

        THE COURT:  All right.  Thank you, Ms. Deagle.

    Anybody else need to announce their appearance this

*Echo Reporting, Inc.*

Exhibit A-3

4

morning?  No?  Okay.

All right.  Let me ask, I have kind of a basic question, and that is does the Plaintiff -- or does anybody have any explanation that to the extent there is material that is, whether we call it intercepted, collected, whatever the terminology is, information that is -- is obtained, what is done with that information?  Does it go to an outside third party for some kind of marketing purpose?  Does it stay in with Kaiser for internal use?  Do we have any information?

MR. GRADEN:  Your Honor --

MS. DEAGLE:  Yes, your Honor -- oh, go ahead, Tyler.

MR. GRADEN:  Oh, thank you.  Tyler Graden for the Plaintiffs.

Your Honor, as we've set forth in the complaint, the -- the data after it's intercepted does go to these third parties.  We call them the third party wire tappers, and what we allege is that they do use this information, that it's used for marketing, it's used for a number of different -- different purposes.  So, it's not just an internal document or, you know, an internal information for Kaiser but something that's actually used outside of Kaiser.

THE COURT:  And used for not marketing assisting Kaiser's efforts but unrelated parties?

5

MR. GRADEN:  That's right.  One of the -- one of the third party wiretappers we've identified here is the -- you know, the Adobe Company.  There's an Adobe marketing ID that's associated with that.  There's a whole suite of services that they offer in connection, particularly with healthcare with that.  So, there are -- there is use outside of healthcare as we allege in the -- outside of Kaiser as we allege in the complaint.

MS. DEAGLE:  Your Honor, from Kaiser's perspective, those allegations are incorrect.

THE COURT:  And what is Kaiser's perspective?

MS. DEAGLE:  Kaiser's perspective is it has service providers that do collect on its behalf information from the website, but Kaiser does not concede that any of the information is used for marketing or other third purposes -- third party purposes.  And I don't believe, your Honor, that that is adequately alleged in the complaint either.

THE COURT:  Okay.  Just looking forward, I -- I assume that -- and I don't want to get too far ahead of ourselves, but at some point, when there's going to be an effort to try it, as you guys put it, at the appropriate time, private mediation or some ADR process, the answers to that question I imagine is going to be fairly important.

MS. DEAGLE:  Yes, your Honor, I think that --

*Echo Reporting, Inc.*

Exhibit A-5

6

THE COURT:  From other cases that I have found --

MS. DEAGLE:  -- is the (Zoom glitch).

THE COURT:  All right.  So, this -- this idea of interception, wiretapping, whatever we call it, I've had cases where the parties concentrated a lot on the mechanics, what happens, et cetera, et cetera, but it wasn't until the very end that people started looking at, Well, what happens to it, because that may impact how this case gets resolved it seems to me.  So, I -- I appreciate the preview at this point.

Let me ask another question, and this relates to the question of urbaning discovery to go forward or holding on discovery while there's a motion to dismiss.

What are the dispositive issues that Kaiser intends to bring in its motion to dismiss?

MS. DEAGLE:  Your Honor, we're moving to dismiss all counts of the complaint, and we're also moving to compel arbitration of the named Plaintiff from California.

THE COURT:  Okay.  I saw that.  So, that covers somewhat on all Plaintiffs on the arbitration.  But with respect to moving on all counts, what's -- what's going to be the -- I don't know.  Is there a magic bullet in your perspective?  What's the theory here?

MS. DEAGLE:  Well, I think there are a number of bases that this claim doesn't survive, your Honor, the first

*Echo Reporting, Inc.*

Exhibit A-6

7

being consent, that they consented for the use of the technology at issue and then, as challenged in the complaint, the second being that, quite frankly, they can't properly plead all of the elements of the claim because what they've pled is that  these parties act as agents of Kaiser, and there is exception under the Wiretapping Act for an agent.

There are numerous other bases, your Honor.  For example, there's an invasion of privacy claim.  But Kaiser does not invade.  Perhaps that could lie against a third party, but it can't lie against Kaiser.  So, I think as to each cause of action -- and there are 23 -- although, because of the way they're pled, there are more when you actually go to argue them -- there are multiple grounds for dismissing each of these causes of action.

THE COURT:  All right.  Let me hear just briefly -- I know we're getting ahead of ourselves a little bit, but I have to take kind of a sneak peak --

MS. DEAGLE:  Yes.

THE COURT:  -- in order to assess this -- this issue about discovery.  What's the Plaintiffs' response to number one, the consent issue, two, the agency question and exception to the wiretap statute and, three, no intrusion, no privacy intrusion?

MR. GRADEN:  Well, your Honor, with respect to the

*Echo Reporting, Inc.*

Exhibit A-7

8

-- the consent issue, that's -- that's a fact issue.  That is something that we strongly disagree with.  That's something that we set forth in our -- our complaint why any consent was -- was not provided.  That is something that, you know, I think courts roundly look at as something that is something to be decided later, not -- not ripe for -- for this stage, particularly when we have the allegations that we have here.

     With respect to the agency, we in no way claim that these are authorized agents of -- of Kaiser.  These are third parties that Kaiser is embedding their code on their website and allowing them to see these communications between the users and Kaiser Permanente.  They are not party to the communication.  They are third parties, and, yes, for the -- for the federal claim and only the federal claim, there is a -- a party consent issue, but that does not apply here because of the Crime or Tortious Act exception to that -- to that claim.

     And then with respect to the -- the third issue --

          THE COURT:  And there's no invasion of privacy by Kaiser?

          MR. GRADEN:  No invasion of privacy by Kaiser.  I mean, that's something -- that's one thing, an invasion of privacy claim out of -- out of many.  It's something that, you know, Kaiser has invaded the privacy by giving this

*Echo Reporting, Inc.*

Exhibit A-8

9

information to the third parties without their consent. Yes, they initially have the authority to use that information as it was intended for their own communications with their patents, but by then allowing these third parties access to the information, that's where they -- they crossed the line.

THE COURT:  Okay.  Well, so, let's address the -- the scheduling here and the timing of things.  I understand that there's been a motion for a preliminary injunction, and I think I've decided that we need to hear more, and right now the motion to dismiss is proposed to be file along with the motion to compel arbitration by November 14th, correct?

MS. DEAGLE:  Yes, your Honor.

THE COURT:  With a bit of a prolonged period of opposition and then a reply with a hearing set for March. Is that what the parties are suggesting?

MS. DEAGLE:  Yes, your Honor.

THE COURT:  And let me just double check the March -- that is an available date, March 14.  So, I'm willing to accommodate that schedule.  Obviously, that needs to be decided before we talk about class certification, seems to me, which would be the step after.  I understand that there's going to be initial disclosures by the end of this month, and I think we need to talk about discovery and whether discovery should be stayed on -- until there is a

10

decision on the motion to dismiss, and I -- in my practice, it is unusual to say discovery unless there is a very very good chance that there's going to be an absolute sort of magic bullet that could remove this case and would obviate the need for discovery at all, and it often is -- especially if that motion's going to be heard in short order.  This is not exactly short order.  This is several months way, understandably so, because it sounds like this is going to be a fairly complex motion with lots of issues.  And, so, I don't see a justification to deviate from the usual rule that discovery would proceed.  I -- I think what's worth talking about is what kind of discovery, what scope of discovery.  I think there is merit to trying to get at some core discovery and -- and perhaps save the most expensive and -- expensive part of discovery if possible until we have greater -- greater clarity as to where we're going.

I will say that with respect to any bifurcation between class discovery and merits discovery, I generally don't do that, especially after Dukes.  It just doesn't work. There's just so much overlap now, and it often is -- especially if that motion's going to be heard in short order.  This is not exactly short order.  This is several months away, understandably so, because it sounds like this is going to be a fairly complex motion with lots of issues. And, so, I don't see a justification to deviate from the

11

usual rule that discovery would proceed.  I -- I think what's worth talking about is what kind of discovery, what scope of discovery.  I think there is merit to trying to get at some core discovery and -- and perhaps save the most expensive and -- expensive part of discovery, if possible, until we have greater -- greater clarity as to where we're going.

I will say that with respect to any bifurcation between class discovery and merits discovery, I generally don't do that, especially after Dukes.  It just doesn't work. There's just so much overlap now, and often we seen in class discovery extensive expert submissions and Daubert motions and everything else it almost looks like the trial.  And, so, I don't, unless it's a highly unusual case, bifurcate as we used to in terms of the class action discovery.  But that doesn't mean discovery should not be staged in some way, particularly if the parties are hopefully interested and would entertain some kind of ADR process pre-class certification.  I guess that's one question.  I -- I assume you'll want to see what happens with the motion to dismiss first.  So there probably won't be any -- you know, my guess is that you may not be ready to go into ADR yet, but my question is are -- once we get to the pleadings stage -- through the pleadings stage, do the parties foresee any possibility of -- of going into some kind of mediation pre-

12

class certification?

MR. GRADEN:  Your Honor, I'll start for the Plaintiffs.  I guess Plaintiffs were always willing to -- to discuss mediation.  So long as there's a -- you know, a good faith basis on the part of the Defendant to -- to have those talks, we're -- we're always -- always ready.

MS. DEAGLE:  Your Honor, if it is an appropriate juncture, we would certainly entertain a mediation or other ADR procedure.  I think a lot of this case will become clear after the motion to dismiss one way or the other for certain.

THE COURT:  Okay.  Well, let me ask whether you've -- if the Plaintiff has a -- in mind a particularized discovery sequence here let's say between now and March when we hear the motion to dismiss.  Are there some stage things that you can do?  What -- what are your thoughts?

MR. GRADEN:  There are, your Honor.  So, we've already served a number of subpoenas on the third parties. We would like to get that -- that moving.  Kaiser has tried to -- to stop that for various reasons, and that has now been referred to Judge -- Judge Kang, who we're set to -- he issued an order the other day, and we're -- we've been ordered to do a number of things before that is -- that is brought up.

In terms of the discovery on -- on Kaiser, we recently

13

served a -- a targeted request for production of documents. The request for production asks for a number of I would say kind of stand-alone specific areas of -- of documentation. There is some overlap with the ESI, but I wouldn't say that it's very ESI intensive.

We do plan to serve a -- a second request for production of documents shortly, which would be more ESI intensive, and what we would anticipate doing, what we would like to do, is, you know, get those -- those -- we'll call them the low hanging fruit, you know, the easily identifiable, the discrete documents, get those at the same time as we're discussing custodians and search locations and keywords, the ESI portion, that takes up a lot more time and can often extend for, you know, a month or two, so, kind of duel tracking it for -- for getting these -- these discrete documents up front while at the same time having discussions about ESI, so that, you know, end of this year or early next year we'll be in a good position to either tee up discovery disputes as they -- they relate to ESI or -- or just move forward with -- with what needs to be done -- done there for the -- you know, for the more fulsome requests.

THE COURT:  And between now and March, are you planning on doing anything by way of deposition work?

MR. GRADEN:  We would like to.  Of course, we need the -- the documents first, and we want to avoid having to

*Echo Reporting, Inc.*

Exhibit A-13

14

take multiple depositions of the same person if additional documents come in. So, I mean, it all depends on the amount of discovery that we get, you know, in the short term about when we start taking those -- those depositions.

THE COURT: And what is the order or sequencing of depositions that you envision? Will you be taking 30(b)(6) depositions initially, custodians, managers, or what do you -- what's your sequence?

MR. GRADEN: Well, we don't have the initial disclosures yet. So, we don't know who -- who Kaiser's identified as the -- you know, the people with the most relevant involvement. But I -- I do envision, you know, at least one 30(b)(6) for each of the Defendants as well as a 30(b)(6) for each of the third parties, and then likely three depositions, give or take, for each Defendant, maybe another de -- another deposition, fact witness for each of the third parties, you know, depending on -- on what the discovery comes up with. But that's kind of the way we see it. Where we stage the 30(b)(6), I've done them both ways. I've done them at the beginning. I've done them at the end. I -- I think they both have their benefits, but, again, it just depends on -- on what we're seeing in terms of the discovery that's coming in. And, you know, maybe -- maybe it's the situation where we can take some topics based on the documents that have come in early and then defer some

15

until some -- until some ESI comes in.  But, you know, it's largely dependent on what we see from Defendants where -- when we take those depositions.

THE COURT:  And what about for ADR purposes?  If we posit for a moment that maybe ADR might be ripe in the spring after a ruling on the -- on the scope of this case and see what's left, you know, sometime in April, May, something like that, what -- do you have thoughts about what you need to do in order to prepare for mediation?

MR. GRADEN:  I mean, honestly, the -- you know, the damages piece is often the most important for -- for mediation.  So, we could -- we could front load some mediation on -- on that.  And then, you know, even though good mediations are often talked about in numbers rather than the facts, you know, getting some compelling documents from -- from Defendants to, you know, convince them of -- of our position would be important as well.  So, that's kind of where I -- I see it.  And we could definitely front load that.

THE COURT:  And what would that damages discovery look like if you focus for a moment on damages?  What kinds of -- who would you be deposing?  What kind of documents would you be needing?

MR. GRADEN:  Yeah.  So, I think one of the things would just be the -- the scope of the class, how many people

16

are -- are affected, you know, what money -- you know, what money changed hands between Kaiser and the Defendants that could aid to that, you know, what -- what money was -- what revenue was generated as -- as a result of this. And that's something else to look at. And then also just general expert discovery about, you know, the value of the information that was -- that was taken and things like that.

THE COURT: All right. What about from Kaiser's perspective, looking at the next -- if discovery were to proceed -- and I know you'd prefer it not to proceed, but if it were, with an eye towards getting things teed up for, for instance, ADR what are your thoughts?

