SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppardmullin.com
KRISTIN P. HOUSH, Cal Bar No. 286651
khoush@sheppardmullin.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppardmullin.com
DANE C. BRODY CHANOVE, Cal Bar No. 345843
dbrodychanove@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:     858.720.8900
Facsimile:      858.509.3691

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., Kaiser Foundation
Hospitals, and Kaiser Foundation Health Plan of
Washington

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, and JANE DOE V, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>District Judge:     Hon. Edward M. Chen<br>Magistrate Judge:     Hon. Peter H. Kang<br><br>Date:     August 27, 2024<br>Time:     2:30 p.m.<br>Crtrm:     5<br><br>SAC Filed:     May 9, 2024<br>Trial Date:     July 20, 2026 |

[CAPTION CONTINUED ON NEXT PAGE]

| | |
|---|---|
| CHRISTOPHER NEWTON, CHRISTA VITAL, SCOTT SCHUTZA on behalf of themselves and all others similarly situated, | **RELATED ACTION** Case No. 3:24-cv-03625-EMC |
| Plaintiffs; | Removed from Alameda Superior Court Case No. 24CV073453 |
| v. | Magistrate Judge: Hon. Thomas S. Hixson |
| KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, META PLATFORMS INC., a Delaware Corporation, GOOGLE LLC, a Delaware Limited Liability Company, and DOES 1 through 100, Inclusive, | Current Action Filed: April 29, 2024 Removal Filed: June 14, 2024 |
| Defendants, | |
| ALEXIS SUTTER, on behalf of herself and all others similarly situated, | **RELATED ACTION** Case No.: 3:24-03352-EMC |
| Plaintiff, | Magistrate Judge: Hon. Joseph C. Spero |
| v. | Current Action Filed: June 4, 2024 |
| KAISER FOUNDATION HEALTH PLAN, INC., | |
| Defendants. | |

Pursuant to the July 2, 2024 order (ECF No. 192) and July 31, 2024 order (ECF 220), Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V (the "*Doe* Plaintiffs"), Plaintiffs Christopher Newton, Christa Vital, and Scott Schutza ("*Newton* Plaintiffs"), and Plaintiff Alexis Sutter ("*Sutter* Plaintiff") (collectively, "Plaintiffs") and Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, Kaiser Foundation Health Plan of Washington ("Kaiser"), Meta Platforms, Inc. ("Meta"), and Google LLC ("Google"), by and through their respective counsel, hereby submit their Joint Status Conference Statement in advance of the August 27, 2024 Conference.

# I. DOE ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL.

## A. <u>Procedural Posture and Claims</u>

*Doe* Plaintiffs filed their Complaint on June 9, 2023. (ECF No. 1.) On September 15, 2023, *Doe* Plaintiffs filed a First Amended Complaint. (ECF No. 44.) *Doe* Plaintiffs moved for a preliminary injunction on October 4, 2023, seeking to enjoin Kaiser's use of certain third-party online technologies, namely Google, Microsoft/Bing, Adobe, Twitter, Quantum Metric and Dynatrace, on Kaiser's website and mobile applications, which Plaintiffs allege transmitted Kaiser member and patient information to those third-parties. (ECF No. 58.) (ECF No. 58.) On November 22, 2023, Kaiser filed a sworn declaration, indicating that in August 2023 it started the process of modifying the third party online technologies and completed this process by November 13, 2023. (ECF No. 96.) *Doe* Plaintiffs withdrew their motion for a preliminary injunction on December 7, 2023. (ECF No. 101.)

On November 14, 2023, Kaiser filed a Motion to Compel Plaintiff John Doe to Arbitration (ECF No. 82) and a Motion to Dismiss the First Amended Complaint (ECF No. 88), which Plaintiffs opposed on January 15, 2025 (ECF Nos. 108, 109) and which were argued on March 14, 2024. On March 26, 2024, the Court granted Kaiser's Motion to Compel John Doe to Arbitration, but granted John Doe leave to amend. (ECF No. 119.) On April 11, 2024, the Court granted in part and denied in part Kaiser's Motion to Dismiss. (ECF No. 124.) Specifically, the Court dismissed Kaiser Foundation Hospitals and The Permanente Medical Group as defendants and dismissed fifteen causes of action, but sustained *Doe* Plaintiffs' claims for breach of implied contract and negligence,

and statutory claims under the Maryland Wiretapping and Electronic Surveillance Act, Oregon Unlawful Trade Practices Act, Virginia Insurance Information and Privacy Protection Act, and the Washington Consumer Protection Act and granted leave to amend all other claims. *Id.* at 56-57.

On May 5, 2024, *Doe* Plaintiffs filed a Second Amended Complaint ("SAC"). (ECF No. 131.)[1] The SAC is brought on behalf of the following classes: (1) Kaiser Operating States Class; (2) California Sub-Class; (3) District of Columbia Sub-Class; (4) Georgia Sub-Class; (5) Maryland Sub-Class; (6) Oregon Sub-Class; (7) Virginia Sub-Class; (8) Washington Sub-Class; (9) Kaiser Operating States Breach of Contract Sub-Class; (10) California Breach of Contract Sub-Class; (11) District of Columbia Breach of Contract Sub-Class; (12) Georgia Breach of Contract Sub-Class; (13) Maryland Breach of Contract Sub-Class; (14) Oregon Breach of Contract Sub-Class; (15) Virginia Breach of Contract Sub-Class; and (16) Washington Breach of Contract Sub-Class.

