SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppardmullin.com
KRISTIN P. HOUSH, Cal Bar No. 286651
khoush@sheppardmullin.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppardmullin.com
DANE C. BRODY CHANOVE, Cal Bar No. 345843
dbrodychanove@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

Defendants.

Case No. 3:23-cv-02865-EMC

**DECLARATION OF WYNTER L. DEAGLE IN SUPPORT OF MOTION TO COMPEL ARBITRATION OF PLAINTIFF JOHN DOE'S CLAIMS AGAINST DEFENDANTS AND REQUEST TO STAY**

*Filed concurrently with Notice of Motion and Motion and [Proposed] Order*

Judge: Hon. Edward M. Chen
Date: May 29, 2025
Time: 1:30 p.m.
Crtrm.: 5

Consolidated Complaint Filed: December 6, 2024
Trial Date: January 25, 2027

**DECLARATION OF WYNTER L. DEAGLE**

I, Wynter L. Deagle, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants Kaiser Foundation Health Plan, Inc. ("KFHP"), Kaiser Foundation Hospitals ("Hospitals"), and Kaiser Foundation Health Plan of Washington ("KFHPW") (collectively, "Defendants"). If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief. This declaration is submitted in support of Kaiser's Motion to Compel Arbitration of Plaintiff John Doe's Claims Against Defendants and Request to Stay (the "Motion").

2. Plaintiffs did not propound any discovery for the relevant enrollment forms or EOCs before filing the Consolidated Master Class Action Complaint ("CMC") (and still have not). Nor did Plaintiffs' counsel ask Defendants' counsel to informally provide the relevant agreements between the parties—as Defendants' counsel willingly did prior to filing the first Motion to Compel.

3. On June 17, 2024, co-lead counsel for this matter, Tenaya Rodewald, sent an email to Plaintiffs' counsel, copying me, providing them with the relevant Enrollment Forms and EOCs demonstrating that an arbitration provision—materially identical to the one adjudicated in the MTC Order—required JD to arbitrate his claims in the Second Amended Complaint ("SAC") (which remain unchanged in the now operative CMC). I was copied on this email.

4. I previously met and conferred with counsel regarding this Motion. On June 26, 2024, I met and conferred by telephone with Plaintiffs' counsel. Plaintiffs' counsel indicated they would not withdraw JD's claims at this time and wanted to review the as-filed Motion to Compel. During the call, Plaintiffs' counsel did not offer any argument as to why the arbitration provisions contained in the EOCs for JD's father's health plans—under which JD was enrolled as a dependent—were inapplicable to JD's claims in the SAC (*i.e.*, why JD's claims in the SAC did not relate to an, "alleged violation of a duty related to the EOC [or his] relationship to Kaiser," *see* ECF No. 119 at 13). On December 17, 2024, I sent a meet and confer email to Plaintiff's counsel

asking if Plaintiffs were willing to stipulate to arbitrating John Doe's claims in the newly filed CMC. I followed up on December 19, 2024. On December 19, 2024, Plaintiff's counsel responded asking for a draft stipulation that they could consider. That same day, at my direction, my associate Anne-Marie Dao sent Plaintiff's counsel a stipulation regarding arbitration. The next day, December 20, 2024, Plaintiff's counsel stated they would get back to us after discussing it internally. We did not receive proposed edits to our stipulation until January 22, 2025. As of the filing of this Motion, the Parties have been unable to reach an agreement as to stipulating to Arbitration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of January, 2025, at San Diego, California.

*/s/ Wynter L. Deagle*
Wynter L. Deagle