**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Counsel for Plaintiffs and the proposed Classes*
(*Additional Attorneys Listed on Signature Page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF JOHN DOE'S CLAIMS AGAINST DEFENDANTS AND REQUEST TO STAY**<br><br>Judge: Hon. Edward M. Chen<br>Date: May 29, 2025<br>Time: 1:30 p.m.<br>Court: 5<br><br>CMC Filed: December 6, 2024<br>Trial Date: January 25, 2027 |

Plaintiff John Doe ("Plaintiff") respectfully opposes Kaiser's Motion to Compel Arbitration of Plaintiff's Claims Against Defendants and Request to Stay ("Motion").

In the Motion, Kaiser asserts that Plaintiff's pre-2021 claims are subject to arbitration because there is an arbitration provision in the Evidence of Coverage ("EOC") associated with Plaintiff's father's enrollment in a Kaiser health plan. Kaiser argues that the claims alleged in the CMC[1] are subject to the EOC's arbitration provision because Plaintiff, as a dependent, was covered by his father's enrollment in the health plan prior to 2021. Kaiser's arguments regarding the applicability of the EOC arbitration provision are premised on this Court's prior decision compelling Plaintiff's post-2021 claims to arbitration due to a similar arbitration provision in Plaintiff's own EOC for his health plan. *See* Order Granting Defendants' Motion to Compel Arbitration ("Arbitration Order"), ECF No. 119. Plaintiff respectfully asserts his pre-2021 claims should not be compelled to arbitration.

As Plaintiff articulated in his prior Opposition to Kaiser's Motion to Compel his post-2021 claims to arbitration, Plaintiff maintains that the EOC is not the relevant contract regarding Plaintiff's claims which all concern the use of the Site and App. Plaintiff's Opposition to Defendants' Motion to Compel Arbitration at 2, ECF No. 108. Rather, Kaiser conditions Plaintiff's, and all other Kaiser Plan Members', use of the Site and App on their agreement to abide by the "Terms and Conditions for [Kaiser's] Website and Mobile Application,"[2] which is a stand-alone contract that does not contain an arbitration provision. Indeed, the Terms and Conditions, and the Terms and Conditions alone, govern the relationship of the parties with respect to the use of the Site and App and Kaiser's privacy obligations regarding the Site and App.

Importantly, the Terms and Conditions are separate and apart from the EOC and are supported by independent consideration. *See* CMC ¶¶ 97-101. Moreover, the Terms and Conditions—which were drafted by Kaiser—explicitly govern the relationship between users of Kaiser's Site and App and Kaiser. *Id.* ¶¶ 96-98, 100. In contrast, the scope of the EOCs, and thus the pertinent arbitration provision, is restricted to "the health care coverage of '[specific insurance plan]' under Health Plan's

[1] "CMC" refers to Plaintiffs' Consolidated Master Class Action Complaint. ECF Nos. 270-4 (sealed), 271 (public redacted). Any term not defined herein shall have the meaning ascribed to it in the CMC.
[2] *See* CMC, Ex. 4 ("Terms and Conditions"), ECF No. 271-4.

*Agreement* with your Group." *See, e.g.*, Declaration of Duane Walker in Support of Motion to Compel Arbitration at Exhibit D at 7-8, ECF No. 201-1. Accordingly, as previously explained by Plaintiff, the scope of the EOC limits the application of the EOC's allegedly "broad" arbitration provision, necessarily preventing its application to Plaintiff's claims here, which do not relate to his health plan coverage.[3]

Indeed, Ninth Circuit law is clear that when the same parties enter into separate contracts, as Plaintiff and Kaiser did here, some with and some without arbitration agreements, an arbitration clause in one agreement does not require that claims arising out of the other agreement be sent to arbitration. *Int'l Ambassador Programs, Inc. v. Archexpo*, 68 F.3d 337, 340 (9th Cir. 1995); *see also Johnson v. Walmart Inc.*, 57 F.4th 677, 683 (9th Cir. 2023) (holding that website's terms of use can be a separate and independent contract from another agreement entered into with the same company, and the arbitration provision in one agreement does not require arbitration of claims arising under the other). Accordingly, consistent with this binding precedent, the Terms and Conditions and *not* the EOC is the relevant contract to consider with respect to whether the privacy claims asserted in this litigation—which all arise from Kaiser's placement of Third Party Wiretapper's code on the Site and App—are subject to arbitration.

While necessarily preserving its arguments on these issues, Plaintiff acknowledges that the Court disagreed with Plaintiff's prior positions in a manner that effectively resolves the Motion in Kaiser's favor.[4] In light of the Court's prior analysis and decision (Arbitration Order), Plaintiffs refrain from fully reiterating the arguments made in the prior Opposition. Plaintiffs reserve all rights to appeal both the Court's prior decision regarding arbitration and any forthcoming ruling on the current Motion.

---

[3] California state courts have recognized such "infinite" or unrestricted arbitration clauses as being unconscionable. *See, e.g.*, *Cook v. Univ. of S. Cal.*, 321 Cal. Rptr. 3d 336, 344 (Cal. Ct. App. 2024) (affirming denial of motion to compel arbitration for arbitration provision that allowed for all claims to be arbitrated regardless of exceeding scope of underlying agreement).

[4] Kaiser states that "the parties have been unable to reach an agreement as to stipulating to arbitration." Mot. at 1-2 n.2. As their own recounting of the parties' exchanges make clear, Defendants never responded to Plaintiffs' proposed edits to their draft stipulation. *Id.* at 6. Indeed, to date, Plaintiffs still have not received a response.

For the foregoing reasons, Plaintiff respectfully opposes Kaiser's Motion to Compel Arbitration of Plaintiff John Doe's claims.

Dated: March 4, 2025

Respectfully submitted,

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

*/s/ Melissa L. Yeates*
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

-and-

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
Jordan M. Steele (*pro hac* forthcoming)
jsteele@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

**CARELLA, BYRNE, CECCHI,**

**OLSTEIN, BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Interim Class Counsel*
**LAW OFFICES OF ROBERT MACKEY**
Robert Mackey, Cal Bar No. 125961
bobmackeyesq@aol.com
16320 Murphy Road
Sonora, CA 95370
Telephone: (412) 370-9110

-and-

**MIGLIACCIO & RATHOD LLP**
Jason S. Rathod
jrathod@classlawdc.com
412 H Street NE, no. 302
Washington, DC, 20002
Telephone: (202) 470-3520

*Additional Counsel for Plaintiff Alexis Sutter*