# EXHIBIT 1

Exhibit 1

Comparative Settlements

| Case | The Settlement | *In re Carrier iQ, Inc., Consumer Priv. Litig.*, No. 3:12-md-02330-EMC (N.D. Cal. filed Apr. 20, 2012) (Chen, J.) | *In re Zoom Video Commc'ns, Inc. Priv. Litig.*, No. 3:20-cv-02155-LB (N.D. Cal. filed Mar. 30, 2020) | *Brooks v. Thomson Reuters Corp.*, No. 3:21-cv-01418-EMC (N.D. Cal. filed Feb. 26, 2021) (Chen, J.) | *In re Advocate Aurora Health Pixel Litig.*, No. 2:22-cv-01253-JPS (E.D. Wis. filed Oct. 24, 2022) | *Harbour v. Cal. Health & Wellness Plan*, No. 5:21-cv-03322-EJD (N.D. Cal. filed May 4, 2021) |
|---|---|---|---|---|---|---|
| **Types of Class Claims** | ECPA, CIPA, and CMIA among other common and statutory laws of California, the District of Columbia, Georgia, Maryland, Oregon, Virginia, and Washington. | ECPA, state privacy laws, state consumer protection laws, Magnuson-Moss Warranty Act, and Implied Warranty of Merchantability. | Unfair Competition Law, Consumers Legal Remedies Act, and other common laws of California. | Unfair Competition Law, Unjust Enrichment, and Right to Publicity/Misappropriation of Likeness. | ECPA and other common and statutory laws of Illinois and Wisconsin. | CCPA and CMIA, among other common and statutory laws of California. |
| **Settlement Fund** | $46,000,000, with the potential to increase to as much as $47,500,000 if certain conditions are met. | $9,000,000 | $85,000,000 | $27,500,000 | $12,225,000 | $10,000,000 |
| **Estimated Class Size** | 13,100,000 | 30,000,000 | 158,392,163 | 40,000,000 | 2,540,567 | 1,400,125 |
| **Class Members Sent Notice** | TBD | Not specified. | 144,242,901 | Not specified. | 2,540,567 | 1,387,210 |
| **Notice Method** | Email, Mail. | Press Release, Online Advertisements, Print Publication, Social Media Outreach. | Mail, Email, Settlement Website, Banner Advertising. | Print Publication, Social Media Publication, and Paid Search Campaign. | Mail. | Mail, Email. |
| **Number (and Percent) of Submitted Claims** | TBD | Total: 61,478 (0.20%) Valid/Timely: 39,458 (0.13%) Valid/Untimely: 3,101 (0.01%) | Total: 1,454,796 (0.92%) | Total: 752,034 (1.88%) Valid: 125,302 (0.31%) | Total: 570,963 (22.47%) Valid: 565,543 (22.26%) | Total: 35,163 (2.51%) |
| **Average Recovery Per Class Member** | $3.51 to $3.63 | $0.30 | $0.54 | $0.69 | $4.81 | $7.14 |

1

| Case | The Settlement | *In re Carrier iQ, Inc., Consumer Priv. Litig.*, No. 3:12-md-02330-EMC (N.D. Cal. filed Apr. 20, 2012) (Chen, J.) | *In re Zoom Video Commc'ns, Inc. Priv. Litig.*, No. 3:20-cv-02155-LB (N.D. Cal. filed Mar. 30, 2020) | *Brooks v. Thomson Reuters Corp.*, No. 3:21-cv-01418-EMC (N.D. Cal. filed Feb. 26, 2021) (Chen, J.) | *In re Advocate Aurora Health Pixel Litig.*, No. 2:22-cv-01253-JPS (E.D. Wis. filed Oct. 24, 2022) | *Harbour v. Cal. Health & Wellness Plan*, No. 5:21-cv-03322-EJD (N.D. Cal. filed May 4, 2021) |
|---|---|---|---|---|---|---|
| **Average Recovery Per Claimant** | TBD | $23.70 | Paid Subscriber Claimant: $95.51 User Claim: $29.68 | $154.59 | $23.70 | $196.02 |
| **Amount Distributed to Cy Pres Recipient(s)** | Remainder after further distributions to Claimants determined to be not cost effective to Institute for Public Health Innovation. | N/A | Remainder after distribution to Electronic Frontier Foundation, the Center for Democracy and Technology, and CyLab Usable Privacy and Security Laboratory at Carnegie Mellon University. | N/A | N/A | Remainder after distribution to Electronic Frontier Foundation. |
| **Administrative Costs** | Estimated between $1.7 million and $2.4 million | $2,750,000 | $2,833,000 | $545,000 | $2,750,000 | $872,486.82 |
| **Attorneys' Fees and Costs** | Fees: Not to exceed 33% Costs: Not to exceed $900,000 | Fees: $2,824,993.19 Costs: $23,356.02 | Fees: $21,250,000 Costs: $130,842.24 | Fees: $6,875,000 Costs: $670,885.29 | Fees: $2,824,993.19 Costs: $23,356.02 | Fees: $2,500,000 Costs: $37,333.06 |
| **Claimed Damages** | Ranges from nominal damages to statutory damages of $10,000 per class member under ECPA | Not provided. | $1,300,000,000 | Redacted. | Not provided. | Class: $7,534,340-105,480,760 CMIA Sub-Class: $1,369,180,000 |
| **Injunctive and/or Other Non-Monetary Relief** | In the early stages of this litigation and not in connection with this Settlement, Kaiser removed the tracking code from website and mobile apps and added a banner. | Implement remedial measures to ensure use of Tracking Pixels materially complies with HIPAA. | Injunctive relief pertaining to meeting disruptions, third-party integrations, and disclosures. | Design, implement, and maintain: updated procedures concerning deletion and access rights; a consumer-facing website to reasonably inform the California public about CLEAR; safeguards with respect to personal information about Californians. | Implement remedial measures to ensure use of Tracking Pixels materially complies with HIPAA. | Implement data security measures, provide credit monitoring, and provide insurance services. |

2