**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Interim Co-Lead Class Counsel for Plaintiffs*
*and the proposed Classes*

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**DECLARATION OF MELISSA L. YEATES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**<br><br>Judge: Hon. Edward M. Chen |

I, Melissa L. Yeates, hereby declare as follows:

1. I am a member of the Bar of the Commonwealth of Pennsylvania and a partner at the law firm of Kessler Topaz Meltzer & Check, LLP ("KTMC"). KTMC, together with Carella Byrne Cecchi Brody & Agnello, PC ("Carella Byrne"), serves as counsel for Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, and Alexis Sutter ("Plaintiffs") and the proposed Settlement Class in the above-captioned matter ("Action"). I make this Declaration based on my personal knowledge and would be competent to testify to the matters stated in this Declaration.

2. I submit this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement, Certification of Settlement Class, Notice to Settlement Class and Memorandum of Points and Authorities in Support ("Preliminary Approval Motion"). A true and correct copy of the Stipulation of Settlement dated August 13, 2025 between Plaintiffs and Defendant Kaiser Foundation Health Plan, Inc. is attached hereto as Exhibit 1.

3. During the course of this Action, Plaintiffs served on Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington (collectively, "Kaiser" or "Defendants" and together with Plaintiffs, the "Parties") three (3) sets of requests for production of documents and one (1) set of interrogatories.

4. In responses to Plaintiffs' discovery requests, Kaiser produced, and Plaintiffs reviewed, nearly 40,000 documents, amounting to more over 270,000 pages of documents.

5. Plaintiffs responded to two (2) separate document requests, one (1) set of interrogatories, and one (1) request for physical inspection from Kaiser.

6. Plaintiffs also served subpoenas on multiple third-party technology providers. On August 10, 2023, Plaintiffs served a subpoena directed to Adobe, Inc. On August 10, 2023 Plaintiffs served a subpoena directed to Alphabet, Inc. and on December 4, 2024, Plaintiffs served an amended subpoena on Alphabet, Inc. On August 11, 2023, Plaintiffs served a subpoena directed to Microsoft, Inc. and on December 19, 2024, Plaintiffs served an amended subpoena on Microsoft. Plaintiffs first served a subpoena on X Corp. on August 11, 2023 and on January 7, 2025, Plaintiffs served an

amended subpoena directed to X Corp. Plaintiffs also served subpoenas directed to Quantum Metric, Inc. on August 31, 2023, and Dynatrace, Inc. on November 6, 2023.

7.     Plaintiffs also served subpoenas on several marketing agencies identified through discovery, including Campbell Ewald Company, Hearts & Science LLC, and Rise Interactive.

8.     Plaintiffs' data expert, Dr. Ross A. Malaga, a Professor of Information Management and Business Analytics in the Feliciano School of Business at Montclair State University, also conducted data collection sessions with several Plaintiffs and analyzed that data to confirm whether Kaiser was revealing personal, identifying, and confidential medical information and communications through third party code installed on its websites and mobile applications.

9.     In connection with his review, Dr. Malaga issued an expert report related to his analysis of these HTTP communications on Kaiser's websites and mobile applications on October 4, 2023 in support of Plaintiffs' motion for a preliminary injunction.

10.     Dr. Malaga also conducted an in-person source code review at the offices of Kaiser's counsel in New York, NY on November 8, 2024. During his eight-hour review, Dr. Malaga reviewed hundreds of documents designated by Kaiser as Highly Confidential—Source Code under the Stipulated Protective Order which related to the implementation of third party code on Kaiser's websites and mobile applications.

11.     Plaintiffs also retained computer scientist, Dr. Christo Wilson. Dr. Wilson is a professor in the Khoury College of Computer Sciences at Northeastern University, a member of the Cybersecurity and Privacy Institute, a faculty associate at the Berkman Klein Center for Internet & Society at Harvard University, and an affiliate member of the Center for Law, Innovation and Creativity at Northeastern University School of Law.

12.     Dr. Wilson engaged in a second eight-hour source code review at the offices of Kaiser's counsel in New York, NY on March 10, 2025. During the review, Dr. Wilson reviewed hundreds of documents designated as Highly Confidential—Source Code and analyzed code from Kaiser's websites and mobile applications using Visual Studio Code on a Defendant-provided laptop. Specifically, Dr. Wilson analyzed code contained with Kaiser's Adobe Launch files and an Android application package.

13.     The Parties first mediated this matter before JAMS mediator, Hon. Wayne R. Andersen (Ret.), over the course of two days on October 1 and October 2, 2024, in Chicago, Illinois.

14.     The Parties subsequently participated in an additional mediation with JAMS mediator, Hon. Jay C. Gandhi (Ret.), on May 13, 2025, in Los Angeles, California.

15.     At the conclusion of the May 13, 2025 mediation, the Parties reached an agreement in principle to resolve the Action.

16.     In connection with the Preliminary Approval Motion, Class Counsel request approval of Strategic Claims Services, Inc. ("SCS"), an independent settlement and claims administrator with extensive experience handling class action administrations, to provide notice and administration services for the Settlement under the supervision of Class Counsel. Class Counsel recommend that SCS serve as the administrator after a competitive bidding process among four administrators.

17.     In the past two years, KTMC has engaged SCS to serve as the notice administrator or claims administrator in 1 other case (in addition to this Action) in which KTMC acted as class counsel or co-class counsel. In the past two years, Carella Byrne has engaged SCS to serve as the notice administrator or claims administration in 2 other cases (in addition to this Action) in which Carella Byrne acted as class counsel or co-class counsel. Class Counsel also continued to perform ongoing work during this period on settlements and other engagements with SCS which began more than two years ago.

18.     KTMC and Carella Byrne have found SCS to be a reliable administrator for these types of cases, with competitive pricing compared to similar administration firms.

19.     Based on information provided by Kaiser, the Settlement Class includes approximately 13.1 million individuals.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 19, 2025

*/s/ Melissa L. Yeates*
Melissa L. Yeates

**KESSLER TOPAZ**
 **MELTZER & CHECK, LLP**

*Interim Co-Lead Class Counsel*

# EXHIBIT 1

1   KESSLER TOPAZ
    MELTZER & CHECK, LLP
2   Jennifer L. Joost (Bar No. 296164)
    jjoost@ktmc.com
3   One Sansome Street, Suite 1850
    San Francisco, CA 94104
4   Telephone: (415) 400-3000
    Facsimile: (415) 400-3001
5
    KESSLER TOPAZ
6   MELTZER & CHECK, LLP
    Joseph H. Meltzer (appearance *pro hac vice*)
7   jmeltzer@ktmc.com
    Melissa L. Yeates (appearance *pro hac vice*)
8   myeates@ktmc.com
    Tyler S. Graden (appearance *pro hac vice*)
9   tgraden@ktmc.com
    Jordan E. Jacobson (Bar No. 302543)
10  jjacobson@ktmc.com
    280 King of Prussia Road
11  Radnor, PA 19087
    Telephone: (610) 667-7706
12  Facsimile: (610) 667-7056

13  *Interim Co-Lead Class Counsel*
    [*Additional Counsel Listed on Signature Page*]
14

15

CROWELL & MORING LLP
Kristin J. Madigan (SBN 233436)
  KMadigan@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  415.986.2800
Facsimile:  415.986.2827

CROWELL & MORING LLP
Jennie Wang VonCannon (SBN 233392)
  JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

CROWELL & MORING LLP
Jeffrey L. Poston (appearance *pro hac vice*)
  JPoston@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:  202.624.2500
Facsimile:  202.628.5116

*Attorneys for Defendants*
*Kaiser Foundation Health Plan, Inc., Kaiser*
*Foundation Hospitals, and Kaiser Foundation*
*Health Plan of Washington*

16                    **UNITED STATES DISTRICT COURT**

17                   **NORTHERN DISTRICT OF CALIFORNIA**

18                      **SAN FRANCISCO DIVISION**

19  JOHN DOE, JOHN DOE II, JOHN DOE III,          Case No. 3:23-cv-02865-EMC
    JANE DOE, JANE DOE II, JANE DOE III,
20  JANE DOE IV, JANE DOE V, and ALEXIS           **STIPULATION OF SETTLEMENT**
    SUTTER, Individually and on behalf of all
21  others similarly situated,                    District Judge:      Hon. Edward M. Chen
                                                  Magistrate Judge:    Hon. Peter H. Kang
22                 Plaintiffs,
                                                  Consolidated Complaint Filed:  Dec. 6, 2024
23       v.                                       Trial Date:                    Jan. 25, 2027

24  KAISER FOUNDATION HEALTH PLAN,
    INC., KAISER FOUNDATION HOSPITALS,
25  and KAISER FOUNDATION HEALTH
    PLAN OF WASHINGTON,
26
                   Defendants.
27

28

This Stipulation of Settlement (the "Stipulation"), dated August 13, 2025, is made and entered into by and among Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, and Alexis Sutter ("Plaintiffs"), on behalf of themselves and the Settlement Class Members, as defined below; and Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser Foundation Health Plan" or "Defendant"; and, together with Plaintiffs, collectively referred to herein as the "Parties").

## I.    BACKGROUND OF THE LITIGATION

On December 6, 2024, the Plaintiffs filed a Consolidated Master Class Action Complaint ("Consolidated Class Action Complaint," ECF No. 271) against Defendant and other related entities in the Northern District of California, Case No. 3:23-cv-02865-EMC ("Action").[1]

In this Action, Plaintiffs assert claims, individually and on behalf of the Settlement Class, against Defendant for (1) Violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*; (2) Violation of the California Invasion of Privacy Act, Cal. Pen. Code §§ 630 *et seq.*; (3) Common Law Invasion of Privacy—Intrusion Upon Seclusion; (4) Invasion of Privacy in Violation of the California Constitution, Art. 1, § 1; (5) Breach of Express Contract; (6) Breach of Implied Contract; (7) Negligence; (8) Violation of the California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56.10 *et seq.*; (9) Statutory Larceny Through False Pretenses, Cal. Pen. Code §§ 484, 496; (10) Violation of the District of Columbia Consumer Protection Procedures Act; (11) Violation of the Georgia Computer Systems Protection Act, Ga. Code Ann. § 16-9-93; (12) Violation of the Georgia Insurance and Information Privacy Protection Act, Ga. Code Ann. §§ 33-39-1 *et seq.*; (13) Violation of the Maryland Wiretapping and Electronic

---

[1] The initial Class Action Complaint in this Action was filed on June 9, 2023 (ECF No. 1), with a subsequent amendment on September 15, 2023 (ECF No. 44). On April 11, 2024, the Court dismissed 16 of Plaintiffs' 21 causes of action, but allowed Plaintiffs leave to amend (ECF No. 124). Plaintiffs filed their Second Amended Class Action Complaint on May 9, 2024 (ECF No. 131), repleading several causes of action the Court previously dismissed. Plaintiff Sutter filed her complaint on June 4, 2024 (s*ee Sutter v. Kaiser Foundation Health Plan, Inc.*, Case No. 3:24-cv-03352-EMC (N.D. Cal.)), which was subsequently consolidated with this Action on July 1, 2024 (*see* Order Granting Defendants' Administrative Motion to Consider Whether Cases Should Be Related, ECF No. 189). Plaintiffs have voluntarily dismissed without prejudice Defendants Kaiser Foundation Hospitals and Kaiser Foundation Health Plan of Washington from this action.

Surveillance Act, Md. Code. Ann., Jud. Proc. §§ 10-401 *et seq.*; (14) Violation of the Oregon Unlawful Trade Practices Act., Or. Rev. Stat. §§ 646.605 *et seq.*; (15) Violation of the Virginia Computer Crimes Act, Va. Code Ann. §§ 18.2-152.1 *et seq.*; (16) Violation of the Virginia Insurance Information and Privacy Protection Act, Va. Code Ann. §§ 38.2-600 *et seq.*; (17) Violation of the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86 *et seq.*; (18) Violation of the Washington Privacy Act, Wash. Rev. Code §§ 9.73 *et seq.*; (19) Violation of the Washington Health Care Information Act, Wash Rev. Code §§ 70.02.005 *et seq.*; (20) Violation of the District of Columbia Consumer Security Breach Notification Act, D.C. Code §§ 28-3851 *et seq.*, and Consumer Protection Procedures Act, D.C. Code §§ 28-3901 *et seq.*; (21) Violation of the Maryland Personal Information Protection Act, Md. Code Ann. Com. Law §§ 14-3501 *et seq.*, and Consumer Protection Act, Md. Code Ann. Com. Law §§ 13-101 *et seq.*; and (22) Violation of the Washington Data Breach Act, Wash. Rev. Code §§ 19.255.005 *et seq.*

Defendant denies the material allegations of the Consolidated Class Action Complaint and denies that Plaintiffs and Settlement Class Members are entitled to any of the relief they seek. Additionally, Defendant denies that the Plaintiffs and the Settlement Class Members that they purport to represent have suffered any damages.

On October 1 and 2, 2024, counsel for the Parties met with a mediator, retired U.S. District Judge for the Northern District of Illinois, Hon. Wayne R. Andersen, to discuss a potential settlement of the Action. Those discussions did not result in a mediated resolution. On May 13, 2025, counsel for the Parties met with another mediator, retired U.S. Magistrate Judge for the Central District of California, Hon. Jay C. Gandhi, to discuss a potential settlement of the Action. Both before and during those discussions, the Parties exchanged information about the size of the putative class, the relief to which Settlement Class Members may be entitled if Plaintiffs prevailed at trial or on appeal, the benefits provided in this Stipulation, and the Parties' positions on the merits of Plaintiffs' claims. The mediated arm's-length discussions culminated in the settlement embodied in this Stipulation (the "Settlement").

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

**II.    TERMS AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, on behalf of themselves and the Settlement Class Members and Kaiser Foundation Health Plan, Inc., by and through their respective counsel, as follows:

**A.    Definitions.**

1.    As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Affiliated Entities" means any representatives, trustees, predecessors, successors, assigns, affiliates, subrogors, subrogees, assignees, assignors, subsidiaries, agents, employees, servants, officers, directors, and attorneys of Defendant.

1.2    "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Settlement Administrator that is approved by the Court for payment from the Net Settlement Fund.

1.3    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Settlement Administrator.

1.4    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached as **Exhibit F** to this Stipulation, which a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

1.5    "Claimant" means a person or entity who or which submits a Claim to the Settlement Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.6    "Class Counsel" means (a) Kessler Topaz Meltzer & Check LLP; and (b) Carella, Byrne, Cecchi, Brody, & Agnello, P.C.

1.7    "Effective Date," or the date upon which the Settlement embodied in this Stipulation becomes effective, means the date on which the Final Order and Judgment Approving Settlement, substantially in the form of **Exhibit C** to this Stipulation, becomes final as a matter of law and non-appealable (*i.e.*, 30 days from entry of the Order).

1.8    "Long Form Notice of Proposed Settlement" or "Long Form Notice" means the Notice of Proposed Settlement of Class Action and Fairness Hearing, substantially in the form attached hereto as **Exhibit B**, to be posted on the Settlement Website.

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

1.9    "May 2024 Notice List" means the confidential list of current and former Kaiser Permanente members who were notified in May 2024 pursuant to 45 CFR §§ 164.400-414, including their names and contact information used to provide individualized notice (email address and mailing address where email address is not known).

1.10    "Net Settlement Fund" means the portion of the Settlement Amount (plus interest) remaining after the deduction of Court-ordered payments for attorneys' fees and costs (if any), any Court-awarded Service Awards, the Settlement Administrator's expenses and fees, and any taxes.

1.11    "Perfected Arbitration Claim" means the Claim of a current or former Kaiser Permanente member who completed either of the following on or before the filing of the Motion for Preliminary Approval of the Settlement:

    (a)    Preparing and serving an individual demand for arbitration pursuant to Rules 7 and 8 of the Rules for Kaiser Permanente Member Arbitrations of the Office of the Independent Administrator (the "Rules")[2]; and the claimant or their counsel has paid the $150 filing fee required by Rule 12 or submitted a filing fee waiver pursuant to Rule 13; or

    (b)    Where the current or former Kaiser Permanente member was included on a Demand for Arbitration on behalf of 25 or more claimants that was prepared and served pursuant to Rules 7 and 8 of the Rules, the Demand complies with Rule 4(a) of the Supplemental Rules Governing Mass Arbitrations (the "Supplemental Rules") and the claimant or their counsel has paid the $150 filing fee required by Supplemental Rule 5 and Rule 12[3]

for claims that refer to, relate to, or are otherwise based on any act, omission, practice, or conduct alleged or at issue in the Consolidated Class Action Complaint.

