UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOES 1-5, et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>           Defendants. | Case No. 23-cv-02865-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING**<br><br>Docket No. 345 |

The Court has reviewed the papers submitted in conjunction with Plaintiffs' motion for preliminary approval. The Court orders that the parties and/or Objectors file supplemental briefing and/or evidence, within one week of the date of this order, addressing the following issues.

A.    <u>Size of Class</u>

The parties' papers indicate that the size of the settlement class is estimated to be about 13.1 million individuals. The parties and/or Kaiser shall provide a rough estimate of how many individuals live in each Operating state, including but not limited to California.

B.    <u>Class Definition</u>

The parties shall address why the class period (of November 2017 to May 2024) was chosen.

In addition, the parties shall explain why a perfected arbitration claim includes the requirement that the arbitration filing fee be paid. In other words, could the settlement class be defined simply to exclude those who have demanded arbitration or filed an arbitration complaint?

Furthermore, the parties shall clarify whether, assuming arbitrating individuals are

1  excluded from the settlement class definition, the parties would like to give notice of the
2  settlement to the arbitrating individuals and give them an opportunity to be a part of the
3  settlement. *Cf. In re 23Andme, Inc. Customer Data Sec. Breach Litig.*, No. 24-md-03908, 2024
4  U.S. Dist. LEXIS 219622, at *44-45 (N.D. Cal. Dec. 4, 2024) (discussing issuance of a notice to
5  arbitrating individuals).

Finally, the Labaton and Milberg firms (representing, *inter alia*, Objectors) shall clarify whether they have informed any of their clients (other than Objectors) about the terms of the settlement.

C.  Monetary Relief for the Settlement Class

Given the deductions from the gross settlement fund, do the parties expect the net settlement fund to be about $27.48 million?

If so, given that the settlement administrator expects a claims rate of about 5-10%, does that mean the estimated payout will be about $20.98-$41.95 per class member?

D.  Confidential Portion of Settlement Agreement

The parties have referred to a confidential settlement agreement related to the number of opt-outs. A copy of that agreement shall be promptly provided to the Courtroom Deputy for in camera review at emccrd@cand.uscourts.gov. The parties shall explain why that term should be kept confidential and provide legal authorities supporting their position.

E.  Class Notice

1.  Email Notice

Do the parties know whether the settlement administrator can determine not only whether an email is undeliverable (*e.g.*, bounceback) but also whether an email is not opened?

2.  Changes to the Long-Form Notice (Exhibit B)

The parties shall comment on the following.

- Page 1. The notice states at the beginning: "**IF YOU WERE A KAISER PERMANENTE MEMBER WHO ACCESSED THE AUTHENTICATED PAGES OF THE KAISER PERMANENTE WEBSITES OR MOBILE APPLICATIONS FROM NOVEMBER 2017 TO MAY 2024, YOU COULD GET A PAYMENT FROM**

**THE PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT.**" Could the notice include language about an estimated payment (even a range)?

- Page 2. In the section titled "**Statement of the Settlement Class's Recovery**," dollar amounts should be included for attorneys' fees, litigation expenses, and service awards.
- Page 3. In the section titled "**Attorneys' Fees and Expenses Sought**," dollar amounts should be included for attorneys' fees.
- Page 4. The column that states "**EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS**" should also state "**SUBMIT A REQUEST FOR EXCLUSON**" (*i.e.*, to be parallel to the option of staying in the class and submitting a claim form).
- Page 4. The column describing the option of objecting should clarify that an objector must still **submit a claim form** if they want a payment.
- Page 11. In Question 8, the word "signature" appears to be missing at the end of a sentence ("(iv) include a wet ink signature (i.e., no /s/ signature by permission) or electronically imaged written (e.g. 'DocuSign')").
- Page 12. In Question 10, there should be a clarification that an objector must still **submit a claim form** if they want any monetary relief.
- Page 13. In Question 12, a dollar amount for attorneys' fees should be included.

3.  Changes to the Short-Form Notice (Exhibit E)

The parties shall comment on the following.

- Can the *top* of the postcard include a statement about a potential payment under the settlement? And/or a statement about the amount of the gross settlement fund?
- The first paragraph uses the term "inadvertently." Should that term be omitted? The Court was under the impression that Plaintiffs had suggested that Kaiser acted intentionally or, *alternatively*, inadvertently.
- The fourth paragraph should clarify that an objector must still submit a claim form in order to get a payment.
- The fifth paragraph should include the dollar amount for attorneys' fees.

3

1       4.    <u>Changes to the Claim Form (Exhibit F)</u>

2   The parties shall comment on the following.

3   - Should the default means of payment be a physical check rather than an electronic form of payment?

5   - If a claim is submitted electronically, when is it deemed "actually received" by the settlement administrator?

7   F.    <u>Plan of Allocation</u>

8   The cy pres beneficiaries are Institute for Public Health Innovation and National Council for Behavioral Health dba National Council for Mental Wellbeing. Do the parties know whether either of these organizations conduct activity related to protection of personal health information?

11  G.    <u>Attorneys' Fees</u>

12  Plaintiffs' counsel shall provide an estimate of the number of hours they have spent on each major litigation task. They shall also provide their hourly rates.

14  In addition, the parties shall address what changes there have been to Kaiser's privacy notification practices. *See* Mot. at 14.

16  H.    <u>Statutory Damages</u>

17  Plaintiffs have identified several non-California jurisdictions that provide for statutory damages. *See* Pls.' Reply at 14 (citing D.C., Maryland, and Washington). Do Kaiser and Objectors agree, or do they know of other relevant jurisdictions that provide for statutory damages?

**IT IS SO ORDERED**.

Dated: October 3, 2025

EDWARD M. CHEN
United States District Judge

4