CROWELL & MORING LLP
Kristin J. Madigan (SBN 233436)
  KMadigan@crowell.com
Anna Z. Saber (SBN 324628)
  ASaber@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  415.986.2800
Facsimile:  415.986.2827

CROWELL & MORING LLP
Jennie Wang VonCannon (SBN 233392)
  JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

CROWELL & MORING LLP
Jeffrey L. Poston (appearance pro hac vice)
  JPoston@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:  202.624.2500
Facsimile:  202.628.5116

Attorneys for Defendants Kaiser Foundation Health
Plan, Inc., Kaiser Foundation Hospitals, and Kaiser
Foundation Health Plan of Washington

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S MEMORANDUM IN REPLY TO POTTER HANDY PLAINTIFFS' OPPOSITION TO THE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:          October 23, 2025<br>Time:          1:30 p.m.<br>Ctrm.:         5<br>District Judge:     Hon. Edward M. Chen<br><br>Consolidated Complaint<br>Filed:  December 6, 2024<br>Trial Date:  January 25, 2027 |

Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser Permanente" or "Defendant")[1] submits this memorandum in reply to the Opposition to the Motion for Preliminary Approval of the Proposed Class Action Settlement by Adia Johnson, Aaron Beaudreau, Yvonne Cipressi, and Carolynn Colbert (hereinafter "Potter Handy Objectors" or "Objectors"). D.N. 363.

**<u>INTRODUCTION</u>**

Nearly one month after the Court-ordered cutoff and without any explanation, Potter Handy Objectors filed a brief in Opposition to the Motion for Preliminary Approval of the Proposed Class Action Settlement. The Court should reject the brief as untimely.

To the extent the Court considers these objections, Potter Handy Objectors' legal arguments are duplicative of those the Parties have already briefed in connection with Objections filed by the Labaton and Milberg firms. Kaiser Permanente therefore incorporates by reference its arguments in recent briefing to minimize burdens on the Court and its staff, and to avoid duplicative briefing and argument. *See* Kaiser Permanente's Reply to the Labaton and Milberg Objections (D.N. 355); Response to the Court's October 3, 2025 Order (D.N. 373). The Court should reject Potter Handy Objectors' legal arguments in opposition to the proposed settlement, and should grant preliminary approval of the settlement in its entirety.

Kaiser Permanente submits this short reply memorandum to address Potter Handy Objectors' untimeliness and provide additional factual background to complete and correct the record. These additional facts are relevant because they demonstrate that Potter Handy's clients have repeatedly chosen to litigate their claims in state court.

**I.      The Potter Handy Objection is Untimely and Should be Disregarded.**

This Court ordered Potter Handy Objectors to file a response to the Motion for Preliminary Approval of the Settlement by no later than September 9, 2025. D.N. 350. But Potter Handy Objectors inexplicably waited until October 6, 2025 to file their brief, nearly a month late. The Potter Handy Objectors have neither sought nor obtained leave to file out of time, nor have

---

[1] The parties have stipulated to dismiss Defendants Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington, in connection with settlement approval. D.N. 347.

they made any showing of good cause or excusable neglect that would justify consideration of their belated submission. *See* Fed. R. Civ. P. 6(b)(1)(B).

Potter Handy offers no basis for disregarding the filing deadline and cannot demonstrate good cause to be relieved from it. *See Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068-MMC, 2007 WL 474936, at *6 (N.D. Cal. Jan. 17, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (disregarding objections that were styled as a motion to intervene where objector failed to object in a timely manner and "offered no adequate support" for why he should be permitted to "evade that deadline"); *Arellano v. J.M. Smucker Co.*, No. 2:23-CV-1540-WBS-DMC, 2025 WL 1116896, at *9 (E.D. Cal. Apr. 15, 2025) (requiring good cause to be excused from deadline for filing written objection to settlement).

Because timeliness is a threshold requirement, the Court should disregard Potter Handy Objectors' brief and order that any objections are waived. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. MDL 3:07-MD-1827 SI, 2011 WL 7575004, at *3 (N.D. Cal. Dec. 27, 2011) (refusing to consider untimely objections); *In re Heritage Bond Litig.*, No. 02-ML-1475-DT, 2005 WL 1594403, at *10 n. 9 (C.D. Cal. June 10, 2005) (refusing to consider untimely objection received via email after the filing deadline); *Alvidres v. Countrywide Fin. Corp.*, No. 207-CV-05810-JFW-CTX, 2009 WL 10671715, at *3 (C.D. Cal. Sept. 1, 2009) ("Any member of the Class or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred.") (emphasis in original).

## II.    Potter Handy Objectors' Counsel Filed a Duplicative State Class Action But Abandoned It After Removal and Court-Ordered Consolidation With this Action.

Potter Handy Objectors' brief fails to disclose the full procedural history, which demonstrates that Potter Handy Objectors and their counsel have chosen to litigate these claims in state court.

