1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Interim Co-Lead Class Counsel*
(*Additional Attorneys Listed on Signature Page*)

**CROWELL & MORING LLP**
Kristin J. Madigan (SBN 233436)
KMadigan@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  415.986.2800
Facsimile:  415.986.2827

**CROWELL & MORING LLP**
Jennie Wang VonCannon (SBN 233392)
JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

**CROWELL & MORING LLP**
Jeffrey L. Poston (appearance *pro hac vice*)
JPoston@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:  202.624.2500
Facsimile:  202.628.5116

*Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., Kaiser
Foundation Hospitals, and Kaiser Foundation
Health Plan of Washington*

16

17

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**JOINT REPORT IN RESPONSE TO ORDER RE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Judge: Hon. Edward M. Chen<br>Date:  November 25, 2025<br>Time: 1:30 p.m.<br>Court: 5<br><br>CMC Filed: December 6, 2024<br>Trial Date:  January 25, 2027 |

1

2

3

4

On October 23, 2025, the Court held a hearing on Plaintiffs' Motion for Preliminary Approval (Dkt. 345) and Motions by Objectors (Dkts. 351, 352, 363). Following the hearing, the Court issued an Order requesting that the Settling Parties report back on the following issues by November 13, 2025 (Dkt. 384) ("Order").

5

6

**1.    Modification of the Class Definition to Exclude Only Those Who Have Demanded or Initiated Arbitration, Are Still in the Arbitration Track, and Not in the State Court Litigation Track**

7

8

Pursuant to the October 24 Order, the Parties have revised the Class Definition to exclude "Members Who Have Chosen To Arbitrate", defined as follows:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"Members Who Have Chosen to Arbitrate" means (1) the seventeen (17) current and former Kaiser Permanente members represented by one or more of the Potter Handy, LLP ("Potter Handy"), Milberg Coleman Bryson Phillips Grossman, LLC ("Milberg"), and Bryson Harris Suciu & DeMay, PLLC ("Bryson") law firms who, as of the filing of the Motion for Preliminary Approval of the Settlement, were actively pursuing arbitration and are not actively pursuing and had not withdrawn from or abandoned arbitration to pursue state court litigation against Kaiser Permanente as a named plaintiff or putative class member as defined in the complaints in the following lawsuits (the "State Court Actions"): (i) *Cipressi et al. v. Kaiser Foundation Health Plan, Inc. et al.*, Case No. 25CV113042 (five plaintiffs); (ii) *Johnson et al. v. Kaiser Foundation Health Plan, Inc. et al.*, Case No. 25CV115293 (977 plaintiffs); (iii) *Arneja et al. v. Kaiser Foundation Health Plan, Inc. et al.*, Case No. 25CV116428 (14,454 plaintiffs); (iv) *Beaudreau et al. v. Kaiser Foundation Health Plan, Inc. et al.*, Case No. 25CV116459 (14,380 plaintiffs); (v) *Colbert et al. v. Kaiser Foundation Health Plan, Inc. et al.*, Case No. 25CV117332 (one plaintiff); and (vi) *Guevara et al. v. Kaiser Foundation Health Plan, Inc. et al.*, Case No. 25CV121881 (six plaintiffs and putative class) (*see* Appendix A); and (2) the four (4) current and former Kaiser Permanente members represented by the Shay Legal, APC and Swigart Law Group, APC law firms who, subsequent to the filing of the Preliminary Motion for Approval of the Settlement, but before October 23, 2025, filed an arbitration demand with the

Office of Independent Administrator ("OIA") and are actively pursuing arbitration and

who have never withdrawn from or abandoned arbitration for any reason, including to

litigate in the State Court Actions (*see* Appendix B).

*See* Section 1.10 of the Stipulation of Settlement (revised), attached hereto has Exhibit 1

(redline compare).

As revised, the "Settlement Class" means any and all Kaiser members[1] in the Kaiser Operating

States[2], subject to the exclusions below, who accessed the authenticated pages of the Kaiser

Permanente websites or mobile applications listed below from November 2017 to May 2024:

| Websites | |
|---|---|
| | https://wa-member.kaiserpermanente.org<br>https://healthy.kaiserpermanente.org<br>https://mydoctor.kaiserpermanente.org |
| Mobile Applications | |
| | Kaiser Permanente Washington App<br>Kaiser Permanente App<br>My Doctor Online (NCAL Only) App<br>My KP Meds App<br>KP Health Ally App |

*See* Exhibit 1, Section 1.18 of the Stipulation of Settlement (as revised).

