# EXHIBIT 2

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

**SAN FRANCISCO DIVISION**

11

JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

Defendants.

12
13
14
15
16
17
18
19

Case No. 3:23-cv-02865-EMC

**[PROPOSED AMENDED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPROVING NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FAIRNESS HEARING**

District Judge:       Hon. Edward M. Chen
Magistrate Judge:    Hon. Peter H. Kang

Consolidated Complaint Filed:  Dec. 6, 2024
Trial Date:                   Jan. 25, 2027

20

WHEREAS, Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane

21

Doe IV, Jane Doe V, and Alexis Sutter ("Plaintiffs"), on behalf of themselves and the Settlement

22

Class Members, as defined below; and Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser

23

Foundation Health Plan" or "Defendant"; and, together with Plaintiffs, collectively referred to

24

herein as the "Parties"), determined to settle the above-captioned matter (the "Action") on the terms

25

and conditions set forth in the Stipulation of Settlement dated August 13, 2025 and all exhibits

26

thereto as amended by agreement of the Parties (*see* ECF Nos. 373, 374, 388) and Court Order (*see*

27

ECF Nos. 362, 384, 387 and October 23, 2025 and November 25, 2025 hearings) (the

28

1    "Stipulation"), as filed with the Clerk of the Court (this settlement process is hereafter referred to

2    as the "Settlement");

3    　　WHEREAS, Plaintiffs have filed a motion for an order that, *inter alia*, (1) preliminarily

4    approves the Settlement on the terms set forth in the Stipulation; (2) preliminarily certifies the

5    proposed Settlement Class; (3) appoints the proposed Settlement Administrator; (4) orders Kaiser

6    Foundation Health Plan to provide to the Settlement Administrator the May 2024 Notice List for

7    the sole purpose of providing notice of the Settlement to the Settlement Class on behalf of Class

8    Counsel, recognizing that the May 2024 Notice List will contain Kaiser Permanente member email

9    addresses and U.S. mailing addresses and reference the fact that a Settlement Class Member is or

10   was a Kaiser Permanente member; (5) orders the Settlement Administrator to provide notice of the

11   Settlement to the members of the Settlement Class per the approved methods and forms of notice;

12   (6) establishes deadlines for members of the Settlement Class to opt out of the Settlement Class or

13   object to the Settlement or any aspect thereof; and (7) schedules a hearing to determine whether the

14   Settlement should be finally approved as fair, reasonable and adequate, and whether an order finally

15   approving the Settlement as set forth in the Stipulation should be entered;

16   　　WHEREAS, the Court, having read and considered the motion, the memorandum submitted

17   in support of the motion, all oppositions and objections submitted thereto, the Stipulation and the

18   exhibits thereto, including the proposed (i) Long Form Notice of Proposed Settlement of Class

19   Action and Fairness Hearing; (ii) Short Form Notice of Proposed Settlement of Class Action and

20   Fairness Hearing; and (iii) Plan of Allocation, after oral argument on October 23, 2025 and

21   November 25, 2025 finds that substantial and sufficient grounds exist for entering this Order

22   Preliminarily Approving Settlement and Approving Notice of Proposed Settlement and Fairness

23   Hearing ("Preliminary Approval Order"); and

24   　　WHEREAS, upon review and consideration of the foregoing materials, and having heard

25   oral argument, the Court has found good cause for entering this Preliminary Approval Order;

26   　　NOW, THEREFORE, IT IS ORDERED THAT:

27   　　1.　　The definitions and terms set forth in the Stipulation are hereby adopted and

28   incorporated into this Preliminary Approval Order.

