**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>**THIRD SUPPLEMENTAL DECLARATION OF PAUL MULHOLLAND OF STRATEGIC CLAIMS SERVICES, INC. CONCERNING THE DISSEMINATION OF NOTICE TO THE SETTLEMENT CLASS, NUMBER OF CLAIMS RECEIVED, AND NUMBER OF OPT-OUT REQUESTS RECEIVED**<br><br>District Judge: Hon. Edward M. Chen<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Consolidated Complaint Filed: Dec. 6, 2024<br>Trial Date: Jan. 25, 2027 |

I, Paul Mulholland, declare as follows:

1. I am the President and Chief Executive Officer of Strategic Claims Services, Inc. ("SCS"), a nationally recognized class action administration firm. SCS has been retained by Class Counsel, and approved by the Court, to serve as the Settlement Administrator in connection with the settlement of the above-captioned action ("Action").

2. My personal credentials as well as the credentials and administration experience of SCS were previously submitted with Plaintiffs' motion for preliminary approval of the Settlement ("Preliminary Approval Motion") (Dkt. No. 345). *See* Mulholland Declaration dated August 19, 2025 (Dkt. No. 345-5). I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

3. I respectfully submit this declaration in order to provide the Court and the parties to the Action with information regarding the dissemination of notice of the Settlement to Settlement Class Members[1] as well as the number of claims and opt-outs received. This is the fourth declaration I have submitted in this Action. *See* Dkt. No. 345-5 (first declaration submitted with Plaintiffs' Preliminary Approval Motion); Dkt. No. 374-1 (first supplemental declaration submitted regarding the Court's October 3, 2025 Order Re Supplemental Briefing); Dkt. No. 388-9 (second supplemental declaration submitted related to the opt-out procedure).

4. SCS was retained by Class Counsel and appointed as the Settlement Administrator in this Action pursuant to the Court's Amended Order as Modified Preliminarily Approving Settlement and Approving Notice of Proposed Settlement of Class Action and Fairness Hearing, dated as of December 5, 2025 (the "Court's Order"). Dkt. No. 393. Our services included, among other things: (i) compiling a Settlement Class list based on the various sources of class data provided by Defendant; (ii) emailing the Short Form Notice to Settlement Class Members; (iii) organizing the printing and mailing of the Short Form Notice to Settlement Class Members for which a valid email address was not provided; (iv) performing a National Change of Address search ("NCOA") on mailing address and updating the addresses as applicable; (v) designing, establishing, and maintaining the Settlement Website, www.KaiserPrivacySettlement.com; (vi) updating the database with the names, addresses, and email addresses of Settlement Class Members as needed; (vii) re-

[1] Unless otherwise indicated, capitalized terms shall have the meanings ascribed to them in the Stipulation of Settlement dated August 13, 2025 and all exhibits thereto as amended by agreement of the Parties (*see* ECF Nos. 373, 374, 388, 390, and 392) and Court Order (*see* ECF Nos. 362, 384, 387, and 393 and the October 23, 2025 and November 25, 2025 hearings) (the "Stipulation"), as filed with the Clerk of the Court (this settlement process is hereafter referred to as the "Settlement").

mailing Short Form Notices returned with forwarding addresses; (viii) recording Short Form Notices returned as undeliverable with no forwarding addresses and skip-tracing them via commercially reasonable efforts to obtain new addresses, and re-mailing those Short Form Notices where updated addresses were obtained; (ix) tracking and documenting objections and exclusion requests; (x) entering and processing Claim Forms; (xi) responding to phone call inquiries received on the toll-free line and emails to the case-dedicated email address; and (xii) handling all correspondence related to the above procedures. Following final approval of the Settlement by the Court, and the completion of the claims process, SCS will prepare to send out payments to Authorized Claimants.

**EMAILING AND MAILING OF THE SHORT FORM NOTICE**

5. Between December 11, 2025 and January 15, 2026, SCS received from attorneys for Defendant a total of 13,134,307 Settlement Class Member records. All records were assigned a unique identification number ("Unique ID") that was included in the Short Form Notice they received. If an email address was provided for the Settlement Class Member, no mailing address was provided. SCS received names and email addresses for 12,943,035 Settlement Class Members, and names and mailing addresses for 191,272 Settlement Class Members.

6. Separately, SCS received Court-ordered affidavits from counsel leading the mass opt-outs—Labaton Keller Sucharow LLP ("Labaton") and Bryson Harris Suciu & DeMay, PLLC ("Bryson"), on December 11, 2025, and Potter Handy, LLP ("Potter Handy") on December 12, 2025, along with names and email addresses (and in some instances mailing addresses and phone numbers) for their clients. As per the Court's Order, SCS compared and matched the client data received from counsel for the mass-opt outs with the Settlement Class data received from attorneys for Defendant, and provided counsel for the mass-opt outs with Unique IDs for their clients. In some instances, the correct Settlement Class Member could not immediately be identified; if the email address and name provided did not match a Settlement Class Member record, there was no way for SCS to positively identify the record. SCS provided provisional ID numbers for these records and had additional communications with Defendant and counsel for the mass-opt outs to obtain additional email and mailing addresses to match up any records for which opt-outs were submitted.

