Scott Dodson
3286 Sweet Dr.
Lafayette, CA 94549
925-285-1445
dodson@alumni.duke.edu

RECEIVED
APR 08 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

April 6, 2026

Clerk of the Court
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

EMC

RE: Settlement Objection, Doe v. Kaiser Found. Health Plan, No. 3:23-cv-02865 (N.D. Cal.)

Dear Clerk:

I timely objected to the settlement on behalf of myself and all other similarly situated class members. (ECF 409.) Class counsel has now moved for final approval without adequately curing the defect noted in my objection. I respectfully file this letter response to explain why.

**Background**

I objected on the sole ground that the settlement names an improper cy pres recipient. As I explained, the named cy pres recipient—Institute for Public Health Innovation ("IPHI")—is improper because it is highly unlikely to use any class funds to advance the legal interests of the class. IPHI's mission is to improve health equity in Virginia, Maryland, and the District of Columbia. That regional, health-outcomes mission is unrelated to the legal interests of this nationwide class, which is the protection of private health data. I explained that the easy fix is to name an appropriate *substitute* cy pres recipient, with supporting documentation disavowing any conflicts and assuring that the funds will be used to advance the legal interests of the class.

In response, the parties have agreed to name a "second potential" cy pres recipient: the Privacy Rights Clearinghouse ("PRC"). (ECF 422, at 11–12.) Although PRC's mission is more closely related to the class's interests, the parties have made no disclosures of any relationship with PRC. Further attestations are required before settlement approval with this new cy pres recipient.

In addition, the parties have not agreed to remove IPHI as a potential cy pres recipient. As I documented in my objection, and as not seriously disputed by the parties, IPHI is not a proper cy pres recipient, and the settlement should not be approved with IPHI so listed.

The easy solution is twofold: (1) the parties should remove IPHI as a potential recipient and (2) counsel should represent, on the record, that no party or party attorney has any association with IPHI that would create the appearance of a conflict of interest. If the parties do so, then I will happily withdraw my objection.

## Argument

The settlement should not be approved with IPHI as a potential cy pres recipient; nor should the settlement be approved until counsel have disavowed conflicts with PRC.

### A. IPHI isn't an appropriate cy pres recipient.

As I explained in my objection, IPHI is an improper cy pres recipient both for geographic reasons (IPHI has an east-coast regional focus) and for mission reasons (IPHI is focused on health equity, not data privacy). In addition, as I explained in my objection, IPHI and its sponsoree Common Health Coalition have a strong relationship with Kaiser that calls into question whether IPHI was selected because of its appropriateness as a cy pres recipient.

In response, class counsel merely restates that IPHI is an appropriate cy pres recipient. Class counsel simply repeats the IPHI mission and geographic scope as sufficient. Class counsel completely ignores the significant relationship Kaiser has with both IPHI and the Common Health Coalition. Class counsel has made no effort to provide assurances that IPHI would use any class funds to advance the legal interests of the class. For these reasons, class counsel has not met its burden to show that IPHI is an appropriate cy pres recipient in this case. The settlement cannot be approved with potential distributions of class funds to IPHI.

### B. Counsel should disavow conflicts with PRC on the record at the fairness hearing.

The parties have agreed to a "second potential" cy pres recipient: the Privacy Rights Clearinghouse. Although the PRC's mission does appear to make it an appropriate cy pres recipient, counsel have not disclosed any relationships that the parties or their attorneys have with PRC. That omission is striking in light of the significant relationship that Kaiser has with the originally named cy pres recipient.

To ensure that PRC is an appropriate cy pres recipient, the parties should, in advance of the fairness hearing, disclose any relationship that the parties or their attorneys have with PRC. Indeed, such disclosure is contemplated by Section 8 of the Northern District of California Procedural Guidance, which states:

> If the settlement contemplates a cy pres award, the parties should . . . identify any relationship they or their counsel have with the proposed cy pres recipients.

If the parties do not do so, then this Court should ask counsel, on the record at the fairness hearing, to disclose any relationship that the parties or their attorneys have with PRC.

## Conclusion

For those reasons, the Court should approve the settlement only when an appropriate cy pres recipient is named.

Respectfully,
Scott Dodson

Scott Dodson