**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Class Counsel*
(*Additional Attorneys Listed on Signature Page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

Defendants.

Case No. 3:23-cv-02865-EMC

**PLAINTIFFS' OPPOSITION TO MOTION TO SUBSTITUTE JOHN DOE III WITH CLASS MEMBER SUEANNE SHERRILL, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: Hon. Edward M. Chen
Date: May 7, 2026
Time: 1:30 p.m.
Court: 5 (REMOTE)

Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, and Alexis Sutter (collectively, the "Class Representatives"), respectfully submit this Opposition to the pro se Motion to Substitute John Doe III with Class Member Sueanne Sherrill (ECF No. 432).[1]

## I. INTRODUCTION

The substitution of Class Member Sueanne Sherrill is unnecessary and unsupported. As this Court previously found, the claims of the eight Class Representatives are typical of the claims of the Settlement Class and these Class Representatives have and will fairly and adequately represent and protect the interests of the Settlement Class. ECF No. 393. As further discussed in Plaintiffs' Motion for Final Approval (ECF No. 401) and Class Counsel's Motion for Attorney Fees, Litigation Expenses, and Service Awards (ECF No. 402), for the past three years these Class Representatives action have: (i) participated in and assisted counsel in their investigation of the claims asserted by the Class, including by allowing Class Counsel's expert to conduct searches of their computers and mobile devices in order to obtain specific information about the personal and confidential information Kaiser was improperly sharing with third parties; (ii) received frequent communications from counsel on the status of the litigation and court rulings and orders; (iii) discussed strategic decisions and various legal rulings with counsel; (iv) reviewed significant Court submissions and other case documents, including the four detailed complaints and motions to dismiss; and (v) actively participated in discovery, including responding to discovery requests which, among other things, required the collection of highly sensitive data from third parties. Indeed, the Class Representatives were active participants that spent time and underwent invasive discovery requests in order to aid the Class and assist the litigation efforts of counsel.[2] All of this time and effort benefitted the Class and aided the resolution of this action.

---

[1] Unless otherwise defined, all capitalized terms shall have the meanings ascribed to them in the Stipulation of Settlement dated August 13, 2025 and all exhibits thereto as amended by agreement of the Parties (*see* ECF Nos. 373, 374, 388) and Court Orders (*see* ECF Nos. 362, 384, 387 and October 23, 2025 and November 25, 2025 hearings) (the "Stipulation"), as filed with the Clerk of the Court (comprehensively referred to as the "Settlement").

[2] *See* Declaration of Tyler S. Graden in Support of (I) Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation; and (II) Class Counsel's Motion for Attorneys' Fees, Litigation Expenses and Service Awards (ECF No. 403), Exs. 1A-1H (Plaintiffs' estimates of the hours spent on the Action in the course of their duties as Class Representatives).

For this effort and time, Class Counsel has sought service awards for the Class Representatives' willingness "to undertake the responsibilities and risks of representing the class and recognize the time and effort spent in the case." *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *14 (N.D. Cal. June 5, 2017); *see also* ECF No. 402.

While we are appreciative of Ms. Sherrill's willingness to step forward, Ms. Sherrill's services as a class representative after discovery has taken place, settlement negotiations have concluded, and preliminary approval has already been entered is unnecessary and her request is unsupported. As an absent class member, Ms. Sherrill did not expend the time or effort to litigate this action, or undergo the invasive discovery in which the Class Representatives participated. Ms. Sherrill did not aid in the resolution of this action for the benefit of the Class, nor does she claim to have done so. Instead, with no clear factual justification or legal basis, Ms. Sherrill seeks to replace John Doe III as a plaintiff in this action. And to be clear, contrary to her representations, Ms. Sherill's request is not agreed-to by all parties. *See* ECF No. 432 at 3 ("Motion all parties agree, and counsel for the Plaintiffs now representing the new Plaintiff Sueanne Sherrill if approved and appointed by the court draws up a new MOTION TO SUBSTITUTE requesting class member Sueanne Sherrill replace the missing Plaintiff John Doe III."). Because Ms. Sherrill's Motion—even if construed to invoke an appropriate procedural mechanism under the Federal Rules—fails to demonstrate good cause to amend the Complaint or a right to intervene in this action, the Class Representatives respectfully oppose the request for substitution and request that the Court deny the Motion.

