**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Class Counsel*
(*Additional Attorneys Listed on Signature Page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

Defendants.

Case No. 3:23-cv-02865-EMC

**SUPPLEMENTAL REPLY IN FURTHER SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: Hon. Edward M. Chen
Date: May 7, 2026
Time: 1:30 p.m.
Court: REMOTE

Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, and Alexis Sutter (collectively, the "Plaintiffs"), respectfully submit this Supplemental Reply, along with the Fourth Supplemental Declaration of Paul Mulholland of Strategic Claims Services, Inc. ("Fourth Mulholland Decl.").

## I. INTRODUCTION

On April 2, 2026, Plaintiffs and Class Counsel filed their Reply in further support of their (I) Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation and their (II) Motion for Attorneys' Fees, Litigation Expenses, and Service Awards ("Reply"). At the time of filing, with the information available at the time, the Settlement Administrator, Strategic Claims Services, Inc. ("SCS"), was unable to definitively match a significant portion of the individuals who submitted opt-out forms with the names and email addresses found in the Settlement Class records. *See* Third Supplemental Declaration of Paul Mulholland of SCS ("Third Mulholland Decl.") at ¶¶ 19-21, ECF No. 424. Since that time, SCS has continued its reconciliation efforts, but certain issues continue to prevent SCS from fully reconciling a small number of opt-out submissions with the Settlement Class records. *See* Fourth Mulholland Decl. at ¶ 10. Additionally, after Plaintiffs filed their Reply, Objector Dodson submitted additional information regarding his objection to the *cy pres* recipients (ECF No. 429), an additional, (sealed) objection regarding a mailed notice received after the March 12, 2026 claims deadline was docketed (ECF No. 428), and on May 1, 2026 SCS received an additional informal objection.[1] Class Counsel respectfully submits this Supplemental Reply to provide the Court with their position on these issues, which would result in 25,749 valid requests for exclusion.

## II. ARGUMENT

### A. The Claims Reconciliation Process

With respect to the opt-out reconciliation process, three issues remain:

- Several opt-out submissions could not be definitively linked to Settlement Class

[1] An additional individual also submitted a request to SCS regarding this same issue and asked that it be provided to the Court, which is attached as Exhibit A to the Fourth Mulholland Decl., and is referred to herein as Ticket #194093. The additional information objection received by SCS on May 1 is attached as Exhibit B to the Fourth Mulholland Decl., and is referred to herein as the May 1 objection.

Members on the Class List;

- Certain individuals did not include their Settlement Class IDs on their Opt-Out Forms; and
- Certain individuals submitted both Claim Forms and Opt-Out Forms.

None of these issues should prevent Final Approval from being entered.

**1. Individuals Who Submitted Otherwise Valid Opt-Outs Should be Excluded from the Settlement**

Class Counsel's position is that individuals who have substantively complied with the opt-out requirements, but could not be definitively linked to the Class List, should be excluded from the Settlement. These individuals have submitted individually signed opt-out forms, as required by the Court, sufficiently demonstrating that they do not want to participate in the Settlement. These individuals have also submitted personal identifying information, such as address and telephone number, that would also allow these individuals to be definitively identified. For example, for many of these individuals, only their names and email addresses appear on the Class List. If it so choses, confirmation of the identity of these individuals could be accomplished by Kaiser running this information across its own records. Also, these individuals could provide the Settlement Class ID reflected on the Notice sent to them,[2] which would allow Kaiser to definitively match them to Class List. In any case, these individuals have done enough to warrant exclusion from the Class.

And notably, none of this work is required at this time. To the extent any of these individuals later choose to proceed with claims, Kaiser is not barred from requesting additional information such as their Medical Record Number or other information to confirm if and when they were Kaiser Members. Exclusion from the Class in no way supports future claims if these individuals are not actual class members; if they are not actual Class members they have no claim now or in the future.

[2] This Court previously ordered that "counsel for Objectors shall be given the Claim/Settlement ID Numbers for their clients" after counsel for Objectors submitted declarations with their client lists. *See* Minute Entry at 1, ECF No. 389. Because not all of those individuals could be definitively located on the Class List at the time, SCS provided provisional Claim/Settlement ID Numbers those individuals, with the expectation that it would be able to match those names to the Class List after additional information was provided on the opt-out forms. With that additional information, SCS was able to match some, but not all, of Objectors' clients provided with provisional Claim/Settlement ID Numbers to Settlement Class Members on the Class List.

Thus, there is no prejudice to Kaiser by excluding these individuals from the Class now.

**2. Individuals Who Submitted Opt-Out Forms Without a Settlement Class ID Should be Excluded From the Settlement**

Class Counsel's position is that no opt-out should be rejected for merely failing to include a Settlement Class ID provided there is sufficient information to accept the opt-out. No claim or opt-out should be rejected based on a hyper-technical, formalistic reading of what is required under the Settlement Agreement. *See, e.g.*, *Facciola v. Greenberg Traurig LLP*, 2012 WL 12827046, at *1 (D. Ariz. Aug. 31, 2012) ("We will not invalidate an exclusion request for failure to strictly comply with the class notice opt out requirements. Such a formalistic approach implicates an individual's due process rights to opt out."); *Burnell v. Swift Transp. Co*, 2020 WL 13249365, at *3 (C.D. Cal. June 25, 2020) (granting Rule 60(b) motion where class member's exclusion request was "timely, unambiguous, and included all necessary, identifying information," but was rejected for missing certain details). To the extent SCS, as a neutral party, determines that it has sufficient information to recognize an opt-out despite the lack of a Settlement Class ID on the opt-out form, that opt-out should be accepted.

