**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

Defendants.

Case No. 3:23-cv-02865-EMC

**FORTH SUPPLEMENTAL DECLARATION OF PAUL MULHOLLAND OF STRATEGIC CLAIMS SERVICES, INC. CONCERNING THE DISSEMINATION OF NOTICE TO THE SETTLEMENT CLASS, NUMBER OF CLAIMS RECEIVED, AND NUMBER OF OPT-OUT REQUESTS RECEIVED**

District Judge: Hon. Edward M. Chen
Magistrate Judge: Hon. Peter H. Kang

Consolidated Complaint Filed: Dec. 6, 2024
Trial Date: Jan. 25, 2027

I, Paul Mulholland, declare as follows:

1. I am the President and Chief Executive Officer of Strategic Claims Services, Inc. ("SCS"), a nationally recognized class action administration firm. SCS has been retained by Class Counsel, and approved by the Court, to serve as the Settlement Administrator in connection with the settlement of the above-captioned action ("Action").

2. My personal credentials as well as the credentials and administration experience of SCS were previously submitted with Plaintiffs' motion for preliminary approval of the Settlement ("Preliminary Approval Motion") (Dkt. No. 345). *See* Mulholland Declaration dated August 19, 2025 (Dkt. No. 345-5). I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

3. I respectfully submit this declaration in order to provide the Court and the parties to the Action with updated information regarding objections as well as the number of claims and opt-outs received. This is the fifth declaration I have submitted in this Action. *See* Dkt. No. 345-5 (first declaration submitted with Plaintiffs' Preliminary Approval Motion); Dkt. No. 374-1 (first supplemental declaration submitted regarding the Court's October 3, 2025 Order Re Supplemental Briefing); Dkt. No. 388-9 (second supplemental declaration submitted related to the opt-out procedure); Dkt No. 424 (third supplemental declaration submitted concerning the dissemination of notice to the Settlement Class, number of claims received, and number of opt-out requests received)

**UPDATED REPORT ON OBJECTIONS**

4. As of the date of this declaration, SCS has received two additional notifications of intended objections to the Settlement. *See* Exhibit A ("Ticket #194093"); Exhibit B ("May 1 Objection").

5. SCS has been in contact with the Class member who submitted Ticket #194093 and helped this Class member, and his wife, submit Claim Forms.

6. The Class member who submitted the May 1 Objection was sent an emailed notice on January 13, 2026 and filed a claim online on April 24, 2026.

**UPDATED REPORT ON REQUESTS FOR EXCLUSIONS**

7. As of April 30, 2026, SCS has received 28,824 requests for exclusion from the Settlement Class. 2,450 of these exclusion requests were submitted online via the Settlement Website and 252 were submitted via email or mail, with the remainder submitted in batches by opt-out counsel.

8. Of the 28,824 requests for exclusion received as of April 30, 2026, there were 4,871 Settlement Class Members who filed both a request for exclusion as well as a Claim Form. To date,

1,342 Labaton Opt-Outs, 73 Bryson Opt-Outs, 511 Potter Handy Opt-Outs, and 230 other Opt-Outs have submitted individual confirmation rescinding or withdrawing their Claim Forms.[1]

9. Additionally, 5,773 Opt-Outs were submitted without a valid Unique ID. In those instances, SCS attempted to find such individuals on the class list using other personally identifying information. SCS was able to identify Unique IDs for 3,522 of the 5,773 records missing a valid Unique ID on the class list. When a Unique ID was located, and the opt-out was otherwise valid, SCS categorized this as a valid opt-out.

10. Additionally, certain names and email addresses for a portion of the opt-outs could not be found in the Settlement Class records. SCS has performed additional work to match up the data where possible, including obtaining additional address data from Defendant and the opt-outs' counsel. To date, with current information, a portion of the mass-opt outs still cannot be definitively associated with specific Kaiser Members included on the Settlement Class list. Additional information would be required to be provided by Kaiser and/or opt out counsel in order for SCS to locate these individuals. It is my understanding that this additional information was requested but not provided. There are currently 2,237 records that fall into this category where they cannot be matched up without additional information.

11. There were 121 requests for exclusions received without signatures. Those requests for exclusion were not recognized as valid opt-outs.

12. As of April 30, 2026, a total of 25,749 individuals have submitted what SCS has determined to be a valid request for exclusion from the Settlement Class. This number: (a) excludes all requests for exclusion that were received without signatures; (b) excludes anyone who submitted both a Claim Form and Opt-Out form and who as of April 30, 2026 has not confirmed whether they intended to opt out or remain in the Settlement Class; (c) includes all opt-outs that SCS cannot

[1] "Labaton Opt-Outs" refers to opt-outs submitted by Labaton Keller Sucharow LLP on behalf of their clients, "Potter Handy Opt-Outs" refers to opt-outs submitted by Potter Handy, LLP on behalf of their clients, and "Bryson Opt-Outs" refers to opt-outs submitted by Bryson Harris Suciu Demay on behalf of their clients.

definitively locate on the class list but who otherwise submitted valid Opt-Out forms; and (d) includes all opt-outs submitted without a Unique ID but that were otherwise valid and that SCS was able to locate on the class list.

**UPDATED REPORT ON CLAIMS SUBMITTED**

13. As of the March 12, 2026 claims filing deadline, SCS had received 755,551 Claim Forms, including 726,132 submitted online and 29,419 submitted via email or mail.

14. After the March 12, 2026 claims filing deadline, SCS has received an additional 17,932 Claim Forms through April 30, 2026. SCS is currently processing these additional Claim Forms.

**FRAUD PREVENTION IN PROCESSING PAYMENT FORMS**

15. SCS has implemented and continued the process of monitoring the various measures to deter and prevent fraud in this matter as described in my third supplemental declaration (Dkt No. 424).

16. SCS's settlement administration costs are 1,484,424.72 as of April 30, 2026. This amount is in line with the estimate provided by SCS at the preliminary approval stage (i.e., $1.7 to $2.4 million).

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4th day of May 2026 in Media, Pennsylvania.

Paul Mulholland