CROWELL & MORING LLP
Kristin J. Madigan (SBN 233436)
KMadigan@crowell.com
Anna Z. Saber (SBN 324628)
ASaber@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CROWELL & MORING LLP
Jennie Wang VonCannon (SBN 233392)
JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

CROWELL & MORING LLP
Jeffrey L. Poston (appearance pro hac vice)
JPoston@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

Defendants.

Case No. 3:23-cv-02865-EMC

**DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION**

Date: May 7, 2026
Time: 1:30 p.m.
Ctrm.: 5
District Judge: Hon. Edward M. Chen

Consolidated Complaint
Filed: December 6, 2024
Trial Date: January 25, 2027

Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser Permanente" or "Defendant")[1] respectfully submits this Response to Plaintiffs' Supplemental Reply in Further Support of Plaintiffs' Motion for Final Approval of the Proposed Class Action Settlement and Plan of Allocation. ECF No. 435. On the eve of the May 7, 2026 fairness hearing on final approval of the class settlement, there are thousands of individuals whose status with respect to either being in the class or opted out cannot be or has not been ascertained. Specifically, as of today there are:

- Approximately 2,700 individuals who have both opted out and submitted a Claim Form. ECF No. 436 (May 4, 2026 Settlement Administrator Decl.) ¶ 8;
- Approximately 2,237 individuals who the Settlement Administrator cannot verify at all as class members without additional information. ECF No. 436 ¶ 10; and
- Approximately 2,251 individuals who did not provide a valid Settlement Class ID as directed by the Court, and the Settlement Administrator cannot identify them using other personal information in its possesion. ECF No. 436 ¶ 9.

In addition, the Settlement Administrator is still processing at least 17,900 additional class claims received after the March 12, 2026 deadline. ECF No. 436 ¶ 14.

It would be prejudicial to Kaiser Permanente for the Court to grant final settlement approval now where it is unclear who in fact is in the class and who has opted out, whether the unverified opt-outs are Kaiser Permanente members, whether Objectors' counsel represents these individuals, and what these individuals' intentions are regarding Kaiser Permanente and any potential future opt-out litigation. Accordingly, Kaiser Permanente requests that the Court order a brief extension of time before entry of the final settlement approval order so that these issues can be resolved as outlined below.

**A. THE OPT-OUT RECONCILIATION PROCESS**

**1. Individuals Who Cannot Be Definitively Linked to the Class List Should Not Automatically Be Excluded from the Settlement.**

On December 5, 2025, the Court issued an order granting preliminary approval of the Doe

[1] The parties have stipulated to dismiss Defendants Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington, in connection with settlement approval. D.N. 347.

class action settlement and approving the form and methods of notice to class members so that members could choose to file a claim or opt-out of the settlement. ECF No. 393. Five months after the Court issued its order, Plaintiffs acknowledge that several opt-out submissions could not be definitively linked to Settlement Class Members on the Class List because the information provided on the opt-out forms either matched multiple names and/or email addresses on the Class List, or did not match any names or email addresses on the Class List. The current number of individuals in this group of unreconciled opt-outs is approximately 2,237 individuals. ECF No. 436 ¶ 10.

Plaintiffs' position—that these unverifiable individuals should nonetheless be excluded from the Settlement class—raises significant concerns and is not supported by any legal authority. Plaintiffs argue that these individuals have submitted personal identifying information, such as address and telephone number, which could allow Kaiser Permanente to run that information against its own records to identify matches on the Class List. However, this proposed approach is procedurally improper and places an undue burden on Kaiser Permanente to perform investigative work well after the opt-out deadline has passed and ignores that the firms who represent these individuals have had nearly 6 months to address these issues. Furthermore, without receiving each of these individual's Medical Record Number, Kaiser Permanente has no independent way to verify who these individuals are.

The fundamental prerequisite for a valid opt-out is that the individual submitting it can be confirmed as a member of the Settlement Class. ECF No. 393 ¶ 13. Without such confirmation, there is no basis to exclude these individuals from the class release. To hold otherwise would be to permit individuals of unknown class membership status to sidestep the Settlement's binding effect on the basis of submissions that cannot be verified. Class Counsel acknowledges that, to the extent any of these individuals were never Settlement Class Members, the Class Release would not apply anyway. If the Class Release would not apply to non-class members regardless, there is no prejudice in ordering these individuals to provide more information to verify their status.

Kaiser Permanente respectfully submits that the appropriate remedy is to require these individuals to provide through their counsel additional information to verify their opt-outs—

including their Settlement Class ID printed on the notice sent to them, their Medical Record Number, or other identifying information appearing on the notice sent to them—before their opt-outs are accepted. Kaiser Permanente favors a two-week extension for Objectors' counsel to contact their clients and reconcile these discrepancies. The Settlement Notice sent to class members reflected the Settlement Class ID, and Class Counsel acknowledges that providing this information would allow a definitive match to be made on the Class List. The Court should require this minimum showing before excluding any Settlement Class Member whose identity cannot presently be confirmed.

**2. Individuals Who Submitted Both Claim Forms and Opt-Out Forms.**

Plaintiffs and Kaiser Permanente both agree that individuals who submitted dueling claim forms and opt-out forms should be included as Settlement Class Members unless they have submitted individual confirmations rescinding or withdrawing their Claim Forms. As this Court has repeatedly recognized, any class member seeking to opt-out must do so individually based on an "informed, individual decision." ECF No. 393 ¶ 13 (Dec. 5, 2025 Order Granting Preliminary Approval of Class Settlement). Submitting both a claim form and an opt-out form is fundamentally inconsistent with such a decision.

Kaiser Permanente's position is that those who have not taken the affirmative step of rescinding their claims should be bound by their claim submissions and included in the Settlement Class. This is consistent with the Court's prior order and respects individual, informed class member choices. This would bind to the class the approximately 2,700 individuals who have both opted out and submitted a Claim Form (*see* ECF No. 436 ¶ 8) but have not rescinded or withdrawn their Claim Forms.

**3. Individuals Who Submitted Otherwise Valid Opt-Outs Without a Settlement Class ID.**

Class Counsel contends that no opt-out should be rejected for merely failing to include a Settlement Class ID on the opt-out form if the Settlement Administrator, SCS, has otherwise determined that there is sufficient information to accept and validate the opt-out. Class Counsel relies on authority holding that exclusion requests should not be invalidated for failure to strictly

comply with class notice opt-out requirements where an individual's due process right to opt-out would otherwise be implicated.

This Court was very specific and clear in issuing the steps that an individual must take to opt-out. One of those steps required the use of the Settlement Class ID. ECF No. 393 ¶ 13. Kaiser Permanente did not consent to any alternative method of determining opt-outs and any such methodology or practice is inconsistent with this Court's Order. Any opt-out lacking the requisite Settlement Class ID should not be accepted.

Dated: May 5, 2026

Respectfully submitted,

CROWELL & MORING LLP

By: /s/ Kristin J. Madigan

Jeffrey L. Poston (appearance pro hac vice)
JPoston@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116

Kristin J. Madigan
KMadigan@crowell.com
Anna Z. Saber
ASaber@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Jennie Wang VonCannon (SBN 233392)
JVonCannon@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington