UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No. 3:23-cv-02865-EMC<br><br>[PROPOSED] **FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE**<br><br>District Judge:      Hon. Edward M. Chen<br>Magistrate Judge:   Hon. Peter H. Kang<br><br>Consolidated Complaint Filed:  Dec. 6, 2024<br>Trial Date:                              Jan. 25, 2027 |

WHEREAS, Plaintiffs John Doe, John Doe II, Jane Doe, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V, and Alexis Sutter ("Plaintiffs"), on behalf of themselves and the Settlement Class Members, as defined below; and Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser Foundation Health Plan" or "Defendant"; and, together with Plaintiffs, collectively referred to herein as the "Parties"), determined to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Amended Stipulation of Settlement dated December 1, 2025 and all exhibits thereto (ECF No. 390-1, the "Stipulation"), which is filed with the Clerk of the Court (this settlement process is hereafter referred to as the "Settlement");

WHEREAS, by Order dated December 5, 2025 ("Preliminary Approval Order"), this Court (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered Kaiser Foundation Health Plan to provide to the Settlement Administrator the May 2024 Notice List for the sole purpose of providing notice of the Settlement to the Settlement Class on behalf of Class Counsel, recognizing that the May 2024 Notice List will contain Kaiser Permanente member email addresses and U.S. mailing addresses and reference the fact that a Settlement Class Member is or was a Kaiser Permanente member; (c) ordered that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, on December 22, 2025, Plaintiffs moved this Court for, among other things, final approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and approval of the Plan of Allocation;

WHEREAS, in accordance with the Preliminary Approval Order and as set forth in the notices to the Settlement Class, the Fairness Hearing was held on May 7, 2025 to consider, among other things (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

WHEREAS, the Court continued the Fairness Hearing and held the continued hearing on July 2, 2026; and

WHEREAS, the Court, having entered the Preliminary Approval Order, having heard argument in support of the Settlement and the Plan of Allocation, having reviewed all of the evidence, objections, and other submissions presented with respect to the Settlement and related matters, and the record of all proceedings in this case, and for good cause appearing therefore;

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, and personal jurisdiction over the Parties to the Action, including the Settlement Class Members.

2. The Stipulation and all of its exhibits (as filed with the Court) are incorporated into this Final Order and Judgment Approving Settlement and Dismissing the Action With Prejudice ("Judgment"), including the definitions and terms set forth in the Stipulation.

3. The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Settlement Class:

Any and all Kaiser members [1] in the Kaiser Operating States [2], subject to the exclusions below, who accessed the authenticated pages of the Kaiser Permanente websites or mobile applications listed below from November 2017 to May 2024:

| Websites | |
|---|---|
| | 1. https://wa-member.kaiserpermanente.org |
| | 2. https://healthy.kaiserpermanente.org |
| | 3. https://mydoctor.kaiserpermanente.org |
| Mobile Applications | |
| | 1. Kaiser Permanente Washington App |
| | 2. Kaiser Permanente App |
| | 3. My Doctor Online (NCAL Only) App |
| | 4. My KP Meds App |
| | 5. KP Health Ally App |

Excluded from the Settlement Class are (1) the Judges presiding over the Action, Class Counsel, Sutter Counsel, and immediate members of their families; (2)

[1] "Kaiser members" (also referred to in the Stipulation as "Kaiser Permanente members") means current and former enrollees of the Kaiser Foundation Health Plan or any of its affiliates. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

[2] "Kaiser Operating States" (also referred to in the Stipulation as Kaiser Permanente Operating States) means California, Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia. Consolidated Class Action Complaint, ECF No. 271 ¶ 72.

