Mark E. Silvey (*Admitted Pro Hac Vice*)
msilvey@brysonpllc.com
Natalie M. Rico *(Admitted Pro Hac Vice)*
nrico@brysonpllc.com
**BRYSON HARRIS SUCIU & DeMAY**
201 Sevilla Avenue, Suite 200,
Coral Gables, Florida 33134
Telephone: (865) 919-8839

*Counsel for Objectors*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, AND JANE DOE V, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC.,

Defendant.

Case No. 3:23-cv-02865-EMC

CLASS ACTION

**BRYSON OPT OUTS' MOTION TO AMEND FINAL APPROVAL ORDER**

Judge: Hon. Edward M. Chen

On July 14, 2026, the Court entered a Final Approval Order in the above captioned case. ECF No. 454. Attached to the Motion for Final Approval was a sealed exhibit consisting of a declaration from the Claims Administrator attaching a spreadsheet listing the clients represented by Bryson Harris Suciu and DeMay PLLC ("The Bryson firm") who had opted out of the pending class settlement. Fifth Supplemental Declaration of Paul Mulholland of Strategic Claims Services, Inc. ("Fifth Supp. Mulholland Decl."), ECF No. 450, Ex. A. That spreadsheet listed 3,991 claimants who had validly opted out using the process articulated by the Court in its Order Granting Preliminary Approval. ECF No. 393. The certification from the Claims Administrator excluded 1,031 Bryson claimants who had completed the opt-out procedure, but who also subsequently filed claim forms for the class settlement

("dual filers"). The Claims Administrator did not include these claimants in the certification it sent to the Court. Claimant's position is that the inadvertent filing of a claim form with the Claims Administrator was a nullity after an opt-out form was properly completed and submitted. The Claims Administrator should have recognized this and included these 1,031 claimants in the final number it sent to the Court, bringing the actual total number of Bryson opt out to 5,022. As a result, the Final Approval Order reflects an inaccurate number of Bryson firm claimants who opted out of the class settlement. This motion seeks to correct that factual/numerical error.

## STANDARD FOR RELIEF UNDER RULE 59(E)

Under these facts, it is appropriate for the Court to grant the relief requested. The Ninth Circuit has recognized that there are four basic grounds upon which a Rule 59(e) motion to alter or amend judgment may be granted. Those grounds are the following: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Good Job Games Bilism Yazilim Ve Pazarlama A. v. SayGames LLC*, No. 19-CV-07916-EMC, 2020 WL 3414659, at *1 (N.D. Cal. June 22, 2020) (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court[.]" *Id*. (quoting *Shrader v. CSX Transp*., 70 F.3d 255, 257 (2d Cir. 1995)).

## ARGUMENT

### I. Correcting a manifest error of fact upon which the judgment rests.

Here, relief should be granted in order to correct the facts upon which the Final Approval Order rests, Fed. R. Civ. P. 59. In the Final Approval Order, the Court stated "The number of

individuals who have opted out of the class is relatively small, particularly given the total size of the class: 22,599 individuals." Final Approval Order at 4, ECF No. 454 (citing ECF No. 449 (Mulholland Decl. ¶ 3 & Ex. A)). Through no fault of its own, the Court's reference to the total number of opt outs is in actuality short by 1,031 individuals. The Court lacked access to an accurate number of Bryson firm opt outs due to the Claims Administrator's failure to include those dual filers who expressly indicated they wanted to opt out by executing an opt out form in the manner articulated by the Court but also mistakenly filed a claim as well. As a result, the Final Approval Order contains a factual inaccuracy that is appropriately corrected under Rule 59(e).

Amending the Final Approval Order to correct a factual error by accurately reflecting a small increase in the total number of opted out individuals would not materially affect either the recovery for class members or the amount of attorney fees awarded under the settlement. The number of claims made under the settlement is 755,551. Final Approval Order at 4, ECF No. 454. The claims period is closed so that the maximum number is fixed. The Court estimates each class member will receive approximately $40.00 under the settlement. *Id*. at 9. Similarly, the Court awarded attorney fees of $13 million, representing 27-28% of the gross settlement fund (of $47.5 million). *Id*. at 13. This amount was not based on the number of claims made, so reducing the potential settlement class of 13,134,307 individuals by the 1,031 individuals the Claims Administrator failed to include will have no appreciable effect on either the class members or their counsel.

