**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, PC**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Class Counsel*
(*Additional Attorneys Listed on Signature Page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

Defendants.

Case No. 3:23-cv-02865-EMC

**CLASS COUNSEL'S RESPONSE TO BRYSON OPT OUTS' MOTION TO AMEND FINAL APPROVAL ORDER**

Judge: Hon. Edward M. Chen
Date: September 11, 2026
Time: 9:00 a.m.
Court: 5

Class Counsel respectfully submits this Response to Bryson Opt Outs' Motion to Amend Final Approval Order ("Motion to Amend") (ECF No. 463).

## I. INTRODUCTION

Class Counsel takes no position on Bryson's Motion to Amend. However, to be clear, the Claims Administrator's inclusion as Class Members of the 1,031 Bryson claimants who had submitted opt out forms, and who also filed claim forms for the class settlement ("Dual Filers"), was entirely proper.

Bryson's argument that "the inadvertent filing of a claim form with the Claims Administrator was a nullity after an opt-out form was properly completed and submitted" (Motion to Amend at 2) is wrong; this scenario was the subject of multiple hearings, filings, and other communications prior to the final approval of the class action settlement and the dismissal of the action with prejudice and Bryson had every opportunity to raise this argument before final approval was entered (ECF No. 459). In fact, Bryson's own exhibits to the Motion to Amend demonstrate that Bryson agreed to the process it now objects to and was fully aware—well in advance of the final approval hearing—that Dual Filers were required to confirm in writing their intention to be excluded from the class action settlement. *See, e.g.*, Ex. E, ECF No. 463-5 at 4 (Opt-Out Confirmation dated May 4, 2026); Ex. A, ECF No. 463-1 at 4 (Opt-Out Confirmation dated May 7, 2026); Ex. B, ECF No. 463-2 at 4 (Opt-Out Confirmation dated May 7, 2026); Ex. C, ECF No. 463-3 at 4 (Opt-Out Confirmation dated May 9, 2026); Ex. D, ECF No. 463-4 at 4 (Opt-Out Confirmation dated May 12, 2026). However, Bryson let deadlines pass, never submitting the necessary Opt-Out Confirmations to the Settlement Administrator.

Ultimately, this is an issue between Bryson and Kaiser. To the extent Kaiser agrees to allow these Dual Filers to rescind their claims and opt out of the Settlement, Class Counsel have no objection as long as the timely payment of valid claims to other Settlement Class Members is not disrupted.

## II. ARGUMENT

To the extent that certain Dual Filers were left off the final opt-out list, that was not the result of any error by the Claims Administrator.

On February 24, 2026, the Parties conferred with Objectors' Counsel[1] regarding opt-outs that the Settlement Administrator had flagged as deficient. Ex. A (meeting invite for conferral, identifying Bryson as attendee). During that meeting, the Parties and Objectors' Counsel agreed that Dual Filers, in order for their opt-outs to be accepted, would need to submit written verification confirming their intention to opt-out.

As the May 7, 2026 Final Approval Hearing approached, Class Counsel wrote to Bryson on April 20, 2026, reminding them that a number of their clients submitted both claims and opt-out forms and confirming that the Parties "will recognize any of these 'dual filers' as opt-outs if they confirm with SCS by the end of this month that they wanted to be excluded from the settlement.'" Ex. B. at 2. Class Counsel included a spreadsheet with the then current status of Bryson clients who both filed claims and opted out, reiterating that Bryson should "make sure that anyone else who wants to opt-out confirms their exclusion by the end of this month so that we have a final list of opt-outs to submit to the Court for final approval." *Id*. On April 29, contrary to their earlier agreement, Bryson responded that all opt-outs should be recognized regardless of whether those individuals also filed claims forms; however, on May 4, 2026, Bryson confirmed that they would follow the previously agreed-to procedure:

> While we maintain additional notices are completely unnecessary, since the other firms have chosen to go that route, we will mirror what they have done. We are in the process of communicating with our already opted-out clients who appeared on the list you sent and will follow up with the claims administrator as we receive confirmation forms from them. Let me know if you have any questions.

*Id*. at 1.

