CROWELL & MORING LLP
Kristin J. Madigan (SBN 233436)
KMadigan@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CROWELL & MORING LLP
Jennie Wang VonCannon (SBN 233392)
JVonCannon@crowell.com
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

CROWELL & MORING LLP
Jeffrey L. Poston (appearance *pro hac vice*)
JPoston@crowell.com
600 Fifth Street NW
Washington, DC 20001
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN DOE, JOHN DOE II, JOHN DOE III, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, and ALEXIS SUTTER, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,

Defendants.

Case No. 3:23-cv-02865-EMC

**DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S OPPOSITION TO BRYSON OPT OUTS' MOTION TO AMEND FINAL APPROVAL ORDER**

Date: September 11, 2026
Time: 9:00 a.m.
Ctrm.: 5, 17th Floor
District Judge: Hon. Edward M. Chen

Consolidated Complaint Filed: December 6, 2024
Trial Date: January 25, 2027

## TABLE OF CONTENTS

**Page**

BACKGROUND ..... 3

ARGUMENT

I. The Court's Final Approval Order Does Not Rest on Manifest Error ..... 5

II. There Is No Manifest Injustice to Prevent ..... 5

CONCLUSION ..... 6

Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser Permanente" or "Defendant")[1] opposes the Bryson Opt Out's Motion to Amend Final Approval Order. ECF No. 463 (the "Motion"). The Motion should be denied. The Court was clear in its May 7, 2026 Order that any class member who submitted forms to the Settlement Administrator during the notice and opt out period to both (1) claim payment from the settlement; and (2) opt out of the settlement (so called "dual filers") would be included in the settlement class unless the individual had withdrawn the claim form and communicated a final election to the Settlement Administrator to opt out before the May 7 hearing. The Court has entered final judgment, dismissing the action with prejudice. ECF No. 449-1. This matter is final and the parties are now effectuating the settlement terms.

Nearly one month later the Bryson Opt Outs have filed this motion claiming the Settlement Administrator made a "mistake" and seeking to modify the final order and judgment to opt out 1,031 individuals.[2] But there was no mistake. The Bryson Opt Outs were represented by counsel and in contact with the Settlement Administrator for months leading up to the May 7 hearing (and after) to finalize their final election on whether to remain in the class. Now that the Court has entered the final order and judgment approving the settlement and dismissed the action with prejudice, it is too late. The Bryson Opt Outs' proposed modification of the opt out list would unfairly prejudice Defendant. The Motion should be denied.

## BACKGROUND

On December 5, 2025, the Court granted preliminary approval of the class action settlement. ECF No. 393. The Settlement Administrator completed a comprehensive class notice and opt out process over several months. *See*, *e.g.*, ECF Nos. 435 at 2–4, 436 ¶ 3. As Class Counsel explained at the May 7, 2026 fairness hearing, initially over 4,800 people submitted both claim forms and opt-out forms. *See* Declaration of Jeffrey L. Poston ("Poston Decl.") Ex. 1 (May 7, 2026 Hrg. Tr.) at 9:15—10:18. From February to late April 2026, Objectors' counsel and the Settlement Administrator completed a process to verify whether these dual filers intended to

[1] Defendants Kaiser Foundation Hospitals and Kaiser Foundation Health Plan of Washington were dismissed in connection with settlement approval. ECF No. 347.

[2] The Settlement Administrator identified 1,032 Bryson clients who filed "Invalid Exclusions" on the basis that they were dual filers. *See* ECF No. 449, Fifth Supp. Mulholland Decl. ¶ 6.

remain in the class. *See id.* at 9:15—11:4. However, on the eve of the May 7, 2026 fairness hearing, thousands of individuals were still dual filers who had not withdrawn their claim form or their opt out form. ECF No 440 at 2. Specifically, the Settlement Administrator identified approximately 2,700 individuals in this group. *See id.* (citing ECF No. 436 ¶ 8). Defendant raised this issue with the Court in its May 5, 2026 submission. *See id.* at 2.

At the May 7, 2026 hearing, the Court addressed "dual filers." *See* Poston Decl. Ex. 1 at 7:7–12:7. The Bryson firm attended this hearing. Class Counsel explained that the Settlement Administrator and Objectors' counsel completed the process of confirming dual filers' intentions with an April deadline. *Id.* at 9:5–11:24. The Court ruled that individuals "who have not responded or decided they don't want to opt out, I think, presumptively, should be treated as if they did not opt out since they did file a claim form." *Id.* at 11:17–20. *See* also ECF No. 441 at 2.

