# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **John Does 1-5,** Plaintiffs, | No. 3:23-cv-02865-EMC |
| vs. | San Francisco, California May 7, 2026 2:07 p.m. |
| **Kaiser Foundation Health Plan, Inc. Et al.,** Defendants. | |

**BEFORE: THE HONORABLE EDWARD M. CHEN, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS VIA ZOOM VIDEOCONFERENCE**

**MOTION HEARING**

Official Court Reporter:
**Hilda E. Lopez, RMR, FCRR** (Via Zoom Videoconference)
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 31
Phoenix, Arizona 85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

## A P P E A R A N C E S

(By Zoom Videoconference)

For the Plaintiff:
KESSLER TOPAZ MELTZER & CHECK, LLP
By: **Tyler S. Graden, Esq.**
**Joseph H. Meltzer, Esq.**
**Melissa L. Yeates, Esq.**
**Kevin G. Cooper, Esq.**
280 King of Prussia Road
Radnor, PA 19087

For the Defendant:
CROWELL & MORING LLP
By: **Jeffrey L. Poston, Esq.**
1001 Pennsylvania Avenue NW
Washington DC 20004

For the Defendant:
CROWELL & MORING LLP
By: **Kristin J. Madigan, Esq.**
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111

For the Interested Party:
LABATON KELLER SUCHAROW, LLP
By: **Thomas Gregory Hoffman, Jr., Esq.**
140 Broadway
New York, NY 10005-1108

Also Present: Joel Kane, senior counsel for Kaiser Foundation

Here, they have the option, but the idea sort of direct payment doesn't really work in this situation. Plus, there is a question of, you know, we don't know exactly who may use the app and the website. There may be substantial number of people that did not. So to try to parse that out would have 02:15:27 been, I think, impractical.

So we do have a situation where there were some ambiguities. There are folks who filed a claim form and appeared to opt out. I think the view is that, you know, if we don't have anymore information, I think the presumption is 02:15:52 the claim form is really an opt-in, not an opt-out.

But I want to find out whether or not the administrator sent any kind of follow-up clarification note to folks who kind of did both and say, "Did you really mean to opt out?" What do we know about any follow-up? 02:16:11

MR. HOFFMAN: Your Honor, I can address that. This is Tom Hoffman from the Labaton firm. I can give you our view having followed up with Mr. Mulholland, SCS, after these issues were raised. And to be precise, Mr. Mulholland, who we view as being one of the best in the business, and we're happy to 02:16:31 work with him, he clarified for us that the subset of disputed records that you alluded to where class members initially filed a claim form but then there was a later retraction, about 792 of those 2,700 records are Labaton clients.

And for Your Honor's edification, what happened was 02:16:54

we -- Labaton did not have complete control over communications to our clients. They received notice of the settlement, filed a claim form, and then subsequently were contacted by us and they filed retractions of those claim forms.

Those retractions stated specifically, "I understand 02:17:14 that I previously submitted both an opt-out form and a claim form, and I am confirming that I elect to opt out of the Doe settlement and do not wish to participate in the settlement through this confirmation form. I understand I will not receive the 20 to $45 estimated potential share of the Doe 02:17:35 settlement. If I opt out of the Doe settlement by signing this form, I also authorize my lawyers at Labaton Keller Sucharow LLP to submit this form to the settlement administrator on my behalf."

And so this is clearly evidencing the type of informed 02:17:50 individual decision to opt out that is consistent with this Court's orders and, therefore, our position is these 792 Labaton claimants should be excluded from the settlement class. I do understand that there are a couple other categories of claimants where there is some confusion, and those include the, 02:18:14 you know, cannot locate category or the invalid or missing I.D.s provided category. Those, I believe, we can deal with in the normal course of claims reconciliation with SCS and Mr. Mulholland. I believe that we'll be able to work out those issues. If we cannot, we'll elevate any genuinely intractable 02:18:37

issues to this Court if we have to. I'm not anticipating that will happen, but this Court presumably will retain jurisdiction over the settlement administration.

So I -- I will stop there.

THE COURT: Let me ask -- thank you for that information. It looks like, according to my records here, the fourth supplemental Mulholland declaration, you've identified 4,871 people who kind of filed both, you identified 792 who are your clients who made it clear they want to opt out. 02:18:55

Does anybody know what's happened to the other 400 and -- 4,100? 02:19:14

MR. GRADEN: This is Tyler Graden speaking for the class.