MS. DEAGLE: Well, your Honor, as a starting point, I disagree with Mr. Graden's assertion that the discovery served has been narrowly tailored. For example, it asks for documents from 2016 through the present. And with every third party that Kaiser has ever contracted with to put trackers or other technology or any sort of monitoring on its website, it's not limited even to the technologies that are named in the first amended complaint. I -- I don't think that's targeted or narrow.

In terms of ADR, to be honest, your Honor, I think class certification may be necessary. And the reason for that is, based on what I'm seeing both in the complaint and in our conversations with our client, I have serious doubts

17

that a class could ever be certified for this case. Assuming we were to move forward on discovery before the decision on the motion to dismiss, what I would propose, your Honor, is that we go back and the parties meet and confer and see if we can agree on the scope of some initial discovery that might be needed to put us in a position perhaps to be able to mediate.

I don't think we've had that discussion to this point, in part, your Honor, because I -- I do think a stay is necessary here. The discovery that is being proposed will be quite expensive for Kaiser and very very voluminous. The subpoenas to the third party, for example, call for every piece of information that that third party has ever received from Kaiser through Kaiser's website. These are not narrow requests, and the ones so far that have been issued to Kaiser are similarly broad. Obviously, we have not seen the one that Mr. Graden indicates will be forthcoming soon, but I do not believe that the discovery that has been served at this point is going to be or will be narrowly tailored enough to move us to mediation.

THE COURT: Well, I agree that I think a meet and confer is -- is worthy and, if necessary, with the help of Judge Kang if you can't come to an agreement. But I want to give you some guidance. I am not going to stay discovery. So, discovery will go forward. But I do think it makes

18

sense to stage discovery in a way that, you know, gets you some of the basic information, high level information and maybe not every detail, which can be gotten, you know, at a second stage.  But I also think that information that's going to be necessary for class cert ought to be -- if we come to that and with the understanding that that may well be a possibility, depending on what survives, at least for class cert motion.  And, so, if -- I think information about class size, effect, et cetera, and any information about damages which I think, you know, at least some high level information about damages that would inform the damages claim is going to be necessary for a meaningful ADR.  So, with those purposes in mind and getting ready for class cert which would be on the horizon after we rule if there's -- if this case continues after the pleadings are settled, ADR and getting some of the basics out of the way, like the ESI stuff and getting things lined up.  There's a lot that can be done over the next four or five months that I think ought to go forward.

So, with that guidance, I'd like you all to meet and confer with those multiple purposes in mind.  And it may be that there's some burden, but, you know, that's -- that comes with the territory.  And if you have a dispute, I'd like you to work with Judge Kang, try to fashion a -- you know, a reasonable discovery plan, a coherent discovery plan

19

that would take us through March, which is I guess the next five months.  And then we'll hear the motion in March and then see where we go from there.

In terms of the class certification motion, I don't have a problem with what you've proposed.  There's a slight difference in your proposal on the hearing date, but it's pretty narrow.  It's looking toward a October of next year, a year from now I guess hearing, which, in view of the size of this case, I guess is reasonable.  This is not the Central District.  So, I don't require a six-month timeline, although maybe I should.

However, there's a big disparity between your recommendations with respect to close of fact discovery and sort of the next stage, and it does seem to me that the close of fact discovery, you know, days after the proposed class cert hearing doesn't make a whole lot of sense because there -- you know, until you -- we figure out exactly whether there's going to be certification, what that looks like, how many classes, I don't see how that can be done.

On the other hand, to wait until May 5th of the following year, which is seven months later, seems a bit long.  So, I'd like you to also meet and confer on the second half of your chart, and -- and, starting with the -- the class cert process, whether it's heard on October 3rd or October 4th, I'd like you to work that out, but mainly

20

taking it through the -- the dates thereafter, essentially something short of a timeline that Kaiser proposes but something longer than Plaintiffs' proposal.  I'd like you to see if you can come to at least a -- an understanding on that, and I will try to accommodate you.

So, if you could submit to the Court a proposed case schedule that hopefully sees some convergence here within the next two weeks, we'll -- I'd like to look at that. Meanwhile, I'd like you to meet and confer, talk about a coherent and phased discovery plan that will be significant but still coherent and not just scattershot at  this point, to take us through the next five months.  And then I will see you at the hearing on the -- I guess it's the 14th, March 14th.

And, obviously, if something comes up between now and then if it's a discovery dispute, that would go to Judge Kang, and if that -- if there's another scheduling issue that you want to raise, we can always do the -- call a status conference in this matter.  Okay?

MR. GRADEN:  Understood, your Honor.

MR. GRADEN:  Thank you, your Honor.

THE COURT:  All right.  So, we'll see you -- I'm going to assume it's 1:30 is our law and motion -- 1:30 in the afternoon on March 14th.  All right.

MR. GRADEN:  Thank you, your Honor.

*Echo Reporting, Inc.*

Exhibit A-20

21

MS. DEAGLE:  Thank you.

THE COURT:  All right.  Thank you.

MR. GRADEN:  Your Honor, if I -- if I may, we do have some additional issues about number of depositions, number of interrogatories and the like.  Is that something that you'd like discussed in the discovery plan that we -- we submit?

THE COURT:  Yeah.  I'd like you to address that in the discovery plan.  And, remember, you can always start off with the -- you know, a tentative agreement that something that, for instance, adheres to the Rules or something close to it subject to some enlargement.  But if you could -- if you could come to an agreement with that, I -- I would like to see that.

MR. GRADEN:  Okay.  We can do that, your Honor.  And another -- one other issue is the -- the motion to proceed anonymously, we had spoken with Kaiser about this.  It looks like they would not have posed the relief requested, but if we file the motion, they would want to respond to it.

We just wanted to know if your Honor would, you know, in light of that agreement on the -- the nature of it, require a motion to be filed or if, you know, the parties' agreement is sufficient or some other mechanism would --

THE COURT:  I think the parties' agreement would

22

be sufficient if you juts would submit that with a brief statement of authorities, make sure that I -- I don't want to violate the -- any First Amendment rights that are out there of the public. So, if you reach a stipulation, that would be great. But I would like maybe a statement of authorities to make sure that I'm -- I'm not violating some other law. That would be helpful.

MR. GRADEN: Sure, your Honor. Thank you.

THE COURT: Okay. Great. All right. See you in March.

MR. GRADEN: Thank you.

MS. DEAGLE: Thank you, your Honor.

THE COURT: Good luck.

(Proceedings adjourned at 3:00 p.m.)

Exhibit A-22

23

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Monday, October 30, 2023

*Echo Reporting, Inc.*

Exhibit A-23

# EXHIBIT B

# EXHIBIT B

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
TENAYA RODEWALD, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone:    650.815.2600
Facsimile:    650.815.2601

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppardmullin.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppardmullin.com
DANE C. BRODY CHANOVE, Cal Bar No. 345843
dbrodychanove@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
NOLAN J. WALTER, Cal Bar No. 325021
nwalter@sheppardmullin.com
KEVIN MURPHY, Cal Bar No. 346041
kemurphy@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., Kaiser Foundation
Hospitals, and The Permanente Medical Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, and JANE DOE V, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and THE PERMANENTE MEDICAL GROUP, INC.,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE**<br><br>District Judge:    Hon. Edward M. Chen<br>Magistrate Judge: Hon. Peter H. Kang<br><br><br>FAC Filed:    September 15, 2023<br>Trial Date:    Not Set |

-1-                                    Case No. 3:23-cv-02865-EMC
DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-1

PROPOUNDING PARTY:      PLAINTIFFS, Individually and on behalf of all others similarly situated

RESPONDING PARTY:       DEFENDANTS KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and THE PERMANENTE MEDICAL GROUP

SET NO.:                ONE (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rule 34-1 of the Civil Local Rules, Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The Permanente Medical Group, (each individually a "Defendant" or collectively "Defendants"), hereby respond to Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V, individually and on behalf of all others similarly situated (each individually a "Plaintiff" or collectively "Plaintiffs") Requests for Production, Set One, (the "Requests") as follows:

**PRELIMINARY STATEMENT**

These responses are made solely for the purposes of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained in these responses if such a request were asked of, or statements contained in the response were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Discovery is ongoing and expert reports have not yet been prepared.  Accordingly, Defendants reserve the right to change, amend or supplement any or all of the matters contained in these responses as additional facts are ascertained, analyses are made, research is completed, and contentions are made.

Objections to Plaintiffs' First Set of Requests for Production are made on an individual basis below.  Defendants' response to each Request for Production is submitted without prejudice to, and without in any way waiving, the General Objections listed below, but not expressly set forth in that response.  The assertion of any objection to a Request for Production in any response

-2-                                          Case No. 3:23-cv-02865-EMC
DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-2

below is neither intended as, nor shall in any way be deemed, a waiver of Defendants' right to assert that or any other objection at a later date.

**GENERAL OBJECTIONS**

Defendants make the following objections (the "General Objections"), whether or not separately set forth in response to each Request or to each and every Definition or Instruction.

1.     Defendants object to each of Plaintiffs' Definitions and Instructions and to each of Plaintiffs' individual Requests to the extent such Definitions, Instructions, or Requests demand that Defendants perform actions, produce documents, and/or provide information that exceed the requirements of the Federal Rules of Civil Procedure, or any applicable Court Order.

2.     Defendants object to each of the Requests and each of Plaintiffs' Instructions and Definitions to the extent they seek electronically stored information that is not reasonably accessible because of the undue burden or cost associated with retrieving and producing such information, or that otherwise exceeds the requirements of any applicable Court order, or agreement between the parties.

3.     Defendants object to each of the Requests to the extent that they seek documents and things beyond Defendants' possession, custody, or control.

4.     Defendants object to each of the Requests that seek "All Documents" or "All Communications" as overly broad, unduly burdensome, and to the extent that the Requests seek documents or information neither relevant to the issues in this action nor proportional to the needs of the case.

5.     Defendants object to each of the Requests as overly broad and unduly burdensome to the extent the Requests seek documents that are available in the public domain, are equally available to Plaintiffs, or produced by Plaintiffs pursuant to Defendants' discovery requests.

6.     Defendants object to each of the Requests that are unlimited in time as overly broad, unduly burdensome, and neither relevant to the issues in this action nor proportional to the needs of the case.

7.     Defendants object to each of the Requests to the extent they are cumulative and/or duplicative.

-3-                                    Case No. 3:23-cv-02865-EMC
DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-3

8.     Defendants object to each of the Requests to the extent they seek, or may be construed to seek, any document that is protected from discovery by reason of the attorney-client privilege, the work-product doctrine, the common interest doctrine, and/or the protections afforded by FRCP 26(b)(4).  The objections stated below on the grounds of attorney-client privilege, work-product, and/or FRCP 26(b)(4) in no way limit this objection.  Nothing contained in these responses is intended to be, nor should be considered to be, a waiver of any attorney-client privilege, work-product immunity, FRCP 26(b)(4) protection, or any other applicable privilege or doctrine.  To the extent any privileged or otherwise protected materials are inadvertently produced, Defendants do not waive any privileges or rights as to those documents.

9.     Defendants object to each of the Requests to the extent that they purport to require production of third-party information that Defendants are obligated to keep confidential.

10.     Defendants object to each of the Requests to the extent they call for legal opinions or legal conclusions or seek information more appropriate for expert testimony or discovery.

11.     If Defendants indicate willingness to produce responsive documents that are not protected from discovery, such a statement does not necessarily mean that such documents exist or that such documents, if they exist, are admissible, relevant, or reasonably calculated to lead to discovery of admissible evidence.

12.     Defendants object to each of the Requests to the extent that they seek to impose an obligation to produce electronically-stored information that goes beyond the scope of the applicable ESI Order, once entered, including any obligation to search or review email outside of the parameters of the applicable ESI Order.

13.     Defendants object to each of the Requests to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court.  The parties are currently in the process of doing so.  As a result, the Requests are premature.

14.     Defendants incorporate each of the foregoing General Objections into each response below as if fully set forth therein.  For emphasis, Defendants may incorporate General Objections particularly applicable to a given Request by specific reference in a response; however,

-4-                          Case No. 3:23-cv-02865-EMC

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET
ONE

Exhibit B-4

such a response in no way waives any of the other General Objections not specifically set forth in the response.  Each General Objection applies equally to each of the following responses.

### OBJECTIONS TO RULES OF CONSTRUCTION

Defendants object to each "Rule of Construction" as vague, overbroad, and ambiguous.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants make the following objections to Plaintiffs' definitions and instructions, and incorporate these objections by reference in response to each of the discovery requests below:

1.     Defendants object to each definition to the extent they seek to impose any requirement or obligations beyond those required by or inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules, or the Orders of the Court.

2.     Defendants object to the definitions in the Requests to the extent they are vague, ambiguous, and overbroad.  For example, "You," "Your," "Kaiser," or "Defendant" is defined to include Defendants' "parents, subsidiaries, affiliates, predecessor entities, and successor entities, or divisions thereof, and any of its directors, officers, employees, partners, members, representatives, and agents (including attorneys, accountants, consultants, investment advisors, and/or bankers), and any other person purporting to act on its behalf," which is vague and overbroad.

3.     Defendants object to the definition of "Business Associate" to the extent the definition seeks to require Defendants to make a legal conclusion to properly respond.

4.     Defendants object to the definition of "Business Associate Agreements" to the extent the definition seeks to require Defendants to make a legal conclusion to properly respond.

5.     Defendants object to the definition of "Communications" as vague, overbroad, and ambiguous.

6.     Defendants object to the definition of "Concerning" as vague, overbroad, and ambiguous.  Defendants will read this term as having its ordinary definition.

7.     Defendants object to the definition of "Employee" to the extent it calls for confidential information or information protected by the attorney-client privilege or work product doctrine.