On June 7, 2024, *Doe* Plaintiffs filed a Motion for Appointment of Co-Lead Counsel (the "23(g) Motion"). (ECF No. 167.) On June 21, 2024, Kaiser filed an Administrative Motion to Consider Whether Cases Should be Related ("Motion to Relate") (ECF No. 173) and a Response to the 23(g) Motion and Request for Stay of Decision on Such Motion (ECF No. 176). Kaiser took no position regarding the qualification of the proposed interim co-lead class counsel, arguing only that the motion was premature prior to resolution of Kaiser's Motion to Relate *Newton* and *Sutter*. (ECF

---

[1] The SAC asserts the following causes of action: (1) Violation of the Electronic Communications Privacy Act; (2) Violation of the California Invasion of Privacy Act; (3) Common Law Invasion of Privacy—Intrusion Upon Seclusion; (4) Invasion of Privacy in Violation of the California Constitution, Art. 1, § 1; (5) Breach of Express Contract; (6) Breach of Implied Contract; (7) Negligence; (8) Violation of the California Confidentiality of Medical Information Act; (9) Statutory Larceny Through False Pretenses; (10) Violation of the District of Columbia Consumer Protection Procedures Act; (11) Violation of the Georgia Computer Systems Protection Act; (12) Violation of the Georgia Insurance and Information Privacy Protection Act; (13) Violation of the Maryland Wiretapping and Electronic Surveillance Act; (14) Violation of the Oregon Unlawful Trade Practices Act; (15) Violation of the Virginia Computer Crimes Act; (16) Violation of the Virginia Insurance Information and Privacy Protection Act.; (17) Violation of the Washington Consumer Protection Act; (18) Violation of the Washington Privacy Act; (19) Violation of the Washington Health Care Information Act; (20) Violation of the District of Columbia Consumer Security Breach Notification Act and Consumer Protection Procedures Act; (21) Violation of the Maryland Personal Information Protection Act and Consumer Protection Act; (22) Violation of the Oregon Consumer Information Protection Act and Oregon Unlawful Trade Practices Act; and (23) Violation of the Washington Data Breach Act.

176 at 2.)  Plaintiffs filed a Statement of Non-Opposition to the Motion to Relate on June 25, 2024 (ECF No. 181), and the Court granted the Motion on July 1, 2024 (ECF No. 189).

On July 2, 2024, the Court *sua sponte* scheduled a Conference for August 6, 2024. (ECF No. 192.)  The Court further ordered the parties to submit a Joint Status Report by July 30, 2024, and to be prepared to address at the Conference whether the related cases should be consolidated.  (*Id.*)  On July 30, 2024, the parties filed a Joint Status Report.  (ECF No. 218.)  The Conference was subsequently rescheduled by the Court for August 27, 2024, with this Joint Status Report due by August 20, 2024. (ECF No. 220.)

**B. Discovery**

On October 17, 2023, the Court held an Initial Case Management Conference ("CMC"), wherein the *Doe* Plaintiffs and Kaiser were directed as follows:

> The Court will not stay discovery but ORDERED the parties to meet and confer to fashion a reasonable discovery plan through March of 2024 with an eye towards ADR. ***The information the Court believes is necessary for meaningful ADR includes information about class size and effect upon the class, as well as some high level information about damages***. The Court also asked the parties to discuss the timeline for close of fact discovery, since it is currently set only a few days after the tentative class certification hearing in October of 2024. The Court would like the parties to settle on a reasonable timeline that is longer than what Plaintiffs propose, but shorter than what Defendants propose. The Court asks that the parties to meet and confer and ask Judge Kang to resolve specific matters if necessary.

(ECF No. 77 (emph. added).)  At the CMC, the Court was clear that: "***I am not going to stay discovery***. So, discovery will go forward. CMC Tr. 17:24-25 (emph. added).[2]  The Court was also clear that class and merits discovery would not be bifurcated stating:

> [W]ith respect to any bifurcation between class discovery and merits discovery, I generally don't do that, especially after *Dukes*. It just doesn't work. There's just so much overlap now, and often we see[ ] in class discovery extensive expert submissions and *Daubert* motions and everything else it almost looks like the trial. And, so, *I don't, unless it's a highly unusual case, bifurcate as we used to in terms of the class action discovery*.

(CMC Tr. 11:8-15) (emph. added).  Following the parties' conferral, the Court entered the Joint

---

[2] A copy of the transcript of the October 17, 2023 Case Management Conference is filed as Exhibit A to the Declaration of Kristin Housh in support of Kaiser's Motion to Modify Case Management Schedule (ECF No. 172), and is cited herein as "CMC Tr."

Stipulation Regarding Case Management Schedule and Order as Modified (the "Initial Scheduling Order"), (ECF No. 107), which provided the following dates for commencement of discovery: (1) "Discovery Begins Per the Court's Guidance at the October 17, 2023 Case Management Conference and the Court's October 17, 2023 Order" on October 17, 2023 and (2) "Remaining Discovery Begins" on April 1, 2024.

To date, the following written discovery has been served in this matter: *Doe* Plaintiffs' Request for Production (Set One) to Kaiser, served October 6, 2023; *Doe* Plaintiffs' Interrogatories (Set One) to Kaiser, served December 29, 2023; Kaiser's Request for Production (Set One) to *Doe* Plaintiffs, served on February 6, 2024; *Doe* Plaintiffs' Request for Production (Set Two) to Kaiser, served May 10, 2024; and Kaiser's Request for Production (Set Two) to *Doe* Plaintiffs served on July 29, 2024; Kaiser's Responses to Interrogatories (Set One) served on February 12, 2024; Kaiser's Supplemental Response to Interrogatory No. 4 served on February 29, 2024; Kaiser's Supplemental Responses to Interrogatories 1-3 and 6-8 served on May 24, 2024; Kaiser's Second Supplemental Response to Plaintiffs' Interrogatory No. 4 served on August 8, 2024; Kaiser's Rule 34 Demand for Inspection (Set One) served on August 8, 2024; and Kaiser's Third Supplemental Response to Plaintiffs' Interrogatory No. 4 on August 14, 2024. To date, Kaiser has made seventeen document productions, producing 32,927 documents including relevant contracts, invoices, Jira tickets, internal emails, emails with third parties, and other internal documents. *Doe* Plaintiffs have made five productions consisting of 273 documents. No depositions have occurred to date.