---

[2] Rules for Kaiser Permanente Member Arbitrations are available at https://oia-kaiserarb.com/uploadedfiles/Rules-2-14-25.pdf.
[3] Supplemental Rules Governing Mass Arbitrations are available at https://oia-kaiserarb.com/uploadedfiles/Supplemental-Rules-Effective-2-14-25.pdf

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

1.12    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated organization, and any other type of legal entity, and their spouses, heirs, successors, predecessors, representatives, or assigns.

1.13    "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form attached hereto as **Exhibit A**, *inter alia*, preliminarily approving the terms and conditions of this Stipulation, scheduling a Fairness Hearing concerning the final approval of the Settlement, and directing that notice of the proposed Settlement and Fairness Hearing be provided to the Settlement Class.

1.14    "Released Claims" and "Released Parties' Claims" means any and all claims, causes of action, suits, arbitration claims or demands, obligations, debits, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any law (including federal law, state law common law, contract, rule or regulation) or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, monetary or nonmonetary, that have been pled in the Action or that could have been pled in the Action, that arise out of or relate to the causes of actions, allegations, practices, or conduct at issue in the Consolidated Class Action Complaint, including but not limited to use of third-party code on the Kaiser Permanente websites and mobile applications as described in paragraphs 4 through 23 and 82 through 428 of the Consolidated Class Action Complaint and access of the unauthenticated and authenticated pages of the Kaiser Permanente websites or mobile applications. "Released Claims" and "Released Parties' Claims" do not include any claims relating to the enforcement of the Settlement or any claims of the individuals who submit timely and valid requests for exclusion from the Settlement Class in accordance with the terms set forth in the Long Form Notice.

1.15    "Released Parties" means Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., the Southern California Permanente

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

Medical Group, a partnership, Kaiser Permanente Insurance Company, a California corporation, Kaiser Foundation Health Plan of the Northwest, an Oregon corporation, Kaiser Foundation Health Plan of Washington, a Washington corporation, Kaiser Foundation Health Plan of Georgia, Inc., a Georgia corporation, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., a Maryland corporation, Kaiser Foundation Health Plan of Colorado, a Colorado corporation, Kaiser Foundation Health Plan of Ohio, an Ohio corporation, Colorado Permanente Medical Group, The Southeast Permanente Medical Group, Hawaii Permanente Medical Group, Mid-Atlantic Permanente Medical Group, Northwest Permanente Medical Group, Washington Permanente Medical Group, Kaiser Permanente Medical Foundation, and any affiliate of Kaiser Foundation Health Plan or Kaiser Foundation Hospitals or of any Permanente Medical Group), and all of their representatives, trustees, predecessors, successors, assigns, affiliates, subrogors, subrogees, assignees, assignors, subsidiaries, agents, employees, servants, officers, directors, and attorneys.

1.16 "Settlement Administrator" means the entity appointed by the Court to perform the Settlement administration duties described in this Stipulation. In the motion for preliminary approval, Plaintiffs and Class Counsel shall propose a Settlement Administrator subject to Kaiser Foundation Health Plan, Inc.'s approval which shall not be unreasonably withheld and the Court's final approval.

1.17 "Settlement Amount" means forty-six million dollars ($46,000,000.00) to be funded by the Kaiser Foundation Health Plan, Inc. and maintained in an escrow account at The Huntington National Bank for purposes of making payments pursuant to and effectuating this Stipulation. The Settlement Amount may be increased, but in no event will it exceed forty-seven million and five hundred thousand dollars ($47,500,000.00), depending on certain conditions of the confidential Supplemental Agreement. Any increase to the Settlement Amount will be presented to the Court prior to the Fairness Hearing. The Parties agree that once the Settlement Amount is transferred to the escrow account it shall be considered a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code of 1986, as

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

amended, and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1 *et seq.*, and will be administered by Class Counsel or a designated Escrow Agent as such. The Parties agree to cooperate with one another to the extent reasonably necessary to carry out the provisions of this section.

1.18    "Settlement Class" means any and all Kaiser members[4] in the Kaiser Operating States[5], including those members who have not completed a Perfected Arbitration Claim as defined in Paragraph 1.11, who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024:

| Websites | |
|---|---|
| | https://wa-member.kaiserpermanente.org |
| | https://healthy.kaiserpermanente.org |
| | https://mydoctor.kaiserpermanente.org |
| **Mobile Applications** | |
| | Kaiser Permanente Washington App |
| | Kaiser Permanente App |
| | My Doctor Online (NCAL Only) App |
| | My KP Meds App |
| | KP Health Ally App |

1.19    Expressly excluded from the Settlement Class are: (1) the Judges presiding over the Action, Class Counsel, Sutter Counsel, and immediate members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusion prior to the Opt-Out

---

[4] "Kaiser members" (also referred to in this Stipulation as "Kaiser Permanente members") means current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[5] "Kaiser Operating States" (also referred to in this Stipulation as Kaiser Permanente Operating States) means California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

1    Deadline; (4) the successors or assigns of any such excluded Persons; and (5) Kaiser

2    Permanente members with a Perfected Arbitration Claim.

3    1.20    "Settlement Class Member" means a Person who is a member of the Settlement Class except

4    that a member of the Settlement Class shall cease to be a Settlement Class Member if that

5    Person submits a valid request for exclusion in the manner set forth in Paragraph 2.6 or is

6    otherwise excluded from the Settlement Class by order of the Court.

7    1.21    "Settlement Website" means the website established by the Settlement Administrator to

8    provide Settlement Class Members with information and documents relating to the

9    Settlement. The Parties will work with the Settlement Administrator to develop the

10   Settlement Website in a form agreeable to the Parties.

11   1.22    "Short Form Notice of Proposed Settlement" or "Short Form Notice" means the Short

12   Notice of Proposed Settlement of Class Action and Fairness Hearing, substantially in the

13   form attached hereto as **Exhibit E**, which will be emailed or mailed (in postcard form) to

14   Settlement Class Members.

15   1.23    "Sutter Counsel" means (a) Law Offices of Robert Mackey; and (b) Migliaccio & Rathod

16   LLP.

17   1.24    "Unknown Claims" means any and all Released Claims that any Plaintiff or Settlement

18   Class Member does not know or suspect to exist in his or her favor as of the Effective Date

19   and which, if known by him or her, might have affected his or her decision(s) with respect

20   to the Settlement. With respect to any and all Released Claims, the Parties stipulate and

21   agree that upon the Effective Date, Plaintiffs and Settlement Class Members shall have

22   waived any and all provisions, rights, and benefits conferred under California Civil Code §

23   1542 or by any law of any state of the United States, or principle of common law or

24   otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542,

25   which provides:

26        A general release does not extend to claims that the creditor or

27        releasing party does not know or suspect to exist in his or her favor

28        at the time of executing the release and that, if known by him or her,

9

1         would have materially affected his or her settlement with the debtor

2         or released party.

3    The Parties and Settlement Class Members by operation of law shall be deemed to have

4    acknowledged that the inclusion of "Unknown Claims" in the definition of Released Claims

5    was separately bargained for and was a key element of the Stipulation.

6    **B.    Operative Terms of Settlement.**

7  2.1    The Parties will work cooperatively in filing and submitting all appropriate motions and

8    proposed orders with the Court in order to obtain preliminary and final approval of the

9    Settlement, including a Plan of Allocation that provides for the calculation, allocation, and

10    distribution of the Net Settlement Fund.

11  2.2    Plaintiffs will retain the Settlement Administrator appointed by the Court. The Settlement

12    Administrator will sign Exhibit A to the Protective Order in the Action (ECF No. 106, Ex.

13    A (Acknowledgment and Agreement to be Bound)), adhere to the Protective Order to fulfill

14    its obligations to effectuate this Stipulation, and comply at all times with its obligations

15    under a Business Associate Agreement ("BAA") under HIPAA between the Settlement

16    Administrator and Defendant Kaiser Foundation Health Plan, Inc. The Settlement

17    Administrator shall be authorized to employ anti-fraud protections and measures as

18    appropriate to ensure that Authorized Claimants receive the Net Settlement Fund.

19  2.3    Within fifteen (15) days after the Preliminary Approval Order is entered by the Court,

20    Kaiser Foundation Health Plan Inc. will, if and only if the Court orders it to do so and as

21    authorized by 45 C.F.R. § 164.512(e)(i), provide the Settlement Administrator with the May

22    2024 Notice List, including the last known email address for all Settlement Class Members

23    on the May 2024 Notice List, for the sole purpose of effectuating notice of the Settlement

24    to Settlement Class Members on behalf of Class Counsel, which information shall be

25    designated "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order

26    entered in the Action (ECF No. 106 ¶ 2.8) and subject to a BAA under HIPAA between the

27    Settlement Administrator and Defendant Kaiser Foundation Health Plan, Inc. Class Counsel

28    shall not receive, review, or otherwise access the May 2024 Notice List or any reproduction

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

thereof. Class Counsel explicitly acknowledges that the May 2024 Notice List will be provided to the Settlement Administrator only pursuant to Court order, so that Class Counsel may direct the Settlement Administrator to provide notice by email to Settlement Class Members as the primary method of notice and as the most efficient and cost-effective manner for the Class, reducing administrative costs which will leave more of the Net Settlement Amount available for distribution to the Settlement Class.

2.4    Within thirty (30) days thereafter, Class Counsel will direct the Settlement Administrator, pursuant to this Stipulation and the Preliminary Approval Order, to cause the Settlement Class Members listed on the May 2024 Notice List to be notified by either (i) an email sent to each Person's last known email address containing language substantially similar to that included in the Short Form Notice of Proposed Settlement attached as **Exhibit E**, or (ii) mailing the Short Form Notice of Proposed Settlement by first-class U.S. mail to each Person's last known mailing address, or (iii) providing the Short Form Notice of Proposed Settlement using another method that satisfies Rule 23 of the Federal Rules of Civil Procedure. To the extent a Short Form Notice of Proposed Settlement sent by U.S. mail is returned because the addressee is no longer found at the address to which the notice was sent (or for any other reason), or if an email is returned as undeliverable, the Settlement Administrator will use reasonable best efforts to obtain correct current addresses and thereafter re-send the Short Form Notice of Proposed Settlement by first-class U.S. mail or email, as applicable. No later than 10 days from the mailing date, the Settlement Administrator shall provide an affidavit of mailing to Class Counsel.

2.5    At such time as Class Counsel cause the Short Form Notice of Proposed Settlement to be provided as required under Paragraph 2.4 above, the Settlement Administrator shall also create the Settlement Website which shall contain: (i) the Long Form Notice, (ii) the Stipulation, (iii) motions in support of the Settlement and fee applications (after such motions are filed with the Court), (iv) Settlement deadlines, and (v) where other Settlement information can be found. The Long Form Notice of Proposed Settlement will also

summarize the Plan of Allocation (attached hereto as **Exhibit G**) and shall be substantially in the form attached hereto as **Exhibit B**.

2.6    For a Settlement Class Member to be excluded from the Settlement Class, the Settlement Class Member must personally request exclusion by sending a complete request for exclusion (including the Settlement Class Member's full name, mailing address, telephone number, email address, and Unique ID as provided by the Settlement Administrator), signed with a wet ink signature or DocuSigned (or similar electronic signature equivalent)[6], to the Settlement Administrator at the address described in the Long Form Notice of Proposed Settlement, and which must be received by the Settlement Administrator no later than forty five (45) days after the Short Form Notice of Proposed Settlement is mailed or otherwise provided ("Opt-Out Deadline"). The request for exclusion must include the statement "I wish to exclude myself from the Settlement Class and do not wish to participate in the settlement in *Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC," or substantially similar clear and unambiguous language.

2.7    With regard to any Settlement Class Member who submits a timely and valid request for exclusion, that Settlement Class Member shall be excluded from the Settlement Class, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not be entitled to participate in the Settlement. If a Settlement Class Member does not submit a timely and valid request for exclusion, the Settlement Class Member will be part of the Settlement Class and shall be entitled to participate in the Settlement and shall have an opportunity to object to any aspect of the Settlement.

2.8    Kaiser Foundation Health Plan shall have the unilateral right to terminate the Settlement in the event that the number of current or former members of Kaiser Permanente meet the conditions set forth in the Parties' confidential supplemental agreement ("Supplemental

---

[6] An attorney's signature, or a typed signature, is not sufficient. Exclusion letters must be signed by the Settlement Class Member personally, and not a lawyer or anyone else acting on their behalf. "Mass" or "class" opt outs made on behalf of multiple persons or classes of persons will be deemed invalid.

Agreement") and are excluded from the Settlement Class, in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall be submitted to the Court *in camera* and its terms shall not be disclosed in any other manner (other than the statements herein and in the Long Form Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Class Counsel and Kaiser Foundation Health Plan concerning its interpretation or application, in which event the Parties shall request that the Court afford it confidential treatment.

2.9     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a. Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as **Exhibit F** or in electronic form, in accordance with the instructions for the submission of such Claims;

b. All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, and the Releases provided for herein. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Settlement Administrator;

c. Each Claim, in order to be deemed valid, must include the Unique ID as provided by the Settlement Administrator on the Short Form Notice;

d. Each Claim shall be submitted to and reviewed by the Settlement Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (f) below as necessary;

e. Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim, the Settlement Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Settlement Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Settlement Administrator proposes to reject, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (f) below; and

f. If any Claimant whose Claim has been rejected desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (e) above or a lesser time period if the Claim was untimely, serve upon the Settlement Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

2.10    Except as necessary to implement the terms of the Settlement and any Court orders, Class Counsel and the Settlement Administrator will keep confidential all personally identifiable information of the Settlement Class Members and comply with the Protective Order entered in the Action (ECF No. 106), which includes information that can be used on its own or combined with other information to identify, contact, or locate an individual, or to identify an individual in context. In addition, the Settlement Administrator will enter into a BAA under HIPAA with Defendant Kaiser Foundation Health Plan, Inc. before it may receive

access from Kaiser Permanente to Protected Health Information ("PHI") as defined in the HIPAA regulations and such access shall occur only pursuant to a Court order.

2.11    Within fifteen (15) days after the Court's entry of the Preliminary Approval Order, the Kaiser Foundation Health Plan will pay the Settlement Amount of forty-six million dollars ($46,000,000.00) into the Qualified Settlement Fund account administered by Class Counsel.

2.12    The Net Settlement Fund shall be distributed to the Settlement Class in accordance with the Plan of Allocation, **Exhibit G**.

2.13    Class Counsel may file a motion for an award of attorneys' fees and costs, and service awards to each named Plaintiff up to $5,000 ("Service Award") to be paid from the Settlement Amount. Nothing in this Stipulation or Settlement shall be construed to prohibit the Kaiser Foundation Health Plan from opposing a request for an award of attorneys' fees and costs, regardless of the percentage amount Class Counsel seek. Any court order that reduces the award of attorneys' fees or expenses, or Service Awards, on appeal or otherwise shall not provide a basis to terminate the Settlement.

2.14    Any attorneys' fees and expenses awarded by the Court shall be paid to Class Counsel within ten (10) calendar days of the Court's order granting such relief, notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's joint and several obligation to make appropriate refunds or repayments to the escrow account plus interest earned thereon, if, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is lowered or the Settlement disapproved by a final order not subject to further review. Any attorneys' fees or expenses awarded by the Court shall be paid from the escrow account for the Qualified Settlement Fund.

2.15    Class Counsel may allocate such fees to Plaintiffs' counsel subject to each Plaintiffs' counsel's (including their respective partners, shareholders and/or firms) joint and several obligation to repay those amounts to the Qualified Settlement Fund plus accrued interest

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

earned on such fees and expenses, if and when, whether as a result of any appeal and/or further proceedings on remand, or successful collateral attack or otherwise, the fee or expense award is reduced or reversed or return of the Qualified Settlement Fund is required. In such event, Plaintiffs' counsel shall refund to the Qualified Settlement Fund the fee and expense award paid to them, along with interest, as described above, in an amount consistent with such reversal or modification. Furthermore, all Plaintiffs' counsel (including their respective partners, shareholders and/or firms) agree that they remain subject to the continuing jurisdiction of the Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Qualified Settlement Fund as provided in this paragraph.

2.16    It is understood that the Settlement Administrator, under Class Counsel's supervision shall, subject to Court approval, be solely responsible for allocating the Net Settlement Fund among Settlement Class Members. Kaiser Foundation Health Plan shall have no liability or responsibility for any Plan of Allocation of the Net Settlement Fund or for any payments, fees, or costs under the Settlement aside from funding the Settlement Amount. Such allocation shall not affect the finality of the Settlement. Under no circumstances shall Defendant be required to pay any amounts in furtherance of this Stipulation and its administration other than the funding of the Settlement Amount.

2.17    Class Counsel will direct the Settlement Administrator to, *inter alia*, administer the Settlement and make payments to the Settlement Class Members pursuant to this Stipulation, the Plan of Allocation, the Preliminary Approval Order, and the Order of Final Approval of Settlement. Residual Settlement payments (if any) shall be distributed to the approved cy pres recipient(s) pursuant to the Plan of Allocation, which recipients the Parties will work in good faith to select mutually and if the Parties are not able to agree they will nominate recipients to Court.