On April 29, 2024, nearly one year after Plaintiffs filed this action (before any amendments to OIA rules governing mass arbitrations), Potter Handy Objectors' counsel filed a putative class action in the Superior Court of the County of Alameda alleging nearly identical

claims against Kaiser Permanente, *Newton, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 24CV073453 (Alameda Sup. Ct.) (the "Newton Action"). On June 10, 2024, Plaintiffs filed an amended complaint in the Newton Action that added Meta and Google as co-defendants. Madigan Decl. Ex. A (Newton Action FAC).

Plaintiffs in the Newton Action styled their Complaint as a putative class action under California Code of Civil Procedure section 382, brought on behalf of themselves and "a putative class defined as, 'All natural persons in the United States who used the Kaiser Platform and whose communications and/or data were intercepted by Defendants, and who received a Notice of Data Breach in May of 2024.'" *Id.* (Newton Action FAC) ¶ 3. The Prayer for Relief in the Complaint sought an order certifying the action as a class action and requested classwide remedies. *See id.* (Newton Action FAC) at 46-47.

On June 14, 2024, Kaiser Permanente removed the Newton Action to federal court. Madigan Decl. Ex. B (Newton Action Notice of Removal). On July 1, 2024, the federal court ordered the Newton Action related to the Doe Action and reassigned the Newton Action to this Court. Madigan Decl. Ex. C (D.N. 13). On August 27, 2024, this Court ordered the Newton Action consolidated with the Doe Action. Madigan Decl. Ex. D (D.N. 43). The Newton Action plaintiffs, however, abandoned their class claims by not joining the Consolidated Complaint in this action.

### III. Potter Handy Objectors' Counsel Then Filed Fourteen New Lawsuits Duplicative of this Action and the Newton Action That Join Thousands of Individual Plaintiffs.

Potter Handy Objectors' counsel contacted Kaiser Permanente on July 30, 2024, threatening arbitration claims on behalf of thousands of members. But the Potter Handy Objectors never took the necessary steps to exercise arbitration rights. Only seven individuals out of the thousands of Kaiser Permanente members that Potter Handy claims to represent have ever paid the filing fee and perfected their arbitration claims. None of the Potter Handy Objectors has paid the filing fee and perfected an arbitration claim.

Instead, the Potter Handy Objectors chose to litigate in state court. Since January 2025, Potter Handy has filed over a dozen lawsuits in the Superior Court of the County of Alameda

against Kaiser Permanente joining thousands of individuals. As of the date of this brief, Potter Handy Objectors are named plaintiffs in four of those separate, related lawsuits against Kaiser Permanente, all of which are duplicative of this case, and which the Alameda Court ordered related:

| | Related Case | Case Type | Counsel for Plaintiff(s) |
|---|---|---|---|
| 1 | *Guevara, et al. v. KFHP* Case No. 25CV121881, Dept. 21 | Putative Class Action | Labaton and Milberg |
| 2 | *Johnson, et al. v. KFHP* Case No. 25CV115293, Dept. 21 | 977 Plaintiffs | Potter Handy |
| 3 | *Beaudreau, et al. v. KFHP* Case No. 25CV116459, Dept. 21 | 14,380 Plaintiffs | Potter Handy |
| 4 | *Cipressi, et al. v. KFHP* Case No. 25CV113042, Dept. 21 | 5 Plaintiffs | Potter Handy |
| 5 | *Arneja, et al. v. KFHP* Case No. 25CV116428, Dept. 21 | 14,454 Plaintiffs | Potter Handy |
| 6 | *Colbert v. KFHP* Case No. 25CV117332, Dept. 21 | 1 Plaintiff | Potter Handy |

Potter Handy Objectors' lawsuits are duplicative of this case and the Newton Action. Compare, for example, Madigan Decl. Ex. E (Johnson Compl.) ¶¶ 55-108 with D.N. 271 (Doe Compl.) ¶¶ 1-6.

### CONCLUSION

For the foregoing reasons and those set forth in Kaiser Permanente's Reply to the Labaton and Milberg Objections (D.N. 355), and Response to the Court's October 3, 2025 Order (D.N. 373), Kaiser Permanente respectfully requests that the Court grant preliminary approval of the Settlement in its entirety.

Dated:  October 17, 2025                    Respectfully submitted,

CROWELL & MORING LLP


By: _____
     Kristin J. Madigan
       KMadigan@crowell.com
     Anna Z. Saber
       ASaber@crowell.com
     3 Embarcadero Center, 26th Floor
     San Francisco, CA 94111
     Telephone:  415.986.2800
     Facsimile:  415.986.2827

CROWELL & MORING LLP
Jennie Wang VonCannon (SBN 233392)
  JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:   213.622.2690

CROWELL & MORING LLP
Jeffrey L. Poston (appearance pro hac vice)
  JPoston@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:  202.624.2500
Facsimile:   202.628.5116

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc.,
Kaiser Foundation Hospitals, and Kaiser
Foundation Health Plan of Washington