Expressly excluded from the Settlement Class are: (1) the Judges presiding over the Action,

Class Counsel, Sutter Counsel, and immediate members of their families; (2) Defendant, its

subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its

parents have a controlling interest, and their current or former officers and directors; (3) Persons who

properly execute and submit a request for exclusion prior to the Opt-Out Deadline; (4) the successors

or assigns of any such excluded Persons; and (5) Kaiser Permanente Members Who Have Chosen To

---

[1] "Kaiser members" (also referred to in the Stipulation of Settlement as "Kaiser Permanente members") means current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[2] "Kaiser Operating States" (also referred to in the Stipulation of Settlement as Kaiser Permanente Operating States) means California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

1    Arbitrate as defined in Section 1.10. *See* Exhibit 1, Stipulation of Settlement (revised), at Section

2    1.19.

3         Consistent with the Order, the revised Class Definition no longer includes the defined term

4    "Perfected Arbitration Claim."  In light of the revised Class Definition, the Parties have also made

5    corresponding edits to the Long Form Class Notice (*see* Exhibit 2 (redline), Exhibit 2-A (clean)) and

6    Short Form Class Notice (*see* Exhibit 3 (redline), Exhibit 3-A (clean)).

7         **The Parties' Position:**

8         In the October 24 Order, this Court ordered that (1) the Parties modify the Class Definition to

9    conform to the language in the Court's Order, and (2) the Parties confer with Objectors regarding the

10   opt-out procedures.  On the first point, as discussed above, the Parties have proposed a revised Class

11   Definition that mirrors the language this Court included in its Order.  On the second point, as detailed

12   below, the Parties have agreed to additional, robust procedures to ensure that anyone who wants to

13   opt-out has a streamlined and efficient way to do so.

14        Despite this Court's clear Order rejecting the Labaton and Bryson firms' prior attempt to

15   exclude clients who simply threatened to arbitrate and/or otherwise abandoned arbitration efforts to

16   pursue remedies in state court and despite that it was the Parties who were directed to modify the

17   Class Definition, the Labaton and Bryson firms are objecting to the Parties' agreed-upon revised

18   Class Definition, which mirrors the Court's Order. Specifically, they have objected to including in

19   the definition of "Members Who Have Chosen to Arbitrate" the phrases: (1) "and had not withdrawn

20   from or abandoned arbitration to pursue"; and (2) "who have never withdrawn from or abandoned

21   arbitration for any reason, including to litigate in the State Court Action." The language the Labaton

22   and Bryson firms seek to remove directly contradicts the Court's October 24 Order, regarding the

23   Class Definition, which makes clear the definition is to  exclude only those class members who have

24   chosen to arbitrate and have not abandoned or withdrawn from arbitration by filing state court actions.

25   *See* D.N. 384 at 6:16-22 ("***Because the Labaton and Potter clients are all now in litigation and have***

26   ***effectively withdrawn from arbitration (at least for purposes of this Court's adjudication of the***

27   ***class definition for purposes of the present proposed settlement)…");*** 7:1-3 ("***The Labaton and***

28   ***Potter clients would fall within the settlement class definition by virtue of having, at least for***

1    *purposes of the current motion before this Court, effectively abandoned arbitration by filing and*

2    *joining a suit in state court*."). The October 24 Order was not to be relitigated—it was to be

3    implemented—which the Parties have done.

4        Moreover, Objectors did not raise in the meet and confer their new argument below

5    concerning the date cutoff for the Class Definition or the statement regarding "Labaton clients

6    maintain[ing] open arbitrations before the OIA." On October 23, 2025, this Court determined that the

7    Objectors had abandoned arbitration. Objectors cannot attempt to renegotiate the Class Definition

8    that this Court ordered.