2

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

2.    The Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the Settlement:

Any and all Kaiser members[1] in the Kaiser Operating States[2], subject to the exclusions below, who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024:

| Websites | |
|---|---|
| | https://wa-member.kaiserpermanente.org |
| | https://healthy.kaiserpermanente.org |
| | https://mydoctor.kaiserpermanente.org |
| Mobile Applications | |
| | Kaiser Permanente Washington App |
| | Kaiser Permanente App |
| | My Doctor Online (NCAL Only) App |
| | My KP Meds App |
| | KP Health Ally App |

Excluded from the Settlement Class are (1) the Judges presiding over the Action, Class Counsel, Sutter Counsel and immediate members of their families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusion prior to the Opt-Out Deadline; (4) the successors or assigns of any such excluded Persons; and (5) the Kaiser Permanente Members Who Have Chosen to Arbitrate, with "Members Who Have Chosen to Arbitrate" defined as (i)

---

[1] "Kaiser members" (also referred to in the Stipulation as "Kaiser Permanente members") means current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[2] "Kaiser Operating States" (also referred to in this Stipulation as Kaiser Permanente Operating States) means California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

1    the seventeen (17) current and former Kaiser Permanente members identified in

2    Appendix A represented by one or more of the Potter Handy, LLP ("Potter Handy"),

3    Milberg Coleman Bryson Phillips Grossman, LLC ("Milberg"), and Bryson Harris

4    Suciu & DeMay, PLLC ("Bryson") law firms; and (ii) the four (4) current and

5    former Kaiser Permanente members identified in Appendix B represented by the

6    Shay Legal, APC and Swigart Law Group, APC law firms.

7        3.    The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil

8    Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed

9    Settlement. Specifically, the Court finds that each element required for certification of the

10   Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will

11   likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the

12   Action would be impracticable; (b) there are questions of law and fact common to the Settlement

13   Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are

14   typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have and will fairly

15   and adequately represent and protect the interests of the Settlement Class; and (e) a class action is

16   superior to other available methods for the fair and efficient adjudication of the Action.

17       4.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil

18   Procedure, that it will likely be able to appoint Plaintiffs as Class Representatives for the Settlement

19   Class and to appoint Kessler Topaz Meltzer & Check, LLP and Carella Byrne Cecchi Brody &

20   Agnello, PC as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules

21   of Civil Procedure.

22       5.    The proposed Settlement as reflected in the Stipulation and all exhibits thereto is

23   hereby preliminarily approved. The Court finds that the proposed Settlement is the product of

24   informed arm's-length negotiation by counsel; contains no obvious deficiencies that would prevent

25   preliminary Court approval; bears a reasonable relationship to the claims alleged by Plaintiffs and

26   the litigation risks of Plaintiffs as well as Defendant; and does not improperly grant preferential

27   treatment to the named Plaintiffs or segments of the Settlement Class. The Court also finds,

28   pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

finally approve the proposed Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Fairness Hearing to be conducted as described below. Accordingly, notice of the Settlement should be given to the Settlement Class.

6.    The Court approves the forms of notice (i.e., the Long Form Notice of Proposed Settlement of Class Action and Fairness Hearing and the Short Form Notice of Proposed Settlement of Class Action and Fairness Hearing (together, the "Notices")), attached to the Stipulation as Exhibits B and E, as amended.[3] The Court directs that notice shall be given to the Settlement Class as follows: (i) Short Form Notice disseminated by email to each Person's last known email address (as provided in the May 2024 Notice List or otherwise available to Defendant), or by first-class U.S. mail to each Person's last known mailing address (in the event an email address is not available), and (ii) Long Form Notice posted to the Settlement Website. To the extent a notice sent by U.S. mail or email is returned because the addressee is no longer found at the address to which the notice was sent (or for any other reason), the Settlement Administrator will use reasonable best efforts to obtain correct current addresses and thereafter re-send the notice. The Court finds that these notice procedures established by the Stipulation are appropriate and are reasonably calculated to apprise the members of the Settlement Class of the pendency of the Action and the proposed Settlement, afford any member of the Settlement Class an opportunity to present any objections to the Settlement or to opt out of the Settlement Class, and comply in all respects with the Federal Rules of Civil Procedure, the United States Constitution (including all of the requirements of due process), and all other applicable laws and rules.