7. As per the Court's Order, on January 3, 2026, SCS began emailing the Short Form Notice ("Email Notice") to the 12,943,035 Settlement Class Members for which email addresses had been provided and mailing the Short Form Notice by first-class U.S. mail ("Mail Notice") to the 191,272 Settlement Class Members for which no email addresses had been provided. The emailing/mailing of the Short Form Notice was completed on January 16, 2026. Prior to the mailing of the Short Form Notices, an NCOA search was performed on the mailing addresses to ensure the most current address was used. A copy of the Email Notice is attached as **Exhibit A**, and a copy of the Mail Notice is attached as **Exhibit B**.

8. Initially, 1,240,366 of the 12,943,035 Email Notices were returned as undeliverable. If the undeliverable reason appeared to be a transient or "soft" bounce, SCS attempted to send a second Email Notice to the same email address. Second Email Notices were sent to 762,304 email addresses, with 94,455 still being returned as undeliverable. In addition, 478,062 of the 12,943,035 Email Notices (or 3.69%) were undeliverable as "hard" bounces.[2] This rate is consistent with comparable notice programs.

9. With respect to the Settlement Class Members whose Email Notices remained undeliverable, SCS attempted to deliver Mail Notices to these Settlement Class Members. Because no mailing addresses for these Settlement Class Members were previously provided, SCS contacted Defendant to request mailing addresses. Defendant provided mailing addresses for these Settlement Class Members on a rolling basis (i.e., on January 15, 2026, January 21, 2026, February 25, 2026, March 9, 2026, and March 10, 2026). Following the receipt of the mailing addresses, SCS, between February 2, 2026 and March 19, 2026, prepared and mailed 454,693 Short Form Notices by first-class U.S. mail to the Settlement Class Members whose Email Notices were undeliverable and for whom a mailing address was provided.

[2] A "hard" bounce is a permanent email delivery failure cause by invalid, non-existent, or blocked email addresses or domain.

10. Of the 645,965 Mail Notices disseminated,[3] 51,382 Mail Notices (or 7.95%) were returned to our office as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 1,843, and SCS promptly mailed another Short Form Notice to each updated address. The remaining 49,539 Short Form Notices returned as undeliverable were "skip-traced" to obtain updated addresses, and 27,829 were re-mailed to the updated addresses obtained through SCS's skip-tracing efforts.

11. Additionally, 3,151 Settlement Class Members requested that a Claim Form be mailed to their updated addresses, which SCS fulfilled.

12. As of March 26, 2026, SCS has received and responded to a total of 24,935 inquiries via email, including requests for providing Unique IDs to Settlement Class Members.

**DEDICATED SETTLEMENT WEBSITE AND TELEPHONE SUPPORT**

13. Pursuant to the Court's Order, on December 28, 2025, SCS established the Settlement Website, www.KaiserPrivacySettlement.com. The Settlement Website is accessible 24 hours a day, 7 days a week. The Settlement Website includes a home page with a summary of the Settlement; an important documents page with downloadable copies of the following documents: (i) the Long Form Notice; (ii) a printable Claim Form; (iii) a printable form for opting out of the Settlement Class ("Opt-Out Form"); (iv) the Amended Stipulation of Settlement; (v) the Plan of Allocation; (vi) the Joint Stipulation Re: Amended Appendices To Amended Stipulation Of Settlement And [Amended Proposed] Preliminary Approval Order; (vii) the Court's Order; (viii) the Consolidated Master Class Action Complaint: (ix) Plaintiffs' Notice Of Motion And Motion For Final Approval Of Proposed Class Action Settlement And Plan Of Allocation, And Memorandum Of Points And Authorities In Support Thereof; (x) Class Counsel's Notice Of Motion And Motion For Attorneys' Fees, Litigation Expenses, And Service Awards, And Memorandum Of Points And Authorities In Support Thereof; and (xi) the Declaration Of Tyler S. Graden In Support Of (I) Plaintiffs' Motion For Final Approval Of Proposed Class Action Settlement And Plan Of

[3] This number combines the initial 191,272 Mail Notices disseminated to the mailing addresses provided by Kaiser and the 454,693 supplemental Mail Notices disseminated to those Settlement Class Members whose Email Notices were returned as undeliverable.