## II. ARGUMENT

Ms. Sherrill does not demonstrate good cause to be substituted as a class representative, providing no factual basis beyond the withdrawal of John Doe III as the predicate for her request. Likewise, Ms. Sherrill generally suggests that "State and Federal law" supports the request without citing any specific authority to justify the sought-after substitution. *See* ECF No. 432 at 2. Despite this lack of specification, even assuming Ms. Sherrill's request could be viewed as a request to add a party pursuant to Fed. R. Civ. P. 15 or, alternatively, a request to intervene pursuant to Fed R. Civ. P. 24, Ms. Sherrill's request should be denied. Under either Rule, Ms. Sherrill fails to make the required

showing of good cause as to why she should be added as a party to the litigation, or why her interests are inadequately represented by the existing parties.

**A. Ms. Sherrill Does Not Show Good Cause to Substitute as Class Representative**

A motion "seeking to join an additional party after the deadline for doing so must satisfy the requirements of both Federal Rule of Civil Procedure 15 and 16." *Wilson v. Frito-Lay N. Am., Inc.*, 2017 WL 3478776, at *2 (N.D. Cal., Aug. 14, 2017) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "Rule 16 requires district courts to enter a scheduling order that 'limits the time . . . to join other parties and to amend the pleadings,' and provides that this 'schedule shall not be modified except by leave of court upon a showing of good cause.'" *Id.* (citing Fed. R. Civ. P. 16(b)(3)(A), 16(b)(4)). A determination of good cause "primarily considers the diligence of the party seeking the amendment," and focuses on "the moving party's reasons for seeking modification," and "the existence or degree of prejudice to the party opposing the modification." *Johnson*, 975 F.2d at 609 (internal citation omitted). Courts are particularly reluctant to permit such a request, as here, at a late stage of the litigation. *See Wilson*, 2017 WL 3478776, at *5 ("[C]ourts typically deny such requests when made late in the case, particular[ly] after the filing and disposition of substantive and plaintiff-specific motions.") (citing *Miller v. Mercedes-Benz USA LLC*, 2009 WL 1393488, at *2 (C.D. Cal. May 15, 2009)).

Here, even if construed as a request to be added as a party, the Motion fails to make the required showing of good cause. First, it has been filed long after the consolidation of related matters and the deadline to file the Consolidated Master Complaint, and has been made at the final stages of this litigation as it proceeds to final approval of the parties' negotiated settlement. *See* ECF No. 271 (filing of Consolidated Master Complaint with consolidated Plaintiffs); ECF No. 401 (Motion for Final Approval of Proposed Class Action Settlement). Ms. Sherrill fails to demonstrate any compelling "reasons for seeking modification," instead relying entirely on the unrelated withdrawal of John Doe III. Ms. Sherrill does not explain why she should be added at such a late stage in the litigation, no less show good cause warranting such modification. Indeed, allowing substitution at this juncture would significantly prejudice Plaintiffs, Settlement Class Members, and Kaiser by injecting uncertainty and delaying final approval of the Settlement before the Court.

Accordingly, the lack of factual support as well as the procedural posture and the late stage of this litigation support denial of Ms. Sherrill's Motion.

**B. The Class Representatives Adequately Protect the Interests of the Settlement Class**

To the extent Ms. Sherrill's Motion can be construed as a request to intervene, she fails to state why such an intervention would be necessary or why the remaining Class Representatives are inadequate. To intervene under Federal Rule of Civil Procedure 24(a), a nonparty must show "(1) a significant protectable interest, (2) which may be impaired or impeded, (3) the application is timely, and (4) lack of adequate representation by the existing parties." *Cochran v. Accellion, Inc.*, 2021 WL 5161921, at *2 (N.D. Cal. Nov. 5, 2021).