**3. Individuals Who Submitted Both Claim Forms and Opt-Out Forms Should Be Included in the Settlement Absent Rescinding or Withdrawing Their Claims**

Class Counsel and Kaiser agree that individuals who submitted both claim forms and opt-out forms should be included as Settlement Class Members unless they have submitted individual confirmations rescinding or withdrawing their Claim Forms.

As this Court has repeatedly recognized, the Court must ensure any class member seeking to opt out must do so individually based on an "informed, individual decision." *See* Order at 7, ECF No. 384 (quoting *In re 23andMe, Inc. Customer Data Sec. Breach Litig*., No. 24-md-03098-EMC, 2024 U.S. Dist. LEXIS 219622, at *84 (N.D. Cal. Dec. 4, 2024)). For Class Members who submitted both claim forms and opt-out forms, the decision is less clear. Those Class members should be required to submit an additional signed verification to indicate an individual decision to opt-out rather than proceed with the claim they filed. In fact, where class members truly wanted to opt out after submitting claims, they have rescinded Claim Forms. For example, 1,342 Labaton Opt-Outs, 73

Bryson Opt-Outs, 511 Potter Handy Opt-Outs, and 230 other Opt-Outs have submitted individual confirmation rescinding or withdrawing their Claim Forms and it is undisputed that those Opt-Out decisions should be honored.[3] *See* Fourth Mulholland Decl., ¶ 8.

### B. The Court Should Deny Objections to the *Cy Pres* Recipients, Mailed Notices Received After March 12, 2026, and the Claims Process

With respect to the *cy pres* recipients, Class Counsel respectfully submits that including the Privacy Rights Clearinghouse as an additional *cy pres* recipient is appropriate. As this case involves healthcare privacy, the Institute for Public Health Innovation's public health mission provides an appropriate nexus to the healthcare aspect of the lawsuit, and the Privacy Rights Clearinghouse's privacy-related mission also provides an appropriate nexus to the privacy aspect of this lawsuit. Plaintiffs and Class Counsel have no relationship to either of these proposed *cy pres* recipients. The Parties are unaware of a single, unaffiliated organization that specializes in healthcare privacy, and Objector Dodson has not identified any. Accordingly, this objection should be denied.

In addition, the sealed objection lodged at ECF No. 428 raises the same concerns as Ticket #194093 regarding mailed notices received after March 12, 2026. As noted in the Third Mulholland Declaration, SCS sent notice to all 13,134,307 Settlement Class Members by the January 16, 2026 deadline. Third Mulholland Decl. ¶ 7. However, a number of those emails were returned as undeliverable, as is inevitable with a Class of this size. *Id.* at ¶ 8. Accordingly, SCS worked with Kaiser to obtain mailing addresses individuals who could not be reached by email and completed sending notices to those individuals by regular mail on March 19, 2026. *Id.* As a result, certain individuals where a second attempt at notice was made did not receive the mailed notice until after March 12, 2026. Class Counsel has explained this to the Settlement Class Member whose objection was lodged at ECF No. 428, as well as the Settlement Class Member who submitted Ticket #194093, *and these Settlement Class Members have now submitted* claims. Class Counsel believes that these claims, and any other valid claims submitted after March 12, 2026, should be honored and intends to

[3] "Labaton Opt-Outs" refers to opt-outs submitted by Labaton Keller Sucharow LLP on behalf of their clients, "Potter Handy Opt-Outs" refers to opt-outs submitted by Potter Handy, LLP on behalf of their clients, and "Bryson Opt-Outs" refers to opt-outs submitted by Bryson Harris Suciu Demay on behalf of their clients.

include those claims as part of the Settlement distribution unless directed otherwise by the Court.

Additionally, the objection sent to SCS on May 1, 2026 should be denied as well. Not only was this objection submitted after the deadline, but it is undisputed that this objector was sent an emailed notice on January 13, 2026 and filed a claim online on April 24, 2026. Fourth Mulholland Decl., at ¶ 6. As previously noted, Class Counsel believes that all valid claims received on or before May 6, 2027—one day before the Fairness Hearing—should be honored. *See* ECF No.425-4, at 6 fn. 11. As such, any objection regarding insufficient notice or insufficient time to file a claim should be rejected. Indeed, the claims process here followed standard practice necessary to verify Settlement Class members' claims and resulted in a claims rate that is exactly in line with the 5% to 10% claims rate anticipated by SCS, the Court, and Parties at the Preliminary Approval stage, and is consistent with other settlements. *See* ECF No. 345-5, at ¶ 23.

## III. CONCLUSION

For the foregoing reasons and those set forth in the Opening Papers, Plaintiffs and Class Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees, litigation expenses, and service awards.

Dated: May 4, 2026

Respectfully submitted,

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

*<u>/s/ Tyler S. Graden</u>*
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850

San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

-and-

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Class Counsel*

**LAW OFFICES OF ROBERT MACKEY**
Robert Mackey, Cal Bar No. 125961
bobmackeyesq@aol.com
16320 Murphy Road
Sonora, CA 95370
Telephone: (412) 370-9110

-and-

**MIGLIACCIO & RATHOD LLP**
Jason S. Rathod
jrathod@classlawdc.com
412 H Street NE, no. 302
Washington, DC, 20002
Telephone: (202) 470-3520

*Additional Counsel for Plaintiff Alexis Sutter*