FINAL ORDER AND JUDGMENT
CASE NO. 3:23-CV-02865-EMC

Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusions prior to the Opt-Out Deadline; (4) the successors or assigns of any such excluded Persons; and (5) the Kaiser Permanente Members Who Have Chosen to Arbitrate, with "Members Who Have Chosen to Arbitrate" defined as (i) the seventeen (17) current and former Kaiser Permanente members identified in Appendix A represented by one or more of the Potter Handy, LLP ("Potter Handy"), Milberg Coleman Bryson Phillips Grossman, LLC ("Milberg"), and Bryson Harris Suciu & DeMay, PLLC ("Bryson") law firms; and (ii) the four (4) current and former Kaiser Permanente members identified in Appendix B represented by the Shay Legal, APC and Swigart Law Group, APC law firms.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Plaintiffs as Class Representatives for the Settlement Class and appoints Kessler Topaz Meltzer & Check, LLP and Carella, Byrne, Cecchi, Brody, & Agnello, P.C. as Class Counsel for the Settlement Class. Plaintiffs and their counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      Notice to the members of the Settlement Class has been given in an appropriate, adequate, and sufficient manner and notice was reasonably calculated to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, and their opportunity to exclude themselves from the Settlement Class or present objections to the Settlement. Collectively, the Notices complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

FINAL ORDER AND JUDGMENT
CASE NO. 3:23-CV-02865-EMC

6.      Members of the Settlement Class were given the opportunity to exclude themselves from the Settlement Class, and 22,599 individuals did so. These individuals are identified on the papers filed confidentially with the Court on June 18, 2026, ECF No. 449-1.

7.      Kaiser Foundation Health Plan, Inc. has satisfied the requirements of CAFA.

8.      The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.

9.      As to the objection regarding the designation of the Institute for Public Health Innovation ("IPHI") and/or Privacy Rights Clearinghouse as a cy pres beneficiaries, the Court deferred ruling on whether IPHI was an appropriate cy pres beneficiary at the May 7, 2026 Fairness Hearing, finding that the issue would be premature in the event no funds remained after distribution of the settlement proceeds to the Settlement Class. In the Court's July 14, 2026 Order, the Court found that IPHI is not an appropriate beneficiary and that the Privacy Rights Clearinghouse is an appropriate cy pres beneficiary.

10.     The Court finds and concludes that all other objections are without merit, and each is hereby overruled.

11.     The Court finally approves the Settlement and Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Settlement Class pursuant to Rule 23(e). Specifically, in accordance with Rule 23(e)(2), the Court finds that (a) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.

12.     The terms of the Stipulation, including all exhibits to the Stipulation, and this Judgment, shall be forever binding on the Settlement Class.

13.     Neither the Settlement, this Judgment, any papers related to the Settlement, nor the fact of the Settlement shall be used as a finding or conclusion of the Court, or an admission by Kaiser Foundation Health Plan, Inc., of any fault, wrongdoing, or liability whatsoever.

14. The Parties and the Settlement Administrator shall carry out all the terms of the Settlement, including the distribution of payments to each eligible Settlement Class Member as provided in the Plan of Allocation, and the release provisions in the Stipulation, in accordance with the terms of the Stipulation and this Judgment.

15. Kaiser Foundation Health Plan, Inc. shall have no liability or responsibility for any payments, fees, or costs under this Judgment or the Settlement aside from its payment of the Settlement Amount. Under no circumstances shall Defendant be required to pay any amounts in furtherance of this Settlement, this Judgment, and the administration of the Settlement other than the payment of the Settlement Amount.

16. Releases:

    A. Upon the Effective Date, Plaintiffs and all Settlement Class Members, and their respective current and former employees, attorneys, heirs, executors, administrators, agents, legal representatives, conservators, professional corporations, partnerships, assigns, successors, and, with respect to minors, parents and guardians, will fully, finally, and forever release, relinquish, and discharge Kaiser Foundation Health Plan, Inc. and Released Parties from, and shall forever be enjoined from prosecution of Defendant, its Affiliated Entities, and the Released Parties for, any and all Released Claims. The Plaintiffs agree that they will not seek any further compensation, consideration, or relief of any kind in connection with the Action, or any and all Released Claims.

    B. Settlement Class Members fully, finally, and forever release, relinquish, and discharge Kaiser Foundation Health Plan, Inc., its Affiliated Entities, and the Released Parties from, and shall forever be enjoined from prosecution of Defendant, its Affiliated Entities, and the Released Parties for, any and all Released Claims.