**II. Preventing manifest injustice.**

Granting the relief requested will also prevent manifest injustice for those claimants who expressed a desire to opt out of the class settlement by completing the process articulated by the Court. As the Court is aware, several thousand claimants represented by different law firms opted out of the class action settlement in order to pursue arbitration after the Court's ruling that Kaiser was entitled to compel arbitration in the class case. *Doe v. Kaiser Found. Health Plan, Inc*., 725 F. Supp. 3d 1033,

1046 (N.D. Cal. 2024). Each of the 1,031 opt out clients at issue complied with the Court's procedure by timely submitting and opt out form in the manner as directed by the Court. Thereafter, the Claims Administrator unilaterally chose not to include them in the final total. Having manifested their desire to go through Kaiser's arbitration process, it would be manifestly unjust to deny these Claimants an opportunity to do so, particularly in light of the fact that doing so will have no appreciable effect on the class settlement approved by the Court on July 14, 2026. ECF No. 454.

The submission of a claims form by dual filers, in addition to being a nullity, was obviously erroneous. These individuals expressly manifested their intent to opt out and believed the claims form about which they received notice was simply additional paperwork. Counsel for the dual filers had initiated a process to get them to reaffirm their choices that was still ongoing at the time the Claims Administrator's final declaration was submitted. Samples consisting of the original opt out form along with the subsequent opt out confirmation form are attached to illustrate to the Court that the dual filers clearly and plainly wanted to proceed with arbitration and did not want to be part of the settlement class. Declaration of Mark E. Silvey, Exs. A-E. The confirmation forms expressly states: "I acknowledge that I previously submitted both an opt-out form and a claim form in the Kaiser Foundation Health Plan, Inc. matter. Through this confirmation, I affirm my decision to opt out of the Doe Settlement and confirm that I do not wish to participate in the settlement." *Id*. Again, these additional opt-out forms were not required by the procedure the Court articulated for opting out—that process was completed upon the original submission of these Claimants' opt-out forms. The Court had not defined a procedure to be used in the event there were dual submissions. These opt out confirmation form examples are offered as evidence that all Bryson opt outs clearly and unequivocally manifested their intent to be excluded from the class settlement.[1]

[1] Although they maintain the opting out process for all Bryson opt outs was completed at the time they timely submitted their original forms, if the Court thinks it is necessary, the Bryson firm will be happy to reinitiate its collection of the opt out confirmation forms and submit them to the Court.

Having now been made aware of an accurate number of Bryson firm opt outs, it is reasonable to expect that the Court would want to alter the numerical statement contained within the Final Approval Order, as this updated figure "might reasonably be expected to alter the conclusion reached by the court[.]" *Good Job Games*, 2020 WL 3414659, at *1. And it would be appropriate for the Court to do so. *See, e.g., Sparkman v. Comerica Bank*, No. 2:24-CV-01206-DJC-DMC, 2026 WL 76444, at *2 (E.D. Cal. Jan. 9, 2026) (amending order to correct restitution awarded from $7,619,059.00 to $7,789,835.00); *Cartledge v. Am. Meter Co*., No. CIV.A. 86-4106, 1988 WL 27007, at *2 (E.D. Pa. Mar. 21, 1988), aff'd, 860 F.2d 1074 (3d Cir. 1988) ("I will grant relief to the defendants in this regard and amend the back pay award pursuant to Rule 59(e) to correct what appears to be a mathematical error on the part of the jury."). The Bryson opt outs are *not* asking the Court to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 478-79 (5th Cir. 2004). These claimants simply ask the Court to correct a numerical error in the Final Approval Order.

## CONCLUSION

For the reasons described above, the Bryson firm opt outs respectfully ask the Court to correct the factual error described herein to properly include the additional 1,031 claimants who opted out of the class settlement approved by the Court on July 14, 2026, bringing the accurate total number of Bryson opt outs who may participate in arbitration to 5,022.

Dated this 10th day of August, 2026.

*/s/ Mark E. Silvey*
Mark E. Silvey (*Admitted Pro Hac Vice*)
msilvey@brysonpllc.com
Natalie M. Rico *(Admitted Pro Hac Vice)*
nrico@brysonpllc.com
**BRYSON HARRIS SUCIU & DeMAY**
201 Sevilla Avenue, Suite 200,
Coral Gables, Florida 33134
Telephone: (865) 919-8839

Alex R. Straus (SBN 321366)
Astrauss@brysonpllc.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile: (865) 522-0049