On May 4, Class Counsel filed a Supplemental Reply in Further Support of Final Approval, confirming the Parties' position that "Class Counsel and Kaiser agree that individuals who submitted

[1] As the Court will recall, Bryson Harris Suciu and Demay PLLC joined Labaton Keller Sucharow LLP (collectively, "Objectors' Counsel") in objecting to preliminary approval (ECF No. 351). The February 24, 2026 conferral was held as a part of the opt-out verification process that the Parties agreed to implement to help Objectors' Counsel cure opt-out deficiencies identified by the Settlement Administrator.

both claim forms and opt-out forms should be included as Settlement Class Members unless they have submitted individual confirmations rescinding or withdrawing their Claim Forms." ECF No. 435 at 4-5. At that time, 73 Bryson clients submitted individual confirmations rescinding or withdrawing their Claim Forms. *Id.* The Court directly addressed this issue at the May 7 Final Approval Hearing, finding:

> It seems to me that the folks who have indicated that they confirmed they want to opt out, they should be treated as opt-outs. Those who have not responded or decided they don't want to opt out, I think, presumptively, should be treated as if they did not opt out since they did file a claim form. So I think that's going to be my ruling. That's how we should treat those folks.

Hearing Transcript at 11:15-21 (May 7, 2026), ECF No. 452. The Court then scheduled a second Final Approval hearing for July 2, 2026, to provide additional time to finalize the Opt-Out list. *Id*. at 39:21-40:6.

On June 18, 2026, in advance of the second Final Approval Hearing, the Parties filed a Joint Status Report (ECF No. 447), along with the Fifth Supplemental Declaration of Paul Mulholland of Strategic Claims Service, Inc. (ECF No. 449) ("Mulholland Declaration"), again disclosing that the Dual Filers who failed to confirm whether they intended to opt out would be counted as staying in the Settlement Class. As set forth in the Mulholland Declaration:

> Over 5,200 submissions filed both settlement claims and requests to opt out . . . SCS has contacted all such individuals, either directly or by notifying Objectors' Counsel, to determine whether they intended to stay in the class or opt out. As reflected in Table 1, Row 2, a total of 2,174 have confirmed that they intended to opt-out and have been counted as having submitted valid exclusions. Additionally, as reflected in Table 1, Row 4, a total of 2,884 of these submissions failed to respond to SCS's inquiries and, per the Order, shall be counted as staying in the class and they will receive compensation for their claims.

Mulholland Decl. at ¶ 8.[2] The Table clearly identified the Bryson Dual Filers as having "Invalid Exclusion[s]" on account of a "Claim Also Filed." *Id.* at ¶ 6. On June 18, 2026, Class Counsel also sent Bryson a spreadsheet identifying which of their clients were on the Final Opt-Out List that was provided to the Court. Ex. C. Despite receiving these emails and documents via the ECF system, Bryson did not appear at the July 2, 2026 Final Approval Hearing.

[2] Class Counsel has confirmed with the Settlement Administrator that the Opt-Out Confirmations submitted as ECF Nos. 463-1 - 463-5 were not sent to the Settlement Administrator by Bryson.

## III. CONCLUSION

As set forth above, the Claims Administrator's inclusion of the 1,031 Bryson Dual Filers as members of the Settlement Class and exclusion of the Dual Filers from the Final Opt-Out List was entirely proper. To the extent Kaiser agrees to allow the Dual Filers to rescind their claims and opt out of the Settlement, Class Counsel has no objection as long as timely payment of valid claims to other Settlement Class Members is not impacted.

DATED: August 24, 2026

Respectfully submitted,

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

/s/ *Tyler S. Graden*
Joseph H. Meltzer (appearance *pro hac vice*)
jmeltzer@ktmc.com
Melissa L. Yeates (appearance *pro hac vice*)
myeates@ktmc.com
Tyler S. Graden (appearance *pro hac vice*)
tgraden@ktmc.com
Jordan E. Jacobson (Bar No. 302543)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

-and-

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Jennifer L. Joost (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
James E. Cecchi (appearance *pro hac vice*)
jcecchi@carellabyrne.com
Kevin G. Cooper (appearance *pro hac vice*)
kcooper@carellabyrne.com
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700

-and-

**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
Zachary Jacobs (appearance *pro hac vice*)
zjacobs@carellabyrne.com
222 S Riverside Plaza
Chicago, Illinois 06606

*Class Counsel*