After the Court's rulings at the fairness hearing, on June 12, 2026, the Settlement Administrator sent updated spreadsheets to opt-out counsel, including the Bryson firm, identifying the status of their clients' opt-outs. ECF No. 449 ("Fifth Supp. Mulholland Decl.") ¶ 5. The Bryson Opt Outs did not raise any issues regarding the "dual filers." The final opt out list was filed on June 18, 2026. ECF No. 449-1. On July 2, 2026, the Court held the final fairness hearing, which the Bryson firm attended. On July 14, 2026, the Court granted final approval of the settlement. ECF No. 463. On July 22, 2026, the Court entered final judgment. ECF No. 459. Accordingly, Bryson Opt Outs who were "dual filers" but did not withdraw their claims before May 7, 2026 remain in the class and will be paid from the settlement fund. *See* ECF 459 ¶ 6.

## ARGUMENT

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) is "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1256, n.1 (9th Cir. 1999). Relief under Rule 59(e) is available only on the following narrow grounds: "(1) if such motion is necessary to correct *manifest errors of law or fact upon which the judgment is based*"; (2) if such motion is necessary to "present newly discovered or previously unavailable evidence"; (3) if such motion is "necessary to prevent manifest injustice"; or (4) if the amendment is "justified by an intervening change in controlling law." *Id.* (emphasis added). The

Motion rests on two grounds: (1) the Final Approval Order contains a manifest error of fact as to the total number of opt-out individuals; and (2) the Final Approval Order, if left undisturbed, will result in manifest injustice. *See* Motion at 2—3. Both arguments fail.

## I. The Court's Final Approval Order Does Not Rest on Manifest Error

The Motion fails to show clear error and should be denied. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The Motion asserts the "Claims Administrator [failed] to include those 'dual filers' who expressly indicated they wanted to opt out by executing an opt out form . . . but also mistakenly filed a claim as well." Motion at 3. But there was no error. The Court treated all dual filers the same and required them to withdraw their claim form if their final election was in fact to opt out. *See surpa* Background at 3—4. As early as the close of the claims period, the Settlement Administrator identified this issue in Court filings, providing an update on the number of potential class members involved. Fourth Supp. Mulholland Decl. ¶ 8. The Court then addressed this issue at the Fairness Hearing on May 7, 2026. Poston Decl. Ex. 1 at 7:7—12:7. Class Counsel explained that the Settlement Administrator and opt-out counsel completed a process of obtaining "written confirmations" of these individuals' intention to opt out. *Id.* at 9:5—11:24. Class Counsel had communicated specifically with all opt-out counsel that final elections were due by no later than the end of April. *Id.* at 11:2—4. Based on this record, the Court ruled that individuals "who have not responded or decided they don't want to opt out, I think, presumptively, should be treated as if they did not opt out since they did file a claim form." Poston Decl. Ex. 1 at 11:17-20; *see also* ECF No. 441 at 2. There is no manifest error.

## II. There Is No Manifest Injustice to Prevent

The Bryson firm next argues that the Settlement Administrator "unilaterally chose not to include [the "dual filers"] in the final total of opt outs. Motion at 4. Manifest injustice requires a plain error that "must have been so direct, obvious, and observable that the trial court should correct its mistake and thereby spare the parties and the appellate courts the burden of unnecessary appellate proceedings." *S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195 (N.D. Cal. June 9, 2011) at *3. That is not the case here. *See* ECF 393 ¶ 13. The Bryson Opt Outs offer no explanation of when they first learned of the purported dual filer discrepancies they now

raise, why they failed to take action prior to the entry of final judgment to resolve the purported error, or how the Court was supposedly unaware of the "dual filers" issue in light of the Court's express orders on this topic. *See* ECF No. 463-6, Silvey Decl. ¶¶ 3, 4.[3] It would be unfairly prejudicial to Defendant to re-litigate the dual filer issue where no manifest injustice occurred.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: August 24, 2026

Respectfully submitted,

CROWELL & MORING LLP

By: */s/ Kristin J. Madigan*

Kristin J. Madigan
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827
KMadigan@crowell.com

CROWELL & MORING LLP
Jennie Wang VonCannon
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690
JVonCannon@crowell.com

CROWELL & MORING LLP
Jeffrey L. Poston (appearance *pro hac vice*)
600 Fifth Street NW
Washington, DC 20001
Telephone: 202.624.2500
Facsimile: 202.628.5116
JPoston@crowell.com

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington

[3] Movant's authorities do not compel a different result. In *Sparkman v. Comerica Bank*, 2026 WL 76444, at *2 (E.D. Cal. Jan 9, 2026), the court granted relief to correct a clerical error under Rule 60(a). *Cartledge v. Am. Meter Co.*, 1988 WL 27007, at *2 (E.D. Pa. Mar. 21, 1988), *aff'd* 860 F. 2d 1074 (3d Cir. 1988) involved correction of the jury's arithmetic error in an award of back pay.