THE COURT: Go ahead.

MR. GRADEN: Labaton only has a small view of what is going on here. And the 792 number, I think that Mr. Hoffman actually has that -- has that wrong. So initially there were 4,871 people who submitted both claim forms and opt-out forms. SCS, the settlement administrator, has been going back, as has opt-out counsel, to get confirmations, written confirmations, like Mr. Hoffman had alluded to, that these people do want to opt out. 02:19:27 02:19:51

The numbers here are pretty striking. So 1,342 of Labaton's clients have filed those confirmations that they want to opt out. The 792 number, those are people who have not 02:20:12

confirmed that they want to opt out. There is a group of Bryson objectors. There were 900. There is 73 of their clients who have confirmed that they do want to opt out; 993 that have not. Potter Handy, 511, have confirmed that they want to opt out, but 787 have not. 02:20:39

There is another group, smaller group of opt-out counsel, Swigart. Three also filed claims. None of them have yet withdrawn. And then there is a group of people who are not represented by opt-out counsel. 230 of those have confirmed that they want to opt out and 140 have not. 02:21:04

So this was an effort that was undertaken by opt-out counsel and SCS to verify true intention of these individuals. I don't think there is any disagreement between Kaiser or class counsel that the people who have, in fact, confirmed that they do want to opt out, that those opt-outs should actually be 02:21:22 recognized. It's the rest who have not yet responded who we believe have not signified their intent to opt out, and they should be part of the class.

THE COURT: Was there a deadline to indicate that confirmation one way or the other that's passed? 02:21:39

MR. GRADEN: We had conversation with Labaton several months ago, I think that was back in February. They agreed to this procedure and they have been on a rolling basis sending these forms to class counsel. I think there were 18 -- I'm sorry -- to the settlement administrator. I think there were 02:21:56

18 that came in a couple of weeks ago.

We reached out to other outside class counsel, Potter Handy, Bryson, and told them we wanted all of those to be submitted by the end of April, and that's where that stood.

MR. HOFFMAN: To correct the record, I did misspeak, and class counsel Tyler is correct, the 792 are those that did not file the confirmation forms. We do not seek to represent anybody who filed a claim form and did not retract going forward.

THE COURT: So sounds like we are at the end of the sort of inquiry process to get people a final chance to indicate that they really want to opt out or not. There is no more deadlines pending now that we're in May; is that right?

MR. GRADEN: That's right, Your Honor.

THE COURT: It seems to me that the folks who have indicated that they confirmed they want to opt out, they should be treated as opt-outs. Those who have not responded or decided they don't want to opt out, I think, presumptively, should be treated as if they did not opt out since they did file a claim form. So I think that's going to be my ruling. That's how we should treat those folks. Sounds like that 471 is going to be divided into two camps. I mean, the 4000. A lot of those will be opt-outs and a lot of those will be presumptively not opt-outs.

MR. POSTON: Correct. This is Jeff Poston on behalf

of Kaiser. I think, just to complete the math, we agree that we started with that 4,871, and when you subtract those who have rescinded or withdrawn their claims forms, we are down to about 2,700 folks who we agree should remain in the class.

THE COURT: Okay. All right. And 2,100 people or so, 2100 plus have opted out in addition to the other. Okay. 02:23:42

MR. POSTON: Approximately. Correct.

THE COURT: What about those -- what is happening with respect to those where there's an I.D., unique I.D. missing, or there is not correlation with the class records, what is happening and what's the thought about what happened to those folks? 02:24:01

MR. GRADEN: Your Honor, two camps here. So there are the people who submitted forms that are just missing the class I.D. number, but who SCS, the settlement administrator, was able to definitively match on the class list. So it is our position that those -- those people have done enough to signify their intention to opt out, and that intention on their part should be respected. 02:24:16

We see the failure to include just the settlement I.D. number, the unique I.D. number that was given to them as a hypertechnical reason that should not -- should not make that opt-out invalid. 02:24:35

THE COURT: Okay. There's been an effort to try to overcome the lack of the unique I.D. and a lot of folks have 02:24:59

**C E R T I F I C A T E**

I, HILDA E. LOPEZ, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED this 21st day of May, 2026.

/s/Hilda E. Lopez

Hilda E. Lopez, RMR, FCRR