8.     Defendants object to the definition of "Identify" with respect to Persons to the extent

it calls for confidential information or information protected by individuals' right to privacy. Defendants will read this term as having its ordinary definition.

9. Defendants object to the definition of "Identify" with respect to Documents to the extent it calls for information not required under Rules 26 and 34 of the Federal Rules of Civil Procedure. Defendants will read this term as having its ordinary definition.

10. Defendants object to the Definitions of "Personally Identifiable Information," "PII," and "Protected Health Information" or "PHI" to the extent that Plaintiffs' definitions differ from the definitions of "Individually Identifiable Health Information" and "Health Information" set forth under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d. Defendants further object to the extent the definition seeks to require Defendants to make a legal conclusion to properly respond.

11. Defendants object to the definitions of "Referring" and "Relating to" for being vague, overbroad, and ambiguous. Defendants will read those terms as having their ordinary definitions.

12. Defendants object to the definitions of "User" and "Users" to the extent it seeks information related to non-class members. Defendants will read these terms as only seeking documents related to potential class members.

13. Defendants object to Instruction No. 2 to the extent it seeks documents not in Defendants' possession, but in the possession of Defendants' "partners . . . attorneys, accountants, representatives, or agents."

14. Defendants object to Instruction No. 3 to the extent it is inconsistent with the Federal Rules of Civil Procedure.

15. Defendants object to Instruction No. 5 as overbroad. Defendants will not produce documents already produced by a third-party.

16. Defendants object to Instruction No. 6 as vague, overbroad, and ambiguous. Defendants will only produce documents that are responsive to a Request.

17. Defendants object to Instruction No. 7 as vague, overbroad, and ambiguous, and for being inconsistent with the Federal Rules of Civil Procedure.

18. Defendants object to Instruction No. 9 as vague, overbroad, and ambiguous.

-6-                                           Case No. 3:23-cv-02865-EMC
DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-6

Defendants further object to Instruction No. 9 to the extent it calls for the production of documents that would not otherwise be produced as being responsive to a particular Request.  Defendants will only produce non-privileged documents that are responsive to a Request.

19.   Defendants object to Instruction No. 10 to the extent it seeks information that is protected from discovery by reason of the attorney-client privilege, the work-product doctrine, the common interest doctrine, and/or the protections afforded by FRCP 26(b)(4) and to the extent it seeks information neither relevant to the issues in this action nor proportional to the needs of the case.

20.   Defendants object to Instruction No. 12 to the extent it is inconsistent with the Federal Rules of Civil Procedure.  To the extent Defendants produce a privilege log, it will comply with the requirements of the Federal Rules.

21.   Defendants object to Instruction No. 14 to the extent it is inconsistent with the Federal Rules of Civil Procedure.  Defendants will not read this Instruction as requiring any action from Defendants beyond what is required under the Federal Rules.

22.   The above-stated objections shall be deemed continuous throughout the responses to the specific Requests that follow, even if not specifically referenced. Kaiser reserves the right to refrain from providing information, in accordance with its General Objections.

## **OBJECTION TO RELEVANT TIME PERIOD**

Defendants object to the Relevant Time Period as overbroad to the extent it seeks discovery dating back to January 1, 2016, which is well beyond any statute of limitations period for any of the claims alleged in the First Amended Complaint.  Defendants further object to the extent the Relevant Time Period calls for the production of documents that would not otherwise be produced as responsive to a particular Request.  Defendants will not read this instruction as creating any additional obligation beyond what is required in the Federal Rules or responsive to a particular Request. At most, Defendants will only produce responsive documents and discovery that date back four (4) years from the date of the filing of the Complaint and only up to the date of the filing of the Complaint to the extent documents or discovery within that time period is relevant, responsive, and not unduly burdensome.

-7-                                    Case No. 3:23-cv-02865-EMC
DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET
ONE

Exhibit B-7

Subject to the foregoing Objections, which are incorporated into each specific Response below and expressly subject thereto, Defendants respond to Plaintiffs' Requests as follows:

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Business Associate Agreements, contracts, and/or agreements concerning or involving the Website or Apps, including but not limited to:

a.   Business Associate Agreements, contracts, and/or agreements with Adobe, Inc. ("Adobe"), including its parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, and/or related entities, or any other entity acting or purporting to act on their behalf.

b.   Business Associate Agreements, contracts, or agreements with Microsoft Corp. d/b/a Bing ("Bing"), including its parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, and/or related entities, or any other entity acting or purporting to act on their behalf.

c.   Business Associate Agreements, contracts, and/or agreements with Alphabet Inc. ("Google"), including its parents, subsidiaries (including but not limited to Google Marketing Platform and DoubleClick), affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, and/or related entities, or any other entity acting or purporting to act on their behalf.

d.   Business Associate Agreements, contracts, and/or agreements with Quantum Metric, Inc. ("Quantum Metric"), including its parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, and/or related entities, or any other entity acting or purporting to act on their behalf.

e.   Business Associate Agreements, contracts, and/or agreements with X Holdings Corp. ("Twitter"), including its parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities (including but

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-8

not limited to Twitter, Inc.), and/or related entities, or any other entity acting or purporting to act on their behalf.

f.    Business Associate Agreements, contracts, and/or agreements with Dynatrace, including its parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, and/or related entities, or any other entity acting or purporting to act on their behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein.  Defendants object to this Request on the grounds that it seeks information that is confidential, proprietary, or a business trade secret. Defendants further object to this Request on the grounds that it is vague and ambiguous as to the term "involving," which is not defined and is subject to various interpretations.  Defendants further object to this Request on the grounds that it seeks documents not relevant to any party's claim or defense to the extent it seeks Business Associates Agreements, contracts, and/or agreements with third-party service providers other than those named in the First Amended Complaint.  Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks information related to "All Business Associate Agreement, contracts, and/or agreements concerning or involving the Website or Apps" and not those concerning or related to the use of web technologies on the Website or App. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "[a]ll Business Associate Agreements, contracts, and/or agreements" with the "parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, and/or related entities, or any other entity acting or purporting to act on [] behalf" of the third-party service providers named in the First Amended Complaint.  Defendants are under no obligation to determine the identity of entities that are related in some way to the third-party service providers.  Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present.  Defendants further object to this Request as premature to the extent that Judge Chen

-9-                                   Case No. 3:23-cv-02865-EMC

directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order.  The parties are currently in the process of meeting and conferring on phased discovery.  As a result, Defendants will not produce responsive material until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce responsive Business Associate Agreements, and their underlying contracts, related to the web technologies used on the Website and Apps provided by the third-party web technology entities named in the First Amended Complaint, in accordance with the Order issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. Specifically, Kaiser will produce such documents on a rolling basis after November 6, 2023 as they are identified, collected, and prepared for production pursuant to the Protective Order and ESI Order entered by the Court.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning code on the Website or Apps that redirects or provides Users' data and/or communications on the Website or Apps to third parties, including, but not limited to, Adobe, Bing, Google, Quantum Metric, Twitter and Dynatrace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein.  Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret.  Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense to the extent it seeks Documents or Communications concerning code on the Website or Apps related to third-party service providers other than those named in the First Amended

Complaint. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation. Defendants object to this Request on the grounds that the phrase "concerning code" is vague, confusing, and undefined. Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present. Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order. The parties are currently in the process of meeting and conferring on phased discovery. As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

As indicated in Defendants' objections above, Defendants do not understand what Plaintiffs mean by "concerning code" and, thereby, cannot reasonably evaluate whether such documents or communications exist in order to respond further to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications describing the function, capability, effect, and/or purpose of the embedded code on the Website or Apps that redirects or provides Users' data or communications on the Website or Apps to third parties, including, but not limited to, code concerning GET requests, POST requests, beacons, pixels and cookies affiliated with Adobe, Bing, Google, Quantum Metric, Twitter, Dynatrace, or other third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein. Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret. Defendants further

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-11

object to this Request on the grounds that it seeks information not relevant to any party's claim or defense to the extent it seeks Documents or Communications about code on the Website or Apps related to third-party service providers other than those named in the First Amended Complaint. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation. Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present.  Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order.  The parties are currently in the process of meeting and conferring on phased discovery.  As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce non-privileged, documents responsive to Request for Production No. 3 subject to the objections stated herein and in accordance with the Order issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. Specifically, Kaiser will produce non-privileged documents sufficient to demonstrate the function and purpose of the web technologies used on the Website and Apps provided by third-party service providers named in the First Amended Complaint on a rolling basis after November 6, 2023 as those documents are identified, collected, and prepared for production pursuant to the Protective Order and ESI Order entered by the Court; Kaiser shall produce any remaining, responsive non-privileged documents to Request for Production No. 3, subject to the General and Specific Objections stated herein, at such time as discovery on topics beyond those identified in Judge Chen's October 17, 2023 order commences according to the phased discovery order entered by the Court.

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-12

**REQUEST FOR PRODUCTION NO. 4:**

All of Kaiser's policies, practices, guidelines, handbooks, training materials or other documents concerning the disclosure of patients', Kaiser Plan Members' and/or Users' healthcare information, insurance information, PII and/or PHI to third parties, including but not limited to, documents concerning the disclosure of such information on or through the Website or Apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein. Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret. Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense to the extent it seeks policies, practices, guidelines, handbooks, training material or other documents concerning the disclosure of "Users'" healthcare information. Plaintiffs are only entitled to discovery relating to the class they purport to represent in the First Amended Complaint. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks, "[a]ll of Kaiser's policies, practices, guidelines, handbooks, training material or other documents." Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and not designed to seek relevant discovery to the extent that it seeks generally and broadly "documents concerning the disclosure of patients', Kaiser Plan Members' and/or Users' healthcare information, insurance information, PII and/or PHI" to any and all third-parties, and not just those third-party service providers identified in the First Amended Complaint. Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present. Defendants further object to this Request to the extent that Plaintiffs' Definitions of "PII" and "PHI" differ from the definitions of "Individually Identifiable Health Information" and "Health Information" set forth under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d and to the extent they call for a legal conclusion. Defendants further object to this

-13-                                                          Case No. 3:23-cv-02865-EMC

Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order. The parties are currently in the process of meeting and conferring on phased discovery. As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce non-privileged documents responsive to Request for Production No. 4 in accordance with the Order issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. More specifically, Kaiser does not agree that the documents requested by this Request are covered by or consistent with the initial scope of discovery permitted by Judge Chen in the October 17, 2023 order and, therefore, will not produce such documents until such time as discovery on topics beyond those identified in Judge Chen's October 17, 2023 order commences according to the phased discovery order entered by the Court.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the decision to embed code on the Website and/or Apps that redirects or provides information to Adobe, Bing, Google, Quantum Metric, Twitter, Dynatrace, or other third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein. Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret. Defendants further object to this Request on the grounds that it is vague and ambiguous as to the phrase "decision to embed." Defendants further object to this Request on the grounds that it seeks information not

-14-                                      Case No. 3:23-cv-02865-EMC

relevant to any party's claim or defense to the extent it seeks Documents or Communications concerning code on the Website or Apps related to third-party service providers other than those named in the First Amended Complaint.  Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation.  Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present.  Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order.  The parties are currently in the process of meeting and conferring on phased discovery.  As a result, this Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phrased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce non-privileged documents, if any, responsive to Request for Production No. 5 in accordance with the Order issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. More specifically, Kaiser does not agree that the documents requested by this Request are covered by or consistent with the initial scope of discovery permitted by Judge Chen in the October 17, 2023 order and, therefore, will not produce such documents until such time as discovery on topics beyond those identified in Judge Chen's October 17, 2023 order commences according to the phased discovery order entered by the Court.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning reports and/or notices of the presence of PII or PHI in data redirected or sent to third parties through the Website or Apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate their Preliminary Statement, General Objections, and all other

-15-                                                    Case No. 3:23-cv-02865-EMC

Objections set forth above as though fully stated herein. Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request on the grounds that it is vague and ambiguous as to the terms "reports" and "notices," which are not defined and are subject to various interpretations. Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense to the extent it seeks Documents and Communications concerning data redirected or sent to third-party service providers other than those named in the First Amended Complaint. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation. Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present. Defendants further object to this Request to the extent that Plaintiffs' Definitions of "PII" and "PHI" differ from the definitions of "Individually Identifiable Health Information" and "Health Information" set forth under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d and to the extent they call for a legal conclusion. Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order. The parties are currently in the process of meeting and conferring on phased discovery. As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

As indicated in Defendants' objections above, Defendants do not understand what Plaintiffs mean by "reports and/or notices of the presence of PII or PHI" and, thereby, cannot reasonably evaluate whether such documents or communications exist in order to respond further to this Request.