Between August and November 2023, *Doe* Plaintiffs also served subpoenas on Google, Adobe, Microsoft/Bing, Twitter, Dynatrace, and Quantum Metric. *Doe* Plaintiffs, Kaiser, and third parties have engaged in numerous conferrals over the discovery requests, bringing several disputes before the Court. (*See* ECF Nos. 55, 73, 128, 183, 185.)

Nearly all of the issues raised in these discovery briefs have been resolved by Court Order and/or by agreement of the parties. *See* Order on Joint Discovery Dispute Letter Brief Re Protective Order, (ECF No. 100); Order on Joint Discovery Dispute Re Third-Party Subpoenas, (ECF No. 102); Order Resolving Discovery Letter Brief, (ECF No. 188); Supplemental Joint Status Report, (ECF No. 212); and Order Resolving Discovery Disputes Regarding Requests for Production, (ECF

No. 216). However, there is one ongoing discovery dispute concerning the date when Phase II discovery should commence. This is the subject of Kaiser's pending Motion to Modify Case Management Schedule (ECF No. 171) (discussed in Section I.C.3, *infra*).

## C. Pending Motions

### 1. Motion to Dismiss

On July 3, 2024, Kaiser filed a Motion to Dismiss the Second Amended Complaint (ECF No. 205) and a Motion to Compel John Doe to Arbitration (ECF No. 195.) *Doe* Plaintiffs are in the process of drafting their responses to both motions, which will be filed on the August 22, 2024 deadline ordered by the Court. (ECF No. 178.) Both Motions will be heard on October 10, 2024.

### 2. Motion to Appoint Co-Lead Counsel

On June 7, 2024, *Doe* Plaintiffs filed the 23(g) Motion, seeking appointment of Kessler Topaz Meltzer & Check LLP ("KTMC") and Carella, Byrne, Cecchi, Brody & Agnello, P.C., ("Carella Byrne") as Interim Co-Lead Class Counsel. (ECF No. 167.) Kaiser responded on June 21, 2024, taking the position that a decision on Plaintiffs' Motion should be stayed until this Court rules on Kaiser's Administrative Motion to Consider Whether Cases Should Be Related. (ECF No. 176.) The Court took the hearing for this matter off-calendar pending this hearing. (ECF No. 192.)

#### a. *Doe* Plaintiffs' Position

On April 25, 2024, news broke that Kaiser determined that it had disclosed Protected Health Information ("PHI") of 13.4 million current and former members to third party advertisers—which is precisely what Plaintiffs alleged when they brought this suit over one year ago. *See* Plaintiffs' Notice of Kaiser Disclosures. (ECF No. 127) (the "Notice"). Indeed, Kaiser's counsel has admitted that Kaiser's investigation into the data disclosures and corresponding Notice stemmed from the *Doe* Action. Transcript of July 18, 2024 Hearing before Magistrate Judge Kang ("July 18 Tr.") at 53:21-54:1. After the Notice, two actions were filed, asserting claims and classes that overlap with those in the *Doe* Action. While the Plaintiffs agree consolidation is appropriate, appointment of Interim Co-Lead Class Counsel pursuant to Rule 23(g) is in the best interests of the classes and necessary to ensure efficient, streamlined proceedings and do not result in conflicting rulings.

As courts have explained, where overlapping, duplicative, and competing class suits have

been filed, "designation of interim class counsel is encouraged, and indeed is probably **essential** for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Appointing class counsel here will ensure that the interests of the classes are safeguarded and represented by a single, unified voice, and will prevent uncertainty and confusion, and promote efficiency.[3]

The Court should appoint KTMC and Carella Byrne Interim Co-Lead Class Counsel. The 23(g) Motion is unopposed and is supported by the *Sutter* and *Newton* Plaintiffs. As explained in the 23(g) Motion, KTMC and Carella Byrne are nationally-recognized law firms with extensive experience in consumer fraud and privacy class action litigation, and significant trial experience, and have been vigorously pursuing litigation on behalf of the putative classes for **more than a year**. After spending months researching and developing the proprietary claims, which were brought in the original June 2023 Complaint, KTMC and Carella Byrne have continued to develop the factual record and work to advance the litigation and vindicate the interests of the Classes, including by (i) moving for a preliminary injunction in October 2023, (ii) successfully overcoming Kaiser's first motion to dismiss, (iii) negotiating a discovery schedule, (iv) negotiating confidentiality orders and ESI protocols, (v) propounding first and third-party discovery, (vi) reviewing confidential discovery; (vii) producing discovery; (viii) prevailing on numerous discovery disputes and negotiating resolutions to countless others; and (ix) briefing the second motion to dismiss.[4] Notably, on April 12, 2024, one day after this Court ruled on Kaiser's Motion to Dismiss, Kaiser sent a letter to the Washington Attorney General ("Notice Letter") **admitting** to the conduct Plaintiffs initial raised in their June 2023 complaint. This admission was a direct response to Plaintiffs' complaint and preliminary injunction motion, and confirms Plaintiffs' core allegations. *See* July 18 Tr. at 53:21-54:1. If appointed, KTMC and Carella Byrne will continue to vigorously represent the Classes and efficiently move this action towards resolution.