2.18    Defendant shall play no role in, and will have no liability for, the administration of the Settlement or determining the sufficiency of Claims or the amount of Claims under the Settlement.

2.19    Any remaining expenses, beyond those deducted pursuant to Paragraph 2.24, related to the administration of the Settlement and fees of the Settlement Administrator, are to be paid from the Qualified Settlement Fund prior to distribution of any monies to Settlement Class Members.

2.20    The Settlement Administrator will maintain a complete and accurate record of all payments made to Settlement Class Members, which shall be subject to examination by Class Counsel and Kaiser Foundation Health Plan's counsel on reasonable notice.

2.21    Kaiser Foundation Health Plan agrees not to challenge any claims for payments from the Net Settlement Fund to Settlement Class Members, or any determinations made by the Settlement Administrator; however, nothing in this Stipulation shall limit or otherwise affect the liability of the Settlement Administrator or any other party for fraud.

2.22    With the sole exception of Defendant's obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in Paragraph 2.11 above and the Supplemental Agreement, Defendant and Defendant's counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Amount; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Amount; (v) any loss suffered by, or fluctuation in value of, the Qualified Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.23    No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Settlement Administrator, or any other agent designated by Class Counsel, or Releasees and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of allocation approved by the Court, or any order of the Court.

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

Plaintiffs and Defendant, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Amount or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Qualified Settlement Fund, or any losses incurred in connection therewith.

2.24    This Settlement is not a claims-made settlement. If the Settlement does not become final, the Settlement Amount (plus accrued interest), less the cost of administration paid or incurred and less any taxes paid or due on interest earned, shall be promptly returned to the Kaiser Foundation Health Plan. No Settlement Class Member shall have any claim against Class Counsel, Sutter Counsel, the Settlement Administrator, Defendant's counsel, Defendant or its Affiliated Entities, or any Released Parties based upon any distribution made substantially in accordance with this Stipulation, the Plan of Allocation, or further orders of the Court.

2.25    Upon the Effective Date, Plaintiffs and all Settlement Class Members, and their respective current and former employees, attorneys, heirs, executors, administrators, agents, legal representatives, conservators, professional corporations, partnerships, assigns, successors, and, with respect to minors, parents and guardians, will fully, finally, and forever release, relinquish, and discharge Defendant and Released Parties from, and shall forever be enjoined from prosecution of Defendant, its Affiliated Entities, and the Released Parties for, any and all Released Claims. The Plaintiffs agree that they will not seek any further compensation, consideration, or relief of any kind in connection with the Action, or any and all Released Claims. For avoidance of doubt, following the Effective Date, Defendant and the other Released Parties shall not have any further payment obligation related to the Action or the Released Claims.

2.26    Upon the Effective Date, Defendant and the other Released Parties shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed any and all Released Parties' Claims, as defined in Paragraph

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

II.A of this Stipulation, against Plaintiffs and all Settlement Class Members, and their respective current and former employees, attorneys, heirs, executors, administrators, agents, legal representatives, conservators, professional corporations, partnerships, assigns, successors, and, with respect to minors, parents and guardians.

2.27    Plaintiffs and Class Counsel shall not publicly disparage, defame, or criticize Defendant, its Affiliated Entities, or the Released Parties with respect to the Released Claims; nor shall Plaintiffs or Class Counsel publicly disparage, defame, or criticize Defendant's counsel for their conduct in the Action; nor shall Plaintiffs or Class Counsel encourage any other Person to do so. Additionally, Defendant, its managing agents, and Defendant's counsel shall not publicly disparage, defame, nor criticize Plaintiffs or Settlement Class Members with respect to the Released Claims; nor shall Defendant, its managing agents, or Defendant's counsel publicly disparage, defame, or criticize Class Counsel for their conduct in the Action. Statements of the Parties or their counsel that they are pleased that the matter has been resolved shall not constitute disparagement in violation of this paragraph, nor shall any reference to publicly available filings in this Action. Nor shall this provision be read, in any way, to preclude Class Counsel or counsel for Defendant from representing clients in, and pursuing, future litigation related to the subject matter of this Action, including by making allegations or statements in court filings relating to the subject matter of this Action.

2.28    Any change in law arising after the date of this filing will not be relied upon by any Party as a basis for refusing to carry out the terms of this Stipulation.

2.29    Attached as **Exhibit D** to this Stipulation are forms of notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notices"). Kaiser Foundation Health Plan shall mail the CAFA Notices within ten (10) days after this Stipulation is filed with the Court. Kaiser Foundation Health Plan is solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least forty-five (45) days before the Fairness Hearing, Defendant shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b). The Parties agree that any delay by Defendant in timely serving the CAFA notice will not provide

19

grounds for delay of the Fairness Hearing or entry of the Final Order and Judgment Approving Settlement.

### C.    The Preliminary Approval Order.

3.    After execution of this Stipulation, the Parties shall request the Court to enter the Preliminary Approval Order, substantially in the form of **Exhibit A** to this Stipulation, providing for, *inter alia*, preliminary approval of, notice of, and hearing on the proposed Settlement ("Fairness Hearing"). The Fairness Hearing shall occur at a date and time designated by the Court, but no sooner than one hundred (100) days after the Preliminary Approval Order is entered by the Court (to account for the CAFA Notices described in Paragraph 2.29 above). The Preliminary Approval Order shall, *inter alia*, specifically include provisions that:

3.1    Preliminarily approve the Settlement as set forth in this Stipulation, subject to further hearing and determination under Rule 23(e);

3.2    Approve the Long Form Notice of Proposed Settlement and Short Form Notice of Proposed Settlement substantially in the forms of **Exhibits B and E** hereto;

3.3    Appoint the Settlement Administrator;

3.4    Order Kaiser Foundation Health Plan to provide to the Settlement Administrator with the May 2024 Notice List for the sole purpose of providing notice of the Settlement to the Settlement Class on behalf of Class Counsel, recognizing that the May 2024 Notice List will contain Kaiser Permanente member email addresses and U.S. mailing addresses and reference the fact that a Settlement Class Member is or was a Kaiser Permanente member, and that the May 2024 Notice List be designated Highly Confidential under the Protective Order entered in this Action;

3.5    Order Class Counsel to issue the Short Form Notice of Proposed Settlement to the individuals listed on the May 2024 Notice List via email, U.S. first-class mail (if an email address is not provided) or another method of notice that satisfies Rule 23;

3.6    Find that the method of providing the Long Form Notice of Proposed Settlement and Short Form Notice of Proposed Settlement pursuant to this Stipulation constitutes the best notice

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

1    practicable under the circumstances, and that the notices fully satisfy the requirements of

2    due process and the Federal Rules of Civil Procedure;

3    3.7    Schedule the Fairness Hearing to be held by the Court to determine whether the Stipulation

4    and Plan of Allocation should be finally approved as fair, reasonable, and adequate, and

5    whether an Order finally approving the Stipulation and the Plan of Allocation should be

6    entered;

7    3.8    Provide that no objection to the Stipulation shall be heard and no papers submitted in

8    support of said objection shall be received and considered by the Court at the Fairness

9    Hearing unless the objection and reasons therefor, along with copies of any supporting

10    papers, are filed with the Clerk of the Court within forty-five (45) days of the mailing or

11    providing of the Short Form Notice of Proposed Settlement;

12    (a)    Any written objection must contain the following:

13    (1)    The name and case number of this lawsuit, *Doe, et al. v. Kaiser*

14    *Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC;

15    (2)    The objector's/commenter's full name, mailing address, and email

16    address or telephone number, and Unique ID as provided by the Settlement

17    Administrator;

18    (3)    An explanation of why the commenter or objector believes he or she

19    or they are a Settlement Class Member;

20    (4)    As to an objection, a statement whether the objection applies only to

21    the objector, or to a specific subset of the Settlement Class, or to the entire

22    Settlement Class;

23    (5)    All reasons for the objection or comment, stated with specificity;

24    (6)    A statement identifying the number of class action settlements the

25    objector has objected to or commented on in the last five years;

26    (7)    Whether the objector or commenter intends to personally appear

27    and/or testify at the Fairness Hearing;

28

21

(8)    The name and contact information of any and all attorneys representing, advising, or assisting the commenter or objector, including any attorney who may be entitled to compensation for any reason related to the objection or comment;

(9)    For each attorney representing, advising, or assisting the objector, a statement identifying every objection the attorney has filed to any other class action settlements in the last five years;

(10)    Whether any attorney will appear on the objector's or commenter's behalf at the Fairness Hearing, and if so the name and law firm of that attorney;

(11)    Copies of any exhibits the objector intends to submit into evidence at the Fairness Hearing;

(12)    The identity of any persons whom the objector or any attorney appearing on the objector's behalf wishes to call to testify at the Fairness Hearing; and

(13)    The objector's handwritten or electronically imaged written (*e.g.*, "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

3.9    Provide that the Fairness Hearing may be continued from time to time by Order of the Court if necessary, and without further written notice to the Settlement Class.

**D.    Order of Final Approval of Settlement.**

4.    Upon approval by the Court of the Settlement embodied in this Stipulation, a Final Order and Judgment Approving Settlement shall be entered by the Court, substantially in the form of **Exhibit C** hereto, which shall, *inter alia*:

4.1    Finally approve the Settlement set forth in this Stipulation;

4.2    Adjudge that the Settlement is fair, reasonable, and adequate to the Settlement Class;

4.3    Dismiss the Action against Defendant with prejudice;

4.4    Adjudge that Plaintiffs and all Settlement Class Members shall be deemed conclusively to have released any and all Released Claims against Defendant, its Affiliated Entities, and the Released Parties;

4.5    Bar and permanently enjoin Plaintiffs and all Settlement Class Members from prosecuting any and all Released Claims against Defendant, its Affiliated Entities, and the Released Parties;

4.6    Reserve exclusive jurisdiction, without affecting the finality of the Final Order and Judgment Approving Settlement entered, with regard to:

    (a)    Implementation of this Stipulation and the Final Order and Judgment Approving Settlement;

    (b)    Disposition of the Settlement Amount; and

    (c)    Enforcement and administration of this Stipulation and the Final Order and Judgment Approving Settlement, including the release provisions thereof.

4.7    Find that notice to the appropriate state and federal officials has been provided as required by CAFA and that Defendant has satisfied its obligations pursuant to 28 U.S.C. § 1715.

**E.    Effect of Disapproval, Cancellation, or Termination.**

5.1    If the conditions of Settlement set forth in this Stipulation are not satisfied, if the Court does not enter the Preliminary Approval Order substantially provided for in this Section C, ¶¶3.1-3.6, of this Stipulation, or enter the Final Order and Judgment Approving Settlement as substantially provided for in this Section D, ¶¶ 4.1-4.7, of this Stipulation, if Kaiser Foundation Health Plan exercises its unilateral right to terminate the Settlement under the conditions set forth in the Supplemental Agreement, if the Court enters the Final Order and Judgment Approving Settlement and appellate review is sought and on such review such Order is materially modified or reversed, and/or if one or more of the material terms of the Stipulation is not approved or the Final Order and Judgment Approving Settlement with respect to one or more of such terms is materially modified or reversed, then (a) the Settlement shall not be effective or enforceable, except to the extent costs of notice and administration have been incurred and/or expended or taxes have been paid pursuant to

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

Paragraph 2.14 above of this Stipulation; (b) the Parties shall revert to their litigation positions immediately prior to the execution of the Term Sheet at the May 13, 2025 mediation; (c) the voluntary dismissals of Kaiser Foundation Hospital and Kaiser Foundation Health Plan of Washington shall become null and void, and Defendant, along with any Released Party shall waive any defense in this Action arising from such dismissals; and (d) the facts and terms of this Settlement shall not be admissible in this Action or otherwise.

5.2     No ruling by the Court denying in whole or in part the requests by Plaintiffs and Class Counsel for an award of attorneys' fees, costs, expenses, and Service Awards to the named Plaintiffs will be grounds for cancellation or termination of the Settlement or the Stipulation, notwithstanding any language in this Stipulation to the contrary.

**F.     Miscellaneous Provisions.**

6.1     Plaintiffs and Kaiser Foundation Health Plan represent and warrant that they have not assigned or transferred to any person not a Party to this Settlement any released matter or any part or portion thereof and that no other releases or settlements are necessary from any other Person or entity to release and discharge each other as specified above. Plaintiffs and Kaiser Foundation Health Plan further represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Stipulation and have been given the opportunity to independently review this Stipulation with such legal counsel and agree to the particular language of the provisions herein.

6.2     The Parties agree to cooperate to the extent necessary to effectuate all terms and conditions of this Stipulation and the Plan of Allocation. If any disputes arise regarding the finalization of the Settlement, the Parties shall submit the dispute to Hon. Jay C. Gandhi (Ret.) of JAMS for mediation.

6.3     Plaintiffs and Class Counsel agree that they will use the Settlement Class Member information for Settlement purposes only, *i.e.*, effectuating, supporting, and carrying out the terms of the Settlement, and will comply with the Protective Order entered in the Action

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

1     (ECF No. 106), and shall not access in any format whatsoever the May 2024 Notice List.

2   6.4   The Parties and their counsel shall not engage in any conduct intended or designed to have

3     the Settlement not approved, nor otherwise attempt to (a) influence members of the

4     Settlement Class to opt out of the Settlement, or (b) solicit members of the Settlement Class

5     to pursue what would otherwise be a Released Claim outside of the Action.

6   6.5   All exhibits attached hereto are hereby incorporated by reference as though fully set forth

7     herein.

8   6.6   This Stipulation may be amended or modified only by written instrument signed by

9     authorized representatives of all Parties or their successors in interest. Class Counsel and

10     Defendant's counsel may agree to modify the Short Form Notice, the Long Form Notice,

11     or Claim Form with non-material edits without being considered a modification or

12     amendment of this Stipulation.

13   6.7   This Stipulation and the exhibits attached hereto constitute the entire agreement between

14     Settlement Class Members, Class Counsel, Kaiser Foundation Health Plan, and Kaiser

15     Foundation Health Plan's counsel. This Stipulation supersedes any prior agreements or

16     understandings, whether written or oral, between and among the Parties regarding this

17     Action or this Stipulation. Any representation, promise, or agreement not specifically

18     included in this Stipulation or the confidential Supplemental Agreement shall not be binding

19     upon or enforceable against any Party. This is a fully integrated agreement. This Stipulation

20     shall not be modified in any respect except by a writing executed by Class Counsel and

21     Kaiser Foundation Health Plan.

22   6.8   Each Party represents that (i) such Party has full legal right, power, and authority to enter

23     into and perform this Stipulation, subject to Court approval; (ii) the execution and delivery

24     of this Stipulation by such Party and the consummation by such Party of the transactions

25     contemplated by this Stipulation have been duly authorized by such Party; (iii) this

26     Stipulation constitutes a valid, binding, and enforceable agreement; and (iv) no consent or

27     approval of any Person or entity is necessary for such Party to enter into this Stipulation.

28

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

6.9     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

6.10    All of the terms of this Stipulation shall be governed by and interpreted according to the laws of the State of California, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs, in which case federal law as construed by the Ninth Circuit Court of Appeals shall control.

6.11    The Parties acknowledge and agree that the Court will retain jurisdiction over the Parties, the Action, and the Settlement for purposes of enforcing the terms of this Stipulation and the Final Order and Judgment Approving Settlement.

6.12    To the extent that any of the exhibits to this Stipulation are inconsistent with any of the terms of this Stipulation, there shall be a presumption that any such inconsistencies are resolved in favor of the terms of the Stipulation.

6.13    Except as expressly provided for in this Stipulation, each Party will bear its own costs and fees.

6.14    All agreements made and orders entered during the course of the Action relating to the confidentiality of information will survive the performance and/or termination of this Stipulation.

6.15    Neither this Stipulation nor any document referred to herein nor any action taken to carry out this Stipulation is or may be construed as either a finding by the Court or an admission by Defendant of any fault, wrongdoing, or liability whatsoever. There has been no final determination by any court as to the merits of the claims asserted by Settlement Class Members against Defendant.

6.16    The headings used herein are only for ease of reference, and do not modify the terms set forth in the numbered paragraphs and Sections of this Stipulation.

6.17    This Stipulation may be executed in one or more counterparts. All executed counterparts, taken together, shall constitute a single, enforceable instrument.

26

1    IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed

2  by their duly authorized attorneys, as of the day and year first set forth above.