9        **Objectors' Position:[3]**

10       19,515 Labaton clients maintain open arbitrations before the OIA.  Objectors proposed a slight

11   modification to the class definition to read: "who, as of the filing of the Motion for Preliminary

12   Approval of the Settlement, were actively pursuing arbitration and ~~had not withdrawn from or~~

13   ~~abandoned arbitration,~~ are not actively pursuing state court litigation against Kaiser Permanente as a

14   named plaintiff or putative class member."

15       The Court made clear during the October 23, 2025 hearing and again in the October 24, 2025

16   Order that it was not making any determination as to whether Claimants had actually withdrawn from

17   or abandoned arbitration.  In full, the Court clarified that its observation was limited—"at least for

18   purposes of the current motion before this Court." *See* D.N. 384 at 7:1–3; *see also* Transcript of

19   Proceedings held on 10/23/2025 at 23:23-24:3 ("if your clients opted out, they can go whatever way,

20   they can do Guevara, they can do arbitration. … Why not give everybody a choice? They've got three

21   different choices here.").  While the Parties assert that their language is "based" on the Court's Order,

22   it does not, in fact, track the Court's language and appears drafted so that it could later be used in

23   either state court or arbitration to argue that specific objectors have waived or abandoned arbitration,

24   even though Kaiser has itself abandoned that argument in the state court action.

25       The purpose of the class definition is simply to identify who is included and should receive

26   notice and who is excluded. Objectors' proposed definition functions just as effectively as the Parties'

27

28   [3] Objectors include Kaiser members represented by Labaton Keller Sucharow LLP; Bryson, Harris, Suciu & DeMay; and Potter Handy, LLP, who all join in the below objections.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

version in that respect.  Kaiser's resistance to this minor modification appears intended to preserve a later argument that Claimants with active arbitrations have somehow "abandoned" them—an issue this Court explicitly declined to decide.  It is entirely unnecessary and inappropriate for the Class Definition to include a legal conclusion that Objectors had, in fact, waived arbitration—an issue which it appears to have dropped in the state court case.

Additionally, Objectors object to the proposed class definition insofar as it imposes an arbitrary cutoff date of October 23, 2025 for excluding Kaiser members who have moved forward in arbitration.  Nothing in Rule 23, due process, or the Court's October 24, 2025 Order supports freezing the Claimants' right to meet the OIA's procedural requirements for arbitration as of an artificially selected point in time unconnected to notice or to any milestone in the approval process.  A class definition must be definite enough so that it is administratively feasible to ascertain class membership, but it also must be fair, non-arbitrary, and consistent with the rights that class members hold at the time they receive notice.

The proposed cutoff creates a perverse and unfair anomaly: individuals who continue pursuing arbitration after October 23 but before final approval—i.e., during the period when class members finally learn of the settlement and must decide whether to remain in the class—would be swept into the settlement class despite actively pursuing a mutually exclusive forum.  This contradicts black-letter law that class settlements cannot bind individuals who opt out or whose conduct places them outside the class definition by pursuing arbitration.  Importantly, those Kaiser members who are actively pursuing arbitration will nonetheless retain the right, as with any Rule 23 settlement, to individually choose to opt in to the class settlement if and when they receive notice and decide that settlement is preferable to arbitration.

The definition should instead exclude any Kaiser members who have affirmatively pursued arbitration at any time prior to final approval or the close of the opt-out period, not merely those who met an arbitrary October 23 deadline.  This approach reflects the unique procedural posture of this case, preserves their individual rights both to pursue arbitration and to opt into the settlement if they later choose, and aligns with the Court's directives regarding fairness, clarity, and individualized decision-making.

**2.    Ensuring That the Individualized Opt-Out Process is Not Cumbersome or Burdensome**

Pursuant to this Court's Order, the Parties and Objectors have conferred and have agreed to the following clarifications and/or modifications of the Opt-Out process:

- **Longer Opt-Out Period**: The Parties and Objectors have agreed to extend the opt-out period from 45 days to 55 days, along with other deadlines affected by this extension. An updated proposed revised schedule is attached hereto as Exhibit 4, with a redline comparison to the prior schedule submitted as Exhibit 4-A.