7.    As provided in the Stipulation, Defendant shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA Notice"), no later than ten (10) days following the filing of the Stipulation with the Court. At least forty-five (45) days before the

---

[3] The Amended Long Form Notice of Proposed Settlement of Class Action shall be in the form submitted as Exhibit 2 to the Joint Report in Response to Order re Pls.' Motion for Preliminary Approval (Nov. 13, 2025) [ECF No. 388-4], except that the Settlement Class definition shall conform to the Settlement Class definition as set forth above in Paragraph 2. The Amended Short Form Notice of Proposed Settlement of Class Action shall be in the form submitted as Exhibit 3 to the Joint Report in Response to Order re Pls.' Motion for Preliminary Approval (Nov. 13, 2025) [ECF No. 388-5].

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

Fairness Hearing, Defendant shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8.    The Court finds that the Settlement Administrator will need personally identifiable information of Settlement Class Members, including their names and last-known mailing addresses and email addresses and disclosure of the fact the individual is or was a Kaiser Permanente member, in order to provide notice by U.S. mail and email to Settlement Class Members. The Court further finds that the public interest in providing this notice outweighs any potential injury to the Settlement Class Members. Therefore, the Court orders that Kaiser Foundation Health Plan release to the Settlement Administrator the names and last-known mailing addresses and email addresses of Settlement Class Members (i.e., the May 2024 Notice List or similar records maintained by Kaiser) for the limited purposes of providing notice to Settlement Class Members. This information will only be disclosed to the Settlement Administrator and shall be designated "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order entered in the Action (ECF No. 106 ¶ 2.8). The Court recognizes that the May 2024 Notice List will contain Kaiser Permanente member email addresses and U.S. mailing addresses and reference the fact that a Settlement Class Member is or was a Kaiser Permanente member.

9.    Strategic Claims Services is hereby appointed as the Settlement Administrator, and shall be responsible, under the direction and supervision of Class Counsel, for providing the Notices to the Settlement Class in accordance with the provisions of the Stipulation and this Order, as well as processing Settlement Class Member Claims and issuing payments to eligible Settlement Class Members.

10.    By December 17, 2025 (or no later than fifteen (15) days after the entry of this Order), the Kaiser Foundation Health Plan, Inc. is ordered to, pursuant to the Stipulation and this Order, and pursuant to 45 C.F.R. §164.512(e)(i), provide the Settlement Administrator with the May 2024 Notice List and additional emails if available, including Settlement Class Member email addresses (or mailing addresses for any Settlement Class Members where email is unavailable) for the purpose of effectuating notice of the Settlement, which information shall be designated "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order entered in the Action (ECF

No. 106 ¶ 2.8) and subject to a Business Associate Agreement under HIPAA between the Settlement Administrator and Defendant Kaiser Foundation Health Plan, Inc. Class Counsel shall not receive, review, or otherwise access the May 2024 Notice List, supplemental lists of email addresses, or any reproduction thereof.

11.    By January 16, 2026 (or no later than thirty (30) days after the provision of the May 2024 Notice List to the Settlement Administrator), Class Counsel will direct the Settlement Administrator, pursuant to the Stipulation and this Order, to cause the individuals listed on the May 2024 Notice List, all current or former Kaiser Permanente members, to be notified by either (i) an email sent to each Person's last known email address containing language substantially similar to that included in the Short Form Notice, or (ii) mailing the Short Form Notice by first-class U.S. mail to each Person's last known mailing address, or (iii) providing the Short Form Notice using another method that satisfies Rule 23 of the Federal Rules of Civil Procedure (the "Notice Date"). As noted above, to the extent a notice sent by U.S. mail is returned because the addressee is no longer found at the address to which the notice was sent (or for any other reason), or if an email is returned as undeliverable, the Settlement Administrator will use reasonable best efforts to obtain correct current addresses and thereafter re-send the notice by first-class U.S. mail or email, as applicable. No later than ten (10) days from the Notice Date, the Settlement Administrator shall provide an affidavit of mailing to Class Counsel. Contemporaneously with the emailing/mailing of the Short Form Notice, the Settlement Administrator will post the Long Form Notice, Claim Form, and Plan of Allocation on the Settlement Website.