Allocation; And (II) Class Counsel's Motion For Attorneys' Fees, Litigation Expenses, And Service Awards; and a Contact Us page with a fillable contact form as well as contact information for SCS. The Settlement Website also includes an option for Settlement Class Members to file a Claim Form online, or to request exclusion by completing an Opt-Out Form online, as well as an option for Settlement Class Members to request their Unique ID. In addition, Settlement Class Members are able to submit questions via a dedicated email address, info@KaiserPrivacySettlement.com. SCS will continue to maintain and update, as necessary, the Settlement Website throughout the administration process. As of March 26, 2026, the Settlement Website has had over 1.9 million unique visitors, with over 300,000 views of the PDF documents included on the Settlement Website.

14. SCS also maintains a toll-free telephone number (1-855-783-3816) for Settlement Class Members to call and obtain information about the Action and the Settlement. The toll-free telephone hotline utilizes an interactive voice response ("IVR") system to provide responses to frequently asked questions and other essential information regarding the Settlement. Since the initial emailing/mailing of the Short Form Notice on January 3, 2026, SCS has received 29,487 inbound calls, which included 999 hours and 46 minutes spent by callers interacting with the IVR.

**REPORT ON OBJECTIONS**

15. As of the date of this declaration, SCS has received 13 notifications of intended objections to the Settlement. The deadline to file objections with the Court was March 12, 2026 and two of the 13 intended objections received by SCS were also timely filed with the Court. Dkt. Nos. 404, 408.

**REPORT ON REQUESTS FOR EXCLUSIONS**

16. As of the date of this declaration, SCS has received 28,728 requests for exclusion from the Settlement Class. 2,416 of these exclusion requests were submitted online via the Settlement Website and 199 were submitted via email or mail. As explained below, 26,113 of the requests for exclusion received by SCS were submitted by counsel leading the mass opt-outs. The deadline to request exclusion was March 12, 2026.

17. Of the 45,256 Unique IDs initially requested by counsel leading the mass opt-outs, only 26,113 requests for exclusion were ultimately submitted: 13,036 opt-outs from Labaton

between February 11, 2026 and March 12, 2026; 5,559 opt-outs from Bryson on March 12, 2026; 37 opt-outs from Shay Legal, APC on March 12, 2026; and 7,355 opt-outs from Potter Handy on March 11, 2026 and an additional 126 from Potter Handy on March 13, 2026.

18. In addition, there were a number of Settlement Class Members who filed a request for exclusion as well as a Claim Form. This included Settlement Class Members included in the mass opt-out submissions. Counsel for the mass-opt outs and SCS followed up with those Settlement Class Members who had submitted both a request for exclusion and a Claim Form to confirm whether they intended to opt out or remain in the Settlement Class.

19. Additionally, because the names and email addresses for a portion of the mass opt-outs could not be found in the Settlement Class records, SCS performed additional work to match up the data where possible, including obtaining additional address data from Defendant and the opt-outs' counsel.

20. To date, with current information, a portion of the mass-opt outs cannot be definitively associated with specific Kaiser Members included on the Settlement Class list. As of March 26, 2026, a total of 22,853 individuals have submitted a valid request for exclusion from the Settlement Class. The current list of individuals with valid exclusion requests is attached hereto as **Exhibit C**.

21. SCS is continuing to work to definitively identify those individuals requesting exclusion who cannot be located on the Settlement Class list at this time and will supplement this declaration as necessary in advance of the Final Approval Hearing.

## REPORT ON CLAIMS SUBMITTED

22. As of the March 12, 2026 claims filing deadline, SCS has received 753,150 Claim Forms, including 726,132 submitted online and 27,018 submitted via email or mail.

23. Since the March 12, 2026 claims filing deadline, SCS has received an additional 8,388 Claim Forms through March 26, 2026. SCS is currently processing these additional Claim Forms.

**FRAUD PREVENTION IN PROCESSING PAYMENT FORMS**

24. SCS has implemented various measures to deter and prevent fraud in this matter. One such measure is the information required to successfully submit a Claim Form via the Settlement Website. SCS designed the Settlement Website so that Settlement Class Members submitting a Claim Form via the Settlement Website must provide their Unique ID found on the Email Notice or Mail Notice they received.

25. In addition, SCS has compared submission metadata such as IP addresses, etc. to the submissions to see if there are duplications or things are out of range for the information provided. SCS has also compared information submitted across multiple forms to identify any outliers (e.g., the same email address or phone number used by more than one claimant). This process continues.

26. SCS's settlement administration costs are $1,328,003.46 as of March 26, 2026. This amount is in line with the estimate provided by SCS at the preliminary approval stage (i.e., $1.7 to $2.4 million).

27. I intend to supplement this Declaration with updated information as necessary prior to the Final Approval Hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 1st day of April 2026 in Media, Pennsylvania.

Paul Mulholland