The rule provides a nonparty with a "right to intervene if their interests ***are not adequately*** represented by existing parties." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013) (quoting 5A Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 16:7, p. 154 (4th ed. 2002)) (emphasis added). However, "a presumption of adequacy of representation arises" when "an applicant for intervention and an existing party have the same ultimate objective." *Bergman v. Thelen LLP*, 2009 WL 1308019, at *2 (N.D. Cal. May 11, 2009). Accordingly, courts recognize a "presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation." *Id.* (quoting *Jenkins ex rel. Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996)); *see also In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 434 n.10 (3d Cir. 2016). Here, the presumption of adequate representation stands as Ms. Sherrill does not explain why the Class Representatives are unable to protect her interests or those of the Class.

Indeed, as indicated in this Court's Order preliminary approving the settlement and appointing the Class Representatives, as well as Plaintiffs' Motions for Preliminary and Final Approval, the Class Representatives fairly and adequately protect the interests of the Settlement Class. The Class Representatives do not have any interests antagonistic to the other Settlement Class Members, whose interests they will continue to vigorously protect. *See, e.g.*, *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009). Further, they are aligned with other Settlement Class Members as they

share an interest in proving that Kaiser should have prevented disclosure of Plaintiffs' confidential information to third parties. And, all members of the Settlement Class are aligned in seeking remuneration from Kaiser for the resulting harm. Additionally, each Class Representative understands their duties to the Class, has agreed to consider and protect the interests of absent Settlement Class Members, and has participated in the prosecution and resolution of this Action. The Class Representatives provided Class Counsel with necessary factual information, reviewed pleadings, had ongoing communications regarding various issues pertaining to this case, and will continue to do so until the case closes. In short, the Class Representatives have worked hard on behalf of the Settlement Class and will continue to do so. Indeed, the Court recognized this in granting preliminary approval of the settlement and finding that it would likely be able to certify the Settlement Class. *See* ECF No. 393 at 4 ("Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class."). Ms. Sherill makes no showing otherwise.

Ms. Sherrill has simply "fail[ed] to identify a protectable interest that will be impaired if [she is] unable to intervene." *Cochran*, 2021 WL 5161921, at *2. Ms. Sherrill has already filed an objection to the settlement, and thus cannot "maintain that intervention is *necessary* to protect [her] ability to object to the settlement." *Id.* Further, "courts in this circuit have consistently held that 'intervention of right is unavailable' where, as in this case, the settlement agreement allows the putative intervenors to protect their interests by opting out of the settlement class or participating in the fairness hearing process." *Id.*

Given her demonstrated ability to participate in the process of settlement approval, Ms. Sherrill has not shown any protectable interest that will be impaired absent her intervention in this action. Further, she has offered no argument that the Class Representatives cannot adequately represent her interests, and has provided no basis for her argument that the removal of John Doe III has any impact on the adequacy of the Class Representatives. Accordingly, even if construed as a motion to intervene, Ms. Sherrill's Motion should be denied.[3]

[3] For similar reasons, Ms. Sherrill cannot show that permissive intervention is warranted. *See Cochran*, 2021 WL 5161921, at *3 ("For the reasons discussed above as to why intervention is unnecessary in this case—namely that Proposed Intervenors already have been able to participate in the fairness hearings—the Court declines to exercise its discretion to permit intervention.").

## III. CONCLUSION

For the foregoing reasons, given that Ms. Sherrill has not demonstrated good cause for modification of the scheduling order to amend the pleadings and add her as a party at this late stage of the litigation, nor shown why her interests are inadequately represented, Plaintiffs respectfully submit that Ms. Sherrill's Motion be denied.

Dated: April 27, 2026

Respectfully submitted,

**KESSLER TOPAZ MELTZER & CHECK, LLP**

*/s/ Tyler S. Graden*
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

-and-

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza

Chicago, Illinois 06606

*Class Counsel*

**LAW OFFICES OF ROBERT MACKEY**
Robert Mackey, Cal Bar No. 125961
bobmackeyesq@aol.com
16320 Murphy Road
Sonora, CA 95370
Telephone: (412) 370-9110

-and-

**MIGLIACCIO & RATHOD LLP**
Jason S. Rathod
jrathod@classlawdc.com
412 H Street NE, no. 302
Washington, DC, 20002
Telephone: (202) 470-3520

*Additional Counsel for Plaintiff Alexis Sutter*