    C. "Released Claims" and "Released Parties' Claims" means any and all claims, causes of action, suits, arbitration claims or demands, obligations,

debits, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any law (including federal law, state law common law, contract, rule or regulation) or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, monetary or nonmonetary, that have been pled in the Action or that could have been pled in the Action, that arise out of or relate to the causes of actions, allegations, practices, or conduct at issue in the Consolidated Class Action Complaint, including but not limited to use of third-party code on the Kaiser Permanente websites and mobile applications as described in paragraphs 4 through 23 and 82 through 428 of the Consolidated Class Action Complaint and access of the unauthenticated and authenticated pages of the Kaiser Permanente websites or mobile applications. "Released Claims" and "Released Parties' Claims" do not include any claims relating to the enforcement of the Settlement or any claims of the individuals who submit timely and valid requests for exclusion from the Settlement Class in accordance with the terms set forth in the Long Form Notice.

D.   "Unknown Claims," which the Stipulation defines as: "Unknown Claims" means any and all Released Claims that any Plaintiff or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred under California Civil Code § 1542 or by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil

FINAL ORDER AND JUDGMENT
CASE NO. 3:23-CV-02865-EMC

Code § 1542, which provides: A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party. The Parties and Settlement Class Members by operation of law shall be deemed to have acknowledged that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Stipulation.

E.   As set forth in the Stipulation, "Affiliated Entities" means any representatives, trustees, predecessors, successors, assigns, affiliates, subrogors, subrogees, assignees, assignors, subsidiaries, agents, employees, servants, officers, directors, and attorneys of Kaiser Foundation Health Plan, Inc.

F.   Settlement Class Members are barred and permanently enjoined from prosecuting any and all Released Claims.

G.   Nothing in this Judgment or the Stipulation shall preclude any action to enforce the terms of the Settlement.

17.   Without affecting the finality of this Judgment in any way, this Court will retain exclusive continuing jurisdiction over all Parties and Settlement Class Members with regard to implementation of the Stipulation, disposition of the Settlement Amount, and enforcement and administration of the Stipulation, including the release provisions thereof. The Court may order any appropriate legal or equitable remedy necessary to enforce the terms of this Judgment and/or the Settlement.

18.   A separate order shall be entered regarding the motion of Class Counsel for attorneys' fees, expenses and service awards to Plaintiffs. Such order shall in no way affect or delay the finality of this Judgement and shall not affect or delay the Effective Date of the Settlement.

19.   Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any

8

exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

20.     If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other members of the Settlement Class, and Defendant, and the Parties shall be restored to their litigation positions immediately prior to the execution of the Term Sheet at the May 13, 2025 mediation, as provided in the Stipulation.

21.     The Action is dismissed with prejudice and without costs (except as otherwise provided herein and in the Stipulation).

22.     This is a final and appealable Judgment.

23.     There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED.

Dated: __July 22_____, 2026

_____
Honorable Edward M. Chen
United States District Judge
Northern District of California

**APPENDIX A**

Members Who Have Chosen to Arbitrate

Listed below are the seventeen (17) current and former Kaiser Permanente members represented by one or more of the Potter Handy, LLP ("Potter Handy"), Milberg Coleman Bryson Phillips Grossman, LLC ("Milberg"),  and Bryson Harris Suciu & DeMay, PLLC ("Bryson") law firms who are excluded from the Settlement Class:

- Milberg / Bryson law firms (10 claimants, identified by first and last initial and arbitration case number):

1.  B., T. (25-33589)
2.  C.-G., A. (25-33589)
3.  C., A. (25-33589)
4.  C., D. (25-33589)
5.  G., G. (25-33589)
6.  H., A. (25-33589)
7.  P., A. (25-33589)
8.  R., A. (25-33589)
9.  S., S. (25-33589)
10. T., A. (25-33589)

- Potter Handy (7 claimants identified by first and last initial and arbitration case number):

1.  B., N. (A335094)
2.  C., J. (A19609)
3.  C., D. (A19606)
4.  F.J., E. (A19608)
5.  G., J. (A19604)
6.  K., M. (A19603)
7.  V., R. (A19607)

**APPENDIX B**

Members Who Have Chosen to Arbitrate

List below are the four (4) current and former Kaiser Permanente members represented by the Shay Legal, APC and Swigart Law Group, APC law firms who are excluded from the Settlement Class:

- Shay / Swigart law firms (4 claimants, identified by first and last initial and arbitration case number):

11. G., D. (19644)
12. D, J. (19648)
13. D., D. (19649)
14. B., E. (19650)

FINAL ORDER AND JUDGMENT
CASE NO. 3:23-CV-02865-EMC