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 7:**

All of Your policies, rules, and/or guidelines related to data and/or communications redirected or sent to third parties through the Website or Apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein. Defendants object to this Request as duplicative of Request for Production No. 4. Defendants further object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret. Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense to the extent it seeks policies, rules, and/or guidelines related to data and/or communications redirected or sent to third-party service providers other than those named in the First Amended Complaint. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll . . . policies, rules, and/or guidelines." Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present. Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order. The parties are currently in the process of meeting and conferring on phased discovery. As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce non-privileged documents responsive to Request for Production No. 7 in accordance with the Order

issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. More specifically, Kaiser does not agree that the documents requested by this Request are covered by or consistent with the initial scope of discovery permitted by Judge Chen in the October 17, 2023 order and, therefore, will not produce such documents until such time as discovery on topics beyond those identified in Judge Chen's October 17, 2023 order commences according to the phased discovery order entered by the Court.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications reflecting any payments You either made to or received from Quantum Metric, Twitter, Adobe, Bing, Google, and Dynatrace or any other third party with embedded code and/or cookies on the Website or Apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein. Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret. Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense because it seeks information reflecting payments made to or received by third-party service providers other than those named in the First Amended Complaint. Payments made to or received by third-party service providers not named in the First Amended Complaint are completely irrelevant to this action. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" without limitation. Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present. Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible

-18-                                                    Case No. 3:23-cv-02865-EMC

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

discovery at this time as identified in Judge Chen's October 17, 2023 order. The parties are currently in the process of meeting and conferring on phased discovery. As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce non-privileged documents responsive to Request for Production No. 8 in accordance with the Order issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. Specifically, Kaiser will produce non-privileged documents sufficient to demonstrate payments made to or received from the third-party service providers named in the First Amended Complaint relating to the use of their web technologies on the Website and Apps on a rolling basis after November 6, 2023 as those documents are identified, collected, and prepared for production pursuant to the Protective Order and ESI Order entered by the Court; Kaiser shall produce any remaining, responsive documents to Request for Production No. 8 at such time as discovery on topics beyond those identified in Judge Chen's October 17, 2023 order commences according to the phased discovery order entered by the Court.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning information provided by Quantum Metric, Twitter, Adobe, Bing, Google, and Dynatrace or any other third party with embedded code and/or cookies on the Website or Apps, including, but not limited to, any information that these third parties provided to Kaiser that was derived from the Website or Apps and Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein. Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret. Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense to the extent it seeks information that does not relate to the allegations in the First

Amended Complaint and to the extent it seeks information provided to Kaiser by third-party service providers other than those named in the First Amended Complaint. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" concerning "any information" without limitation. Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present. Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order. The parties are currently in the process of meeting and conferring on phased discovery. As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce non-privileged documents responsive to Request for Production No. 9 in accordance with the Order issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. More specifically, Kaiser does not agree that the documents requested by this Request are covered by or consistent with the initial scope of discovery permitted by Judge Chen in the October 17, 2023 order and, therefore, will not produce such documents until such time as discovery on topics beyond those identified in Judge Chen's October 17, 2023 order commences according to the phased discovery order entered by the Court.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning any projected or actual increased financial performance of Kaiser with the information or services provide by Quantum Metric, Twitter, Adobe, Bing, Google, and Dynatrace or any other third party with embedded code and/or cookies on the Website or Apps.

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-20

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate their Preliminary Statement and General Objections as though fully stated herein. Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret. Defendants further object to this Request as vague and ambiguous because the Request failed to define what it means by "financial performance." Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense because it seeks information related to Kaiser's projected or actual increased financial performance related to information or services from third-party service providers other than those named in the First Amended Complaint. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications" concerning "any projected or actual increased financial performance." Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present. Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order. The parties are currently in the process of meeting and conferring on phased discovery. The parties are currently in the process of meeting and conferring on phased discovery. As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce non-privileged documents responsive to Request for Production No. 10 in accordance with the Order issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. Specifically, Kaiser will produce non-privileged documents, if any exist,

Exhibit B-21

sufficient to demonstrate any projected or actual increase in financial performance of Kaiser derived the use of web technologies on the Website and Apps provided by the third-party service providers named in the First Amended Complaint on a rolling basis after November 6, 2023 as those documents are identified, collected, and prepared for production pursuant to the Protective Order and ESI Order entered by the Court; Kaiser shall produce any remaining, responsive documents to Request for Production No. 10 at such time as discovery on topics beyond those identified in Judge Chen's October 17, 2023 order commences according to the phased discovery order entered by the Court.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning the parameters, settings, options or type of information provided to Quantum Metric, Twitter, Adobe, Bing, Google, or Dynatrace or any third party through the code embedded on the Website or Apps, including, but not limited to, descriptions and data types to be sent or not to be sent to these third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate their Preliminary Statement, General Objections, and all other Objections set forth above as though fully stated herein.  Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.  Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret.  Defendants further object to this Request as vague, ambiguous, and confusing because it fails to define what it means by "parameters, settings, [and] options". Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense to the extent it seeks information regarding third-party service providers other than those named in the First Amended Complaint.  Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense, as the "parameters, settings, options, or type of information provided to" third-party service providers other than those named in the First Amended Complaint. Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ll Documents and Communications"

without limitation. Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present. Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order. The parties are currently in the process of meeting and conferring on phased discovery. As a result, Defendants will not produce responsive material, if any, until such time that an Order is entered with respect to the phased discovery and discovery can be produced in compliance with said Order.

Subject to the General and Specific Objections stated herein, Kaiser will produce non-privileged documents responsive to Request for Production No. 11 in accordance with the Order issued by Judge Chen on October 17, 2023 and any phased discovery schedule subsequently entered by Judge Chen. Specifically, Kaiser will produce non-privileged documents, if any exist, sufficient to demonstrate the type of information transmitted to the third-party service providers named in the First Amended Complaint that provide the web technologies used by Kaiser on the Website and Apps on a rolling basis after November 6, 2023 as those documents are identified, collected, and prepared for production pursuant to the Protective Order and ESI Order entered by the Court; Kaiser shall produce any remaining, responsive documents to Request for Production No. 11 at such time as discovery on topics beyond those identified in Judge Chen's October 17, 2023 order commences according to the phased discovery order entered by the Court.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all Communications with state, local, or federal governmental agencies or regulators concerning embedded code and/or cookies on the Website or Apps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense. Defendants object to this Request to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the attorney

work product doctrine.  Defendants further object to this Request to the extent that it seeks information that is confidential, proprietary, or a business trade secret.  Defendants further object to this Request on the grounds that it is overbroad because it seeks information related to all "embedded code and/or cookies on the Website or Apps."  Defendants further object to this Request on the grounds that it seeks information not relevant to any party's claim or defense to the extent it seeks communications regarding code and/or cookies embedded on the Kaiser website by third-party service providers other than those named in the First Amended Complaint.  Defendants further object to this Request on the grounds that it is overly broad and unduly burdensome to the extent that it seeks "[a]ny and all Communications" without limitation.  Defendants further object to this Request on the grounds that it is not properly limited in time or scope to the extent it seeks documents from January 1, 2016 to present.  Defendants further object to this Request as premature to the extent that Judge Chen directed the parties on October 17, 2023 to meet and confer regarding phasing discovery prior to class certification and submit a stipulated proposal to the Court, and premature to the extent this Request does not seek discovery that is covered by the categories of permissible discovery at this time as identified in Judge Chen's October 17, 2023 order.

In light of Defendants' General and Specific Objections stated herein, Defendants do not intend to produce any documents responsive to this Request.

Dated:  November 6, 2023          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
                                         */s/ Wynter L. Deagle*
                                         TENAYA RODEWALD
                                         WYNTER L. DEAGLE
                                         ANNE-MARIE D. DAO
                                         NOLAN WALTER
                                         DANE C. BRODY CHANOVE
                                         KEVIN MURPHY

                                         *Attorneys for Defendants*
                             KAISER FOUNDATION HEALTH PLAN, INC.,
                             KAISER FOUNDATION HOSPITALS, and THE
                             PERMANENTE MEDICAL GROUP, INC.

CERTIFICATE OF SERVICE

**John Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.**
**Case No. 3:23-cv-02865-EMC**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Diego, State of .  My business address is 12275 El Camino Real, Suite 100, San Diego, CA 92130-4092.

On November 6, 2023, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address gnuttall@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 6, 2023, at San Diego, California.

_____
Gwen V. Nuttall

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-25

**SERVICE LIST**
**John Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.**
**Case No. 3:23-cv-02865-EMC**

| | |
|---|---|
| KESSLER TOPAZ MELTZER & CHECK, LLP<br>Jennifer L. Joost<br>One Sansome Street, Suite 1850<br>San Francisco, CA 94104<br>Telephone: (415) 400-3000<br>Facsimile: (415) 400-3001<br>E Mail:        jjoost@ktmc.com | Attorney for Plaintiffs<br>Jane Doe, John Doe, Jane Doe II,<br>John Doe II, Jane Doe III, Jane Doe<br>IV, and Jane Doe V |
| KESSLER TOPAZ  MELTZER & CHECK, LLP<br>Joseph H. Meltzer *(Pro Hac Vice)*<br>Melissa L. Yeates *(Pro Hac Vice)*<br>Tyler S. Graden *(Pro Hac Vice)*<br>Jordan E. Jacobson<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706<br>Facsimile: (610) 667-705<br>E Mail:        jmeltzer@ktmc.com<br>              myeates@ktmc.com<br>              tgraden@ktmc.com<br>              jjacobson@ktmc.com | Co-Counsel for Plaintiffs<br>Jane Doe, John Doe, Jane Doe II,<br>John Doe II, Jane Doe III, Jane Doe<br>IV, and Jane Doe V |
| James Cecchi *(Pro Hac Vice)*<br>Kevin Cooper*(Pro Hac Vice)*<br>5 Becker Farm Road<br>Roseland, NJ 07068<br>Telephone: (973) 994-1700<br>E Mail:        jcecchi@carellabyrne.com<br>              kcooper@carellabyrne.com | Co-Counsel for Plaintiffs<br>Jane Doe, John Doe, Jane Doe II,<br>John Doe II, Jane Doe III, Jane Doe<br>IV, and Jane Doe V |
| Zachary A. Jacobs (*Pro Hac Vice)*<br>222 S. Riverside Plaza<br>Chicago, IL 60606<br>Telephone: (973) 994-1700<br>E Mail:        zjacobs@carellabyrne.com<br>        cc:   minnes@carellabyrne.com | Co-Counsel for Plaintiffs<br>Jane Doe, John Doe, Jane Doe II,<br>John Doe II, Jane Doe III, Jane Doe<br>IV, and Jane Doe V |

DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE

Exhibit B-26

# EXHIBIT C

# EXHIBIT C

| **From:** | Anne-Marie Dao |
| **To:** | Tyler S. Graden; Melissa Yeates; Michelle Newcomer; Jordan Jacobson; Michael A. Innes; Kevin Cooper; Zachary Jacobs; Matthew Macken |
| **Cc:** | Kristin Housh; Charles Glover; Kari Rollins; Anne-Marie Dao; Tenaya Rodewald; Wynter Deagle; Gwen Nuttall |
| **Subject:** | Doe v. Kaiser: draft stipulation and order re case management schedule |
| **Date:** | Tuesday, April 30, 2024 4:55:28 PM |
| **Attachments:** | 2023-04-26 Stipulation and Order re Case Management Schedule_For Filing, 4863-2754-5273 v 4.docx |

Hi Tyler:

Attached please find a draft stipulation and order regarding our case management schedule.  Please let us know if you'd like to schedule a call to discuss.

Best,

Anne-Marie

**Anne-Marie D. Dao**
+1 858-720-8963 | direct
ADao@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

Exhibit C-1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppardmullin.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppardmullin.com
DANE C. BRODY CHANOVE, Cal Bar No. 345843
dbrodychanove@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:     858.720.8900
Facsimile:     858.509.3691

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc.

*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, and JANE DOE V, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and THE PERMANENTE MEDICAL GROUP, INC.,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**JOINT STIPULATION REGARDING CASE MANAGEMENT SCHEDULE AND [PROPOSED] ORDER**<br><br>District Judge:     Hon. Edward M. Chen<br>Magistrate Judge:     Hon. Peter H. Kang<br><br>FAC Filed:          September 15, 2023<br>Trial Date:          October 27, 2025 |

-1-                                                        Case No. 3:23-cv-02865-EMC
SMRH:4863-2754-5273          JOINT STIPULATION REGARDING CASE MANAGEMENT SCHEDULE AND
                                                                       [PROPOSED] ORDER

Exhibit C-2

**STIPULATION**

This Stipulation is entered into by and among Plaintiffs John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V, individually an on behalf of all others similarly situated (each a "Plaintiff" and collectively "Plaintiffs") and Defendant Kaiser Foundation Health Plan, Inc.("Defendant" or "Kaiser") (collectively, the "Parties"), by and through their respective undersigned counsel.

WHEREAS, on October 10, 2023, the Parties submitted a Joint Rule 26(f) Report and Case Management Statement where Plaintiffs and Defendants proposed separate discovery plans and case schedules [ECF No. 68];

WHEREAS, the Parties appeared at the Initial Case Management Conference before Hon. Edward M. Chen on October 17, 2023;

WHEREAS, at the Initial Case Management Conference, the Court ordered the Parties to continue to meet-and-confer and, to the extent possible, jointly submit: (1) a proposed case management schedule for the remainder of the case; and (2) a coherent plan for discovery through March of 2024;

WHEREAS, following the Initial Case Management Conference, the Court entered an Order, posted through the Civil Minutes (ECF No. 77), on October 17, 2023;

WHEREAS, the Parties filed a stipulation with proposed case management schedule for the remainder of the case on December 18, 2023 (ECF No. 103), which the Court entered as modified on December 28, 2023 (ECF No. 107);

WHEREAS, Kaiser filed a Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' First Amended Complaint on November 14, 2023 [ECF Nos. 82, 88], Plaintiffs opposed Kaiser's motions on January 15, 2024 [ECF Nos. 108, 109]; and Kaiser filed replies in support of its motions on February 14, 2024 [ECF Nos. 110, 112];

WHEREAS, the Court entered an Order on Kaiser's Motion to Compel Arbitration on March 26, 2024, granting Kaiser's Motion [ECF No. 119];

WHEREAS, the Court entered an Order on Kaiser's Motion to Dismiss on April 11, 2024 [ECF No. 124], granting in part and denying in part Kaiser's Motion to Dismiss;

Exhibit C-3

WHEREAS, pursuant to the Court's Orders on Kaiser's Motions to Compel Arbitration and to Dismiss, Plaintiffs were granted leave to amend on dismissed claims and Plaintiffs' second amended complaint is to be filed by May 9, 2024 and Kaiser's response to Plaintiffs' second amended complaint is to be filed by June 6, 2024; WHEREAS, Plaintiffs seek additional time to file their Second Amended Complaint, and Kaiser seeks additional time to file its responsive pleading(s) to the Second Amended Complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree, through their respective counsel, to the following case management schedule:

| Action | Current Schedule | New Proposed |
| --- | --- | --- |
| Discovery Begins Per the Court's Guidance at the October 17, 2023 Case Management Conference and the Court's October 17, 2023 Order | October 17, 2023*[1] | N/A |
| Initial Disclosures | October 31, 2023* | N/A |
| Plaintiffs' Second Amended Complaint | Thursday, May 9, 2024 | Friday, June 7, 2024 |
| Defendants Motion to Dismiss /Motion to Compel Arbitration | Tuesday, November 14, 2023* | Friday, August 16, 2024 |
| Plaintiffs Opp to Motion to Dismiss and Motion to Compel Arbitration | Monday, January 15, 2024* | Friday, October 11, 2024 |
| Defendants' Replies ISO Motion to Dismiss and Motion to Compel Arbitration | Wednesday, February 14, 2024* | Friday, November 8, 2024 |
| Hearing on Defendants' Motion to Dismiss and Motion to Compel Arbitration | Thursday, March 14, 2024 at 1:30 p.m.* | Thursday, November 21, 2024 at 1:30 p.m. |
| Remaining Discovery Begins | Monday, April 1, 2024 | Monday, December 9, 2024 |

[1] Dates with an asterisk (*) following them were previously ordered by the Court.