---

[3] Lack of rivalry or even overlapping actions is not a bar to the appointment of interim counsel, especially where doing so will "maximize efficiency." *Chen v. Target Corp.*, 2021 WL 6063632, at *2 (D. Minn. Dec. 22, 2021); *see also* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment ("In some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.").

[4] *See, e.g.*, ECF Nos. 55, 58, 73, 80, 104, 109, 117, 128 124, 183.

b. <u>Kaiser's Position</u>

In its Opposition (ECF No. 176), Kaiser took no position regarding the qualifications of the proposed interim co-lead class counsel. Rather, Kaiser challenged the timing of Plaintiffs' Motion on the ground that it is premature to appoint interim co-lead class counsel prior to the Court's ruling on Kaiser's Administrative Motion to have two related actions assigned to this Court. Now that the Court has related the *Doe* Action, the *Newton* Action, and the *Sutter* Action, Plaintiffs' Motion for Appointment remains premature until the Court rules on whether the cases should be consolidated.

**3. Motion to Modify Case Management Schedule**

On June 17, 2024, Kaiser filed a Motion to Modify Case Management Schedule (ECF No. 171) ("Motion to Modify") which seeks an order modifying the Initial Scheduling Order, (ECF No. 107) and a continuance of the start date of Phase II Discovery from April 1, 2024 to December 9, 2024. On July 1, 2024, the *Doe* Plaintiffs opposed the Motion to Modify. (ECF No. 190.)

a. <u>Kaiser's Position</u>

This dispute first arose in connection with the April 30, 2024 Joint Discovery Letter. (ECF No. 128.) Judge Kang resolved that dispute in Kaiser's favor, ordering the Parties to meet and confer regarding Phase II Discovery (including custodians, search terms, and start date) <u>on October 11, 2024</u>, the day after the hearing on Kaiser's Motion to Dismiss and Motion to Compel. (ECF No. 188 at 10.) Plaintiffs have continued to maintain that Phase II Discovery has already started.

Kaiser contends that on October 17, 2023, the Court orally instructed the Parties to "phase" discovery as follows: pleading-stage discovery is limited to information that the Court "believes is necessary for meaningful ADR," including: (1) "information about class size and effect upon the class" and (2) "high level information about damages" ("Phase I Discovery"), and post-pleading stage discovery encompasses all remaining discovery ("Phase II Discovery"). CMC Tr. at 10:13−16; 11:15−19; 15:5−8; 17:25−18:18.) The Court then confirmed these instructions in a Minute Entry following the CMC. (ECF No. 77 at 2.) The Court's instruction to phase discovery is also reflected in the Initial Scheduling Order (ECF No. 107)—to which the parties stipulated.

When the Parties stipulated to the Initial Scheduling Order in December 2023, they assumed the pleading stage of this case, and mediation, would be concluded by Spring of 2024. That

assumption proved incorrect, and the Initial Scheduling Order no longer reflects the realities of this case. Recognizing that, on June 13, 2024, the parties stipulated to a revised case schedule, which the Court entered on June 25, 2024. (ECF No. 178.) Though the parties were able to reach agreement on every other date in this case, Plaintiffs refused to stipulate to a continuance of Phase II discovery.

In his June 28, 2024 Order (ECF No. 188), Judge Kang noted that "the revised case schedule sets the hearing on Kaiser's motion to dismiss the Second Amended Complaint for October 10, 2024 and sets the hearing on Plaintiffs' class certification motion for February 7, 2025." *Id.* at 9. Based on that schedule, Judge Kang ordered "the Parties to begin meeting and conferring in good faith on these Phase II ESI discovery issues ***starting after October 11, 2024***" and "the Parties to file monthly Discovery Status Reports on the status of these negotiations and progress of Phase II discovery, starting on November 1, 2024 (unless the Court orders otherwise)." *Id.* at 10 (emph. added).

Further, in his recent July 23, 2024 Order (ECF No. 216), Judge Kang recognized that "[d]iscovery in this matter is phased." *Id.* at 5. However, Judge Kang "defer[ed] ruling on [whether Phase II Discovery should be continued until December 9, 2024], given that Kaiser's request to modify the discovery phasing deadlines remains pending before the presiding District Judge." *Id.*

Given that the scope of this lawsuit is still largely unknown, it is unreasonable, inefficient, and unfair to Kaiser to prematurely carry the substantial burden of Phase II Discovery at this time, particularly in light of pending mediation on October 1, 2024. Indeed, Plaintiffs recently filed a Second Amended Complaint on May 9, 2024. Kaiser filed another round of dipositive pleading-stage motions, which will not be heard until October 10, 2024. Those pending motions could drastically change the scope of this case.

Good cause exists to modify the Initial Scheduling Order and continue the start of Phase II Discovery to December 9, 2024 because: (1) Kaiser worked with Plaintiffs and the Court to create a workable scheduling order; (2) the April 1 start date for Phase II discovery is no longer workable given that this lawsuit is still in the pleading stages; and (3) Kaiser was diligent in seeking a modification of the Initial Scheduling Order. *See generally* ECF No. 171 at 5-8. Plaintiffs cannot offer a valid reason why good cause is not show, other than to mischaracterize Kaiser's request as "belated." *See* ECF No. 190 at 1.

Finally, if the Court does not continue the start of Phase II Discovery, Plaintiffs will continue demanding extensive and overbroad discovery and Kaiser will be forced to engage in extraordinarily expensive and time-consuming discovery at a time when the pleadings are unsettled, it is unknown which claims and parties will survive, and the Parties have not yet attempted mediation. Phase I Discovery <u>alone</u> has been egregiously time-consuming and expensive. Kaiser has already spent thousands of hours reviewing over 280,000 documents collected from seven key custodians. Kaiser has already produced over 32,500 documents. This stands in stark contrast to Plaintiffs' modest three productions consisting of 248 documents.