3

4  Dated: August 13, 2025                    Respectfully submitted,

5                                            KESSLER TOPAZ MELTZER & CHECK, LLP

6

7  By: _____
                                            Joseph H. Meltzer (appearance *pro hac vice*)
8                                           jmeltzer@ktmc.com
                                            Melissa L. Yeates (appearance *pro hac vice*)
9                                           myeates@ktmc.com
                                            Tyler S. Graden (appearance *pro hac vice*)
10                                          tgraden@ktmc.com
                                            Jordan E. Jacobson (Bar No. 302543)
11                                          jjacobson@ktmc.com
                                            280 King of Prussia Road
12                                          Radnor, PA 19087
                                            Telephone: (610) 667-7706
13                                          Facsimile: (610) 667-7056

14                                          -and-

15                                          KESSLER TOPAZ
                                            MELTZER & CHECK, LLP
16                                          Jennifer L. Joost (Bar No. 296164)
                                            jjoost@ktmc.com
17                                          One Sansome Street, Suite 1850
                                            San Francisco, CA 94104
18                                          Telephone: (415) 400-3000
                                            Facsimile: (415) 400-3001

19                                          -and-

20  By: _____
                                            CARELLA, BYRNE, CECCHI,
21                                          BRODY & AGNELLO, P.C.
                                            James E. Cecchi (appearance *pro hac vice*)
22                                          jcecchi@carellabyrne.com
                                            Michael A. Innes (*pro hac vice* forthcoming)
23                                          minnes@carellabyrne.com
                                            Kevin G. Cooper (appearance *pro hac vice*)
24                                          kcooper@carellabyrne.com
                                            5 Becker Farm Road
25                                          Roseland, New Jersey 07068
                                            Telephone: (973)-994-1700
26                                          Facsimile: (973)-994-1744

27                                          -and-

28

27                          STIPULATION OF SETTLEMENT
                            CASE NO. 3:23-CV-02865-EMC

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Interim Co-Lead Class Counsel*

LAW OFFICES OF ROBERT MACKEY
Robert Mackey, Cal Bar No. 125961
bobmackeyesq@aol.com
16320 Murphy Road
Sonora, CA 95370
Telephone: (412) 370-9110

MIGLIACCIO & RATHOD LLP
Jason S. Rathod (*pro hac vice* forthcoming)
jrathod@classlawdc.com
412 H Street NE, No. 302,
Washington, DC, 20002
Telephone: (202) 470-3520

*Additional Counsel for Plaintiff Alexis Sutter*

Dated: August 13, 2025                    Respectfully submitted,

CROWELL & MORING LLP

By: _____
Kristin J. Madigan
  KMadigan@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  415.986.2800
Facsimile:  415.986.2827

CROWELL & MORING LLP
Jennie Wang VonCannon (SBN 233392)
  JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

CROWELL & MORING LLP
Jeffrey L. Poston (appearance *pro hac vice*)
  JPoston@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:  202.624.2500
Facsimile:  202.628.5116

STIPULATION OF SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

*Attorneys for Defendants*
*Kaiser Foundation Health Plan, Inc., Kaiser*
*Foundation Hospitals, and Kaiser Foundation*
*Health Plan of Washington*

## Exhibit Summary

Exhibit A     [Proposed] Order Preliminarily Approving Settlement and Approving Notice of Proposed Settlement of Class Action and Fairness Hearing

Exhibit B     Long Form Notice of Proposed Settlement of Class Action and Fairness Hearing

Exhibit C     [Proposed] Final Order and Judgment Approving Settlement and Dismissing the Action with Prejudice

Exhibit D     Notice of Proposed Class Action Settlement Under 28 U.S.C. § 1715

Exhibit E     Short Form Notice of Proposed Class Action Settlement and Fairness Hearing

Exhibit F     Claim Form

Exhibit G     Plan of Allocation

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>            Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPROVING NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FAIRNESS HEARING**<br><br>District Judge:      Hon. Edward M. Chen<br>Magistrate Judge:   Hon. Peter H. Kang<br><br>Consolidated Complaint Filed:  Dec. 6, 2024<br>Trial Date:                  Jan. 25, 2027 |

20

21

22

23

24

25

26

27

            WHEREAS, Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, and Alexis Sutter ("Plaintiffs"), on behalf of themselves and the Settlement Class Members, as defined below; and Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser Foundation Health Plan" or "Defendant"; and, together with Plaintiffs, collectively referred to herein as the "Parties"), determined to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Stipulation of Settlement dated August 13, 2025 and all exhibits thereto (the "Stipulation"), which is filed with the Clerk of the Court (this settlement process is hereafter referred to as the "Settlement");

28

WHEREAS, Plaintiffs have filed an unopposed motion for an order that, *inter alia*, (1) preliminarily approves the Settlement on the terms set forth in the Stipulation; (2) preliminarily certifies the proposed Settlement Class; (3) appoints the proposed Settlement Administrator; (4) orders Kaiser Foundation Health Plan to provide to the Settlement Administrator the May 2024 Notice List for the sole purpose of providing notice of the Settlement to the Settlement Class on behalf of Class Counsel, recognizing that the May 2024 Notice List will contain Kaiser Permanente member email addresses and U.S. mailing addresses and reference the fact that a Settlement Class Member is or was a Kaiser Permanente member; (5) orders the Settlement Administrator to provide notice of the Settlement to the members of the Settlement Class per the approved methods and forms of notice; (6) establishes deadlines for members of the Settlement Class to opt out of the Settlement Class or object to the Settlement or any aspect thereof; and (7) schedules a hearing to determine whether the Settlement should be finally approved as fair, reasonable and adequate, and whether an order finally approving the Settlement as set forth in the Stipulation should be entered;

WHEREAS, the Court, having read and considered the motion, the memorandum submitted in support of the motion, the Stipulation and the exhibits thereto, including the proposed (i) Long Form Notice of Proposed Settlement of Class Action and Fairness Hearing; (ii) Short Form Notice of Proposed Settlement of Class Action and Fairness Hearing; and (iii) Plan of Allocation, finds that substantial and sufficient grounds exist for entering this Order Preliminarily Approving Settlement and Approving Notice of Proposed Settlement and Fairness Hearing ("Preliminary Approval Order"); and

WHEREAS, upon review and consideration of the foregoing materials, the Court has found good cause for entering this Preliminary Approval Order;

NOW, THEREFORE, IT IS ORDERED THAT:

1.      The definitions and terms set forth in the Stipulation are hereby adopted and incorporated into this Preliminary Approval Order.

2.      The Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the Settlement:

Any and all Kaiser members[1] in the Kaiser Operating States[2], including those members who have not completed a Perfected Arbitration Claim as defined in Paragraph 1.11 of the Stipulation of Settlement, who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024:

| Websites |
| --- |
| https://wa-member.kaiserpermanente.org |
| https://healthy.kaiserpermanente.org |
| https://mydoctor.kaiserpermanente.org |
| **Mobile Applications** |
| Kaiser Permanente Washington App |
| Kaiser Permanente App |
| My Doctor Online (NCAL Only) App |
| My KP Meds App |
| KP Health Ally App |

Excluded from the Settlement Class are (1) the Judges presiding over the Action, Class Counsel, Sutter Counsel and immediate members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusion prior to the Opt-Out Deadline; (4) the successors or assigns of any such excluded Persons; and (5) the Kaiser Permanente members with a Perfected Arbitration Claim as defined in the Stipulation.

---

[1] "Kaiser members" (also referred to in the Stipulation as "Kaiser Permanente members") means current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[2] "Kaiser Operating States" (also referred to in this Stipulation as Kaiser Permanente Operating States) means California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

3.      The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to appoint Plaintiffs as Class Representatives for the Settlement Class and to appoint Kessler Topaz Meltzer & Check, LLP and Carella Byrne Cecchi Brody & Agnello, PC as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.      The proposed Settlement as reflected in the Stipulation and all exhibits thereto is hereby preliminarily approved. The Court finds that the proposed Settlement is the product of informed arm's-length negotiation by counsel; contains no obvious deficiencies that would prevent preliminary Court approval; bears a reasonable relationship to the claims alleged by Plaintiffs and the litigation risks of Plaintiffs as well as Defendant; and does not improperly grant preferential treatment to the named Plaintiffs or segments of the Settlement Class. The Court also finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the proposed Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Fairness Hearing to be conducted as described below. Accordingly, notice of the Settlement should be given to the Settlement Class.

6.      The Court approves the forms of notice (i.e., the Long Form Notice of Proposed Settlement of Class Action and Fairness Hearing and the Short Form Notice of Proposed Settlement of Class Action and Fairness Hearing (together, the "Notices")), attached to the Stipulation as

Exhibits B and E. The Court directs that notice shall be given to the Settlement Class as follows: (i) Short Form Notice disseminated by email to each Person's last known email address (as provided in the May 2024 Notice List or otherwise available to Defendant), or by first-class U.S. mail to each Person's last known mailing address (in the event an email address is not available), and (ii) Long Form Notice posted to the Settlement Website. To the extent a notice sent by U.S. mail or email is returned because the addressee is no longer found at the address to which the notice was sent (or for any other reason), the Settlement Administrator will use reasonable best efforts to obtain correct current addresses and thereafter re-send the notice. The Court finds that these notice procedures established by the Stipulation are appropriate and are reasonably calculated to apprise the members of the Settlement Class of the pendency of the Action and the proposed Settlement, afford any member of the Settlement Class an opportunity to present any objections to the Settlement or to opt out of the Settlement Class, and comply in all respects with the Federal Rules of Civil Procedure, the United States Constitution (including all of the requirements of due process), and all other applicable laws and rules.

7.      As provided in the Stipulation, Defendant shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA Notice"), no later than ten (10) days following the filing of the Stipulation with the Court. At least forty-five (45) days before the Fairness Hearing, Defendant shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8.      The Court finds that the Settlement Administrator will need personally identifiable information of Settlement Class Members, including their names and last-known mailing addresses and email addresses and disclosure of the fact the individual is or was a Kaiser Permanente member, in order to provide notice by U.S. mail and email to Settlement Class Members. The Court further finds that the public interest in providing this notice outweighs any potential injury to the Settlement Class Members. Therefore, the Court orders that Kaiser Foundation Health Plan release to the Settlement Administrator the names and last-known mailing addresses and email addresses of Settlement Class Members (i.e., the May 2024 Notice List or similar records maintained by Kaiser) for the limited purposes of providing notice to Settlement Class Members. This information will

only be disclosed to the Settlement Administrator and shall be designated "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order entered in the Action (ECF No. 106 ¶ 2.8). The Court recognizes that the May 2024 Notice List will contain Kaiser Permanente member email addresses and U.S. mailing addresses and reference the fact that a Settlement Class Member is or was a Kaiser Permanente member.

9.    Strategic Claims Services is hereby appointed as the Settlement Administrator, and shall be responsible, under the direction and supervision of Class Counsel, for providing the Notices to the Settlement Class in accordance with the provisions of the Stipulation and this Order, as well as processing Settlement Class Member Claims and issuing payments to eligible Settlement Class Members.

10.    Within fifteen (15) days of the entry of this Order, the Kaiser Foundation Health Plan, Inc. is ordered to, pursuant to the Stipulation and this Order, and pursuant to 45 C.F.R. §164.512(e)(i), provide the Settlement Administrator with the May 2024 Notice List and additional emails if available, including Settlement Class Member email addresses (or mailing addresses for any Settlement Class Members where email is unavailable) for the purpose of effectuating notice of the Settlement, which information shall be designated "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order entered in the Action (ECF No. 106 ¶ 2.8) and subject to a Business Associate Agreement under HIPAA between the Settlement Administrator and Defendant Kaiser Foundation Health Plan, Inc. Class Counsel shall not receive, review, or otherwise access the May 2024 Notice List, supplemental lists of email addresses, or any reproduction thereof.

11.    Within thirty (30) days after the provision of the May 2024 Notice List to the Settlement Administrator, Class Counsel will direct the Settlement Administrator, pursuant to the Stipulation and this Order, to cause the individuals listed on the May 2024 Notice List, all current or former Kaiser Permanente members, to be notified by either (i) an email sent to each Person's last known email address containing language substantially similar to that included in the Short Form Notice, or (ii) mailing the Short Form Notice by first-class U.S. mail to each Person's last known mailing address, or (iii) providing the Short Form Notice using another method that satisfies Rule 23 of the Federal Rules of Civil Procedure (the "Notice Date"). As noted above, to the extent

a notice sent by U.S. mail is returned because the addressee is no longer found at the address to which the notice was sent (or for any other reason), or if an email is returned as undeliverable, the Settlement Administrator will use reasonable best efforts to obtain correct current addresses and thereafter re-send the notice by first-class U.S. mail or email, as applicable. No later than ten (10) days from the Notice Date, the Settlement Administrator shall provide an affidavit of mailing to Class Counsel. Contemporaneously with the emailing/mailing of the Short Form Notice, the Settlement Administrator will post the Long Form Notice, Claim Form, and Plan of Allocation on the Settlement Website.

12.     Settlement Class Members must complete and submit a Claim in order to be eligible to receive a payment from the Settlement. Claims must be submitted (mailed with a postmark or via the Settlement Website) no later than forty-five (45) calendar days after the Notice Date, unless the Court orders otherwise. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to eligible Settlement Class Members. Any eligible Settlement Class Member that does not negotiate their payment from the Net Settlement Fund within the time permitted: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; and (c) shall be bound by the provisions of the Settlement and all proceedings, determinations, orders, and judgment in the Action relating thereto.

13.     In order for a member of the Settlement Class to be excluded from the Settlement Class, the Settlement Class Member must request exclusion in writing or via the Settlement Website within the time and manner set forth in the Long Form Notice, and the request for exclusion must be received by the Settlement Administrator no later than forty-five (45) days after the Notice Date. Each request for exclusion must: (i) state the full name, residential address, telephone number, email address of the Person requesting exclusion; (ii) state "I request exclusion from the Settlement Class in *Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC (N.D. Cal.);" (iii) include the Settlement Class Member's Unique ID as provided by the Settlement Administrator, and (iv) include a wet ink signature (i.e., no /s/ signature by permission) or by

electronically imaged written (e.g. "DocuSign"). Exclusion letters must be signed by the Settlement Class Member personally, and not a lawyer or anyone else acting on their behalf. "Mass" or "class" opt outs made on behalf of multiple persons or classes of persons will be deemed invalid. With regard to any Settlement Class Member who submits a timely and valid request for exclusion, that Settlement Class Member shall be excluded from the Settlement Class, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not be entitled to participate in the Settlement.

14.    To object to the Settlement, a Settlement Class Member must mail to or file with the Court in the manner described in the Long Form Notice, and the objection must include the following: (i) identify the full name, address, telephone number, Unique ID provided by the Settlement Administrator and contained in the notice received by mail/email, and email address of the Person objecting and be personally signed by the objector; (ii) an explanation of why the commenter or objector believes he or she or they are a Settlement Class Member; (iii) a statement whether the objection applies only to the objector, or to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) all reasons for the objection or comment, stated with specificity; (v) a statement identifying the number of class action settlements the objector has objected to or commented on in the last five years; (vi) whether the objector or commenter intends to personally appear and/or testify at the Fairness Hearing; (vii) the name and contact information of any and all attorneys representing, advising, or assisting the commenter or objector, including any attorney who may be entitled to compensation for any reason related to the objection or comment; (viii) for each attorney representing, advising, or assisting the objector, a statement identifying every objection the attorney has filed to any other class action settlements in the last five years; (ix) whether any attorney will appear on the objector's or commenter's behalf at the Fairness Hearing, and if so the name and law firm of that attorney; (x) copies of any exhibits the objector intends to submit into evidence at the Fairness Hearing; (xi) the identity of any persons whom the objector or any attorney appearing on the objector's behalf wishes to call to testify at the Fairness Hearing; and (xii) the objector's handwritten or electronically imaged written (e.g., "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient. Such

objection must be postmarked or filed no later than forty-five (45) days after the Notice Date. Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the Plan of Allocation, or the Fee Application (defined below) unless such person has mailed to or filed with the Court an objection to the Settlement and a notice of intent to appear within forty-five (45) calendar days after the Notice Date.

15.    Any Settlement Class Member who does not object in the foregoing manner (and as set forth in the Long Form Notice) shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement, the Plan of Allocation, and/or the Fee Application. The procedures and requirements for filing objections satisfy the due process rights of all Settlement Class Members and are sufficient to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objections to the Settlement.

16.    No later than thirty-five (35) calendar days before the deadline for submitting requests for exclusion and objections, Class Counsel shall file their opening papers in support of final approval of the Settlement, including any motion for attorneys' fees, reimbursement of costs and expenses, and service awards to Plaintiffs (the "Fee Application").