- **Prepopulated Online Opt-Out Form**: Under the Settlement, individualized opt-outs are acceptable with either a wet-ink signature or an electronic signature (*e.g.* Docusign or similar electronic equivalent). *See* ECF No. 354-4, at 17. In an effort to further streamline the opt-out process, the Settlement Administrator has implemented an online opt-out process whereby Settlement Class Members may login to the Settlement Website using their Claim ID, which will then prepopulate an editable Online Opt-Out Form with the Settlement Class Member's identifying information, so that Class Members can submit their claims electronically. *See* Second Supplemental Declaration of Paul Mulholland ("Mulholland Decl."), attached hereto as Exhibit 5, at ¶3. A description of the workflow for submission of online opt out forms is attached to the Mulholland Declaration as Exhibit A. A Printable version of the Opt-Out Form will also be made available on the Settlement Website.  *See* Mulholland Decl., Ex. B (Printable version of Opt-Out Form).

- **Prepopulated Online Claim Form**.  Consistent with the Online Opt-Out process, the Settlement Administrator has modified the online claims submission process so that, in order to submit a claim, Settlement Class Members may login to the Settlement Website using their Claim ID, which will also prepopulate an editable Online Claim Form with the Settlement Class Member's identifying information. Mulholland Decl., at ¶4.

- **Prominent Display of Claim ID on Short Form Notice**. The Settlement Class Members' Claim ID will also appear prominently on the Short Form Notice. Ex. 3 (identifying how the Claim ID will appear on short form notice), *compare with* ECF No. 374-4, at 3 (Short Form Notice previously submitted to the Court that included a placeholder for the Claim ID information).

- **Direct Submission of Opt-Out Forms to Claims Administrator.** The Settlement Administrator will also set up a secured file transfer protocol to receive large groups of individually signed opt-out forms simultaneously to the extent such groupings occur.  To facilitate the orderly review of such submissions by the Settlement Administrator, a supplemental log shall be provided with, at a minimum, each represented individual's name, email, and claim ID. The secure file transfer protocol will be provided to Objectors' counsel and can be provided to other counsel upon request. Mulholland Decl., at ¶5.

The Labaton, Bryson, and Potter Handy Firms have requested that to the extent a Settlement Class Member is already represented by Objectors' counsel, Objector's counsel may request that those Settlement Class Members' Class ID(s) also be provided directly to such counsel by sending an affidavit, signed by counsel and sworn under the penalty of perjury, no later than five (5) business days the Preliminary Approval Order is entered attesting to the representation of, and identifying, all such Settlement Class Member(s). The Settlement Administrator, through Class Counsel, will then provide Objectors' Counsel with the Class ID for any  such Settlement Class Member on or before the Notice Deadline (i.e. no later than 45 days from the entry of this Preliminary Approval Order).

**Defendant's Position:**

Defendants oppose this request. The Settlement Administrator will generate Class ID(s) for each Settlement Class Member so that each person may verify their identity

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

and confirm that they are individually choosing to exercise opt-out rights. Providing the Class ID(s) directly to other law firms undermines this Court's prohibition of mass opt outs through outside counsel and increases risk that individualized and informed member consent to opt out will be compromised. Defendants will be prepared to address this issue at the hearing on November 25, 2025.

**Objectors' Position:**

The Court was clear that while opt-outs must reflect an individual decision, the process for obtaining those individualized opt-outs should be as simple and minimally burdensome as possible. Specifically, the Court "emphasize[d] that the individualized opt-out process should not be cumbersome or burdensome." D.N. 384 at 9:4–5. The Court further clarified that "the individualized opt-outs should also be acceptable with either a wet-ink signature or an electronic one (e.g., Docusign)." D.N. 384 at 9:7–8. Objectors' Counsel's proposal adheres precisely to these directives.

The Unique Settlement IDs are not PII or PHI. Kaiser's objection is driven by the need for "identity verification" which seems to be premised on the assumption that if provided the Unique Settlement IDs, Counsel will execute mass or collective opt-outs – essentially, that counsel will commit fraud. This has not and has never been true. Each represented member will independently review and sign (or decline to sign) a personal opt-out form. Each form will include either a wet ink or authenticated electronic signature—consistent with the process this Court expressly approved. Each electronically signed opt-out will be accompanied by an electronic certificate. All that providing the Unique Settlement ID to counsel does is allow them to assist Claimants in filling out their opt-out forms and perform a quality control check to ensure that Claimants have properly completed the opt-out forms before they are sent to the Settlement Administrator. This ensures that represented members receive their individualized materials through their trusted attorneys, minimizing confusion and facilitating informed decision-making. Indeed, the Court discouraged a similar "verification" process proposed by the parties in *In re 23andMe. See* Order, Case No.