12.    Settlement Class Members must complete and submit a Claim in order to be eligible to receive a payment from the Settlement. Claims must be submitted (mailed with a postmark or via the Settlement Website) by March 12, 2026 (or no later than fifty-five (55) calendar days after the Notice Date), unless the Court orders otherwise. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to eligible Settlement Class Members. Any eligible Settlement Class Member that does not negotiate their payment from the Net Settlement Fund within the time permitted: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement

1    Fund; (b) shall be forever barred from participating in any distributions therefrom; and (c) shall be

2    bound by the provisions of the Settlement and all proceedings, determinations, orders, and

3    judgment in the Action relating thereto.

4            13.     In order for a member of the Settlement Class to be excluded from the Settlement

5    Class, the Settlement Class Member must request exclusion in writing or via the Settlement Website

6    within the time and manner set forth in the Long Form Notice, and the request for exclusion must

7    be received by the Settlement Administrator by March 12, 2026 (or no later than fifty-five (55)

8    days after the Notice Date). Each request for exclusion must: (i) state the full name, residential

9    address, telephone number,  email address of the Person requesting exclusion; (ii) state "I request

10   exclusion from the Settlement Class in *Doe, et al. v. Kaiser Foundation Health Plan, Inc., et al.*,

11   Case No. 3:23-cv-02865-EMC (N.D. Cal.);" (iii) include the Settlement Class Member's Unique

12   ID as provided by the Settlement Administrator, and (iv) include a wet ink signature (i.e., no /s/

13   signature by permission) or by electronically imaged written (e.g. "DocuSign") signature.

14   Exclusion letters must be signed by the Settlement Class Member personally, and not a lawyer or

15   anyone else acting on their behalf. "Mass" or "class" opt outs made on behalf of multiple persons

16   or classes of persons will be deemed invalid. The Settlement Administrator shall also set up a

17   secured file transfer protocol to receive large groups of individually signed opt-out forms

18   simultaneously to the extent such groupings occur. The secure file transfer protocol shall be

19   provided to counsel upon request. To facilitate the orderly review of such submissions by the

20   Settlement Administrator, a supplemental log shall be provided with, at a minimum, each

21   represented individual's name, email, and Class ID. With regard to any Settlement Class Member

22   who submits a timely and valid request for exclusion, that Settlement Class Member shall be

23   excluded from the Settlement Class, shall not be a Settlement Class Member, shall not be bound by

24   the terms of the Settlement or any orders or judgments in the Action, and shall not be entitled to

25   participate in the Settlement.  The Labaton Keller Sucharow LLP ("Labaton"), Bryson, and Potter

26   Handy Firms, as counsel for the Objectors, shall be given the Class IDs for their clients but

27   Objectors' counsel must first provide an affidavit, signed by counsel and sworn under the penalty

28   of perjury, no later than five (5) business days after the Preliminary Approval Order is entered

attesting to the representation of, and identifying, all such Settlement Class Member(s) whom they represent, and certifying that the Class ID numbers are not being used for an improper purpose such as opting out without knowledge and consent of the clients. The Settlement Administrator, through Class Counsel, will then provide such counsel with the Class ID for any such Settlement Class Member on or before the Notice Deadline (i.e. no later than 45 days from the entry of this Preliminary Approval Order).

14.     To object to the Settlement, a Settlement Class Member must mail to or file with the Court in the manner described in the Long Form Notice, and the objection must include the following: (i) identify the full name, address, telephone number, Unique ID provided by the Settlement Administrator and contained in the notice received by mail/email, and email address of the Person objecting and be personally signed by the objector; (ii) an explanation of why the commenter or objector believes he or she or they are a Settlement Class Member; (iii) a statement whether the objection applies only to the objector, or to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) all reasons for the objection or comment, stated with specificity; (v) a statement identifying the number of class action settlements the objector has objected to or commented on in the last five years; (vi) whether the objector or commenter intends to personally appear and/or testify at the Fairness Hearing; (vii) the name and contact information of any and all attorneys representing, advising, or assisting the commenter or objector, including any attorney who may be entitled to compensation for any reason related to the objection or comment; (viii) for each attorney representing, advising, or assisting the objector, a statement identifying every objection the attorney has filed to any other class action settlements in the last five years; (ix) whether any attorney will appear on the objector's or commenter's behalf at the Fairness Hearing, and if so the name and law firm of that attorney; (x) copies of any exhibits the objector intends to submit into evidence at the Fairness Hearing; (xi) the identity of any persons whom the objector or any attorney appearing on the objector's behalf wishes to call to testify at the Fairness Hearing; and (xii) the objector's handwritten or electronically imaged written (e.g., "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient. Such objection must be postmarked or filed by March 12, 2026 (or no later than fifty-five (55) days after