SMRH:4863-2754-5273          JOINT STIPULATION REGARDING CASE MANAGEMENT SCHEDULE AND [PROPOSED] ORDER

Exhibit C-4

| Action | Current Schedule | New Proposed |
|---|---|---|
| **Class Certification Motion; Class Certification Expert Report Deadline.** | Friday, June 28, 2024 | Friday, February 28, 2025 |
| **Opposition to Class Certification Motion; Class Certification Rebuttal Expert Report Deadline** | Tuesday, August 27, 2024 | Friday, April 25, 2025 |
| **Reply in Support of Class Certification Motion; Class Certification Reply Expert Report Deadline** | Friday, October 11, 2024 | Friday, May 30, 2025 |
| **Class Certification Hearing** | Thursday, November 7, 2024 at 1:30 pm | Thursday, June 12, 2025 at 1:30 p.m. |
| **Close of Fact Discovery** | Thursday, February 6, 2025 | Thursday, October 30, 2025 |
| **Affirmative Merits Expert Disclosures and Reports** | Thursday, February 6, 2025 | Thursday, October 30, 2025 |
| **Responsive Expert Disclosures and Reports** | March 20, 2025 | Friday, November 21, 2025 |
| **Rebuttal Expert Disclosures and Reports** | April 10, 2025 | Friday, December 12, 2025 |
| **Close of Expert Discovery** | Thursday, April 24, 2025 | Friday, December 19, 2025 |
| **Last Day to File Dispositive Motions** | Thursday, May 8, 2025 | Thursday, February 12, 2026 |
| **Oppositions to Dispositive Motions** | Monday, June 9, 2025 | Thursday, February 19, 2026 |
| **Reply in Support of Dispositive Motions** | Monday, June 23, 2025 | Thursday, March 5, 2026 |
| **Hearing Date for Dispositive Motions** | Thursday, July 24, 2025 | Thursday, March 19, 2026 |
| **Meet and Confer re Joint Pretrial Conference Statement (21 days before Joint PTC Statement)** | Monday, August 25, 2025 | Tuesday, April 14, 2026 |

**Commented [AMD1]:** 35 days before hearing on dispositive motions

**Commented [AMD2]:** 10 Thursdays before pretrial conference

Case No. 3:23-cv-02865-EMC

SMRH:4863-2754-5273
JOINT STIPULATION REGARDING CASE MANAGEMENT SCHEDULE AND [PROPOSED] ORDER

Exhibit C-5

| Action | Current Schedule | New Proposed |
|---|---|---|
| **Joint Pretrial Conference Statement (21 days before PTC)** | Monday, September 15, 2025 | Tuesday, May 5, 2026 |
| **Pretrial Conference** | Tuesday, October 7, 2025 @ 2:30 pm | Tuesday, May 26, 2026 at 2:30 p.m. |
| **Objections (10 days before trial)** | Friday, October 17, 2025 | Friday, June 12, 2026 |
| **Trial Date** | Monday, October 27, 2025 @ 8:30 am | Monday, June 22, 2026 at 8:30 a.m. |
| **Trial Length** | 10 days | 10 days |

**Commented [AMD3]:** 4 Tuesdays prior to trial at 2:30 pm

**IT IS SO STIPULATED.**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

SMRH:4863-2754-5273

Case No. 3:23-cv-02865-EMC
JOINT STIPULATION REGARDING CASE MANAGEMENT SCHEDULE AND
[PROPOSED] ORDER

Exhibit C-6

Dated:  April __, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppardmullin.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppardmullin.com
DANE C. BRODY CHANOVE, Cal Bar No. 345843
dbrodychanove@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

TENAYA RODEWALD, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone:    650.815.2600
Facsimile:    650.815.2601

KARI M. ROLLINS *(Pro Hac Vice)*
krollins@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone:    212.653.8700
Facsimile:    212.653.8701

NOLAN J. WALTER, Cal Bar No. 325021
nwalter@sheppardmullin.com
KEVIN MURPHY, Cal Bar No. 346041
kemurphy@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701

Attorneys for Defendant
Kaiser Foundation Health Plan, Inc

Dated:  April __, 2023

KESSLER TOPAZ MELTZER & CHECK, LLP

-6-                                    Case No. 3:23-cv-02865-EMC
SMRH:4863-2754-5273    JOINT STIPULATION REGARDING CASE MANAGEMENT SCHEDULE AND
[PROPOSED] ORDER

Exhibit C-7

By _____

JENNIFER L. JOOST
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

Joseph H. Meltzer (Pro Hac Vice)
jmeltzer@ktmc.com
Melissa L. Yeates (Pro Hac Vice)
myeates@ktmc.com
Tyler S. Graden (Pro Hac Vice)
tgraden@ktmc.com
Jordan E. Jacobson
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-705

James Cecchi (Pro Hac Vice)
jcecchi@carellabyrne.com
Kevin Cooper (Pro Hac Vice)
kcooper@carellabyrne.com
CARELLA, BYRNE, CECCI, OLSTEIN, BRODY
& AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068

Zachary A. Jacobs (Pro Hac Vice)
zjacobs@carellabyrne.com
CARELLA, BYRNE, CECCI, OLSTEIN, BRODY
& AGNELLO, P.C.
222 S. Riverside Plaza
Chicago, IL 60606

Attorneys for Plaintiffs Jane Doe, Jane Doe II, Jane
Doe III, Jane Doe IV, and Jane Doe V, individually
and on behalf of others similarly situated

-7-                          Case No. 3:23-cv-02865-EMC

Exhibit C-8

**ATTESTATION**

Pursuant to Local Civil Rule 5-1(i)(3), the Filer attests that concurrence in the filing of this document has been obtained from all signatories.

DATED: May XX, 2024

/s/
Wynter L. Deagle

Exhibit C-9

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____, 20__


_____

Hon. Edward M. Chen
United States Senior District Judge

SMRH:4863-2754-5273    JOINT STIPULATION REGARDING CASE MANAGEMENT SCHEDULE AND
[PROPOSED] ORDER

Exhibit C-10

# EXHIBIT D

# EXHIBIT D

| | |
|---|---|
| **From:** | Tyler S. Graden |
| **To:** | Anne-Marie Dao; Melissa Yeates; Michelle Newcomer; Jordan Jacobson; Michael A. Innes; Kevin Cooper; Zachary Jacobs; Matthew Macken |
| **Cc:** | Kristin Housh; Charles Glover; Kari Rollins; Tenaya Rodewald; Wynter Deagle; Gwen Nuttall |
| **Subject:** | RE: Doe v. Kaiser: draft stipulation and order re case management schedule |
| **Date:** | Friday, May 3, 2024 10:14:24 AM |

Anne-Marie,

It is clear from this proposal that Kaiser has no intention to negotiate a briefing schedule on the Second Amended Complaint in good faith. We have made clear multiple times that the April 1 deadline to begin full discovery should not be moved, yet you've tried to tie this Stipulation to our agreement to move that date out to December 9.  Kaiser's also taken the position that only limited discovery should proceed until there is a decision on the motion to dismiss the Second Amended Complaint, yet you've proposed a protracted briefing schedule that pushes that hearing date out to late November 2024.  It is clear that Kaiser is using this Stipulation as yet another delay tactic and we will proceed accordingly.

Tyler

**From:** Anne-Marie Dao <ADao@sheppardmullin.com>
**Sent:** Tuesday, April 30, 2024 7:55 PM
**To:** Tyler S. Graden <tgraden@ktmc.com>; Melissa Yeates <myeates@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>; Jordan Jacobson <JJacobson@ktmc.com>; Michael A. Innes <MInnes@carellabyrne.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Matthew Macken <MMacken@ktmc.com>
**Cc:** Kristin Housh <KHoush@sheppardmullin.com>; Charles Glover <CGlover@sheppardmullin.com>; Kari Rollins <krollins@sheppardmullin.com>; Anne-Marie Dao <ADao@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Wynter Deagle <WDeagle@sheppardmullin.com>; Gwen Nuttall <GNuttall@sheppardmullin.com>
**Subject:** Doe v. Kaiser: draft stipulation and order re case management schedule

Hi Tyler:

Attached please find a draft stipulation and order regarding our case management schedule.  Please let us know if you'd like to schedule a call to discuss.

Best,

Anne-Marie

**Anne-Marie D. Dao**
+1 858-720-8963 | direct
ADao@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

Exhibit D-1

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit D-2

# EXHIBIT E

# EXHIBIT E

| | |
|---|---|
| **From:** | Wynter Deagle |
| **To:** | Tyler S. Graden |
| **Cc:** | Anne-Marie Dao; Melissa Yeates; Michelle Newcomer; Jordan Jacobson; Michael A. Innes; Kevin Cooper; Zachary Jacobs; Matthew Macken; Kristin Housh; Charles Glover; Kari Rollins; Tenaya Rodewald; Gwen Nuttall |
| **Subject:** | Re: Doe v. Kaiser: draft stipulation and order re case management schedule |
| **Date:** | Friday, May 3, 2024 10:28:14 AM |

Tyler -

The deadlines that we proposed exactly track the dates in terms of timeframes from the original scheduling order.  I don't understand why you believe an extension of deadlines that is identical to the original timeframes is a delay on Kaiser's part.  Especially given this was proposed because Plaintiffs requested additional time to file the SAC.  If you would like to propose an alternate schedule, please do so and we will consider it.  But there is no delay on the part of Kaiser and any suggestion otherwise is patently false.

Best,
Wynter


On May 3, 2024, at 10:14 AM, Tyler S. Graden <tgraden@ktmc.com> wrote:


Anne-Marie,
It is clear from this proposal that Kaiser has no intention to negotiate a briefing schedule on the Second Amended Complaint in good faith. We have made clear multiple times that the April 1 deadline to begin full discovery should not be moved, yet you've tried to tie this Stipulation to our agreement to move that date out to December 9.  Kaiser's also taken the position that only limited discovery should proceed until there is a decision on the motion to dismiss the Second Amended Complaint, yet you've proposed a protracted briefing schedule that pushes that hearing date out to late November 2024.  It is clear that Kaiser is using this Stipulation as yet another delay tactic and we will proceed accordingly.
Tyler

**From:** Anne-Marie Dao <ADao@sheppardmullin.com>
**Sent:** Tuesday, April 30, 2024 7:55 PM
**To:** Tyler S. Graden <tgraden@ktmc.com>; Melissa Yeates <myeates@ktmc.com>; Michelle Newcomer <mnewcomer@ktmc.com>; Jordan Jacobson <JJacobson@ktmc.com>; Michael A. Innes <MInnes@carellabyrne.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Matthew Macken <MMacken@ktmc.com>
**Cc:** Kristin Housh <KHoush@sheppardmullin.com>; Charles Glover <CGlover@sheppardmullin.com>; Kari Rollins <krollins@sheppardmullin.com>; Anne-Marie Dao <ADao@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Wynter Deagle <WDeagle@sheppardmullin.com>; Gwen Nuttall <GNuttall@sheppardmullin.com>

Exhibit E-1

**Subject:** Doe v. Kaiser: draft stipulation and order re case management schedule

Hi Tyler:

Attached please find a draft stipulation and order regarding our case management schedule.  Please let us know if you'd like to schedule a call to discuss.

Best,

Anne-Marie

**Anne-Marie D. Dao**
+1 858-720-8963 | direct
ADao@sheppardmullin.com | Bio

## SheppardMullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit E-2

# EXHIBIT F

# EXHIBIT F

| From: | Tyler S. Graden |
| --- | --- |
| To: | Wynter Deagle |
| Cc: | Melissa Yeates; Kari Rollins; Tenaya Rodewald; Kristin Housh; Kevin Cooper; Zachary Jacobs; Michael A. Innes; Jordan Jacobson |
| Subject: | RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion |
| Date: | Tuesday, June 4, 2024 3:11:03 PM |
| Attachments: | 2024-06-04 DRAFT Joint Stipulation re Briefing Schedule.docx |

Wynter,

As discussed, our proposed schedule is attached.

Thanks,
Tyler

---

**From:** Tyler S. Graden
**Sent:** Thursday, May 30, 2024 4:19 PM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya
Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>;
Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael
A. Innes <MInnes@carellabyrne.com>; Jordan Jacobson <jjacobson@ktmc.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al
Order Setting Hearing on Motion

1pmPT/4pmET works for us.  We'll update the calendar invite.  Thanks.