Recently, as part of continued Phase I discovery, Judge Kang instructed to: (1) supplement interrogatory responses to identify when each of the relevant web-tracking technologies at issue was first added or implemented to on the Kaiser website and apps; (2) meet and confer regarding an appropriate procedure for searching for and producing a reasonable scope of relevant Jira tickets; (3) produce a privilege log for Jira tickets withheld on the basis of privilege; (4) produce a categorical privilege log for responsive internal investigation documents generated by non-attorney Kaiser employees; and (5) produce responsive, non-duplicative organizational charts (to the extent such materials exist) covering a period from January 1, 2019 through July 18, 2024. Judge Kang's order will result in the production of even more Phase I Discovery. (ECF No. 216 at 9.)

Phase II Discovery will almost certainly entail a larger volume of documents to be reviewed, and possibly produced. [5] There is no reason to undertake that extremely burdensome task now, when there is a pending mediation and pending dispositive motions that will impact the scope of this case.

b.   <u>Plaintiffs' Position</u>

There is no good cause warranting modification of the Initial Scheduling Oder, and Kaiser's Motion to Modify is simply an effort to bifurcate and stay discovery. It should be denied. Moreover, Kaiser has not moved to dismiss all of the claims in the SAC. Accordingly, even if Kaiser succeeds on its motion to dismiss the SAC (which it should not) the Doe Plaintiffs will continue to have live

---

[5] Indeed, *Doe* Plaintiffs have demanded that Kaiser review ESI from at least 20 additional custodians as part of Phase II Discovery. Kaiser estimates that this will entail the review of at least an additional 800,000 documents above and beyond the 280,000 documents it has already reviewed as part of Phase I Discovery. (*See* ECF No. 172 at ¶11.)

claims and no further delay in discovery is warranted.

At the October 17, 2023 CMC, Your Honor explicitly declined to stay discovery and made clear that class and merits discovery would not be bifurcated. CMC Tr. 17:24-18:15. Thereafter, on December 18, 2023, the Parties stipulated to a scheduling order providing for an initial phase of discovery with full discovery (i.e., Phase II discovery) to begin on April 1, 2024. See ECF No. 107 at 3. The fact that the parties are briefing the motion to dismiss the SAC has no effect on beginning Phase II discovery. *See, e.g., Barrett v. Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) (denying motion to stay in putative class action finding "[t]he mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process"); *Meta Platforms, Inc. v. Voyager Labs LTD*, 2023 WL 4828007, at *1 (N.D. Cal. July 26, 2023) (citation omitted) (denying motion to stay and noting "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation"); P*alantir Techs. Inc. v. Abramowitz,* 2020 WL 13548687, at *3 (N.D. Cal. Jan. 30, 2020) (denying motion to stay while motion to dismiss was pending and rejecting defendant's argument that a stay was required simply because discovery "would require substantial resources").

Furthermore, Kaiser's request to have Phase I Discovery govern this case for five more months is simply another attempt to bifurcate discovery and prevent Plaintiffs from obtaining the evidence Kaiser is withholding that supports Plaintiffs' claims. Housh Decl., Ex. H-2, ECF No. 172 ("In light of Judge Chen's instructions about holding off on merits discovery until after we know what the four corners of this lawsuit look like post-pleading stage motion practice and after we have participated in mediation, it only makes sense to continue the start date for remaining discovery to later this year.") (emphasis added); contra CMC Tr. 11:8-15 ("[W]ith respect to any bifurcation between class discovery and merits discovery, I generally don't do that, especially after Dukes. It just doesn't work.") (emphasis added).

Kaiser's Motion to Modify would effectively stay discovery until December 9, 2024, which is one and a half years after this case began and eight months after this Court sustained several of Plaintiffs' claims. Equally troubling, Kaiser made this request two-and-a-half months after the

deadline had passed without producing any Phase II discovery in line with the Court's Order and without meeting its Phase I discovery deadline. There is no good cause for Kaiser's belated request, and its continued improper efforts to delay this litigation should be rejected. Lastly, because there is no justification to further delay, Judge Kang's Order commanding the parties to begin meeting and conferring regarding Phase II ESI discovery issues on October 11, 2024, unless the Court orders otherwise, should be revisited and the Parties should be ordered to immediately commence those discussions. *See* Order Resolving Discovery Disputes Letter Brief Dated April 30, 2024, ECF No. 188 ("April Order").

### D. <u>Settlement and ADR</u>

Mediation is currently scheduled for October 1, 2024 before the Honorable Wayne R. Anderson (Ret.) in Chicago, Illinois.

## II. NEWTON ET AL. V. KAISER FOUNDATION HEALTH PLAN, INC. ET AL.

### A. <u>Procedural Posture and Claims</u>

Plaintiffs filed this case on April 29, 2024 in Alameda County Superior Court. (ECF No. 1-2.) On June 10, 2024, Newton filed a First Amended Complaint adding Meta and Google LLC as defendants. *Id.* Kaiser removed this case to the Northern District of California on June 14, 2024. (ECF No. 1.) On July 1, 2024, the Court related this case to the Doe Action. (ECF No. 13.) The case was reassigned to Judge Edward M. Chen on July 2, 2024. (ECF No. 14.) Per the parties' stipulation, Kaiser's deadline to respond to the First Amended Complaint is extended to either: (1) 60 days from the date of this Court's order on consolidation; or (2) 60 days from the date of any consolidated amended complaint this Court orders to be filed (if consolidated), whichever deadline is later. . (ECF No. 33 at 2.) Also by stipulation (ECF No. 31), Google's response deadline is currently 45 days after the Court resolves Google's Motion to Sever and any subsequent motion to relate. Also by stipulation, Meta's response deadline is 45 days after this Court rules on Meta's forthcoming motion to sever and the court in the Consolidated Healthcare Action rules on Meta's forthcoming motion to relate. (ECF No. 22.)