17.    The Court will determine whether to grant final approval of the Settlement following a Fairness Hearing to be held on _____, 2025, at ____ a.m./p.m., at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom 5 – 17th Floor, San Francisco, CA 94102 (the "Fairness Hearing"). The Court will determine pursuant to the Fairness Hearing that it has jurisdiction over the subject matter, the Parties, and the members of the Settlement Class. It will further determine, among other things, whether the proposed Settlement, including the Plan of Allocation, is fair, reasonable, and adequate, and whether it should be finally approved by the Court. The Court will rule on the Fee Application, including the amounts of attorneys' fees, costs, and expenses that should be awarded to Class Counsel pursuant to Rule 23(h), and the service awards to be awarded to the named Plaintiffs, if any. The Court may adjourn and/or reschedule the Fairness Hearing without further written notice to the Settlement Class and may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. Any changes to the date, time and format of the Fairness

Hearing will be posted on the Settlement Website. Any member of the Settlement Class who wishes to appear at the Fairness Hearing should consult the Court's docket and/or the Settlement Website for any changes to the hearing.

18.    No later than fifteen (15) calendar days before the Fairness Hearing, the Parties may file with the Court any papers in further support of final approval of the Settlement, the Plan of Allocation, and the Fee Application, including responses to objections. Copies of these papers shall be served upon any Settlement Class Members who files a valid and timely objection, or their counsel.

19.    The Settlement Administrator shall, at least fifteen (15) calendar days prior to the Fairness Hearing, file with the Court proof of emailing and mailing of the Short Form Notice to the Settlement Class Members and posting of the Long Form Notice on the Settlement Website.

20.    All costs incurred in notifying the Settlement Class of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation. In addition, Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Qualified Settlement Fund and to pay from the Qualified Settlement Fund any taxes owed with respect to the Qualified Settlement Fund in a manner consistent with the Stipulation.

21.    The contents of the Qualified Settlement Fund held in escrow at The Huntington National Bank (which the Court approves as Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in the Action are stayed, except as specifically provided for in this Order. If the Effective Date does not occur, or if the Stipulation is otherwise terminated and canceled pursuant to its terms, the Parties shall be deemed to have reverted to their respective litigation positions immediately prior to the execution of the Term Sheet at the May 13, 2025 mediation as set forth in the Stipulation.

23.    The Court approves the following schedule for Settlement-related activities:

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

| **DATE** | **EVENT** |
|---|---|
| | Entry of Preliminary Approval Order |
| Within 15 days from the entry of this Preliminary Approval Order. | Pursuant to 45 C.F.R. § 164.512(e)(i), Defendant is ordered to provide the Settlement Administrator with the May 2024 Notice List (including all member email addresses to the extent available) for the Settlement Administrator to provide notice to Settlement Class Members |
| No later than 45 days from the entry of this Preliminary Approval Order. | Last day to provide Notice to Settlement Class Members |
| No later than 90 days from the entry of this Preliminary Approval Order. | Last day for Settlement Class Members to opt out of the Settlement Class or object to Settlement |
| No later than 90 days from the entry of this Preliminary Approval Order. | Last day for Settlement Class Members to submit a Claim to be eligible to receive a payment from the Settlement Fund |
| No later than 10 days from the entry of this Preliminary Approval Order. | Last day for Class Counsel to file motions in support of final approval of the Settlement and Fee Application |
| No later than 15 days prior to the Fairness Hearing. | Last day for Parties to file with the Court any papers in further support of final approval of the Settlement and Fee Application, including responses to objections |
| No later than 15 days prior to the Fairness Hearing. | Settlement Administrator to file proof of emailing/mailing of notice to Settlement Class |
| No earlier than 100 days from the entry of this Preliminary Approval Order. | Fairness Hearing concerning final approval of Settlement |

IT IS SO ORDERED.

Dated: _____          By: _____
                                          Honorable Edward M. Chen
                                          United States District Judge
                                          Northern District of California

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, and JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON, <br><br> Defendants. | Civil Action No. 3:23-cv-02865-EMC <br><br><br> Hon. Edward M. Chen |

LEGAL NOTICE BY ORDER OF
THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND FAIRNESS HEARING**

**IF YOU WERE A KAISER PERMANENTE MEMBER WHO ACCESSED
THE AUTHENTICATED PAGES OF THE KAISER PERMANENTE
WEBSITES OR MOBILE APPLICATIONS FROM NOVEMBER 2017 TO
MAY 2024, YOU COULD GET A PAYMENT FROM THE PROPOSED
SETTLEMENT OF A CLASS ACTION LAWSUIT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned class action ("Action") if you were a Kaiser Permanente Member in California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, or the District of Columbia who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications from November 2017 to May 2024 ("Settlement Class").[1]

---

[1] All capitalized terms not defined in this Notice have the meanings provided in the Parties' Stipulation of Settlement dated August 13, 2025 ("Stipulation"). The Stipulation can be viewed at www.KaiserPrivacySettlement.com.

**NOTICE OF PROPOSED SETTLEMENT:** Please also be advised that Plaintiffs have reached a proposed settlement ("Settlement") of the Action with Kaiser Foundation Health Plan, Inc. for $46 million with the possibility of up to $47.5 million. If approved by the Court, the Settlement will resolve all claims in the Action.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

- **Statement of the Settlement Class's Recovery:** The Settlement will resolve a lawsuit over whether Kaiser Foundation Health Plan, Inc.'s use of third-party technology on the Kaiser Permanente websites and mobile applications violated certain state laws and statutes. Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a cash payment of $46 million ("Settlement Amount") to be deposited into an escrow account. The Settlement Amount may be increased, but in no event will it exceed forty-seven million and five hundred thousand dollars ($47,500,000.00), depending on certain conditions of the confidential Supplemental Agreement. The amount of the Settlement Amount that remains after (1) payment of the costs of providing notice and administering the Settlement[2] and (2) attorneys' fees, litigation costs, and Plaintiffs' service awards (if authorized by the Court) will be distributed to Settlement Class Members who complete and submit a Claim. Payments to eligible Settlement Class Members will be made in accordance with the proposed Plan of Allocation, which is available for review at www.KaiserPrivacySettlement.com, and generally provides that the Net Settlement Fund will be distributed on a pro rata basis based on the number of other Settlement Class Members who submit valid Claim Forms and the amount of the Net Settlement Fund that remains after deducting any attorneys' fees, costs and expenses as authorized by the Court.

- **Reasons for the Settlement:** Kaiser Foundation Health Plan, Inc. denies all of Plaintiffs' claims, but has agreed to the Settlement to resolve the class action case to end the burden, expense, and uncertainty of further litigation. The Settlement is not an admission by Defendant. For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risks, delays, and costs of further litigation.

- **Summary of Released Claims:** Under the Settlement, Settlement Class Members will release any individual legal claims they may have against Kaiser Foundation Health Plan, Inc. and other released parties arising out of the use, adoption, or incorporation of any third-party web tracking technology on the Kaiser Permanente websites or mobile applications or any other action, allegation, practices, or conduct at issue in the Consolidated Class Action Complaint.

---

[2] The costs of providing notice and administration of the Settlement, which shall be paid from the Settlement Amount, are estimated to range from approximately $1.7 million to approximately $2.4 million based on certain assumptions. This is only an estimated range, however, as the administration has not fully commenced as of the date of this Notice.

- **Attorneys' Fees and Expenses Sought:** Class Counsel have prosecuted this lawsuit on a wholly contingent basis since its inception in June 2023. For these efforts, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Amount plus interest. Class Counsel will also apply for litigation costs paid or incurred in connection with the prosecution and resolution of the lawsuit not to exceed $900,000, as well as service awards in an amount not to exceed $5,000 for each of the eight named Plaintiffs (for a total amount not to exceed $40,000). Any attorneys' fees, costs, and expenses authorized by the Court will be paid from the Settlement Amount.

- **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Melissa L. Yeates, Esq. and Tyler S. Graden, Esq. of Kessler Topaz Meltzer & Check, LLP ("KTMC"), 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, and James E. Cecchi, Esq. and Kevin G. Cooper, Esq. of Carella, Byrne, Cecchi, Brody, & Agnello, P.C. ("Carella Byrne"), 5 Becker Farm Road, Roseland, NJ 07068, 1-973-994-1700, class@carellabyrne.com, who served as interim Class Counsel; and the Law Offices of Robert Mackey and Migliaccio & Rathod LLP, who represented one of the Plaintiffs individually. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Settlement Administrator, Strategic Claims Services, Inc. ("Strategic Claims") at: Kaiser Privacy Breach Settlement, c/o Strategic Claims Services, Inc., P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 1-855783-3816, info@KaiserPrivacySettlement.com.

- **These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Fairness Hearing – currently scheduled for _____ __, 2025 at __:__ _.m. – is subject to change without further written notice to the Settlement Class. If you plan to attend the Fairness Hearing, you should check the website, www.KaiserPrivacySettlement.com, the Court's PACER site (see Question 17 below), or with Class Counsel to confirm that no change to the date and/or time of the hearing has been made.**

**YOU ARE ENCOURAGED TO MONITOR THE WEBSITE FOR IMPORTANT UPDATES REGARDING THE SETTLEMENT.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS FOR SETTLEMENT | |
|---|---|
| **REMAIN A MEMBER OF THE SETTLEMENT CLASS**<br><br>**SUBMIT A CLAIM TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT** | To remain a Settlement Class Member, you do not need to do anything. You automatically will be included in the Settlement Class.<br><br>If you are a Settlement Class Member and wish to be eligible for a payment from the Settlement, you must submit a valid Claim Form by _____ __, **2025**. Your portion of the Net Settlement Fund will be calculated on a *pro rata* basis based on the number of other Settlement Class Members who submit valid |

| | Claim Forms and the amount of the Net Settlement Fund that remains after deducting any attorneys' fees, costs and expenses as authorized by the Court. |
|---|---|
| | If you remain in the Settlement Class, you will give up your right to sue Kaiser Foundation Health Plan, Inc. and other released parties for claims arising out of the subject matter of the lawsuit. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | You may request exclusion from the Settlement Class (also known as "opting out") by notifying the Settlement Administrator of your request to be excluded from the Settlement Class. The procedures for how to request exclusion are discussed below in the response to Question 8. Request(s) for exclusion must be submitted electronically via the Settlement website or mailed (postmarked) no later than _____ __, **2025**. |
| | If you exclude yourself from the Settlement Class, you will not release your claims against Kaiser Foundation Health Plan, Inc. or the released parties, and you will not be bound by any judgments or orders of the Court as to the Settlement. If you exclude yourself, you will not be eligible to receive a payment from the Settlement, nor will you be able to object to the Settlement. |
| **OBJECT TO THE SETTLEMENT** | To object to or comment on the Settlement, you must file or mail the appropriate papers to the Court, in accordance with the procedures set forth in the response to Question 10. Your written objection must be filed or mailed (postmarked) no later than _____ __, **2025**. |
| | If you object to the Settlement, you will remain a member of the Settlement Class. |
| **GO TO A HEARING** | The Court will hold a Fairness Hearing on _____ __, **2025**, at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom 5 – 17th Floor, San Francisco, CA 94102, to consider whether the Settlement is fair, |

|  | reasonable, and adequate. The Court may also consider the motion for Class Counsel's attorneys' fees, costs, and expenses, and for service awards to Plaintiffs. |
|  | If you want to speak at the Fairness Hearing, you must let the Court and the Parties know by _____ __, **2025**, and provide the Court and the Parties with a letter stating that you intend to appear at the hearing in accordance with the procedures set forth in the response to Question 16. You cannot speak at the hearing if you opt out of the Settlement Class. |

## BASIC INFORMATION

| **1.** | **WHAT IS THE PURPOSE OF THIS NOTICE AND WHAT IS THIS LAWSUIT ABOUT?** |
|---|---|

A federal Court authorized this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement, as well as their options related to it before the Court decides whether to approve the Settlement. Furthermore, Settlement Class Members have the right to understand how the Action may generally affect their legal rights.

This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get the benefits.

The Action is a class action lawsuit known as ***John Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.,*** **Case No. 3:23-cv-02865-EMC (N.D. Cal.)** against Kaiser Foundation Health Plan, Inc. and certain related entities. Judge Edward M. Chen of the United States District Court for the Northern District of California is presiding over the Action and will determine whether to grant final approval to the Settlement. The issuance of this Notice does not reflect any opinion by the Court concerning the merits of any claim in the Action. Should the Court approve the Settlement and the Plan of Allocation (or some other allocation method), the Settlement Administrator will distribute payments to eligible Settlement Class Members after any objections and appeals have been resolved.

In the Action, Plaintiffs assert claims against Defendant for (1) Violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*; (2) Violation of the California Invasion of Privacy Act, Cal. Pen. Code §§ 630 *et seq.*; (3) Common Law Invasion of Privacy—Intrusion Upon Seclusion; (4) Invasion of Privacy in Violation of the California Constitution, Art. 1, § 1; (5) Breach of Express Contract; (6) Breach of Implied Contract; (7) Negligence; (8) Violation of the California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56.10 *et seq.*; (9) Statutory Larceny Through False Pretenses, Cal. Pen. Code §§ 484, 496; (10) Violation of the District of Columbia Consumer Protection Procedures Act; (11) Violation of the Georgia Computer Systems Protection Act, Ga. Code Ann. § 16-9-93; (12) Violation of the Georgia

Insurance and Information Privacy Protection Act, Ga. Code Ann. §§ 33-39-1 *et seq.*; (13) Violation of the Maryland Wiretapping and Electronic Surveillance Act, Md. Code. Ann., Jud. Proc. §§ 10-401 *et seq.*; (14) Violation of the Oregon Unlawful Trade Practices Act., Or. Rev. Stat. §§ 646.605 *et seq.*; (15) Violation of the Virginia Computer Crimes Act, Va. Code Ann. §§ 18.2-152.1 *et seq.*; (16) Violation of the Virginia Insurance Information and Privacy Protection Act, Va. Code Ann. §§ 38.2-600 *et seq.*; (17) Violation of the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86 *et seq.*; (18) Violation of the Washington Privacy Act, Wash. Rev. Code §§ 9.73 *et seq.*; (19) Violation of the Washington Health Care Information Act, Wash Rev. Code §§ 70.02.005 *et seq.*; (20) Violation of the District of Columbia Consumer Security Breach Notification Act, D.C. Code §§ 28-3851 *et seq.*, and Consumer Protection Procedures Act, D.C. Code §§ 28-3901 *et seq.*; (21) Violation of the Maryland Personal Information Protection Act, Md. Code Ann. Com. Law §§ 14-3501 *et seq.*, and Consumer Protection Act, Md. Code Ann. Com. Law §§ 13-101 *et seq.*; and (22) Violation of the Washington Data Breach Act, Wash. Rev. Code §§ 19.255.005 *et seq.*

Plaintiffs, who are members of Defendant's health plans, used Defendant's websites and mobile applications. Plaintiffs allege that Defendant disclosed confidential personal information while navigating these websites and mobile applications due to third-party software code. Defendant, however, firmly denies these allegations, asserting that it has fully complied with the law and has not engaged in any wrongdoing. Defendant also denies that Plaintiffs have suffered any damages arising from the Action.

Plaintiffs filed their initial complaint on June 9, 2023, followed by their first amended complaint ("FAC") on September 15, 2023. On November 14, 2023, defendants filed a Motion to Compel Arbitration of Plaintiffs' claims and a Motion to Dismiss the FAC. Plaintiffs responded to the motions on January 15, 2024. On April 11, 2024, the Court denied in part and granted in part defendants' Motion to Dismiss the FAC.

On May 9, 2024, Plaintiffs filed their Second Amended Complaint ("SAC"). On July 3, 2024, defendants filed a Motion to Compel Arbitration and a Motion to Dismiss the SAC. Plaintiffs opposed these motions on August 22, 2024. Defendants' motions were effectively set aside following the consolidation of two related cases with the Action, leading to a consolidated amended complaint. Additionally, KTMC and Carella Byrne moved for appointment as co-lead counsel pursuant to Rule 23(g) on June 7, 2024, and the Court appointed them as Interim Co-Lead Class Counsel on August 27, 2024.

On December 6, 2024, Plaintiffs filed their operative Amended Master Consolidated Complaint ("CMCAC"). Defendants responded by filing their third Motion to Compel Arbitration and Request to Stay, along with a Motion to Dismiss the CMCAC, on January 28, 2025. Plaintiffs opposed these motions on March 4, 2025. On April 13, 2025, the Court granted defendants' Motion to Compel Arbitration and Request to Stay. Defendants' third Motion to Dismiss was pending when the Parties reached the Settlement.

On October 1 and 2, 2024, the Parties met with a mediator, retired U.S. District Judge for the Northern District of Illinois, Hon. Wayne R. Anderson, to discuss a potential settlement for the Action. Those discussions did not result in a mediated resolution. On May 13, 2025, the Parties met with another mediator, retired U.S. District Judge for the Central District of California, Hon.

Jay Gandhi, exchanging information on class size, potential relief, and the merits of Plaintiffs' claims. This mediation was successful, and the Parties entered into the Stipulation on August 13, 2025.