3:24-md-03098, D.N. 111 (Filed September 25, 2024) at 5 ("For opt outs, why is an electronic opt out not recognized unless there is an additional verification?").

Notably, Kaiser members represented by Labaton have already been verified by Kaiser itself through a pre-mediation process pursuant to the parties' Tolling Agreement.[4]  There is thus no legitimate basis for withholding the IDs from counsel who have attested under penalty of perjury that they represent these members.  Kaiser's opposition serves no functional purpose other than to make the opt-out process more cumbersome and create headaches at final approval.

The practical implications of Kaiser's position are stark.  There are over 60,000 potential opt-outs in this matter.  Some Claimants will struggle to locate IDs sent to spam folders, that they may not have received because of bouncebacks, may mistype or omit the ID, or not understand the number they need to put into the opt-out, resulting in fewer informed opt-out decisions, more work for the Settlement Administrator, and more potential issues for the parties' to argue about at final approval.  The streamlined, verified process proposed by Objectors' Counsel, to which Class Counsel has no objection, better aligns with both the Court's directive and the principles of fairness and efficiency that govern Rule 23 settlements. *See* D.N. 384 at 9:8-11 ("If Labaton and Potter wish to collect the individualized opt-outs and then give them to the settlement administrator (rather than requiring each member opting out to send their form to the class action administrator or the Court), that would appear to be a reasonable request.").

- **Opt-Out Verification Process.** Within ten business (10) days of receiving any opt-out submission, the Settlement Administrator shall review the submission to determine whether it is complete. The Administrator shall then (a) confirm the opt-out as valid or (b) flag it for deficiency or discrepancy. The Settlement Administrator shall

---

[4] On a recent meet and confer, counsel for Kaiser Permanente appeared unaware that Kaiser had already confirmed that the Labaton Claimants were Kaiser members during the tolling agreement information exchange.

maintain an Excel spreadsheet identifying each opt-out submission and indicating: (i) the claimant's name and identifying information; (ii) whether the opt-out has been confirmed or flagged; and (iii) for any flagged opt-outs, a brief reason for the flag (e.g., missing signature, duplicative submission). This spreadsheet shall be updated and circulated to Class Counsel and counsel for Kaiser on a rolling weekly basis. To the extent Objector's counsel has requested their clients' Settlement Class Members' Class ID(s) as set forth above, the Settlement Administrator shall also maintain separate spreadsheets identifying those Settlement Class Members' opt-out status, namely: (i) whether an opt-out has been received; (ii) whether the opt-out has been confirmed or flagged; and (iii) for any flagged opt-outs, a brief reason for the flag. Those separate spreadsheets shall also be distributed on a weekly basis to the attorney who, as set forth above, attested to their representation of such Settlement Class Members. For any opt-out flagged as deficient, Objectors' Counsel shall have the opportunity to reconcile the discrepancy or submit an amended opt-out form curing the issue. Class Counsel, Kaiser's Counsel, and counsel for the Objectors shall meet and confer at the following intervals regarding any disputed or unresolved discrepancies in the Settlement Administrator's records: First meeting: 30 days after the start of the Notice Deadline; Second meeting: 37 days after the Notice Deadline; Third meeting: 44 days after the Notice Deadline. The parties may agree to additional meet-and-confers or adjust the timing by mutual agreement.  Within seven (7) days after the close of the opt-out period, the Settlement Administrator shall provide a final verified list of all confirmed opt-outs, including any still-flagged entries and corresponding notes, to Class Counsel and Kaiser's counsel, along with a final verified list of all confirmed opt-outs that were maintained for Objectors' counsel's clients, which shall also be provided to the attorney who attested to their representation of such Settlement Class Members.