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

the Notice Date). Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the Plan of Allocation, or the Fee Application (defined below) unless such person has mailed to or filed with the Court an objection to the Settlement and a notice of intent to appear by March 12, 2026 (or within fifty-five (55) calendar days after the Notice Date).

15.    Any Settlement Class Member who does not object in the foregoing manner (and as set forth in the Long Form Notice) shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement, the Plan of Allocation, and/or the Fee Application. The procedures and requirements for filing objections satisfy the due process rights of all Settlement Class Members and are sufficient to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objections to the Settlement.

16.    No later than December 22, 2025 (or twenty (20) calendar days from the entry of this Preliminary Approval Order), Class Counsel shall file their opening papers in support of final approval of the Settlement, including any motion for attorneys' fees, reimbursement of costs and expenses, and service awards to Plaintiffs (the "Fee Application").

17.    The Court will determine whether to grant final approval of the Settlement following a Fairness Hearing to be held on April 30, 2026, at 1:30 p.m., (or no earlier than one hundred and thirty (130) days from the entry of this Preliminary Approval Order), at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom 5 – 17th Floor, San Francisco, CA 94102 (the "Fairness Hearing"). The Court will determine pursuant to the Fairness Hearing that it has jurisdiction over the subject matter, the Parties, and the members of the Settlement Class. It will further determine, among other things, whether the proposed Settlement, including the Plan of Allocation, is fair, reasonable, and adequate, and whether it should be finally approved by the Court. The Court will rule on the Fee Application, including the amounts of attorneys' fees, costs, and expenses that should be awarded to Class Counsel pursuant to Rule 23(h), and the service awards to be awarded to the named Plaintiffs, if any. The Court may adjourn and/or reschedule the Fairness Hearing without further written notice to the Settlement Class and may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. Any changes to the date, time and format of the Fairness

Hearing will be posted on the Settlement Website. Any member of the Settlement Class who wishes to appear at the Fairness Hearing should consult the Court's docket and/or the Settlement Website for any changes to the hearing.

18.    By April 2, 2026 (or no later than fifteen (15) calendar days before the Fairness Hearing), the Parties may file with the Court any papers in further support of final approval of the Settlement, the Plan of Allocation, and the Fee Application, including responses to objections. Copies of these papers shall be served upon any Settlement Class Members who files a valid and timely objection, or their counsel.

19.    The Settlement Administrator shall, by April 2, 2026 (or no later than fifteen (15) calendar days prior to the Fairness Hearing), file with the Court proof of emailing and mailing of the Short Form Notice to the Settlement Class Members and posting of the Long Form Notice on the Settlement Website.

20.    All costs incurred in notifying the Settlement Class of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation. In addition, Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Qualified Settlement Fund and to pay from the Qualified Settlement Fund any taxes owed with respect to the Qualified Settlement Fund in a manner consistent with the Stipulation.

21.    The contents of the Qualified Settlement Fund held in escrow at The Huntington National Bank (which the Court approves as Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in the Action are stayed, except as specifically provided for in this Order. If the Effective Date does not occur, or if the Stipulation is otherwise terminated and canceled pursuant to its terms, the Parties shall be deemed to have reverted to their respective litigation positions immediately prior to the execution of the Term Sheet at the May 13, 2025 mediation as set forth in the Stipulation.