Tyler

---

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Thursday, May 30, 2024 3:57 PM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya
Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>;
Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael
A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al
Order Setting Hearing on Motion

Hey Tyler,

I have a personal conflict at that time.  I am open after 1pm PT.  I also have some blocks on Monday
if that doesn't work.

Wynter

Exhibit F-1

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Tyler S. Graden <tgraden@ktmc.com>
**Sent:** Wednesday, May 29, 2024 7:00 AM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

No problem, how does Friday at 11amPT/2pmET work?

Tyler

---

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Tuesday, May 28, 2024 6:58 PM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hi Tyler,

Thanks much for the prompt response.  I am booked solid Thursday but wide open on Friday due to a rescheduled deposition.  Can we connect on Friday?

Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100

Exhibit F-2

San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Tyler S. Graden <tgraden@ktmc.com>
**Sent:** Tuesday, May 28, 2024 3:53 PM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Wynter,

Hope you had a good Memorial Day weekend as well. We would not oppose a motion seeking an order excusing your attendance at the June 13 discovery conference.

Also, how's your availably on Thursday to discuss the schedule?

Tyler

---

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Tuesday, May 28, 2024 11:53 AM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Subject:** FW: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hi Tyler,

I hope you had a lovely Memorial Day weekend.  I am reaching out regarding the Court's order below, which requires lead trial counsel, all counsel knowledgeable about the disputes at issue, and all counsel involved in the meet and confers to attend a hearing in person in SF on June 13.  That hearing is scheduled during my family vacation to Japan with my husband's elderly parents.  As a result, we will be filing an administrative motion seeking to either excuse my attendance at the hearing or move it until after June 23.  Ideally, I would like to file an unopposed administrative motion.  Would your side be willing to agree?

Best,
Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct

Exhibit F-3

WDeagle@sheppardmullin.com | Bio

**SheppardMullin**

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Friday, May 24, 2024 2:42 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 5/24/2024 at 2:41 PM and filed on 5/24/2024

**Case Name:**     Doe et al v. Kaiser Foundation Health Plan, Inc. et al
**Case Number:**   3:23-cv-02865-EMC
**Filer:**
**Document Number:** 156(No document attached)

**[IN-CHAMBERS TEXT ONLY ORDER]: A Hearing on the [128] Discovery Dispute Letter Brief is SET for June 13, 2024 at 01:30 PM in San Francisco, Courtroom F, 15th Floor before Magistrate Judge Peter H Kang.**

**The Court ORDERS the Parties' lead trial counsel, all counsel knowledgeable about the disputes at issue, and all counsel involved in the meet and confers on the disputes at issue to appear in person at the June 13th Discovery Hearing.**

Exhibit F-4

**Signed by Judge Peter H. Kang on 05/24/24.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(phklc2, COURT STAFF) (Filed on 5/24/2024)**

**3:23-cv-02865-EMC Notice has been electronically mailed to:**

Anne-Marie D. Dao     adao@sheppardmullin.com, amertens@sheppardmullin.com, gnuttall@sheppardmullin.com

Dane C. Brody Chanove     dbrodychanove@sheppardmullin.com, gnuttall@sheppardmullin.com

Eduardo E. Santacana     esantacana@willkie.com, lcardona@willkie.com, MAOSF1@willkie.com, tnocco@willkie.com

Erik Manukyan     emanukyan@mofo.com, erik-manukyan-2265@ecf.pacerpro.com

James E. Cecchi     jcecchi@carellabyrne.com, ltaylor@carellabyrne.com

Jennifer Lauren Joost     jjoost@ktmc.com, 1759490420@filings.docketbird.com

Jordan E. Jacobson     jjacobson@ktmc.com

Joseph H. Meltzer     jmeltzer@ktmc.com, 1472664420@filings.docketbird.com, chemsley@ktmc.com, jwotring@ktmc.com, kmarrone@ktmc.com, pleadings@ktmc.com

Kari M. Rollins     krollins@sheppardmullin.com

Kevin G. Cooper     kcooper@carellabyrne.com

Kevin Matthew Murphy     KeMurphy@sheppardmullin.com

Kristin Page Housh     khoush@sheppardmullin.com, vcortez@sheppardmullin.com

Melissa L Yeates     myeates@ktmc.com, 5679347420@filings.docketbird.com, chemsley@ktmc.com, jjacobson@ktmc.com, jmeltzer@ktmc.com, jwotring@ktmc.com, ksheronas@ktmc.com, mcorson@ktmc.com

Nolan J. Walter     nwalter@sheppardmullin.com

Purvi Govindlal Patel     ppatel@mofo.com, alicia-vargas-9157@ecf.pacerpro.com, avargas@mofo.com, purvi-g-patel-9695@ecf.pacerpro.com

Tenaya M. Rodewald     trodewald@sheppardmullin.com, rregnier@sheppardmullin.com

Tyler S. Graden     tgraden@ktmc.com

Wynter N. Deagle    wdeagle@sheppardmullin.com, gnuttall@sheppardmullin.com

Zachary Allen Jacobs    zjacobs@carellabyrne.com

**3:23-cv-02865-EMC Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit F-6

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**CARELLA BYRNE CECCHI
BRODY & AGNELLO, PC**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Counsel for Plaintiffs and the proposed Classes*
[*Additional Attorneys Listed on Signature Page*]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, AND JANE DOE V, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON, <br><br> Defendants. | Case No. 4:23-cv-02865-EMC <br><br> **JOINT STIPULATION EXTENDING BRIEFING SCHEDULE** <br><br> Judge: Hon. Edward M. Chen |

JOINT STIPULATION
CASE NO: 4:23-CV-02865-EMC

Exhibit F-7

This Stipulation is entered into by and among Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V, individually an on behalf of all others similarly situated (each a "Plaintiff" and collectively "Plaintiffs") and Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington (each a "Defendant" and collectively "Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel.

WHEREAS, on May 21, 2024, this Court entered an Order granting in part and denying in part Defendants' Administrative Motion for Extension of Time to file a Response to Plaintiffs' Second Amended Complaint, ordering that Defendants shall have until July 3, 2024 to file a response to the Second Amended Complaint and further ordering the Parties to meet and confer to reach agreement on a briefing schedule. *See* ECF No. 149.

WHEREAS, the Parties have met and conferred and have agreed upon a briefing schedule on Defendants' Response to Plaintiffs' Second Amended Complaint and a corresponding case management schedule for the remainder of the case;

NOW, THEREFORE, the Parties hereby stipulate and agree, through their respective counsel, to the following schedule:

| Action | Current Schedule | New Proposed |
|---|---|---|
| **Defendants Motion to Dismiss /Motion to Compel Arbitration** | Wednesday, July 3, 2024 | Wednesday, July 3, 2024 |
| **Plaintiffs Opp to Motion to Dismiss and Motion to Compel Arbitration** | | Thursday, August 22, 2024 |
| **Defendants' Replies ISO Motion to Dismiss and Motion to Compel Arbitration** | | Monday, Sept 16, 2024 |
| **Hearing on Defendants' Motion to Dismiss and Motion to Compel Arbitration (Thursdays @ 1:30pm)** | | Thursday, Oct 10, 2024 at 1:30pm |

| Action | Current Schedule | New Proposed |
|---|---|---|
| **Class Certification Motion; Class Certification Expert Report Deadline.** | Friday, June 28, 2024 | Friday, February 7, 2025 |
| **Opposition to Class Certification Motion; Class Certification Rebuttal Expert Report Deadline** | Tuesday, August 27, 2024 | Tuesday, April 8, 2025 |
| **Reply in Support of Class Certification Motion; Class Certification Reply Expert Report Deadline** | Friday, October 11, 2024 | Friday, May 23, 2025 |
| **Class Certification Hearing (Thursdays @ 1:30pm)** | Thursday, November 7, 2024 at 1:30 pm | Thursday, June 26, 2025 at 1:30 pm |
| **Close of Fact Discovery** | Thursday, February 6, 2025 | Wednesday, September, 24, 2025 |
| **Affirmative Merits Expert Disclosures and Reports** | Thursday, February 6, 2025 | Wednesday, September, 24, 2025 |
| **Responsive Expert Disclosures and Reports** | Thursday, March 20, 2025 | Wednesday, November 5, 2025 |
| **Rebuttal Expert Disclosures and Reports** | Thursday, April 10, 2025 | Wednesday, December 3, 2025 |
| **Close of Expert Discovery** | Thursday, April 24, 2025 | Wednesday, December 17, 2025 |
| **Last Day to File Dispositive Motions** | Thursday, May 8, 2025 | Wednesday, January 7, 2026 |
| **Oppositions to Dispositive Motions** | Monday, June 9, 2025 | Mon, February 9, 2026 |
| **Reply in Support of Dispositive Motions** | Monday, June 23, 2025 | Monday, February 23, 2026 |
| **Hearing Date for Dispositive Motions** | Thursday, July 24, 2025 | Thursday, March 26, 2026 |
| **Meet and Confer re Joint Pretrial Conference Statement (21 days before Joint PTC Statement)** | Monday, August 25, 2025 | Tuesday, May 12, 2026 |

JOINT STIPULATION
CASE NO.: 4:23-CV-02865-EMC

Exhibit F-9

| Action | Current Schedule | New Proposed |
|---|---|---|
| **Joint Pretrial Conference Statement (21 days before PTC)** | Monday, September 15, 2025 | Tuesday, June 2, 2026 |
| **Pretrial Conference (4 Tuesdays before trial @ 2:30pm)** | Tuesday, October 7, 2025 @ 2:30 pm | Tuesday, June 23, 2026 at 2:30 pm |
| **Objections (10 days before trial)** | Friday, October 17, 2025 | Friday, July 10, 2026 |
| **Trial Date (Mondays @ 8:30am)** | Monday, October 27, 2025 @ 8:30 am | Monday, July 20, 2026 |
| **Trial Length** | 10 days | 10 days |

DATED: June xx, 2024

Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

/s/ *DRAFT*
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and–

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
-and–

Exhibit F-10

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Counsel for Plaintiffs and the proposed Classes*

DATED: June xx, 2024                Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

/s/ DRAFT
Tenaya Rodewald, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone: (650) 815-2600
Facsimile: (650) 815-2601

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Kari M. Rollins (appearance *pro hac vice*)
krollins@sheppardmullin.com
30 Rockefeller Plaza
New York, NY 10112-0015

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Wynter L. Deagle, Cal Bar No. 296501
wdeagle@sheppardmullin.com
Kristin P. Housh, Cal Bar No. 286651
khoush@sheppardmullin.com
Anne-Marie D. Dao, Cal Bar No. 282632
adao@sheppardmullin.com
Dane C. Brody Chanove, Cal Bar No. 345843
dbrodychanove@sheppardmullin.com
12275 El Camino Real, Suite 100

San Diego, California 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Nolan J. Walter, Cal Bar No. 325021
nwalter@sheppardmullin.com
Kevin Murphy
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

*Attorneys for Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)**

Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories whose signatures are indicated above by a conformed signature ("/s/") within this e-filed document.

DATED: June xx, 2024                    Respectfully submitted,

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**

/s/ *DRAFT*
Melissa L. Yeates

Exhibit F-12

# EXHIBIT G

# EXHIBIT G

| **From:** | Kristin Housh |
|---|---|
| **To:** | Tyler S. Graden |
| **Cc:** | Melissa Yeates; Kari Rollins; Tenaya Rodewald; Kevin Cooper; Zachary Jacobs; Michael A. Innes; Jordan Jacobson; Anne-Marie Dao; Dane Brody Chanove; Charles Glover; Wynter Deagle |
| **Subject:** | RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion |
| **Date:** | Tuesday, June 11, 2024 8:37:05 PM |
| **Attachments:** | 2024-06-04 DRAFT Joint Stipulation re Briefing Schedule [SMRH Edits], 4866-4363-4375 v 1.docx |

Tyler,

Attached please find Kaiser's revisions to Plaintiffs' proposed joint stipulation regarding the case schedule in tracked changes.  Please let us know whether our changes are acceptable.

I also wanted to circle back on the parties' dispute regarding the April 1 start date for remaining "Phase II" discovery set forth in the original scheduling order [ECF 107].  Here is where I believe things stand:  As we have previously discussed, Kaiser believes that the start date for remaining discovery needs to be pushed out alongside all of the other deadlines.  At the October 17, 2023 CMC, Judge Chen instructed the parties to focus their discovery efforts on two categories of information during the pleading stage: "information about class size and effect upon the class" and "high level information about damages."  Judge Chen made clear that he expected the parties to hold off on full blown (and expensive) merits discovery until we know which claims and parties remain after the motion to dismiss and motion to compel arbitration are decided and until after we have participated in mediation.  When the parties stipulated to starting "remaining discovery" on April 1, they presupposed several facts, including that: (1) there would only be one round of pleading stage motion practice, (2) the Court would rule on the motion to dismiss and motion to compel arbitration with respect to the FAC prior to April 1, and (3) the parties would mediate in the Spring of 2024.  None of this ended up happening, however.  Plaintiffs filed a SAC on May 9 and Kaiser is preparing to file another motion to dismiss and motion to compel arbitration, which are not due until July 3.  The parties do not expect the Court to hear these motions until October 10.  And, the parties are not mediating until October 1.  In light of Judge Chen's instructions about holding off on merits discovery until _after_ we know what the four corners of this lawsuit look like post-pleading stage motion practice and _after_ we have participated in mediation, it only makes sense to continue the start date for remaining discovery to later this year.  We propose December 9, 2024—two months after the October 10 hearing—by which time we expect the Court to issue an order on the motion to dismiss and motion to compel arbitration.