The First Amended Complaint asserts the following causes of action on behalf of a single putative class: (1) Violations of the Confidentiality of Medical Information Act, Civil Code § 56, *et*

*seq*.; (2) Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.; (3) Negligence; (4) Negligence Per Se; (5) Violation of Common Law Invasion of Privacy-Intrusion Upon Seclusion; (6) Violation of CIPA, Cal. Penal Code § 631; and (7) Violation of CIPA, Cal. Penal Code § 632.  Causes of action 1 and 2 are brought against Kaiser Foundation Health Plan, Inc., Meta Platforms, Inc., and Google LLC.  Causes of action 3–4 are brought against Kaiser Foundation Health Plan, Inc.  Causes of action 5–7 are brought against Meta Platforms, Inc. and Google LLC. [6]  All claims are brought on behalf of a nationwide class.

### B.  Discovery

The parties have not yet engaged in discovery.

### C.  Pending and Forthcoming Motions

On July 15, 2024, Defendant Google LLC filed a Notice of Motion and Motion to Sever Plaintiffs' Claims (ECF No. 24.)  Plaintiffs' opposition was filed on July 29, 2024.  *Id.*  Google's reply was filed on August 5, 2024.  *Id.*  On August 7, 2024, the Court temporarily vacated the hearing on Google's motion to sever "[b]ecause of the pending issue of consolidation." (ECF No. 34.)  Meta has indicated that it will also file a motion to sever. Kaiser has indicated to Plaintiffs that it will seek to compel arbitration similar to the motion it filed in the *Doe* Action.

Defendant Meta intends to file a motion to sever the claims against it so that those claims may be related to and consolidated with the earlier-filed consolidated action with an overlapping putative class and claims, *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580, currently pending before the Honorable Judge William H. Orrick.  Meta's deadline to respond to the complaint has been extended via stipulation to 45 days after the Court rules on Meta's forthcoming motion to sever and after the ruling by Judge Orrick on Meta's forthcoming motion to relate. (ECF No. 22.)

### D.  Settlement and ADR

---

[6] Six of the seven claims asserted in the *Newton* Action are the same claims asserted by the *Doe* Plaintiffs on behalf of overlapping classes against Kaiser. The only claim asserted against Kaiser in the *Newton* Action that is not asserted by the *Doe* Plaintiffs is a California Unfair Competition Law claim. This claim is secondary to the core claims pending in the *Doe* Action.

After resolution of the motions to sever, Kaiser is willing to participate in ADR.

## III. SUTTER V. KAISER FOUNDATION HEALTH PLAN, INC.

### A. Procedural Posture and Claims

Plaintiffs filed their complaint on June 4, 2024.  (ECF No. 1.)  On July 1, 2024, the *Sutter* Action was related to the *Doe* Action.  (ECF No. 8.)  The *Sutter* Action was reassigned to Judge Edward M. Chen on July 2, 2024.  (ECF No. 10.)  Kaiser's response to the Complaint was due August 12, 2024 per the parties' stipulation, though the parties entered a Stipulation on August 6, 2024, stipulating that Kaiser's response will be due 60 days after the Court enters an order on consolidation. (ECF No. 13.)  The Complaint asserts the following causes of action on behalf of a single nationwide class: (1) Violation Of the Electronic Communications Privacy Act; (2) Breach of Express Contract; (3) Breach Of Implied Duty of Good Faith And Fair Dealing; (4) Breach of Implied Contract; (5) Negligence; (6) Breach of Fiduciary Duty; and (7) Unjust Enrichment.  The claims are all brought against Kaiser Foundation Health Plan, Inc. on behalf of Plaintiff and a nationwide class.

### B. Discovery and Pending Motions

The parties have not yet engaged in discovery and there are no pending motions.

### C. Settlement and ADR

Kaiser is willing to participate in ADR.  ADR for this action has not yet been scheduled.

## IV. THE PARTIES' POSITIONS ON CONSOLIDATION

### A. Kaiser's Position

Kaiser takes the position that the *Doe* Action, the *Newton* Action, the *Sutter* Action, and any other current or future action related to Kaiser's alleged use of online tracking technology, should be consolidated pursuant to Federal Rule of Civil Procedure 42.  Each of the cases present virtually identical factual and legal issues—namely whether the use of certain online tracking technologies on a website and mobile applications operated by Kaiser resulted in the improper disclosure of the personal information of the various plaintiffs—all of whom are Kaiser plan members, and whether these plan members were injured thereby.  Each case includes similar factual allegations, causes of action, and seeks similar relief.  While the *Doe* Action is slightly more procedurally advanced (with

a Motion to Dismiss and Motion to Compel pending), all cases are pre-class certification and pre-summary judgment. Discovery has commenced in the *Doe* Action, but discovery issues relating to each case will be parallel given that identical factual circumstances underpin each case. There is no basis for the Court to find that consolidation would cause inconvenience, delay, or expense. The interest of judicial convenience cuts sharply in favor of consolidation.

## B. *Doe* Plaintiffs' Position

Plaintiffs agree that consolidation is necessary and appropriate under Rule 42, as all cases involve "common questions of law or fact." Specifically, all parties agree that *Doe*, *Newton*, and *Sutter* involve: (i) materially identical allegations, (ii) overlapping claims, (iii) overlapping defendants, and (iv) overlapping classes. *See* ECF No. 173; ECF No. 182 at 3. In short, all cases "present questions of law and fact that overlap almost completely." *Mulligan v. Impax Lab'ys, Inc.*, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013) (Chen, J.). Consolidation will thus "help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money by everyone involved." *In re Century Aluminum Co. Sec.* Litig, 2009 WL 2905962, at *2 (N.D. Cal. Sept. 8, 2009).