On _____, 2025, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to the Settlement Class, and scheduled the Fairness Hearing to consider whether to grant final approval of the Settlement.

| 2. | WHY IS THIS CASE A CLASS ACTION? |
|---|---|

In a class action lawsuit, a "class representative" or "class representatives" (in this case, Plaintiffs) sue on behalf of people who have similar claims. Together, the class representative, or class representatives, and the others with similar claims are called a "class" or "class members." The class representatives in this case are John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, and Alexis Sutter. Bringing a case, such as this one, as a class action allows the adjudication of many individuals' claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

| 3. | WHY IS THERE A SETTLEMENT? |
|---|---|

The Settlement is the result of hard-fought litigation and extensive, arm's-length negotiations by the Parties. Plaintiffs believe that the claims asserted against Defendant have merit; however, they recognized the substantial risks they faced in successfully obtaining a favorable result for the Settlement Class following continued litigation, trial and through the likely appeals that would follow. In light of these risks, Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Class Counsel believe that the Settlement provides a favorable result for the Settlement, namely $46 million in cash, with the possibility that this amount may be increased, but in no event will it exceed $47.5 million (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after further litigation.

If there were no Settlement and Plaintiffs failed to establish their claims against Defendant, neither Plaintiffs nor the other Settlement Class Members would recover anything.

### THE SETTLEMENT AND PAYMENTS

| 4. | WHO IS A SETTLEMENT CLASS MEMBER? |
|---|---|

If you are a member of the Settlement Class, you are subject to the Settlement, unless you request to be excluded. The Settlement Class consists of:

Any and all Kaiser members[3] in the Kaiser Operating States[4] who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024:

| Websites | |
|---|---|
| | https://wa-member.kaiserpermanente.org |
| | https://healthy.kaiserpermanente.org |
| | https://mydoctor.kaiserpermanente.org |
| Mobile Applications | |
| | Kaiser Permanente Washington App |
| | Kaiser Permanente App |
| | My Doctor Online (NCAL Only) App |
| | My KP Meds App |
| | KP Health Ally App |

Excluded from the Settlement Class are (1) the Judges presiding over the Action, Class Counsel, Sutter Counsel, and immediate members of their families; (2) Kaiser Foundation Health Plan, Inc., its subsidiaries, parent companies, successors, predecessors, and any entity in which the Kaiser Foundation Health Plan, Inc. or its parent has a controlling interest, and its current or former officers and directors; (3) Persons who properly execute and submit a request for exclusions prior to the Opt-Out Deadline; (4) the successors or assigns of any such excluded Persons; and (5) Kaiser Permanente members with a Perfected Arbitration Claim.[5]

---

[3] "Kaiser members" (also referred to in the Stipulation as "Kaiser Permanente members") means current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[4] "Kaiser Operating States" (also referred to in the Stipulation as Kaiser Permanente Operating States) means California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[5] A Perfected Arbitration Claim means the Claim of a current or former Kaiser Permanente member who completed either of the following on or before the issuance of the Preliminary Approval Order:

    (a)    Preparing and serving an individual demand for arbitration pursuant to Rules 7 and 8 of the Rules for Kaiser Permanente Member Arbitrations of the Office of the Independent Administrator (the "Rules") and paying the filing fee of $150 pursuant to Rule 12 or submitting a filing fee waiver pursuant to Rule 13; or

    (b)    Where the current or former Kaiser Permanente member was included on a Demand for Arbitration on behalf of 25 or more claimants that was prepared and served pursuant to Rules 7 and 8 of the Rules, the Demand complies with Rule 4(a) of the Supplemental Rules Governing Mass Arbitrations (the "Supplemental Rules") and the claimant or their counsel has paid the $150 filing fee required by Supplemental Rule 5 and Rule 12

for claims that refer to, relate to, or are otherwise based on any act, omission, practice, or conduct alleged or at issue in the Consolidated Class Action Complaint.

**Please Note:** If you are a Settlement Class Member you should have received an email notice (or similar notice by mail). If you are not sure whether you are a member of the Settlement Class, you can contact the Settlement Administrator as set forth in Question 18.

| 5. | WHAT DOES THE SETTLEMENT PROVIDE FOR? |
|---|---|

The Settlement has two major parts: (1) payments to Settlement Class Members who submit valid Claims; and (2) a release by Settlement Class Members of any legal claims arising out of Kaiser Foundation Health Plan, Inc.'s use, adoption, or incorporation of any third-party web tracking technology on the Kaiser Permanente websites or mobile applications or any other action, allegation, practices, or conduct at issue in the Consolidated Class Action Complaint.

### (1)    Payments to Settlement Class Members

Under the Settlement, Defendant will pay $46 million (as referenced above, the "Settlement Amount"). The Settlement Amount may be increased, but in no event will it exceed forty-seven million and five hundred thousand dollars ($47,500,000.00), depending on certain conditions of the confidential Supplemental Agreement. The Settlement Amount (plus interest), less notice and administration costs, attorneys' fees and expenses, any service awards to Plaintiffs, and any taxes, is the "Net Settlement Fund." The Settlement Administrator will oversee the distribution of payments from the Net Settlement Fund to Settlement Class Members. The proposed allocation of the Net Settlement Fund to Authorized Claimants (the "Plan of Allocation") is available at www.KaiserPrivacySettlement.com. Under the Plan of Allocation, each Settlement Class Member who submits a valid Claim will receive their Pro-Rata Share of the Net Settlement Fund.

### (2)    Release of Claims Against Defendant

If you are a Settlement Class Member and choose to remain in the Settlement Class (whether or not you submit a Claim), you, your current and former employees, attorneys, heirs, executors, administrators, agents, legal representatives, conservators, professional corporations, partnerships, assigns, successors, and with respect to minors, parents and guardians, will fully, finally, and forever release, relinquish, and discharge Kaiser Foundation Health Plan, Inc. and its Affiliated Entities from, and shall forever be enjoined from prosecution of Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., the Southern California Permanente Medical Group, a partnership, Kaiser Permanente Insurance Company, a California corporation, Kaiser Foundation Health Plan of the Northwest, an Oregon corporation, Kaiser Foundation Health Plan of Washington, a Washington corporation, Kaiser Foundation Health Plan of Georgia, Inc., a Georgia corporation, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., a Maryland corporation, Kaiser Foundation Health Plan of Colorado, a Colorado corporation, Kaiser Foundation Health Plan of Ohio, an Ohio corporation, Colorado Permanente Medical Group, The Southeast Permanente Medical Group, Hawaii Permanente Medical Group, Mid-Atlantic Permanente Medical Group, Northwest Permanente Medical Group, Washington Permanente Medical Group, Kaiser Permanente Medical Foundation, and any affiliate of Kaiser Foundation Health Plan or Kaiser Foundation Hospitals or of any Permanente Medical Group), and all of their representatives, trustees, predecessors,

successors, assigns, affiliates, subrogors, subrogees, assignees, assignors, subsidiaries, agents, employees, servants, officers, directors, and attorneys for any and all Released Claims.

"Released Claims" and "Released Parties' Claims" means any and all claims, causes of action, suits, arbitration claims or demands, obligations, debits, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any law (including federal law, state law common law, contract, rule or regulation) or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, monetary or nonmonetary, that have been pled in the Action or that could have been pled in the Action, that arise out of or relate to the causes of actions, allegations, practices, or conduct at issue in the Consolidated Class Action Complaint, including but not limited to use of third-party code on the Kaiser Permanente websites and mobile applications as described in paragraphs 4 through 23 and 82 through 428 of the Consolidated Class Action Complaint and access of the unauthenticated and authenticated pages of the Kaiser Permanente websites or mobile applications. "Released Claims" and "Released Parties' Claims" do not include any claims relating to the enforcement of the Settlement or any claims of the individuals who submit timely and valid requests for exclusion from the Settlement Class in accordance with the terms set forth in the Long Form Notice.

If you are a Settlement Class Member, in order to receive a payment from the net Settlement Fund, you must submit a completed Claim Form to the Settlement Administrator. You can fill out a Claim Form online at www.KaiserPrivacySettlement.com. You can also print out the Claim Form at www.KaiserPrivacySettlement.com and mail your completed Claim Form to the Settlement Administrator. **Claim Forms must be completed by _____ __, 2025.** You may elect to receive your payment by physical check, electronic Mastercard, Amazon, Target, Venmo, PayPal or ACH Direct Deposit.

## IF YOU DO NOTHING

### 6.    WHAT HAPPENS IF I DO NOTHING?

If you are a Settlement Class Member and do nothing, you will remain in the Settlement Class, but you will not get a payment from the Net Settlement Fund. You will also be bound by the Settlement if it is finally approved by the Court. If you do nothing, you will not be able to sue Kaiser Foundation Health Plan, Inc. (or any other Released Parties) on your own for the Released Claims as described in Question 5 titled "What Does the Settlement Provide For? - Release of Claims Against Defendant."

If you want to pursue any claim related to the issues in this case on your own and at your own expense, you need to request exclusion ("opt out") of the Settlement Class.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

| 7. | WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? |
|---|---|

You should ask to be excluded from the Settlement Class if you want to keep your right to pursue your own individual lawsuit against Kaiser Foundation Health Plan, Inc. (or other Released Parties) arising out of the subject matter of the Action. If you choose to request exclusion from the Settlement Class (or, "opt out"), you will not receive any payment from the Settlement, but you also will not be bound by the Settlement, including the release. Please note, however, if you decide to exclude yourself from the Settlement Class, Defendant and the other Released Parties will have the right to assert any and all defense they may have to any claims that you may seek to assert.

| 8. | HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS? |
|---|---|

To exclude yourself from the Settlement Class, you must send a written statement to the Settlement Administrator at Kaiser Privacy Breach Settlement, c/o Strategic Claims Services, Inc., P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063 so that it is **received no later than _____ __, 2025**. You will not be able to request exclusion after that date. Each request for exclusion must: (i) state the full name, residential address, telephone number and email address of the Person requesting exclusion; (ii) state "I request exclusion from the Settlement Class in *Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC (N.D. Cal.);" (iii) include your Unique ID as provided by the Claims Administrator and (iv) include a wet ink signature (*i.e.*, no /s/ signature by permission) or electronically imaged written (e.g. "DocuSign") . A request for exclusion can also be submitted online at www.KaiserPrivacySettlement.com.

Exclusion letters must be signed by the Settlement Class Member personally, and not a lawyer or anyone else acting on their behalf. "Mass" or "class" opt outs made on behalf of multiple persons or classes of persons will be deemed invalid.

Defendant shall have the right to terminate the Settlement in the event that Settlement Class Members who request exclusion meet the threshold negotiated by the Parties.

**REQUESTS FOR EXCLUSION THAT ARE NOT RECEIVED ON OR BEFORE _____, 2025 OR ARE NOT SUBMITTED ELECTRONICALLY ON OR BEFORE 11:59 PM PACIFIC TIME ON _____, 2025 WILL NOT BE HONORED.**

| 9. | IF I DO NOT EXCLUDE MYSELF, CAN I SUE FOR THE SAME THING LATER? |
|---|---|

No. If the Court approves the Settlement and you do not request exclusion from the Settlement Class by the deadline, you will be subject to the release of claims described in Question 5 above, and you will lose your right to separately sue Kaiser Foundation Health Plan, Inc. or the other Released Parties for relief arising from the Released Claims.

## OBJECTING TO THE SETTLEMENT

**10.    HOW DO I OBJECT TO THE SETTLEMENT?**

You can object to the Settlement, the proposed Plan of Allocation, Class Counsel's request for attorneys' fees and expenses, and/or Plaintiffs' request for service awards. Submitting an objection gives you the chance to tell the Court why you think the Court should not approve any of these things, but will not exclude you from the Settlement Class. **You may not object to the Settlement, the proposed Plan of Allocation, Class Counsel's request for attorneys' fees and expenses, and/or Plaintiffs' request for service awards if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.**

Any Settlement Class member may object. You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a different settlement. The Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no payments will be sent and the action will continue. If this is what you want to happen, then you must object.

Any objection to the proposed Settlement or any aspect thereof must be in writing and submitted to the Court. If you submit a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must: (i) clearly identify the case name and number (*Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC (N.D. Cal.); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked no later than _____ __, **2025**.

Additionally, any objection must: (i) identify the full name, address, telephone number, and Unique ID contained in the notice received by mail/email (if applicable), and email address of the Person objecting and be signed by the objector; (ii) an explanation of why the commenter or objector believes he or she or they are a Settlement Class Member; (iii) a statement whether the objection applies only to the objector, or to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) all reasons for the objection or comment, stated with specificity; (v) a statement identifying the number of class action settlements the objector has objected to or commented on in the last five years; (vi) whether the objector or commenter intends to personally appear and/or testify at the Fairness Hearing; (vii) the name and contact information of any and all attorneys representing, advising, or assisting the commenter or objector, including any attorney who may be entitled to compensation for any reason related to the objection or comment; (viii) for each attorney representing, advising, or assisting the objector, a statement identifying every objection the attorney has filed to any other class action settlements in the last five years; (ix) whether any attorney will appear on the objector's or commenter's behalf at the Fairness Hearing, and if so the name and law firm of that attorney; (x) copies of any exhibits the objector intends to submit into evidence at the Fairness Hearing; (xi) the identity of any persons whom the objector or any attorney appearing on the objector's behalf wishes to call to testify at

the Fairness Hearing; and (xii) the objector's handwritten or electronically imaged written (e.g. "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the Settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and expenses, and/or Plaintiffs' request for service awards. Settlement Class Members do not need to appear at the Fairness Hearing to indicate their approval.

## THE LAWYERS REPRESENTING YOU

| 11. DO I HAVE A LAWYER IN THE CASE? |
|---|

Yes, unless you exclude yourself from the Settlement Class. The Court decided that Kessler Topaz Meltzer & Check, LLP and Carella, Byrne, Cecchi, Brody, & Agnello, P.C. are qualified to represent the members of the Settlement Class. Together, these lawyers are called "Class Counsel."

| 12. WILL THE LAWYERS AND PLAINTIFFS BE PAID, AND IF SO HOW? |
|---|

Class Counsel will ask the Court to approve payment of attorneys' fees and litigation expenses from the Settlement Amount. This payment will compensate Class Counsel for their work investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel have not received any payment for their services in pursuing claims against Defendant on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Amount (plus interest). At the same time, Class Counsel also intend to seek reimbursement of litigation expenses in an amount not to exceed $900,000. The Court will determine the amount of any award of attorneys' fees and litigation expenses.

Class Counsel will also be requesting service awards to the eight named Plaintiffs in an amount up to $5,000 each (for a total amount not to exceed $40,000) for their efforts in bringing the Action and representing the Settlement Class. Any services awards to Plaintiffs must be approved by the Court.

Class Counsel's motion for attorneys' fees and litigation costs and Plaintiffs' service awards will be filed by _____, 2025. A copy of Class Counsel's motion will be available for review at www.KaiserPrivacySettlement.com once it is filed.

| 13. HOW IS THE COST OF PROVIDING NOTICE TO SETTLEMENT CLASS MEMBERS PAID FOR? |
|---|

The costs of providing notice of the Settlement to Settlement Class Members will be paid from the Settlement Amount.

## THE FAIRNESS HEARING

**14.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold the Fairness Hearing on _____, 2025 at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom 5 – 17th Floor, San Francisco, CA 94102. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge in the case, Hon. Judge Edward M. Chen, will listen to people who have asked in advance to speak at the hearing. The Court may also decide how much Class Counsel may receive in attorneys' fees and expenses. The Court will also decide how much Plaintiffs should receive as service awards. The Court will decide whether to approve the Settlement and related matters at or after the Fairness Hearing. It is not known how long these decisions will take.

The Court can change the date, time or format of the hearing without further written notice to the Settlement Class. Any changes to the date, time or format of the Fairness Hearing will be posted to www.KaiserPrivacySettlement.com. Please check the website before making any plans to attend the Fairness Hearing.

**15.    DO I HAVE TO COME TO THE HEARING?**

No. Class Counsel will answer questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you do not have to come to the hearing to talk about it. As long as submitted your written objection on time, the Court will consider it. If you retain your own lawyer, your lawyer can attend on your behalf.

**16.    MAY I SPEAK AT THE HEARING?**

You may ask the Court for permission to speak at the Fairness Hearing. If you filed an objection, you must state in your objection that you intend to appear at the Fairness Hearing, or you can send a letter stating that it is your "Notice of Intention to Appear in *Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC (N.D. Cal.) to the Clerk of the Court, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 so that it is **filed or postmarked on or before _____ __, 2025**. Be sure to include your name, address, telephone number, and signature. You cannot speak at the hearing if you requested exclusion from the Settlement Class.