**3.    Providing Individuals Who are Excluded From the Settlement Class Because They Have Demanded or Initiated Arbitration with an Opportunity to Opt-In**

The Parties and Objectors have conferred and have agreed that the twenty-one (21) Kaiser Members who have active arbitrations pending before the Office of the Independent Administrator may opt-in to the Settlement. Counsel for these arbitrating Kaiser Members represents that, within five (5) days of the entry of a Preliminary Approval Order in this action, they will advise their clients of the terms of this Settlement and that they have the ability to opt-in to the settlement. To effectuate an opt-in, any such Kaiser Member shall withdraw and/or dismiss their arbitration within forty-five (45) days from the entry of a Preliminary Approval Order in this action and shall thereafter be entitled to submit a claim and receive a payment from the Settlement Fund consistent with the deadlines and conditions applicable to all other Settlement Class Members.

Dated: November 13, 2025                    Respectfully submitted,

**KESSLER TOPAZ**
 **MELTZER & CHECK, LLP**

*/s/ Tyler S. Graden*
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

-and-

**KESSLER TOPAZ**
 **MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

**CARELLA, BYRNE, CECCHI,**

DCACTIVE-84569494.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Michael A. Innes (*pro hac vice* forthcoming)
minnes@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
Jordan M. Steele (*pro hac* forthcoming)
jsteele@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Interim Co-Lead Class Counsel*

**LAW OFFICES OF ROBERT MACKEY**
Robert Mackey, Cal Bar No. 125961
bobmackeyesq@aol.com
16320 Murphy Road
Sonora, CA 95370
Telephone: (412) 370-9110

-and-

**MIGLIACCIO & RATHOD LLP**
Jason S. Rathod
jrathod@classlawdc.com
412 H Street NE, no. 302
Washington, DC, 20002
Telephone: (202) 470-3520

*Additional Counsel for Plaintiff Alexis Sutter*

Dated: November 13, 2025          **CROWELL & MORING LLP**

*/s/ Jeffrey L. Poston*
Kristin J. Madigan (SBN 233436)
KMadigan@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  415.986.2800
Facsimile:   415.986.2827

**CROWELL & MORING LLP**

DCACTIVE-84569494.1

Jennie Wang VonCannon (SBN 233392)
JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

**CROWELL & MORING LLP**
Jeffrey L. Poston (appearance *pro hac vice*)
JPoston@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:  202.624.2500
Facsimile:  202.628.5116

*Attorneys for Defendants*
*Kaiser Foundation Health Plan, Inc., Kaiser*
*Foundation Hospitals, and Kaiser Foundation Health*
*Plan of Washington*

Dated: November 13, 2025            **LABATON KELLER SUCHAROW LLP**

*/s/ Jonathan D. Waisnor*
Jonathan D. Waisnor (SBN 345801)
jwaisnor@labaton.com
Jonathan Gardner (appearance *pro hac vice*)
jgardner@labaton.com
Morris Dweck (appearance *pro hac vice*)
mdweck@labaton.com
Brent Mitchell (appearance *pro hac vice*)
bmitchell@labaton.com
140 Broadway, 34th Floor
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**BRYSON HARRIS SUCIU DEMAY, PLLC**
Daniel Bryson (*Pro Hac Vice* Application Forthcoming)
dbryson@brysonpllc.com
900 West Morgan Street
Raleigh, NC 27603
Tel.: (919) 815-4843

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Alex R. Straus (SBN 321366)
astraus@milberg.com
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (865) 522-0049

1

2

*Counsel for Objectors Jessica Guevara, Nicole Reynolds, Linda Rodriguez, Oscar Ocaranza, Yara Garcia, and Cindy Barkho*

3

**POTTER HANDY, LLP**
Mark Potter, Esq., SBN 166317
Tehniat Zaman, SBN 321557
100 Pine St., Ste. 1250
San Francisco, CA 94111
Telephone: (858) 375-7385
Facsimile: (888) 422-5191
faxserve@potterhandy.com

4

5

6

7

*Counsel for Objectors Adia Johnson, Aaron Beaudreau, Yvonne Cipressi, and Carolynn Colbert*

8

9

10

### ATTESTATION

11

The undersigned attests that concurrence in the filing of the foregoing document was

12

obtained from all signatories.

13

14

DATED:  November 13, 2025                    */s/ Tyler S. Graden*

15

16

17

18

19

20

21

22

23

24

25

26

27

28