23.    The Court approves the following schedule for Settlement-related activities:

ORDER PRELIMINARILY
APPROVING SETTLEMENT
CASE NO. 3:23-CV-02865-EMC

| **DATE** | **EVENT** |
|---|---|
| December 2, 2025 | Entry of Preliminary Approval Order |
| December 17, 2025 (No later than 15 days from the entry of this Preliminary Approval Order). | Pursuant to 45 C.F.R. § 164.512(e)(i), Defendant is ordered to provide the Settlement Administrator with the May 2024 Notice List (including all member email addresses to the extent available) for the Settlement Administrator to provide notice to Settlement Class Members |
| January 16, 2026 (No later than 45 days from the entry of this Preliminary Approval Order, and 30 days after May 2024 Notice List is provided). | Last day to provide Notice to Settlement Class Members |
| March 12, 2026 (No later than 100 days from the entry of this Preliminary Approval Order, and 55 days after Notice is provided to Settlement Class Members). | Last day for Settlement Class Members to opt out of the Settlement Class or object to Settlement |
| March 12, 2026 (No later than 100 days from the entry of this Preliminary Approval Order, and 55 days after Notice is provided to Settlement Class Members). | Last day for Settlement Class Members to submit a Claim to be eligible to receive a payment from the Settlement Fund |
| December 22, 2025 (No later than 20 days from the entry of this Preliminary Approval Order). | Last day for Class Counsel to file motions in support of final approval of the Settlement and Fee Application |
| April 2, 2026 (No later than 15 days prior to the Fairness Hearing). | Last day for Parties to file with the Court any papers in further support of final approval of the Settlement and Fee Application, including responses to objections |
| April 2, 2026 (No later than 15 days prior to the Fairness Hearing). | Settlement Administrator to file proof of emailing/mailing of notice to Settlement Class |
| April 30, 2026 (No earlier than 130 days from the entry of this Preliminary Approval Order). | Fairness Hearing concerning final approval of Settlement |

IT IS SO ORDERED.

1

2  Dated: _____          By: _____

3                                            Honorable Edward M. Chen
                                             United States District Judge
4                                            Northern District of California

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPENDIX A

## Members Who Have Chosen to Arbitrate

Listed below are the seventeen (17) current and former Kaiser Permanente members represented by one or more of the Potter Handy, LLP ("Potter Handy"), Milberg Coleman Bryson Phillips Grossman, LLC ("Milberg"), and Bryson Harris Suciu & DeMay, PLLC ("Bryson") law firms who, as of the filing of the Motion for Preliminary Approval of the Settlement, were actively pursuing arbitration and had not withdrawn from or abandoned arbitration to pursue state court litigation against Kaiser Permanente as a named plaintiff or putative class member as defined in the complaints in the State Court Actions:

- Milberg / Bryson law firms (10 claimants, identified by first and last initial and arbitration case number):

1.  B., T. (25-33589)
2.  C.-G., A. (25-33589)
3.  C., A. (25-33589)
4.  C., D. (25-33589)
5.  G., G. (25-33589)
6.  H., A. (25-33589)
7.  P., A. (25-33589)
8.  R., A. (25-33589)
9.  S., S. (25-33589)
10. T., A. (25-33589)

- Potter Handy (7 claimants identified by first and last initial and arbitration case number):

1.  B., N. (A335094)
2.  C., J. (A19609)
3.  C., D. (A19606)
4.  F.J., E. (A19608)
5.  G., J. (A19604)
6.  K., M. (A19603)
7.  V., R. (A19607)

DCACTIVE-84448639.1

## APPENDIX B

### Members Who Have Chosen to Arbitrate

List below are the four (4) current and former Kaiser Permanente members represented by the Shay Legal, APC and Swigart Law Group, APC law firms who, subsequent to the filing of the Preliminary Motion for Approval of the Settlement, but before October 23, 2025, filed an arbitration demand with the Office of Independent Administrator ("OIA") and are actively pursuing arbitration and who have never withdrawn from or abandoned arbitration for any reason, including to litigate in the State Court Actions:

- Shay / Swigart law firms (4 claimants, identified by first and last initial and arbitration case number):

1. G., D. (19644)
2. D, J. (19648)
3. D., D. (19649)
4. B., E. (19650)

DCACTIVE-84487050.1