Plaintiffs have agreed to continue _all_ other deadlines in light of the changed circumstances, including the close of fact discovery.  But, confusingly, Plaintiffs have (to date) refused to continue the start date for Phase II discovery.  When we met and conferred on May 31, you informed us that Plaintiffs oppose continuing the April 1 start date for remaining discovery.  You explained that because the parties clearly have a dispute over whether or not the April 1 start date should be moved, you think it is best to leave it out of the revised stipulated case schedule entirely.  Let me know if Plaintiffs will reconsider their position.  If not, Kaiser intends to file a motion to modify the initial scheduling order [ECF 107] and continue the original April 1, 2024 date for starting remaining discovery to December 9, 2024.  We will likely file our motion by this Friday.  Accordingly, please let us know by no later than COB Thursday if Plaintiffs will oppose Kaiser's motion.

Exhibit G-1

Best,

**Kristin P. Housh** | Partner
+1 858-720-7408 | direct
KHoush@sheppardmullin.com | Bio

**SheppardMullin**

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Monday, June 10, 2024 9:00 AM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>; Jordan Jacobson <JJacobson@ktmc.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hi Tyler,

Let me circle back to KP on this.  I can get back to you likely Wednesday.  One note is we will need to move the class certification hearing back two weeks as I am out of the country that day.

I will confirm the other dates and circle back.

Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**SheppardMullin**

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

**From:** Tyler S. Graden <tgraden@ktmc.com>
**Sent:** Monday, June 10, 2024 8:24 AM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael

A. Innes <MInnes@carellabyrne.com>; Jordan Jacobson <JJacobson@ktmc.com>

**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Wynter,

Following up on the below, please let us know if Kaiser is ok with the proposed schedule.

Thanks,
Tyler

---

**From:** Tyler S. Graden
**Sent:** Tuesday, June 4, 2024 6:09 PM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>; 'Jordan Jacobson' <jjacobson@ktmc.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Wynter,

As discussed, our proposed schedule is attached.

Thanks,
Tyler

---

**From:** Tyler S. Graden
**Sent:** Thursday, May 30, 2024 4:19 PM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>; Jordan Jacobson <jjacobson@ktmc.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

1pmPT/4pmET works for us.  We'll update the calendar invite.  Thanks.

Tyler

---

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Thursday, May 30, 2024 3:57 PM

Exhibit G-3

**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hey Tyler,

I have a personal conflict at that time.  I am open after 1pm PT.  I also have some blocks on Monday if that doesn't work.

Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Tyler S. Graden <tgraden@ktmc.com>
**Sent:** Wednesday, May 29, 2024 7:00 AM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

No problem, how does Friday at 11amPT/2pmET work?

Tyler

---

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Tuesday, May 28, 2024 6:58 PM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>

**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hi Tyler,

Thanks much for the prompt response.  I am booked solid Thursday but wide open on Friday due to a rescheduled deposition.  Can we connect on Friday?

Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Tyler S. Graden <tgraden@ktmc.com>
**Sent:** Tuesday, May 28, 2024 3:53 PM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Wynter,

Hope you had a good Memorial Day weekend as well. We would not oppose a motion seeking an order excusing your attendance at the June 13 discovery conference.

Also, how's your availably on Thursday to discuss the schedule?

Tyler

---

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Tuesday, May 28, 2024 11:53 AM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Subject:** FW: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Exhibit G-5

Hi Tyler,

I hope you had a lovely Memorial Day weekend.  I am reaching out regarding the Court's order below, which requires lead trial counsel, all counsel knowledgeable about the disputes at issue, and all counsel involved in the meet and confers to attend a hearing in person in SF on June 13.  That hearing is scheduled during my family vacation to Japan with my husband's elderly parents.  As a result, we will be filing an administrative motion seeking to either excuse my attendance at the hearing or move it until after June 23.  Ideally, I would like to file an unopposed administrative motion.  Would your side be willing to agree?

Best,
Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Friday, May 24, 2024 2:42 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered on 5/24/2024 at 2:41 PM and filed on 5/24/2024

**Case Name:**      Doe et al v. Kaiser Foundation Health Plan, Inc. et al

**Case Number:**     3:23-cv-02865-EMC

**Filer:**

**Document Number:** 156(No document attached)

**[IN-CHAMBERS TEXT ONLY ORDER]: A Hearing on the [128] Discovery Dispute Letter Brief is SET for June 13, 2024 at 01:30 PM in San Francisco, Courtroom F, 15th Floor before Magistrate Judge Peter H Kang.**

**The Court ORDERS the Parties' lead trial counsel, all counsel knowledgeable about the disputes at issue, and all counsel involved in the meet and confers on the disputes at issue to appear in person at the June 13th Discovery Hearing.**

**Signed by Judge Peter H. Kang on 05/24/24.** *(This is a text-only entry generated by the court. There is no document associated with this entry.)* **(phklc2, COURT STAFF) (Filed on 5/24/2024)**

**3:23-cv-02865-EMC Notice has been electronically mailed to:**

Anne-Marie D. Dao     adao@sheppardmullin.com, amertens@sheppardmullin.com, gnuttall@sheppardmullin.com

Dane C. Brody Chanove     dbrodychanove@sheppardmullin.com, gnuttall@sheppardmullin.com

Eduardo E. Santacana     esantacana@willkie.com, lcardona@willkie.com, MAOSF1@willkie.com, tnocco@willkie.com

Erik Manukyan     emanukyan@mofo.com, erik-manukyan-2265@ecf.pacerpro.com

James E. Cecchi     jcecchi@carellabyrne.com, ltaylor@carellabyrne.com

Jennifer Lauren Joost     jjoost@ktmc.com, 1759490420@filings.docketbird.com

Jordan E. Jacobson     jjacobson@ktmc.com

Joseph H. Meltzer     jmeltzer@ktmc.com, 1472664420@filings.docketbird.com, chemsley@ktmc.com, jwotring@ktmc.com, kmarrone@ktmc.com, pleadings@ktmc.com

Kari M. Rollins     krollins@sheppardmullin.com

Kevin G. Cooper     kcooper@carellabyrne.com

Exhibit G-7

Kevin Matthew Murphy     KeMurphy@sheppardmullin.com

Kristin Page Housh     khoush@sheppardmullin.com, vcortez@sheppardmullin.com

Melissa L Yeates     myeates@ktmc.com, 5679347420@filings.docketbird.com, chemsley@ktmc.com, jjacobson@ktmc.com, jmeltzer@ktmc.com, jwotring@ktmc.com, ksheronas@ktmc.com, mcorson@ktmc.com

Nolan J. Walter     nwalter@sheppardmullin.com

Purvi Govindlal Patel     ppatel@mofo.com, alicia-vargas-9157@ecf.pacerpro.com, avargas@mofo.com, purvi-g-patel-9695@ecf.pacerpro.com

Tenaya M. Rodewald     trodewald@sheppardmullin.com, rregnier@sheppardmullin.com

Tyler S. Graden     tgraden@ktmc.com

Wynter N. Deagle     wdeagle@sheppardmullin.com, gnuttall@sheppardmullin.com

Zachary Allen Jacobs     zjacobs@carellabyrne.com

**3:23-cv-02865-EMC Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit G-8

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Counsel for Plaintiffs and the proposed Classes*
[*Additional Attorneys Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, AND JANE DOE V, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON, <br><br> Defendants. | Case No. 4:23-cv-02865-EMC <br><br> **JOINT STIPULATION EXTENDING BRIEFING SCHEDULE** <br><br><br> Judge: Hon. Edward M. Chen |

SMRH:4866-4363-4375.1

-i-

This Stipulation is entered into by and among Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V, individually an on behalf of all others similarly situated (each a "Plaintiff" and collectively "Plaintiffs") and Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington (each a "Defendant" and collectively "Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel.

WHEREAS, on December 28, 2023, this Court entered the Parties' Joint Stipulation Regarding Case Management Schedule, as Modified, which set forth a case management schedule for the remainder of the case. *See* ECF 107.

WHEREAS, on April 11, 2024, this Court entered an order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, and ordering that Plaintiffs shall have until May 9, 2024 to file a Second Amended Complaint ("SAC") and Defendants shall have until June 6, 2024 to file a response to the SAC. *See* ECF 124.

WHEREAS, on May 9, 2024, Plaintiffs filed their SAC. *See* ECF 131.

WHEREAS, on May 15, 2024, Defendants filed an Administrative Motion for Extension of Time to File a Response to Plaintiffs' SAC. *See* ECF 136.

WHEREAS, on May 21, 2024, this Court entered an Order granting in part and denying in part Defendants' Administrative Motion for Extension of Time to Ffile a Response to Plaintiffs' ~~Second Amended Complaint~~SAC, ordering that Defendants shall have until July 3, 2024 to file a response to the Second Amended Complaint and further ordering the Parties to meet and confer to reach agreement on a briefing schedule. *See* ECF No. 149.

WHEREAS, the Parties have met and conferred and have agreed upon a briefing schedule on Defendants' Response to Plaintiffs' Second Amended Complaint and a corresponding case management schedule for the remainder of the case[1];

---

[1] However, the Parties disagree on whether or not the April 1, 2024 start date for "remaining discovery" set forth in this Court's order entering the Joint Stipulation Regarding Case Management Schedule, as Modified (ECF 107), should be continued to a later date. Accordingly, the Parties have not included that date in the below stipulated case management schedule.

NOW, THEREFORE, the Parties hereby stipulate and agree, through their respective counsel, to the following schedule:

| Action | Current Schedule | New Proposed |
|---|---|---|
| **Defendants Motion to Dismiss /Motion to Compel Arbitration** | Wednesday, July 3, 2024 | Wednesday, July 3, 2024 |
| **Plaintiffs Opp to Motion to Dismiss and Motion to Compel Arbitration** | | Thursday, August 22, 2024 |
| **Defendants' Replies ISO Motion to Dismiss and Motion to Compel Arbitration** | | Monday, Sept 16, 2024 |
| **Hearing on Defendants' Motion to Dismiss and Motion to Compel Arbitration (Thursdays @ 1:30pm)** | | Thursday, Oct 10, 2024 at 1:30pm |
| **Class Certification Motion; Class Certification Expert Report Deadline.** | Friday, June 28, 2024 | Friday, February 7, 2025 |
| **Opposition to Class Certification Motion; Class Certification Rebuttal Expert Report Deadline** | Tuesday, August 27, 2024 | Tuesday, April 8, 2025 |
| **Reply in Support of Class Certification Motion; Class Certification Reply Expert Report Deadline** | Friday, October 11, 2024 | Friday, May 23, 2025 |
| **Class Certification Hearing (Thursdays @ 1:30pm)** | Thursday, November 7, 2024 at 1:30 pm | Thursday, Ju~~ly~~~~ne~~ 10~~26~~, 2025 at 1:30 pm |
| **Close of Fact Discovery** | Thursday, February 6, 2025 | Wednesday, September, 24, 2025 |
| **Affirmative Merits Expert Disclosures and Reports** | Thursday, February 6, 2025 | Wednesday, September, 24, 2025 |
| **Responsive Expert Disclosures and Reports** | Thursday, March 20, 2025 | Wednesday, November 5, 2025 |

| Action | Current Schedule | New Proposed |
|---|---|---|
| **Rebuttal Expert Disclosures and Reports** | Thursday, April 10, 2025 | Wednesday, December 3, 2025 |
| **Close of Expert Discovery** | Thursday, April 24, 2025 | Wednesday, December 17, 2025 |
| **Last Day to File Dispositive Motions** | Thursday, May 8, 2025 | Wednesday, January 7, 2026 |
| **Oppositions to Dispositive Motions** | Monday, June 9, 2025 | Mon, February 9, 2026 |
| **Reply in Support of Dispositive Motions** | Monday, June 23, 2025 | Monday, February 23, 2026 |
| **Hearing Date for Dispositive Motions** | Thursday, July 24, 2025 | Thursday, March 26, 2026 |
| **Meet and Confer re Joint Pretrial Conference Statement (21 days before Joint PTC Statement)** | Monday, August 25, 2025 | Tuesday, May 12, 2026 |
| **Joint Pretrial Conference Statement (21 days before PTC)** | Monday, September 15, 2025 | Tuesday, June 2, 2026 |
| **Pretrial Conference (4 Tuesdays before trial @ 2:30pm)** | Tuesday, October 7, 2025 @ 2:30 pm | Tuesday, June 23, 2026 at 2:30 pm |
| **Objections (10 days before trial)** | Friday, October 17, 2025 | Friday, July 10, 2026 |
| **Trial Date (Mondays @ 8:30am)** | Monday, October 27, 2025 @ 8:30 am | Monday, July 20, 2026 |
| **Trial Length** | 10 days | 10 days |

DATED: June xx, 2024

Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

/s/ *DRAFT*
Joseph H. Meltzer (appearance *pro hac vice*)

SMRH:4866-4363-4375.1

-4-

jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and–

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
-and–

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Counsel for Plaintiffs and the proposed Classes*

DATED: June xx, 2024

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**

/s/ *DRAFT*
Tenaya Rodewald, Cal Bar No. 248563

SMRH:4866-4363-4375.1

-5-

trodewald@sheppardmullin.com
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone: (650) 815-2600
Facsimile: (650) 815-2601

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Kari M. Rollins (appearance *pro hac vice*)
krollins@sheppardmullin.com
30 Rockefeller Plaza
New York, NY 10112-0015

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Wynter L. Deagle, Cal Bar No. 296501
wdeagle@sheppardmullin.com
Kristin P. Housh, Cal Bar No. 286651
khoush@sheppardmullin.com
Anne-Marie D. Dao, Cal Bar No. 282632
adao@sheppardmullin.com
Dane C. Brody Chanove, Cal Bar No. 345843
dbrodychanove@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Nolan J. Walter, Cal Bar No. 325021
nwalter@sheppardmullin.com
Kevin Murphy
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

*Attorneys for Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)

Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories whose signatures are indicated above by a conformed signature ("/s/") within this e-filed document.