After consolidation and appointment of Interim Co-Lead Counsel, all Plaintiffs believe the most efficient path forward is to stay the claims in the *Newton* and *Sutter* Actions as they relate to Kaiser[7] and litigate the core claims in the *Doe* Action, which are currently being briefed and will be argued in October 2024.[8] In addition, Ms. Sutter would like to be added as a class representative in

---

[7] Counsel for the *Newton* Plaintiffs agree their matter should be stayed as it relates to Kaiser. However, counsel for the *Newton* Plaintiffs are also seeking claims against Google and Meta, who are not Parties in the *Doe* action. Nor would those claims against Google and Meta be subject to arbitration. As a result, the *Newton* Plaintiffs believe the best course of action would be for the Court to stay the claims against Kaiser, while allowing the *Newton* Plaintiffs to pursue their claims against Google and Meta. Of course, this may be moot if the Court grants Google's Motion to Sever, and grants Meta's proposed Motion to Sever.

[8] Courts consistently recognize that it is the prerogative of lead counsel to decide which claims to pursue. *See, e.g.*, *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *11 (N.D. Cal. Dec. 18, 2018) ("[C]ourts have generally rejected objections challenging lead plaintiffs' decisions not to bring certain claims in [] class actions."); *In re Barclays Bank PLC Sec. Litig.*, 2016 WL 3235290, at *7 (S.D.N.Y. June 9, 2016) ("As lead plaintiff, Askelson is permitted to make tactical decisions to pursue some claims and not others.").

the *Doe* Action for the Virginia Sub-Class and Virginia Breach of Contract Sub-Class and is willing to provide discovery in line with that provided by Plaintiffs in that action. Courts routinely allow additional class representatives to be added to ensure the class is best represented. *See, e.g., Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 328 F.R.D. 255, 268 (D. Alaska 2018).

### C. *Newton* **Plaintiffs' Position**

As stated above, the *Newton* Plaintiffs do not object to consolidation, and believe that the claims, as they relate to Kaiser, and Kaiser only, should be stayed pending *Doe*.

### D. *Sutter* **Plaintiff's Position**

The *Sutter* Plaintiff does not object to consolidation.

### E. **Google's Position**

Google favors severance of the claims against it without respect to consolidation. The claims against Google in *Newton v. Kaiser* are substantially the same as those in the earlier-filed *Doe v. Google LLC*, No. 3:23-cv-02431-VC, also pending in this District. Moreover, the proposed class in *Doe v. Google* subsumes the proposed class here. Accordingly, on July 15, 2024, in *Newton v. Kaiser*, Google filed a Motion to Sever (ECF No. 24 therein) the claims against Google so that they can be related, on further motion, to *Doe v. Google*. As explained therein, the claims against Google are factually and legally distinct from those against Kaiser and Meta. The claims against Google generally do not arise out of the same transaction or occurrence as those against the other defendants and will require different witnesses and documentary proof. *See, e.g., Hernandez v. City of San Jose*, 2017 WL 2081236, at *4 (N.D. Cal. May 15, 2017). Severing the claims against Google will streamline discovery; simplify any future discussions of settlement; minimize the risk of inconsistent rulings; promote judicial economy; reduce litigation costs for all parties; and facilitate the claims' relation to *Doe v. Google*, in which substantially the same allegations were asserted earlier on behalf of the same proposed class. *Doe v. Google* has been vigorously litigated for over a year, during which time the presiding judge has become well-versed in the relevant facts and law. For these reasons, the claims against Google in *Newton v. Kaiser* can be most efficiently administered by severance and relation to *Doe v. Google*. Fairness and judicial economy favor this approach regardless of whether the Kaiser cases are consolidated.

The hearing on Google's Motion to Sever, initially set for August 22, was temporarily vacated sua sponte "[b]ecause of the pending issue of consolidation." (ECF No. 44.) Google respectfully submits, however, that severance should be considered before—or at least concurrent with—consolidation so that what stands to be consolidated is clear. Consolidation will make more sense if the claims against Google are severed, especially given that the *Newton* Plaintiffs propose for consolidation to trigger a stay of their claims against Kaiser—but not against Google or Meta— such that different claims would stagger forward on different schedules, partially undermining the efficiencies that consolidation might otherwise achieve. (*See supra* note 7.)

Finally, although Google is not a party to *Doe v. Kaiser* and takes no position on the Motion for Appointment of Co-Lead Counsel (ECF No. 167 therein) or the Motion to Modify Case Schedule (ECF No. 171 therein) discussed in preceding sections of this joint statement, to the extent Google might be affected by a ruling on either of those motions, Google respectfully requests that the motions be denied as moot without prejudice to refiling or, alternatively, held in abeyance until the Court has resolved Google's pending Motion to Sever (ECF No. 24 herein), as well as the consolidation issue.

### F.  Meta's Position

Meta does not oppose consolidation of the three related actions, but Meta's position is that the claims against Meta in *Newton v. Kaiser* and any claims against Meta related to the facts of these actions overlap with and are subsumed by the claims against Meta in the earlier-filed action, In *re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580. Accordingly, the claims against Meta should be severed and consolidated with the *In re Meta Pixel Healthcare Litigation* action, consistent with Meta's forthcoming motion to sever. To the extent the pending motions in the related cases discussed above affect *Newton v. Kaiser*, Meta respectfully requests that the Court resolve Meta's forthcoming motion to sever before addressing other motions.