## GETTING MORE INFORMATION

**17.    ARE THERE MORE DETAILS ABOUT THIS LAWSUIT?**

Yes. This Notice only summarizes the Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.KaiserPrivacySettlement.com. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Class Counsel at the contact information set forth below, by accessing the Court

docket in this case, for a fee, though the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website www.KaiserPrivacySettlement.com.

| 18. | HOW CAN I LEARN MORE? |
|---|---|

If you have additional questions about the Settlement or the case, you can visit the website www.KaiserPrivacySettlement.com. You can also contact Class Counsel or the Settlement Administrator as set forth below:

**Settlement Administrator:**

*Kaiser Privacy Breach Settlement*
c/o Strategic Claims Services, Inc.
P.O. Box 230
600 N. Jackson Street, Suite 205
Media PA, 19063

1-855-783-3816
info@KaiserPrivacySettlement.com
www.KaiserPrivacySettlement.com

**Class Counsel:**

| Kessler Topaz Meltzer & Check, LLP | Carella, Byrne, Cecchi, Brody, |
|---|---|
| Melissa L. Yeates, Esq. | & Agnello, P.C. |
| Tyler S. Graden, Esq. | James E. Cecchi, Esq. |
| 280 King of Prussia Road | Kevin G. Cooper, Esq. |
| Radnor, PA 19087 | 5 Becker Farm Road |
| 1-610-667-7706 | Roseland, NJ 07068 |
| info@ktmc.com | 1-973-994-1700 |
|  | class@carellabyrne.com |

**PLEASE DO NOT WRITE THE COURT, KAISER, OR KAISER'S COUNSEL REGARDING THE SETTLEMENT OR THIS NOTICE.**

Dated: _____ __, 2025          BY ORDER OF THE COURT
                                        United States District Court
                                        Northern District of California

# EXHIBIT C

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                              SAN FRANCISCO DIVISION

11

12   JOHN DOE, JOHN DOE II, JOHN DOE III,          Case No. 3:23-cv-02865-EMC
     JANE DOE, JANE DOE II, JANE DOE III,
13   JANE DOE IV, JANE DOE V, and ALEXIS           **[PROPOSED] FINAL ORDER AND**
     SUTTER, Individually and on behalf of all     **JUDGMENT APPROVING**
     others similarly situated,                    **SETTLEMENT AND DISMISSING THE**
14                                                 **ACTION WITH PREJUDICE**
                         Plaintiffs,
15                                                 District Judge:      Hon. Edward M. Chen
           v.                                      Magistrate Judge:   Hon. Peter H. Kang
16
     KAISER FOUNDATION HEALTH PLAN,                Consolidated Complaint Filed:  Dec. 6, 2024
17   INC., KAISER FOUNDATION HOSPITALS,            Trial Date:                    Jan. 25, 2027
     and KAISER FOUNDATION HEALTH
18   PLAN OF WASHINGTON,

19                       Defendants.

20

21         WHEREAS, Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane

22   Doe IV, Jane Doe V, and Alexis Sutter ("Plaintiffs"), on behalf of themselves and the Settlement

23   Class Members, as defined below; and Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser

24   Foundation Health Plan" or "Defendant"; and, together with Plaintiffs, collectively referred to

25   herein as the "Parties"), determined to settle the above-captioned matter (the "Action") on the terms

26   and conditions set forth in the Stipulation of Settlement dated August 13, 2025 and all exhibits

27   thereto (the "Stipulation"), which is filed with the Clerk of the Court (this settlement process is

28   hereafter referred to as the "Settlement");

WHEREAS, by Order dated _____, 2025 ("Preliminary Approval Order"), this Court (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered Kaiser Foundation Health Plan to provide to the Settlement Administrator the May 2024 Notice List for the sole purpose of providing notice of the Settlement to the Settlement Class on behalf of Class Counsel, recognizing that the May 2024 Notice List will contain Kaiser Permanente member email addresses and U.S. mailing addresses and reference the fact that a Settlement Class Member is or was a Kaiser Permanente member; (c) ordered that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, on _____, 2025, Plaintiffs moved this Court for, among other things, final approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and approval of the Plan of Allocation;

WHEREAS, in accordance with the Preliminary Approval Order and as set forth in the notices to the Settlement Class, a Fairness Hearing was held on _____ __, 2025 to consider, among other things (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

WHEREAS, the Court, having entered the Preliminary Approval Order, having heard argument in support of the Settlement and the Plan of Allocation, having reviewed all of the evidence, objections, and other submissions presented with respect to the Settlement and related matters, and the record of all proceedings in this case, and for good cause appearing therefore;

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, and personal jurisdiction over the Parties to the Action, including the Settlement Class Members.

2.      The Stipulation and all of its exhibits (as filed with the Court) are incorporated into this Final Order and Judgment Approving Settlement and Dismissing the Action With Prejudice ("Judgment"), including the definitions and terms set forth in the Stipulation.

3.      The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Settlement Class:

Any and all Kaiser members[1] in the Kaiser Operating States[2], including those members who have not completed a Perfected Arbitration Claim as defined in Paragraph 1.11 of the Stipulation of Settlement, who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024:

| Websites | |
|---|---|
| | 1.  https://wa-member.kaiserpermanente.org |
| | 2.  https://healthy.kaiserpermanente.org |
| | 3.  https://mydoctor.kaiserpermanente.org |
| Mobile Applications | |
| | 1.  Kaiser Permanente Washington App |
| | 2.  Kaiser Permanente App |
| | 3.  My Doctor Online (NCAL Only) App |
| | 4.  My KP Meds App |
| | 5.  KP Health Ally App |

Excluded from the Settlement Class are (1) the Judges presiding over the Action, Class Counsel, Sutter Counsel, and immediate members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any

---

[1] "Kaiser members" (also referred to in the Stipulation as "Kaiser Permanente members") means current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[2] "Kaiser Operating States" (also referred to in the Stipulation as Kaiser Permanente Operating States) means California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

FINAL ORDER AND JUDGMENT
CASE NO. 3:23-CV-02865-EMC

entity in which the Defendant or its parents have a controlling interest, and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusions prior to the Opt-Out Deadline; (4) the successors or assigns of any such excluded Persons; and (5) Kaiser Permanente members with a Perfected Arbitration Claim as defined in the Stipulation of Settlement.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Plaintiffs as Class Representatives for the Settlement Class and appoints Kessler Topaz Meltzer & Check, LLP and Carella, Byrne, Cecchi, Brody, & Agnello, P.C. as Class Counsel for the Settlement Class. Plaintiffs and their counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     Notice to the members of the Settlement Class has been given in an appropriate, adequate, and sufficient manner and notice was reasonably calculated to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, and their opportunity to exclude themselves from the Settlement Class or present objections to the Settlement. Collectively, the Notices complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

6.     Members of the Settlement Class were given the opportunity to exclude themselves from the Settlement Class, and ____ individuals did so in accordance with the procedures set forth in the Stipulation and Preliminary Approval Order. These individuals are identified on the papers filed confidentially with the Court on _____, ECF No. __.

7.     Kaiser Foundation Health Plan, Inc. has satisfied the requirements of CAFA.

8.    [The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

9.    The Court finally approves the Settlement and Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Settlement Class pursuant to Rule 23(e). Specifically, in accordance with Rule 23(e)(2), the Court finds that (a) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.

10.    The terms of the Stipulation, including all exhibits to the Stipulation, and this Judgment, shall be forever binding on the Settlement Class.

11.    Neither the Settlement, this Judgment, any papers related to the Settlement, nor the fact of the Settlement shall be used as a finding or conclusion of the Court, or an admission by Kaiser Foundation Health Plan, Inc., of any fault, wrongdoing, or liability whatsoever.

12.    The Parties and the Settlement Administrator shall carry out all the terms of the Settlement, including the distribution of payments to each eligible Settlement Class Member as provided in the Plan of Allocation, and the release provisions in the Stipulation, in accordance with the terms of the Stipulation.

13.    Kaiser Foundation Health Plan, Inc. shall have no liability or responsibility for any payments, fees, or costs under this Judgment or the Settlement aside from its payment of the Settlement Amount. Under no circumstances shall Defendant be required to pay any amounts in furtherance of this Settlement, this Judgment, and the administration of the Settlement other than the payment of the Settlement Amount.

14.    Releases:

A.    Upon the Effective Date, Plaintiffs and all Settlement Class Members, and their respective current and former employees, attorneys, heirs, executors,

administrators, agents, legal representatives, conservators, professional corporations, partnerships, assigns, successors, and, with respect to minors, parents and guardians, will fully, finally, and forever release, relinquish, and discharge Kaiser Foundation Health Plan, Inc. and Released Parties from, and shall forever be enjoined from prosecution of Defendant, its Affiliated Entities, and the Released Parties for, any and all Released Claims. The Plaintiffs agree that they will not seek any further compensation, consideration, or relief of any kind in connection with the Action, or any and all Released Claims.

B.    Settlement Class Members fully, finally, and forever release, relinquish, and discharge Kaiser Foundation Health Plan, Inc., its Affiliated Entities, and the Released Parties from, and shall forever be enjoined from prosecution of Defendant, its Affiliated Entities, and the Released Parties for, any and all Released Claims.

C.    "Released Claims" and "Released Parties' Claims" means any and all claims, causes of action, suits, arbitration claims or demands, obligations, debits, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any law (including federal law, state law common law, contract, rule or regulation) or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, monetary or nonmonetary, that have been pled in the Action or that could have been pled in the Action, that arise out of or relate to the causes of actions, allegations, practices, or conduct at issue in the Consolidated Class Action Complaint, including but not limited to use of third-party code on the Kaiser Permanente websites and mobile applications as described in paragraphs 4 through 23 and 82 through 428 of the Consolidated Class

Action Complaint and access of the unauthenticated and authenticated pages of the Kaiser Permanente websites or mobile applications. "Released Claims" and "Released Parties' Claims" do not include any claims relating to the enforcement of the Settlement or any claims of the individuals who submit timely and valid requests for exclusion from the Settlement Class in accordance with the terms set forth in the Long Form Notice.

D.    "Unknown Claims," which the Stipulation defines as: "Unknown Claims" means any and all Released Claims that any Plaintiff or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred under California Civil Code § 1542 or by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides: A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party. The Parties and Settlement Class Members by operation of law shall be deemed to have acknowledged that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Stipulation.

E.    As set forth in the Stipulation, "Affiliated Entities" means any representatives, trustees, predecessors, successors, assigns, affiliates, subrogors, subrogees, assignees, assignors, subsidiaries, agents, employees,

servants, officers, directors, and attorneys of Kaiser Foundation Health Plan, Inc.

 F. Settlement Class Members are barred and permanently enjoined from prosecuting any and all Released Claims.

 G. Nothing in this Judgment or the Stipulation shall preclude any action to enforce the terms of the Settlement.

 15. Without affecting the finality of this Judgment in any way, this Court will retain exclusive continuing jurisdiction over all Parties and Settlement Class Members with regard to implementation of the Stipulation, disposition of the Settlement Amount, and enforcement and administration of the Stipulation, including the release provisions thereof. The Court may order any appropriate legal or equitable remedy necessary to enforce the terms of this Judgment and/or the Settlement.

 16. A separate order shall be entered regarding the motion of Class Counsel for attorneys' fees, expenses and service awards to Plaintiffs. Such order shall in no way affect or delay the finality of this Judgement and shall not affect or delay the Effective Date of the Settlement.

 17. Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

 18. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other members of the Settlement Class, and Defendant, and the Parties shall be restored to their litigation positions immediately prior to the execution of the Term Sheet at the May 13, 2025 mediation, as provided in the Stipulation.

 19. The Action is dismissed with prejudice and without costs (except as otherwise provided herein and in the Stipulation).

20.     This is a final and appealable Judgment.

21.     There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED.

Dated: _____, 2025

_____
Honorable Edward M. Chen
United States District Judge
Northern District of California

# EXHIBIT D

1
2
3
4

CROWELL & MORING LLP
Kristin J. Madigan (SBN 233436)
  KMadigan@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  415.986.2800
Facsimile:  415.986.2827

5
6
7
8

CROWELL & MORING LLP
Jennie Wang VonCannon (SBN 233392)
  JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

9
10
11
12

CROWELL & MORING LLP
Jeffrey L. Poston (appearance *pro hac vice*)
  JPoston@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:  202.624.2500
Facsimile:  202.628.5116

13
14
15

*Attorneys for Defendants*
*Kaiser Foundation Health Plan, Inc., Kaiser*
*Foundation Hospitals, and Kaiser Foundation*
*Health Plan of Washington*

16

17

18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

19
20
21
22
23
24
25
26
27

JOHN DOE, JOHN DOE II, JOHN DOE III,
JANE DOE, JANE DOE II, JANE DOE III,
JANE DOE IV, JANE DOE V, and ALEXIS
SUTTER, Individually and on behalf of all
others similarly situated,

                    Plaintiffs,

          v.

KAISER FOUNDATION HEALTH PLAN,
INC., KAISER FOUNDATION HOSPITALS,
and KAISER FOUNDATION HEALTH
PLAN OF WASHINGTON,

                    Defendants.

Case No. 3:23-cv-02865-EMC

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT UNDER 28 U.S.C. § 1715**

District Judge:      Hon. Edward M. Chen
Magistrate Judge:  Hon. Peter H. Kang

Consolidated Complaint
   Filed:  December 6, 2024
Trial Date: January 25, 2027

28

PLEASE BE ADVISED of a proposed class action settlement involving Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, and Alexis Sutter ("Plaintiffs") on one hand and Defendant Kaiser Foundation Health Plan, Inc. on the other hand. As explained further below, Plaintiffs and Defendant (collectively, the "Parties") have entered into a settlement to resolve the class action claims asserted in *Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC, and Kaiser Foundation Health Plan, Inc, is submitting this Notice under the requirements of the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

**Compliance with 28 U.S.C. § 1715(b)**

28 U.S.C. Section 1715(b) lists eight items that must be provided to the appropriate state and federal officials in connection with any proposed class action settlement. Each of these items is addressed below.

1.    **28 U.S.C. § 1715(b)(1): Complaint**. A copy of the Consolidated Master Class Action Complaint Class (ECF No. 271) is attached here as **Exhibit 1**.

2.    **28 U.S.C. § 1715(b)(2): Notice of Any Scheduled Judicial Hearing**. Plaintiffs' unopposed motion for preliminary approval of class action settlement is set to be heard by the Court on _____ at _____ a.m. in Courtroom 5 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102.

3.    **28 U.S.C. § 1715(b)(3): Proposed Notification to Class Members**. The proposed notice to be provided to class members is attached as Exhibit B to the Settlement Agreement, which is attached here as **Exhibit 2**.

4.    **28 U.S.C. § 1715(b)(4): Proposed Class Action Settlement**. A copy of the Settlement Agreement is attached here as **Exhibit 3**.

5.    **28 U.S.C. § 1715(b)(5): Settlement or Other Agreement Between Defendant's Counsel and Class Counsel**. Other than the Settlement Agreement attached here as **Exhibit 3**, there are no other settlements between Class Counsel and counsel for Defendant. The parties have executed concurrently with the Settlement Agreement a confidential supplemental agreement ("Supplemental Agreement") setting forth Defendant's unilateral right to terminate the Settlement

in the event that the number of current or former members of Kaiser Permanente meet the conditions set forth in the Supplemental Agreement and are excluded from the Settlement Class, in accordance with the terms of that agreement. The Supplemental Agreement shall be lodged with the Court for *in camera* review and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs.

6.    **28 U.S.C. § 1715(b)(6): Final Judgment**. There has been no final judgment or notice of dismissal.

7.    **28 U.S.C. § 1715(b)(7)(A): Identification or Reasonable Estimate of Class Members By State**. Based upon the information available to Kaiser Foundation Health Plan, Inc., there are approximately 13.1 million Settlement Class Members, and to the best of Defendant's knowledge those Settlement Class Members reside in the states of California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. It is not feasible for Defendant to provide the Settlement Class Members' names due to federal and state law protecting Kaiser Permanente members' privacy rights. Defendant estimates that the proportionate share of the claims of the Settlement Class Members is 100%.

8.    **28 U.S.C. § 1715(b)(8): Judicial Opinions Related to the Settlement**. A motion for preliminary approval of the settlement was filed on _____, 2025, with a hearing on the motion scheduled for _____. As of the mailing of this notice, no Order has been issued on the motion.

**Timeliness of this Notice**

Under 28 U.S.C. Section 1715(b), Kaiser Foundation Health Plan, Inc. must serve this notice "not later than 10 days after a proposed settlement of a class action is filed in court." 28 U.S.C. § 1715(b). Defendant has complied with this deadline because the proposed settlement was filed in court on _____, and this notice is being provided on _____.

*                *                *

Please contact us if you require any additional materials or need any further information.