DATED: June xx, 2024                    Respectfully submitted,

                                        **KESSLER TOPAZ**

SMRH:4866-4363-4375.1                    -6-

Exhibit G-14

**MELTZER & CHECK, LLP**

/s/ DRAFT

Melissa L. Yeates

SMRH:4866-4363-4375.1

-7-

Exhibit G-15

# EXHIBIT H

# EXHIBIT H

| | |
|---|---|
| **From:** | Tyler S. Graden |
| **To:** | Kristin Housh |
| **Cc:** | Melissa Yeates; Kari Rollins; Tenaya Rodewald; Kevin Cooper; Zachary Jacobs; Michael A. Innes; Jordan Jacobson; Anne-Marie Dao; Dane Brody Chanove; Charles Glover; Wynter Deagle |
| **Subject:** | RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion |
| **Date:** | Wednesday, June 12, 2024 4:32:16 PM |

Kristin,

We are fine with your edits to the Scheduling Stipulation, let us know if we have your consent to add your signature and file.

As to discovery more generally, we have consistently and repeatedly made clear that Kaiser should abide by the Court's Order setting an April 1 deadline for the beginning of Phase II discovery. The Court denied Kaiser's attempt to dismiss all of Plaintiffs' claims on April 11 and we confirmed in our portion of the April 30 Joint Discovery Dispute letter that "Judge Chen's decision did not alter the schedule and the 4/01 deadline to begin all remaining discovery remains in place, nor have Plaintiffs ever agreed to (nor would we) negotiate a new beginning of the second phase of discovery." See ECF No. 128, at 2.

Kaiser's refusal to abide by the April 1 deadline to begin Phase II discovery is just one of the many discovery obligations that Kaiser has repeatedly and willfully violated. As documented in my November 21, 2023 email, in addition to producing several discrete documents, Kaiser agreed to produce full ESI for a group of Phase 1 custodians, responsive to all document requests and without limiting the production to documents that Kaiser believes relate to class certification or ADR. We anticipated that Phase I document production would be completed in or around the end of January 2024 so that depositions could begin during Phase I.  Phase II discovery would cover the remaining custodians and any additional discovery. After reaching this agreement, we stipulated to the schedule on December 18, 2023, which the Court entered on December 28, 2023. We also anticipated mediating in or around May 2024, which Kaiser has now pushed off until October 2024.

Now, nearly seven months after reaching this agreement, Kaiser's Phase I document production has barely begun.  Not only did Kaiser fail to produce the discrete documents by the dates it committed to meet, but Kaiser has made just two productions of approximately 4,000 documents containing custodial emails – one on February 26, 2024 and the other on April 1, 2024. And, more disturbing than the small and incomplete productions, nearly half of the documents in those productions are meeting invites with no substantive content. Although we would have preferred to be much farther along in discovery as originally anticipated, the schedule we proposed is necessary in light of Kaiser's continued delay, gamesmanship and refusal to abide by its promises and the Court's Orders. Moreover, Kaiser's minimal productions, refusal to abide by the Court's Orders, and continued insistence on "holding off on merits discovery" only confirms Judge Chen's clear view that bifurcation of class and merits discovery does not work.

To the extent Kaiser believed a stay or modification of the April 1 deadline was warranted (which it is not), Kaiser should have filed a motion then rather than waiting two months, unilaterally granting itself a stay in the interim. Our position remains the same.

Tyler

---

**From:** Kristin Housh <KHoush@sheppardmullin.com>

**Sent:** Tuesday, June 11, 2024 11:37 PM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>; Jordan Jacobson <JJacobson@ktmc.com>; Anne-Marie Dao <ADao@sheppardmullin.com>; Dane Brody Chanove <DBrodyChanove@sheppardmullin.com>; Charles Glover <CGlover@sheppardmullin.com>; Wynter Deagle <WDeagle@sheppardmullin.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Tyler,

Attached please find Kaiser's revisions to Plaintiffs' proposed joint stipulation regarding the case schedule in tracked changes.  Please let us know whether our changes are acceptable.

I also wanted to circle back on the parties' dispute regarding the April 1 start date for remaining "Phase II" discovery set forth in the original scheduling order [ECF 107].  Here is where I believe things stand:  As we have previously discussed, Kaiser believes that the start date for remaining discovery needs to be pushed out alongside all of the other deadlines.  At the October 17, 2023 CMC, Judge Chen instructed the parties to focus their discovery efforts on two categories of information during the pleading stage: "information about class size and effect upon the class" and "high level information about damages."  Judge Chen made clear that he expected the parties to hold off on full blown (and expensive) merits discovery until we know which claims and parties remain after the motion to dismiss and motion to compel arbitration are decided and until after we have participated in mediation.  When the parties stipulated to starting "remaining discovery" on April 1, they presupposed several facts, including that: (1) there would only be one round of pleading stage motion practice, (2) the Court would rule on the motion to dismiss and motion to compel arbitration with respect to the FAC prior to April 1, and (3) the parties would mediate in the Spring of 2024.  None of this ended up happening, however.  Plaintiffs filed a SAC on May 9 and Kaiser is preparing to file another motion to dismiss and motion to compel arbitration, which are not due until July 3.  The parties do not expect the Court to hear these motions until October 10.  And, the parties are not mediating until October 1.  In light of Judge Chen's instructions about holding off on merits discovery until <u>after</u> we know what the four corners of this lawsuit look like post-pleading stage motion practice and <u>after</u> we have participated in mediation, it only makes sense to continue the start date for remaining discovery to later this year.  We propose December 9, 2024—two months after the October 10 hearing—by which time we expect the Court to issue an order on the motion to dismiss and motion to compel arbitration.

Plaintiffs have agreed to continue <u>all</u> other deadlines in light of the changed circumstances, including the close of fact discovery.  But, confusingly, Plaintiffs have (to date) refused to continue the start date for Phase II discovery.  When we met and conferred on May 31, you informed us that Plaintiffs oppose continuing the April 1 start date for remaining discovery.  You explained that because the parties clearly have a dispute over whether or not the April 1 start date should be moved, you think it is best to leave it out of the revised stipulated case schedule entirely.  Let me know if Plaintiffs will

Exhibit H-2

reconsider their position.  If not, Kaiser intends to file a motion to modify the initial scheduling order [ECF 107] and continue the original April 1, 2024 date for starting remaining discovery to December 9, 2024.  We will likely file our motion by this Friday.  Accordingly, please let us know by no later than COB Thursday if Plaintiffs will oppose Kaiser's motion.

Best,

**Kristin P. Housh** | Partner
+1 858-720-7408 | direct
KHoush@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Monday, June 10, 2024 9:00 AM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>; Jordan Jacobson <JJacobson@ktmc.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hi Tyler,

Let me circle back to KP on this.  I can get back to you likely Wednesday.  One note is we will need to move the class certification hearing back two weeks as I am out of the country that day.

I will confirm the other dates and circle back.

Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** Tyler S. Graden <tgraden@ktmc.com>
**Sent:** Monday, June 10, 2024 8:24 AM

Exhibit H-3

**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>; Jordan Jacobson <JJacobson@ktmc.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Wynter,

Following up on the below, please let us know if Kaiser is ok with the proposed schedule.

Thanks,
Tyler

---

**From:** Tyler S. Graden
**Sent:** Tuesday, June 4, 2024 6:09 PM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>; 'Jordan Jacobson' <jjacobson@ktmc.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Wynter,

As discussed, our proposed schedule is attached.

Thanks,
Tyler

---

**From:** Tyler S. Graden
**Sent:** Thursday, May 30, 2024 4:19 PM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>; Jordan Jacobson <jjacobson@ktmc.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

1pmPT/4pmET works for us.  We'll update the calendar invite.  Thanks.

Tyler

Exhibit H-4

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Thursday, May 30, 2024 3:57 PM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hey Tyler,

I have a personal conflict at that time.  I am open after 1pm PT.  I also have some blocks on Monday if that doesn't work.

Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**SheppardMullin**

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

**From:** Tyler S. Graden <tgraden@ktmc.com>
**Sent:** Wednesday, May 29, 2024 7:00 AM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

No problem, how does Friday at 11amPT/2pmET work?

Tyler

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Tuesday, May 28, 2024 6:58 PM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya

Exhibit H-5

Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>

**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hi Tyler,

Thanks much for the prompt response.  I am booked solid Thursday but wide open on Friday due to a rescheduled deposition.  Can we connect on Friday?

Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

**SheppardMullin**

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

**From:** Tyler S. Graden <tgraden@ktmc.com>
**Sent:** Tuesday, May 28, 2024 3:53 PM
**To:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>; Kevin Cooper <KCooper@carellabyrne.com>; Zachary Jacobs <ZJacobs@carellabyrne.com>; Michael A. Innes <MInnes@carellabyrne.com>
**Subject:** RE: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Wynter,

Hope you had a good Memorial Day weekend as well. We would not oppose a motion seeking an order excusing your attendance at the June 13 discovery conference.

Also, how's your availably on Thursday to discuss the schedule?

Tyler

**From:** Wynter Deagle <WDeagle@sheppardmullin.com>
**Sent:** Tuesday, May 28, 2024 11:53 AM
**To:** Tyler S. Graden <tgraden@ktmc.com>
**Cc:** Melissa Yeates <myeates@ktmc.com>; Kari Rollins <krollins@sheppardmullin.com>; Tenaya

Rodewald <TRodewald@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Subject:** FW: Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion

Hi Tyler,

I hope you had a lovely Memorial Day weekend.  I am reaching out regarding the Court's order below, which requires lead trial counsel, all counsel knowledgeable about the disputes at issue, and all counsel involved in the meet and confers to attend a hearing in person in SF on June 13.  That hearing is scheduled during my family vacation to Japan with my husband's elderly parents.  As a result, we will be filing an administrative motion seeking to either excuse my attendance at the hearing or move it until after June 23.  Ideally, I would like to file an unopposed administrative motion.  Would your side be willing to agree?

Best,
Wynter

**Wynter L. Deagle**
+1 858-720-8947 | direct
WDeagle@sheppardmullin.com | Bio

## SheppardMullin

12275 El Camino Real, Suite 100
San Diego,  CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn

---

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Friday, May 24, 2024 2:42 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:23-cv-02865-EMC Doe et al v. Kaiser Foundation Health Plan, Inc. et al Order Setting Hearing on Motion


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**


Exhibit H-7

**Notice of Electronic Filing**

The following transaction was entered on 5/24/2024 at 2:41 PM and filed on 5/24/2024

**Case Name:**      Doe et al v. Kaiser Foundation Health Plan, Inc. et al
**Case Number:**    3:23-cv-02865-EMC
**Filer:**
**Document Number:** 156(No document attached)

**[IN-CHAMBERS TEXT ONLY ORDER]: A Hearing on the [128] Discovery Dispute Letter Brief is SET for June 13, 2024 at 01:30 PM in San Francisco, Courtroom F, 15th Floor before Magistrate Judge Peter H Kang.**

**The Court ORDERS the Parties' lead trial counsel, all counsel knowledgeable about the disputes at issue, and all counsel involved in the meet and confers on the disputes at issue to appear in person at the June 13th Discovery Hearing.**

**Signed by Judge Peter H. Kang on 05/24/24. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (phklc2, COURT STAFF) (Filed on 5/24/2024)**

**3:23-cv-02865-EMC Notice has been electronically mailed to:**

Anne-Marie D. Dao    adao@sheppardmullin.com, amertens@sheppardmullin.com, gnuttall@sheppardmullin.com

Dane C. Brody Chanove    dbrodychanove@sheppardmullin.com, gnuttall@sheppardmullin.com

Eduardo E. Santacana    esantacana@willkie.com, lcardona@willkie.com, MAOSF1@willkie.com, tnocco@willkie.com

Erik Manukyan    emanukyan@mofo.com, erik-manukyan-2265@ecf.pacerpro.com

James E. Cecchi    jcecchi@carellabyrne.com, ltaylor@carellabyrne.com

Jennifer Lauren Joost    jjoost@ktmc.com, 1759490420@filings.docketbird.com

Jordan E. Jacobson    jjacobson@ktmc.com

Joseph H. Meltzer    jmeltzer@ktmc.com, 1472664420@filings.docketbird.com, chemsley@ktmc.com, jwotring@ktmc.com, kmarrone@ktmc.com, pleadings@ktmc.com

Kari M. Rollins    krollins@sheppardmullin.com

Exhibit H-8

Kevin G. Cooper    kcooper@carellabyrne.com

Kevin Matthew Murphy    KeMurphy@sheppardmullin.com

Kristin Page Housh    khoush@sheppardmullin.com, vcortez@sheppardmullin.com

Melissa L Yeates    myeates@ktmc.com, 5679347420@filings.docketbird.com, chemsley@ktmc.com, jjacobson@ktmc.com, jmeltzer@ktmc.com, jwotring@ktmc.com, ksheronas@ktmc.com, mcorson@ktmc.com

Nolan J. Walter    nwalter@sheppardmullin.com

Purvi Govindlal Patel    ppatel@mofo.com, alicia-vargas-9157@ecf.pacerpro.com, avargas@mofo.com, purvi-g-patel-9695@ecf.pacerpro.com

Tenaya M. Rodewald    trodewald@sheppardmullin.com, rregnier@sheppardmullin.com

Tyler S. Graden    tgraden@ktmc.com

Wynter N. Deagle    wdeagle@sheppardmullin.com, gnuttall@sheppardmullin.com

Zachary Allen Jacobs    zjacobs@carellabyrne.com

**3:23-cv-02865-EMC Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.