Dated: August 20, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    _/s/ Wynter L. Deagle_
      WYNTER L. DEAGLE, Cal Bar No. 296501
      wdeagle@sheppardmullin.com
      KRISTIN P. HOUSH, Cal Bar No. 286651
      khoush@sheppardmullin.com
      ANNE-MARIE D. DAO, Cal Bar No. 282632
      adao@sheppardmullin.com
      DANE C. BRODY CHANOVE, Cal Bar No. 345843
      dbrodychanove@sheppardmullin.com
      12275 El Camino Real, Suite 100
      San Diego, California 92130-4092
      Telephone:    858.720.8900
      Facsimile:    858.509.3691

      TENAYA RODEWALD, Cal Bar No. 248563
      trodewald@sheppardmullin.com
      1540 El Camino Real, Suite 120
      Menlo Park, CA 94025
      Telephone:    650.815.2600
      Facsimile:    650.815.2601

      KARI M. ROLLINS *(Pro Hac Vice)*
      krollins@sheppardmullin.com
      30 Rockefeller Plaza
      New York, New York 10112-0015
      Telephone:    212.653.8700
      Facsimile:    212.653.8701

      NOLAN J. WALTER, Cal Bar No. 325021
      nwalter@sheppardmullin.com
      KEVIN MURPHY, Cal Bar No. 346041
      kemurphy@sheppardmullin.com
      1901 Avenue of the Stars, Suite 1600
      Los Angeles, California 90067-6055
      Telephone:    310.228.3700
      Facsimile:    310.228.3701

      Attorneys for Defendants Kaiser Foundation Health
      Plan, Inc., Kaiser Foundation Hospitals, and The
      Permanente Medical Group, Inc.

Dated: August 20, 2024

**KESSLER TOPAZ MELTZER & CHECK** LLP

By      /s/ Tyler S. Graden
         Joseph H. Meltzer (*appearance pro hac vice*)
         jmeltzer@ktmc.com
         Melissa L. Yeates (*appearance pro hac vice*)
         myeates@ktmc.com
         Tyler S. Graden (*appearance pro hac vice*)
         tgraden@ktmc.com
         Jordan E. Jacobson (Cal Bar No. 302543)
         jjacobson@ktmc.com
         280 King of Prussia Road
         Radnor, PA 19087
         Telephone: (610) 667-7706
         Facsimile: (610) 667-7056

         -and–

         **KESSLER TOPAZ MELTZER & CHECK,** LLP
         Jennifer L. Joost (Cal Bar No. 296164)
         jjoost@ktmc.com
         One Sansome Street, Suite 1850
         San Francisco, CA 94104
         Telephone: (415) 400-3000
         Facsimile: (415) 400-3001

         -and–

         **CARELLA, BYRNE, CECCHI, OLSTEIN,
         BRODY & AGNELLO, P.C.**
         James E. Cecchi (*appearance pro hac vice*)
         jcecchi@carellabyrne.com
         Michael A. Innes (*pro hac vice forthcoming*)
         minnes@carellabyrne.com
         Kevin G. Cooper (*appearance pro hac vice*)
         kcooper@carellabyrne.com
         5 Becker Farm Road
         Roseland, New Jersey 07068
         Telephone: (973)-994-1700
         Facsimile: (973)-994-1744

         -and-

**CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.**
Zachary Jacobs *(appearance pro hac vice)*
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

Attorneys for Plaintiffs and the proposed Classes

Dated: August 20, 2024

**POTTER HANDY LLP**

By      /s/ James Treglio
_____
MARK D. POTTER, Cal Bar No. 166317
mark@potterhandy.com
JAMES TREGLIO, Cal Bar No. 228077
jimt@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
Telephone: (415) 534-1911
Facsimile: (888) 422-5191

Attorneys for Plaintiffs Christopher Newton, Christa
Vital, Scott Schutza, on behalf of themselves and all
others similarly situated

Dated: August 20, 2024

**GIBSON, DUNN, CRUTCHER LLP**

By      /s/ Abigail A. Barrera
_____
ELIZABETH K. MCCLOSKEY, Cal Bar No. 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, Cal Bar No. 301746
abarrera@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111
Telephone:(415) 393-8200
Facsimile:(415) 393-830

-and–

**COOLEY LLP**
MICHAEL G. RHODES, Cal Bar No. 116127
rhodesmg@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant Meta Platforms, Inc.

Dated:  August 20, 2024

**WILKIE FARR & GALLAGHER LLP**

By     */s/ David Doak*
            BENEDICT Y. HUR, Cal Bar No. 224018
            bhur@willkie.com
            SIMONA A. AGNOLUCCI, Cal Bar No. 246943
            sagnolucci@willkie.com
            EDUARDO E. SANTACANA, Cal Bar No. 281668
            esantacana@willkie.com
            DAVID D. DOAK, Cal Bar No. 301319
            ddoak@willkie.com
            ISABELLA MCKINLEY CORBO, Cal Bar No. 34622
            icorbo@willkie.com
            333 Bush Street, 34th Floor
            San Francisco, CA  94104
            Telephone: (415) 858-7400

            Attorneys for Defendant Google LLC

Dated:  August 20, 2024

**LAW OFFICES OF ROBERT MACKEY**

By     */s/ Robert Mackey*
            Robert Mackey, Cal Bar No. 125961
            bobmackeyesq@aol.com
            660 Baker Street
            Building A, Ste. 201
            Costa Mesa, CA 92626
            Telephone: (412) 370-911

            Attorneys for Plaintiff Alexis Sutter and the proposed
            Class

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)

Pursuant to Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories whose signatures are indicated above by a conformed signature ("/s/") within this e-filed document.

Dated:  August 20, 2024

By                    */s/ Wynter L. Deagle*
                       Wynter L. Deagle