1    Dated: August __, 2025         Respectfully submitted,

2                               CROWELL & MORING LLP

3

4                        By:    DRAFT ONLY

5                               Kristin J. Madigan
                                KMadigan@crowell.com

6                               3 Embarcadero Center, 26th Floor
                              San Francisco, CA 94111
                              Telephone:  415.986.2800

7                               Facsimile:  415.986.2827

8                               CROWELL & MORING LLP
                              Jennie Wang VonCannon (SBN 233392)

9                               JVonCannon@crowell.com
                              515 South Flower Street, 41st Floor

10                            Los Angeles, CA 90071
                           Telephone:  213.622.4750

11                            Facsimile:  213.622.2690

12                            CROWELL & MORING LLP
                           Jeffrey L. Poston (appearance *pro hac vice*)

13                            JPoston@crowell.com
                           1001 Pennsylvania Avenue NW

14                            Washington, DC 20004
                           Telephone:  202.624.2500

15                            Facsimile:  202.628.5116

16                            *Attorneys for Defendants*
                           *Kaiser Foundation Health Plan, Inc., Kaiser*

17                            *Foundation Hospitals, and Kaiser Foundation*
                           *Health Plan of Washington*

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

The parties in the lawsuit *John Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC (N.D. Cal.) ("Action") have reached a proposed settlement of claims ("Settlement") in a pending class action against Kaiser Foundation Health Plan, Inc. ("Defendant") and certain related entities. If approved, the Settlement will resolve this Action wherein Plaintiffs allege that Defendant's websites and mobile applications inadvertently disclosed their confidential personal information due to third-party software code. Plaintiffs allege that this code was embedded across Defendant's platforms, including the secure patient portal, and transmitted information to third parties when users navigated these platforms. Defendant firmly denies the allegations, denying any liability or wrongdoing, and denies that Plaintiffs are entitled to any relief arising from this Action. Defendant also maintains that Plaintiffs have not suffered any damages arising from this Action. Additional information regarding the Action and the Settlement can be found in the Stipulation of Settlement dated August 13, 2025 ("Stipulation") and the long-form notice ("Notice") available at www.KaiserPrivacySettlement.com.

You received this notice because your contact information was provided by Defendant for purposes of providing notice of the Settlement and you may be a member of the following Settlement Class:

**Any and all Kaiser members (i.e., current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates) in the following operating states: California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia, who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024:**

| **Websites** |
| --- |
| **https://wa-member.kaiserpermanente.org** |
| **https://healthy.kaiserpermanente.org** |
| **https://mydoctor.kaiserpermanente.org** |
| **Mobile Applications** |
| **Kaiser Permanente Washington App** |
| **Kaiser Permanente App** |
| **My Doctor Online (NCAL Only) App** |
| **My KP Meds App** |
| **KP Health Ally App** |

Certain persons (e.g., Defendant and related entities, persons with a Perfected Arbitration Claim, etc.) are expressly excluded from the Settlement Class as detailed in the Stipulation and Notice. Please review these documents for further information regarding membership in the Settlement Class.

Pursuant to the Settlement, Defendant has agreed to pay **$46,000,000.00**, which, after deducting any Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class Members who submit Claim Forms, in exchange for the Settlement of the Action and the release of all claims asserted in the Action and related claims. The Settlement Amount may be increased, but in no event will it exceed forty-seven million and five hundred thousand dollars ($47,500,000.00), depending on certain conditions of the confidential Supplemental Agreement. **For additional information regarding the Settlement, please review the full Notice available at www.KaiserPrivacySettlement.com.** If you are a Settlement Class Member, your *pro rata* share of the Settlement will depend on the number of valid Claim Forms submitted. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation posted on the Settlement website, or other plan ordered by the Court.

**To qualify for a payment from the Settlement, you must submit a Claim Form.** The Claim Form can be found and submitted on the Settlement website, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____ __, 2025.** If you do not want to be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Settlement Class by _____ __, 2025. If you exclude yourself from the Settlement Class, you may be able to sue Defendant and/or its related entities about the claims being resolved in the Action, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file or mail an objection by **_____ __, 2025**. The Notice provides instructions on how to submit a Claim Form, exclude yourself from the Settlement Class, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on **_____ __, 2025 at __:__ _.m.** ("Fairness Hearing"), to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33% of the Settlement Fund in attorneys' fees, plus litigation expenses of no more than $900,000. The named Plaintiffs will also request service awards of up to $5,000 each for their efforts in representing the Settlement Class in the Action. You may attend the Fairness Hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-855-783-3816, send an email to info@KaiserPrivacySettlement.com, or visit www.KaiserPrivacySettlement.com.**

[Identification Codes to be used to submit Claim]

Kaiser Privacy Breach Settlement
Settlement Administrator
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

### *COURT-ORDERED LEGAL NOTICE*

*John Doe, et al. v. Kaiser Foundation Health
Plan, Inc., et al.*
Case No. 3:23-cv-02865-EMC (N.D. Cal.)

**Your legal rights may be affected by this
pending class action. You may be eligible for a
cash payment from the Settlement. Please read
this Notice carefully.**

**For more information, please visit
www.KaiserPrivacySettlement.com
or call 1-855-783-3816.**

[ADD BAR CODE HERE]

# EXHIBIT F

# PROOF OF CLAIM FORM
# Kaiser Privacy Breach Settlement

### DEADLINE FOR SUBMISSION - _____ __, 2025

**If you are a current or former member of the Kaiser Foundation Health Plan, Inc. or any of its affiliates in California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, or the District of Columbia, and accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024, you are a Settlement Class Member and may submit a Claim Form in order to receive a payment from the Settlement created in *John Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 3:23-cv-02865-EMC (N.D. Cal.) ("Action"):**

| Websites | |
|---|---|
| | https://wa-member.kaiserpermanente.org<br>https://healthy.kaiserpermanente.org<br>https://mydoctor.kaiserpermanente.org |
| **Mobile Applications** | |
| | **Kaiser Permanente Washington App<br>Kaiser Permanente App<br>My Doctor Online (NCAL Only) App<br>My KP Meds App<br>KP Health Ally App** |

TO RECEIVE A PAYMENT FROM THE SETTLEMENT, YOU MUST SUBMIT A CLAIM FORM ONLINE AT WWW.KAISERPRIVACYSETTLEMENT.COM, OR YOU CAN COMPLETE AND MAIL THIS CLAIM FORM TO THE SETTLEMENT ADMINISTRATION AT THE MAILING ADDRESS BELOW, **NO LATER THAN _____ __, 2025**.

Kaiser Privacy Breach Settlement
c/o Strategic Claims Services, Inc.
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

FAILURE TO SUBMIT YOUR CLAIM FORM BY _____ __, 2025 MAY PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A VALID CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE SETTLEMENT (INCLUDING ITS RELEASE OF CLAIMS) AND ALL OF THE ORDERS AND JUDGMENTS ENTERED BY THE COURT IN THE ACTION.

**All questions regarding this Claim Form and your eligibility to receive a payment from the Settlement should be directed to the Settlement Administrator at:**

**Email: info@KaiserPrivacySettlement.com or Telephone: 1-855-783-3816**

## I. CLAIMANT INFORMATION

| Claimant Name: |
|---|

Address:

| City | State | ZIP |
|---|---|---|

| Foreign Province | Foreign Country |
|---|---|

| Day Phone | Evening Phone |
|---|---|

Email

Identification Number Assigned by Settlement Administrator:

## II. CONFIRMATION OF IDENTIFICATION NUMBER

IF YOU RECEIVED NOTIFICATION OF THE SETTLEMENT BY EMAIL OR POSTCARD THAT INCLUDED AN IDENTIFICATION NUMBER FROM THE SETTLEMENT ADMINSTRATOR AND PROVIDED IT IN THE SECTION ABOVE, PLEASE CHECK THE BOX BELOW AND PROCEED TO THE NEXT SECTION OF THIS CLAIM FORM.

☐  I confirm that I have provided the Identification Number assigned by the Settlement Administrator where indicated on this Claim Form.

## III. PAYMENT ELECTION

If you are a member of the Settlement Class and entitled to receive a payment from the Settlement Fund, you must choose a form of payment from the options below. Please make sure you have completely filled out Section I above with your contact information, including an email address, so your payment can be properly processed.

☐  I choose to receive my distribution payment from the Net Settlement Fund via electronic payment, which will be sent to me by email to the email address identified in Section I above. (At the time of distribution, those receiving electronic payments will be able to select between electronic Mastercard, Amazon, Target, Venmo, PayPal or ACH Direct Deposit.)

**OR**

☐  I choose to receive my distribution payment from the Net Settlement Fund via a physical check, which will be mailed to me at the address listed in Section I above.

**PLEASE NOTE**: If a form of payment is not selected above, the default payment form will be an electronic payment.

## IV. CERTIFICATION

I submit this Claim Form under the terms of the Stipulation of Settlement dated August 13, 2025 ("Stipulation") described in the Notice of Pendency and Proposed Settlement of Class Action and Fairness Hearing ("Notice") available at www.KaiserPrivacySettlement.com. I also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my claim as a Settlement Class Member and for purposes of enforcing the releases and covenant not to sue set forth in the Stipulation. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in this Action. I have not submitted any other claim covering the same allegations and know of no other Person having done so on my behalf.

- I certify that I have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Stipulation and the terms of the Plan of Allocation.

- I certify that I am a member of the Settlement Class, as defined in the Stipulation and the Notice, and am not excluded by definition from the Settlement Class as follows:

  Excluded from the Settlement Class are (1) the Judges presiding over the Action, Class Counsel, Sutter Counsel, and immediate members of their families; (2) Kaiser Foundation Health Plan, Inc., its subsidiaries, parent companies, successors, predecessors, and any entity in which the Kaiser Foundation Health Plan, Inc. or its parent has a controlling interest, and its current or former officers and directors; (3) Persons who properly execute and submit a request for exclusions prior to the Opt-Out Deadline; (4) the successors or assigns of any such excluded Persons; and (5) Kaiser Permanente members with a Perfected Arbitration Claim.

- I certify that I have not submitted or intend to submit a request for exclusion from the Settlement Class.

- I certify that I am NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am exempt from backup withholding; or (b) I have not been notified by the I.R.S. that I am subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me that I am no longer subject to backup withholding.

  **NOTE: If you** have **been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.**

- I agree to waive my right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this Claim, and waive any right of appeal or review with respect to such determination.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I CERTIFY THAT ALL OF THE INFORMATION I PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

_____
(Signature)

Date: _____

3

**THIS CLAIM FORM MUST BE MAILED TO THE SETTLEMENT ADMINISTRATOR POSTMARKED BY _____ __, 2025 OR SUBMITTED ONLINE BY 11:59 P.M. PST ON _____ __, 2025 AT <u>WWW.KAISERPRIVACYSETTLEMENT.COM</u>.**

If mailed, a Claim Form shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2025 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Settlement Administrator. The Settlement Administrator will acknowledge receipt of your Claim Form by emailing a confirmation if submitted online or if an email address is provided. Your Claim Form is not deemed submitted until you receive such an acknowledgement.

Accurate claim processing does take time. Please be patient.

**REMINDER CHECKLIST**

o   Please be sure to complete all sections of this Claim Form and sign this Claim Form.

o   If you did not receive an Identification Number, please contact the Settlement Administrator.

o   Keep copies of everything you submit.

If you move or change your address, telephone number or email address, please submit the new information to the Settlement Administrator, as well as any other information that will assist us in contacting you. PLEASE NOTE: Failure to submit updated contact information to the Settlement Administrator may result in the Settlement Administrator's inability to contact you regarding issues with your Claim Form or delivering payment to you.

# EXHIBIT G

## PLAN OF ALLOCATION

*John Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*
Case No. 3:23-cv-02865-EMC (N.D. Cal.)

If the Settlement is finally approved by the Court and the Effective Date occurs,[1] the Net Settlement Fund shall be distributed to Authorized Claimants (i.e., Settlement Class Members who submit Claims to the Settlement Administrator that are approved by the Court for payment from the Net Settlement Fund) in accordance with the following Plan of Allocation.

Objective: The goal of this Plan of Allocation is to distribute the Net Settlement Fund in a way that ensures that all eligible Settlement Class Members receive equal compensation.

A.    Definitions

1.    Settlement Class means any and all Kaiser members[2] in the Kaiser Operating States[3], including those members who have not completed a Perfected Arbitration Claim as defined in Paragraph 1.11 of the Stipulation of Settlement, who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024:

| Websites | |
|---|---|
| | https://wa-member.kaiserpermanente.org |
| | https://healthy.kaiserpermanente.org |
| | https://mydoctor.kaiserpermanente.org |
| **Mobile Applications** | |
| | Kaiser Permanente Washington App |
| | Kaiser Permanente App |
| | My Doctor Online (NCAL Only) App |
| | My KP Meds App |
| | KP Health Ally App |

Excluded from the Settlement Class are (1) the Judges presiding over the Action, Class Counsel, and immediate members of their families; (2) Defendant, its

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated August 13, 2025, available at www.KaiserPrivacySettlement.com.

[2] "Kaiser members" (also referred to in this Stipulation as "Kaiser Permanente members") means current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates.  Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[3] "Kaiser Operating States" (also referred to in this Stipulation as Kaiser Permanente Operating States) means California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusions prior to the Opt-Out Deadline; (4) the successors or assigns of any such excluded Persons; and (5) the Kaiser Permanente members with a Perfected Arbitration Claim as defined in the Stipulation of Settlement.

2.    "Class Period" means November 2017 to May 2024.

3.    "Net Settlement Fund" means the portion of the Settlement Amount (plus interest) remaining after the deduction of Court-ordered payments for attorneys' fees and costs (if any), any Court-awarded Service Awards, the Settlement Administrator's expenses and fees, and any taxes.

4.    "Settlement Administrator" means the court-appointed Settlement Administrator. Plaintiffs have sought approval from the Court for Strategic Claims Services, Inc. to serve as the Settlement Administrator.

5.    "Settlement Amount" means $46,000,000.00. The Settlement Amount may be increased, but in no event will it exceed forty-seven million and five hundred thousand dollars ($47,500,000.00), depending on certain conditions of the confidential Supplemental Agreement.

B.    Each Settlement Class Member who completes and submits a valid Claim will receive a payment from the Net Settlement Fund as follows:

1.    Each Authorized Claimant as defined in the Stipulation will receive his or her pro-rata share of the Net Settlement Fund ("Pro-Rata Share").

2.    Each Authorized Claimant's Pro-Rata Share will be calculated by dividing the Net Settlement Fund by the total number of Authorized Claimants.

C.    Settlement Payments

1.    The Settlement Administrator shall issue a payment ("Settlement Payment") to each Authorized Claimant identified through the methodology described above. Claimants will be requested to choose a method of payment on the Claim Form.

2.    For each payment issued by check, the check shall be void if not negotiated within one hundred and twenty (120) calendar days after its date of issue ("Void Date"), and shall contain a legend to such effect. Checks that are not negotiated by the Void Date shall not be reissued unless otherwise directed by Class Counsel or ordered by the Court. All checks that are returned, undeliverable, or not cashed by the Void Date shall revert to the Net Settlement Fund. Any amount remaining in the Net Settlement Fund following the initial distribution to Authorized Claimants will be redistributed to Authorized Claimants on a pro-rata basis if a redistribution is determined to be cost effective by Class Counsel in consultation with the Settlement Administrator. Residual amounts that remain in the Net

2

Settlement Fund as unclaimed following redistribution(s) (if redistribution(s) are determined to be cost effective) shall be contributed to one or more of the following *cy pres* recipient(s), subject to Court approval, pursuant to the Stipulation: Institute for Public Health Innovation, and National Council for Behavioral Health dba National Council for Mental Wellbeing.

3.      Unless the Court orders otherwise, an Authorized Claimant who fails to negotiate (i.e., accept) their payment from the Settlement within a reasonable time (as outlined in the Plan of Allocation above) shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Parties' Stipulation of Settlement dated August 13, 2025 ("Stipulation"), including the terms of any judgments entered and the releases given.

D.      The Settlement Administrator may exercise reasonable judgment to resolve questions concerning the allocation of the Net Settlement Fund. The Settlement Administrator may consult with Class Counsel to address questions as they arise.

E.      Payment pursuant to this Plan of Allocation, or such other allocation method approved by the Court, will be conclusive against all Settlement Class Members. No Person shall have any claim against Plaintiffs, Plaintiffs' counsel (including Class Counsel), Defendant, Defendant's Counsel, the Affiliated Entities, the Released Parties, or the Settlement Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the allocation method approved by the Court, or further orders of the Court.

F.      The Court may approve the forgoing Plan of Allocation as proposed or it may modify it without further written notice to the Settlement Class. Any orders regarding any modification of the Plan of Allocation will be posted at www.KaiserPrivacySettlement.com.